Stephen K. Christiansen (6512)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com

*Attorney for Non-Party Chris Wilson*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>                              Plaintiff,<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>                             Defendants. | **CHRIS WILSON'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE RELATED CASES**<br><br>**(Hearing Requested)**<br><br>Civil No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero |

## INTRODUCTION

This motion should be denied for three principal reasons. First, the Chris Wilson litigation is the subject of a currently pending motion to enforce settlement agreement and for attorney fees, which the moving parties here omit to point out. Second, there is a risk that confidential information could be disclosed to unauthorized parties. Third, consolidation would create more work and incur more costs for Chris Wilson if this motion were granted.

To consolidate Chris Wilson's case with any others, especially the Klair Case, would be unreasonable in light of the surrounding factors. Chris Wilson has already settled his dispute with the Defendants and is only working to enforce that settlement. Those documents have been

filed under seal, and there is a real risk that unauthorized persons could access that information to Chris Wilson's detriment.

Finally, requiring Wilson to litigate here would create more work, and the attorney fees associated with litigating other plaintiffs' issues would be costly. It does not make sense to consolidate these case, and for these and the following reasons, the Court should deny this motion.

**STATEMENT OF ADDITIONAL RESPONSIVE FACTS OMITTED BY DEFENDANTS**

1. On June 21, 2023, the Plaintiffs in the above-captioned action (the "Klair Case") filed their Complaint, initiating this case.

2. On September 1, 2023, Chris Wilson filed a Complaint (the "Wilson Complaint") to initiate the Grant Case. *Chris Wilson v. Kevin Long; Millcreek Commercial Properties, LLC; Colliers International; Andrew Bell; Kristian Huff; Trevor Weber; Spencer Taylor; Blake McDougal; Scott Rutherford; Equity Summit Group, P.C.; Elevated 1031; and Mary Street*, Case No.2:23-cv-00599-HCN-JCB, Dkt. 1 (the "Wilson Case").

3. On December 20, 2023, in response to an Order to Show Cause in the Wilson case, Wilson made a public filing noting: "Plaintiff has settled the case and is currently receiving the required performance under the confidential settlement agreement. Such performance is anticipated to be completed by the first week of January 2024. Upon completion of the required performance, Plaintiff anticipates dismissing the case with prejudice by January 31, 2024." *Id.* Dkt. 24.

4. A scheduling order has not been entered in the Wilson Case, and no fact discovery has been served or taken because a settlement was in place before any discovery could occur. *Id.*

5.	Chris Wilson has moved to enforce the settlement agreement between him and the settling defendants in the Wilson case. *Id.*, Dkt. 37.

6.	Relevant portions of the Motion to Enforce and all successive documents have been filed under the Court's seal to ensure confidentiality. *Id.,* Dkt. 38.

7.	Defendants in the Wilson Case filed a Motion for Discovery, which moved the Court to open discovery related to the Motion to Enforce, which was filed under seal. *Id.,* Dkt. 59. Wilson has opposed that Motion for Discovery, *id.,* Dkt. 64, and a hearing is set for May 21. 2024.

## **ARGUMENT**

Consolidation should be denied here because the Wilson Case is unique and distinguishable from the Klair Case. Rule 42 of the Federal Rules of Civil Procedure states that a court "*may*" consolidate the actions. Fed. R. Civ. P. 42(a)(2). The permissive language in the rule indicates that not all actions that share these characteristics must be consolidated. The Court has broad discretion in determining the outcome of motions to consolidate. *See, e.g.*, *Gillette Motor Transp. v. N. Okl. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950) (noting the "broad discretion vested in the trial court in ordering consolidation of cases for trial, where there is a 'common question of law or fact'"); *In re Progressive Leasing Breach Litig. Dreger v. Progressive Leasing LLC*, No. 223CV00783DBBCMR, 2024 WL 1347358, at *1 (D. Utah Mar. 29, 2024) (unpublished) ("The court's decision whether to do so is discretionary and will not be reversed on appeal absent clear error or exigent circumstances.") (cleaned up); *Teske v. Paparazzi, LLC*, No. 4:22-CV-00035-DBB-PK, 2022 WL 17128910, at *2 (D. Utah Nov. 22, 2022) (unpublished) ("The district court has substantial discretion in deciding whether to consolidate cases. And the party seeking consolidation has the burden of establishing that consolidation is appropriate.").

The Wilson Case is not similarly situated and should be treated differently. The Wilson Case should not be consolidated because it is in the middle of litigation on different issues, and most of the filings are currently filed under seal. Notice of the settlement notice was given in December 2023. The settlement has been subsequently disputed, and the parties are currently engaging in motion practice to enforce the settlement. If the Wilson Case is consolidated into the Klair Case, it would interfere with the motion practice between the two parties and potentially expose unauthorized individuals in the Klair Case to the Wilson Case's confidential information.

For these reasons and those detailed below, this Motion to Consolidate should be denied, and Chris Wilson should be permitted to move forward in his lawsuit.

I. **THE WILSON CASE SHOULD NOT BE CONSOLIDATED BECAUSE IT HAS BEEN SETTLED, AND THERE IS A RISK THAT CONFIDENTIAL INFORMATION IS ACCESSIBLE TO UNAUTHORIZED INDIVIDUALS.**

The Wilson Case should not be consolidated because it has already been settled. Consolidating could grant unauthorized persons access to confidential information. Because the Court has broad discretion in deciding whether to consolidate under rule 42(a), it should consider the potential impact consolidating this case could bring to Chris Wilson and the settlement he reached with Defendants. Consolidation would likely do more harm than good.

The Wilson Case is in the final stages of deciding whether to enforce the settlement between Chris Wilson and the Defendants. The only discovery requested in that case was for limited discovery pertaining only to the settlement agreement. Further, because of the confidential nature of the agreement, the Motion to Enforce and all successive oppositions and replies have been filed under seal. If these cases are consolidated, there is a very real risk that plaintiffs in the Klair Case would receive information they are not authorized to see.

Consolidating the Wilson Case could also confuse the issue with the issues brought up in the Klair Case. As discussed, the Wilson Case has a number of confidential documents that have been filed under seal, and if the cases were consolidated, there is a risk that parties or the Court will confuse issues. The issues in the Wilson Case are presently only that of the Motion to Enforce and the Motion for Discovery. The Court in the Wilson Case has yet to decide whether this motion should be enforced.

Although each transaction appears similar between owners, it is unique because each owner was solicited by different sales representatives and paid different amounts for different percentages of the properties. The owners did not all buy in at the same time, and most owners live in distinct locations around the country. See Klair Compl. ¶¶ 32-50. Each paid different amounts and own a different percentage. Chris Wilson's experience was different than that of any other Plaintiff and should be treated as such by the Court.

Defendants state that because the Naperville property is listed in the Klair Case, it favors consolidation. However, the Naperville property is only owned by one plaintiff in the Klair Case, and that plaintiff owns interests in Keller, Texas, as well. Chris Wilson's investment related solely to the Naperville property. The Klair Case seems to be primarily aimed at the Keller, Texas, and Kennesaw, Georgia, properties. It made sense to include the Naperville property because it was tied in with a plaintiff. But Naperville seems to be nothing more than an appendage to the Klair Case, whereas it was the main attraction in the Wilson Case. The Wilson Case should not be consolidated because lumping Wilson in with other plaintiffs and properties risks losing Naperville's importance in the Wilson Case.

Denying this motion would not duplicate labor at this stage of the litigation between Chris Wilson and the other plaintiffs. In fact, granting it would likely result in further attorney

fees and costs associated with consolidation. The parties in the Wilson Case have settled. Consolidation would unnecessarily delay Wilson's settlement and possibly introduce sealed or confidential information to other Plaintiffs who were not parties to the settlement agreement. Each of those outcomes only drives up costs and raises further issues with the Court. As such, labor would not be duplicated if the motion is denied.

II. **CONSOLIDATION WOULD NOT DUPLICATE WORK AND WOULD INCUR UNNECESSARY COURT COSTS.**

Defendants argue that not consolidating the two cases would incur extra labor and costs. This argument fails because consolidation will create more issues than it solves. As discussed above, extra considerations and precautions need to be taken to avoid the unauthorized exposure to confidential information that has been filed under seal in the Wilson Case. This will take more time for the attorneys and judges. Further, consolidation would incur more attorney fees because each attorney would now be required to review information from parties other than those listed in the individual suits. More plaintiffs mean more time for attorneys to prepare and review disclosures, take and read depositions, and generally work on the case for plaintiffs that are not their own. It would be unfair to force Chris Wilson to incur those extra costs, including as well the costs associated with different properties and numerous additional plaintiffs. It would be an unnecessary step towards a resolution that would be more harmful than helpful.

## **CONCLUSION**

For the foregoing reasons, the court should deny the Joint Motion to Consolidate Related Cases.

DATED this 13th day of May, 2024.

        CHRISTIANSEN LAW, PLLC

        /s/ Stephen K. Christiansen
        Stephen K. Christiansen
        *Attorney for Non-Party Chris Wilson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2024, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system and to be served via email on:

    John E. Keiter
    KEITER LAW, P.C.
    john@keiterlaw.com

        /s/ Stephen K. Christiansen