Stephen K. Christiansen (6512)
Randall S. Everett (18916)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
randy@skclawfirm.com

*Attorneys for Non-Parties*
*Kate Grant and Karmann Kasten, LLC*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| PATTIE KLAIR, et al.,<br><br>         Plaintiff,<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>         Defendants. | **KATE GRANT AND KARMANN KASTEN, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE RELATED CASES**<br><br>**(Hearing Requested)**<br><br>Civil No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero |

## INTRODUCTION

The Court should use its broad discretion to deny this motion to consolidate and permit Kate Grant and her solely owned company to proceed in her own lawsuit. This motion should be denied for three primary reasons. First, Kate Grant's case is distinguishable from the present case and has differentiating factors that make it unreasonable to consolidate. Second, the property owned by Kate Grant in Naperville, Illinois, is only an appendage to the Klair Case, whereas it would be the focal point of Kate Grant's case. Finally, the costs to Ms. Grant would only

increase because consolidation would require new witnesses, experts, and extra costs associated with litigating other plaintiffs' issues.

For these reasons and others, Kate Grant and Karmann Kasten, LLC, oppose this motion to consolidate and request that the Court deny the Defendants' joint motion to consolidate.

**STATEMENT OF ADDITIONAL RESPONSIVE FACTS OMITTED BY DEFENDANTS**

1. On June 21, 2023, the Plaintiffs in the above-captioned action (the "Klair Case") filed their Complaint, initiating this case.

2. On December 29, 2023, Kate Grant filed a Complaint (the "Grant Complaint") to initiate the Grant Case. *Kate Grant v. Kevin Long; Millcreek Commercial Properties, LLC; Colliers International; Brent Smith; Spencer Taylor; Blake McDougal; and Mary Street*, Case No.2:23-cv-00936-DAO, Dkt. 1 (the "Grant Case").

3. On March 14, 2024, the parties stipulated to an attorney planning meeting report. They proposed a scheduling order that only included the date of initial disclosures because it was disclosed that this Motion to Consolidate would be filed.

4. Kate Grant's investment at issue in the Grant Case is approximately $153,000.

**ARGUMENT**

Consolidation should not be granted in this case because this case is distinguishable from the Grant Case. Rule 42 of the Federal Rules of Civil Procedure states that a court "*may*" consolidate the actions. Fed. R. Civ. P. 42(a)(2). The permissive language in the rule indicates that not all actions that share these characteristics must be consolidated. The Court has broad discretion in determining the outcome of motions to consolidate. *See, e.g.*, *Gillette Motor Transp. v. N. Okl. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950) (noting the "broad discretion vested in the trial court in ordering consolidation of cases for trial, where there is a

'common question of law or fact'"); *In re Progressive Leasing Breach Litig. Dreger v. Progressive Leasing LLC*, No. 223CV00783DBBCMR, 2024 WL 1347358, at *1 (D. Utah Mar. 29, 2024) ("The court's decision whether to do so is discretionary and will not be reversed on appeal absent clear error or exigent circumstances.") (cleaned up); *Teske v. Paparazzi, LLC*, No. 4:22-CV-00035-DBB-PK, 2022 WL 17128910, at *2 (D. Utah Nov. 22, 2022) ("The district court has substantial discretion in deciding whether to consolidate cases. And the party seeking consolidation has the burden of establishing that consolidation is appropriate.").

While the Grant case appears similar and stems from a similar type of transaction, it is not identical and should be treated differently. While the Naperville Property is named in the Klair Case, it is only associated with one plaintiff. The plaintiff owns interests in two locations: Naperville, Illinois, and Keller, Texas. That one plaintiff in the Klair Case is the only plaintiff with an interest in Naperville. It would not make sense to lump the Grant Case in with the Klair Case because the Naperville property is only an appendage in the Klair Case. In the Grant Case, the property is the main attraction. Consolidation could diminish the importance of the investment related to the Naperville property if it were consolidated with the Klair Case. Moreover, Ms. Grant would be forced to spend the costs, time, and resources associated with numerous other plaintiffs litigating investments related to properties not at issue in her case.

For these reasons and those detailed below, this Motion to Consolidate should be denied, and Kate Grant should be permitted to proceed with her lawsuit.

I. **THE GRANT CASE SHOULD NOT BE CONSOLIDATED BECAUSE THE WITNESSES WOULD NOT BE THE SAME, AND THE PROPERTY IS THE FOCAL POINT OF THE DISPUTE.**

The Grant Case is in a class of one and should not be consolidated into the Klair Case. It has individual qualities that would be lost if combined with another case. Kate Grant, through

her LLC, Karmann Kasten, LLC, made an investment related to the Naperville property based on material misrepresentations and omissions that caused her damages. She filed a complaint in this Court to redress those wrongs.

Each transaction is unique because each owner was solicited by different sales representatives and paid different amounts for different percentage investments. The owners did not all buy in at the same time, and most owners live in distinct locations around the country. See Klair Compl. ¶¶ 32-50. Kate Grant's experience was different than that of any other Plaintiff and should be treated as such by the Court.

Ms. Grant included defendants other than those listed in the Klair Complaint in her complaint. Mary Street and Brent Smith were included because they individually assisted Kate Grant in purchasing and managing the property. They are unique defendants and should not be consolidated with another case that did not list them as defendants.

The Naperville property is only a small piece in the Klair Case, and by consolidating the Grant Case with the Klair Case, the investment related to that property would lose its importance. The Klair Case focuses its efforts on two primary properties: Keller, Texas, and Kennesaw, Georgia. The only reason that Naperville is included is because one of the many plaintiffs in that case owns interests in both the Keller and Naperville properties. *See* Klair Compl. ¶ 33. Naperville would be totally disassociated with the Klair Case if not for that owner. Keller and Kennesaw are the focal points.

It would be unfair to Ms. Grant to consolidate the Grant Case with the Klair Case. There is no sense in being subjected to litigating other people's issues. Kate Grant's issues with Kevin Long, Millcreek Commercial Properties, LLC, and the rest of the Defendants are her own. It

would be unduly burdensome to force the cases to consolidate because it would force Kate Grant to expend more legal fees in litigating other plaintiffs' issues.

The cases will likely involve different witnesses. As discussed, the Klair Complaint primarily focuses on the Keller and Kennesaw properties, while the Grant Case focuses solely on the Naperville property. Witnesses in the Klair Case would likely come primarily from those who worked on or invested in those properties. Further, different experts will be needed to evaluate the property's value in Naperville. Lumping the Grant Case into the Klair Case would add costs to Ms. Grant in litigating her approximately $153,000 investment.

## II. CONSOLIDATION WOULD DUPLICATE WORK AND CAUSE KATE GRANT TO INCUR UNNECESSARY COSTS.

Defendants argue that not consolidating the two cases would incur extra labor and costs. This argument fails because consolidation will create more issues than it solves. Consolidation would require more attorney fees because each attorney would now be required to review information from parties other than those listed in the individual suits. More plaintiffs mean more time for attorneys preparing and reviewing disclosures, taking and reading depositions, and generally working on a case for plaintiffs who are not their own. It would be unfair to force Kate Grant to incur those extra costs. It would be an unnecessary step towards a resolution that would likely be more costly than helpful.

## **CONCLUSION**

For these reasons, the Court should deny the Joint Motion to Consolidate Related Cases.

DATED this 13th day of May, 2024.

        CHRISTIANSEN LAW, PLLC

        /s/ Stephen K. Christiansen
        Stephen K. Christiansen
        Randall S. Everett
        *Attorneys for Non-Parties Kate Grant and*
         *Karmann Kasten, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2024, I caused a true and correct copy of this pleading to be served electronically upon all counsel of record via the Court's CM/ECF system and to be served via email on:

John E. Keiter
KEITER LAW, P.C.
john@keiterlaw.com

        /s/ Stephen K. Christiansen