Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Kevin Long and Millcreek Commercial, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED 1031,<br><br>Defendants. | **REPLY IN SUPPORT OF JOINT MOTION TO CONSOLIDATE RELATED CASES**<br><br>**(Hearing Requested)**<br><br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Kevin Long ("Long"), Millcreek Commercial, LLC ("Millcreek"), Colliers International ("Colliers"), Andrew Bell ("Bell"), Trevor Weber ("Weber"), Spencer Taylor ("Taylor"), Blake McDougal ("McDougal"), Scott Rutherford ("Rutherford"), Equity Summit Group ("ESG"), and Elevated 1031 ("Elevated"; collectively, "Defendants"), through their respective counsel of record, file this Reply in support of their Joint Motion to Consolidate Related Cases (the "Motion").

## ARGUMENT

In an effort to oppose consolidation, Plaintiffs in the Klair Case, Chris Wilson ("Wilson") and Kate Grant ("Grant") highlight minor differences among the Klair, Wilson, and Grant Cases.[1] There are, of course, certain differences among the Cases. But Rule 42 does not require that cases be identical or even substantially similar as a prerequisite for consolidation. Instead, a single "common question of law or fact" may be a sufficient basis for consolidation even if there are other questions of law or fact that are not "common." *See* Fed. R. Civ. P. 42(a)(1) (2023).

DUCivR 42-1 also does not require that cases be identical or substantially similar to consolidate, but only requires that the cases satisfy <u>one</u> of the following factors: (1) "arise from substantially the same transaction or event"; (2) "involve substantially the same parties or property"; (3) "call for determination of substantially the same questions of law"; or (4) "for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." *See* DUCivR 42-1. However, as set forth in the Motion, the Klair, Wilson and Grant Cases satisfy all four of those factors. The differences among the Cases

---

[1] In this Reply, Defendants use the same defined terms that are defined in the Motion.

2

identified by Plaintiffs, Wilson and Grant are inconsequential for purposes of evaluating the requested consolidation.

I.  **THE CASES ARISE FROM SUBSTANTIALLY THE SAME TRANSACTIONS OR EVENTS.**

Plaintiffs argue that there are "factual differences between the cases." ECF No. 60 ("Klair Resp.") at 3. Grant argues that she and the Plaintiffs were "solicited by different sales representatives and paid different amounts for different percentage investments." ECF No. 59 in 23-0407 ("Grant Resp.") at 4. Despite such arguments, all of the plaintiffs in the Cases allegedly purchased TIC interests that were marketed by Millcreek and certain related individuals/entities or other third parties. Plaintiffs in the Klair Case acknowledge that the main thrust of each of the Cases is the allegation "that Defendants misled the plaintiffs through material misrepresentations and omissions in connection with the purchase of TIC interests in commercial properties." Klair Resp. at 5.

The Klair Complaint alleges that the defendants engaged in a "scheme" to "develop, market, and sell or facilitate the sale of investments in [] commercial properties." ECF No. 1 ("Klair Compl.") at 1. The alleged "scheme" is described in the Klair Complaint as follows:

> 55. Over the last several years, Millcreek Commercial and its agents have conspired with third parties in a sophisticated scheme to fraudulently induce vulnerable, often elderly investors to purchase TIC investments in commercial properties located throughout the United States at grossly inflated prices (the "Millcreek/Colliers TIC Program").

Klair Compl. ¶ 55.

The Wilson Complaint's summary of the Defendants' alleged scheme is nearly identical:

> 47. Over the last several years, Millcreek Commercial and its agents have conspired with third parties in a sophisticated scheme to fraudulently induce vulnerable, often elderly investors and those looking towards retirement to purchase TIC investments in commercial properties located throughout the United States at grossly inflated prices (the "Millcreek/Colliers TIC Program").

ECF No. 39 in 23-cv-599 ("Wilson Compl.") ¶ 47. And the Grant Complaint makes the same allegation word for word. ECF No. 58 in 23-cv-936 ("Grant Compl.") ¶ 34. In fact, a majority of the paragraphs in the Wilson and Grant Complaints are mirror images of each other. *See, e.g.*, Wilson Compl. ¶¶ 1–8, 10–11, 43–46, 48–83; *compare to* Grant Compl. ¶¶ 1–8, 10–11, 30–33, 35–70 (respectively).

The allegations set forth in the Complaints in the Cases echo one another and arise from substantially the same transactions or events in the form of the alleged "sophisticated scheme" referenced above. Any facts that are unique to one Case are minor and inconsequential for purposes of DUCivR 42-1 and Fed. R. Civ. P. 42(a)(1), and are overshadowed by the transactions and events that are substantially the same among each of the three Cases. For that reason alone, consolidation is appropriate and merited.

II.   **THE CASES INVOLVE SUBSTANTIALLY THE SAME PARTIES, AND EACH OF THE CASES INVOLVES THE NAPERVILLE PROPERTY.**

Although Plaintiffs point out that the named defendants are not identical in each of the three Cases, most of the defendants in each Case are the same. Indeed, five of the same defendants are named in all three Cases: Long; Millcreek; Colliers; Taylor; and McDougal. Five

other defendants are named in both the Klair and Wilson Cases: Bell; Weber; Rutherford; ESG; and Elevated. One of the thirteen named defendants in the Cases is named in both the Wilson and Grant Cases: Mary Street. Only two of the thirteen named defendants are named in a single case alone: Kristian Huff is only named in the Wilson Case; and Brent Smith is only named in the Grant Case. All of the Plaintiffs purchased TIC interests that were allegedly marketed and sold by the defendants in the three Cases. The parties in the Klair Case, the Wilson Case, and the Grant Case are substantially the same, making consolidation appropriate and warranted. *See State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (consolidating cases that shared only one defendant among multiple defendants); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation does not require that the same defendants be named in consolidated cases).

      Additionally, Plaintiffs in this Case raise concerns about purported "substantial rights" related to defendants named in the other Cases that may be affected if the Cases are consolidated. Klair Resp. at 7. That is not a valid concern, however, because consolidation under Rule 42 "does not merge separate suits into one cause of action." *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361 (10th Cir.1982). Thus, each Case after consolidation would still maintain its individual identity, being linked for administrative convenience only. *See id*.

      The opposition memoranda also raise the issue that the Cases involve three separate properties: Naperville (in all three cases), Keller (in the Klair Case), and Kennesaw (in the Klair Case), and that those properties involve certain different allegations. *See, e.g.*, Grant Resp. at 1; Klair Resp. at 4. However, the Klair Complaint makes it clear that the Klair Case involves all

three properties. Thus, regardless of whether the Cases are consolidated, the Klair Case will include evidence on all three properties. As a result, it is more efficient to combine the Klair, Grant and Wilson Cases because each of those Cases will include evidence regarding the Naperville property.

In addition, all three Cases will involve evidence of the defendants' alleged fraudulent conduct in marketing the properties. Indeed, even though the causes of action in the Grant and Wilson Cases are not tied directly to the Kennesaw and Keller properties, the Wilson Complaint and the Grant Complaint still contain allegations regarding the Kennesaw and Keller properties. *See, e.g.,* Wilson Compl. ¶ 48; *see also* Grant Compl. ¶ 35. The Complaints in all three Cases reference all three properties.

In summary, all three Cases involve the Naperville property, and the additional two properties in the Klair Case are allegedly part of the same "scheme" that is alleged in all three Cases. All three properties were marketed and sold by the relevant defendants using the same alleged fraudulent tactics. For that reason alone, consolidation is appropriate.

**III.  THE CASES CALL FOR DETERMINATION OF SUBSTANTIALLY THE SAME QUESTIONS OF LAW, AND THEY EACH INVOLVE COMMON QUESTIONS OF LAW AND FACT.**

The Plaintiffs argue that unique causes of action brought only in the Klair Case create different legal questions for the Klair Case. However, those causes of action still involve common questions of fact with both the Wilson and Grant Cases. In addition, the three unique causes of action in the Klair Case do not take away from the fact that the Klair Case shares twelve causes of action with the Wilson and Grant Cases. Thus, each of the Cases calls for determination of "substantially" the same questions of law. For substantiality to exist, it is not

necessary for all causes of action to be the same among the three Cases. Most of the causes of action in each Case are the same, often with word-for-word identical allegations. The Cases all center around the sale of TIC interests marketed by certain of the defendants, raising common legal questions such as whether those interests constitute securities under federal and state law. Consolidation will prevent inconsistent judgments and rulings on identical legal and factual matters, fulfilling the purpose of Rule 42 to ensure judicial efficiency and consistency.

### IV. CONSOLIDATION WOULD AVOID DUPLICATION OF LABOR AND UNNECESSARY COURT COSTS.

The plaintiffs in the Cases argue that consolidation would create extra work and additional costs for them. For example, Plaintiffs argue that "because the plaintiffs are represented by separate counsel, the procedural complexity of the litigation schedule and the difficulty coordinating it will increase with additional counsel with diverging availability for hearings, trial, and other matters." Klair Resp. at 11. But if the possible inconvenience of scheduling with multiple counsel were enough to defeat consolidation, then cases would *never* be consolidated. In addition, two out of the three Cases were filed by the same counsel, Stephen K. Christiansen. If the Cases are consolidated, counsel in the Klair Case will only have to coordinate with one additional plaintiff's attorney. The plaintiffs in the Wilson Case argue further that "more plaintiffs" means more work and more expense. Wilson Resp. at 6. That argument is unavailing because consolidation will almost *always* lead to more plaintiffs.

Plaintiffs' remaining arguments about extra work and additional costs are vague and unpersuasive. For example, Plaintiffs argue that consolidation would cause "delay, expense, and other added friction in the form of additional discovery." Klair Resp. at 11. But they do not elaborate how consolidation will cause delay. Nor do they explain what the extra expenses would

7

be if the cases were consolidated. Despite Plaintiffs' conclusory statement that consolidation would create "additional discovery," consolidation would avoid duplication of discovery because all three cases address, among other things, the Naperville property and the various defendants' alleged marketing and selling of TIC interests. If the Cases are not consolidated, defendants in the three Cases will likely have to produce the exact same documents three times (rather than just once) regarding marketing of the Naperville property and regarding the alleged marketing and selling of TIC interests. In addition, the plaintiffs in each Case will almost certainly insist on taking the depositions of Kevin Long, Millcreek, and other defendants that are named in all three Cases. Consolidation would allow for all of those common depositions to be taken contemporaneously, which is a "strong argument for [consolidation]." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622, 631 (D.N.M. 2014).

Even if consolidation did create certain additional work for some of the plaintiffs that would not exist if the cases remained separate, that factor would not make consolidation improper, because courts "should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622, 630 (D.N.M. 2014). The plaintiffs in the three Cases have not provided any concrete examples of delay, confusion, or prejudice that consolidation might cause. Defendants, on the other hand, have provided concrete examples of how consolidation would foster judicial convenience and efficiency.

## V. THE WILSON CASE MAY BE CONSOLIDATED WITH THE OTHERS WITH RELATIVE EASE.

Plaintiffs in the Klair and Wilson Cases argue that the Wilson Case cannot be consolidated with the others, because its docket contains sealed information and because there is a pending motion to enforce a settlement agreement. Neither of those arguments is persuasive.

The sealed, confidential information in the Wilson Case is limited to a discrete issue that only affects the pending motion to enforce. On May 24, 2024, the court in the Wilson Case granted the defendants' motion to take limited discovery regarding the pending motion to enforce, ruling, in part, that defendants in that case have until late August 2024 to conduct discovery relating to the motion to enforce. Any information that is sealed in Wilson would remain sealed after consolidation and would not be a factor against consolidation.

The pending motion to enforce in the Wilson Case also does not argue against consolidation because it will affect the Wilson Case in the same way that a motion to dismiss would affect the Case. If the motion to enforce were to be granted, the Wilson Case would essentially be resolved. If the motion to enforce were to be denied, then the Wilson Case would move forward with discovery on the same schedule as the Klair and Grant Cases. Neither scenario would impact consolidation. Even if the Cases were to be at different stages of litigation by the time the motion to enforce were decided, "cases at different stages of litigation are routinely consolidated." *Internet L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002).

### VI. THE "ALTERNATIVE RELIEF" REQUESTED BY THE KLAIR PLAINTIFS WOULD BE UNMERITED AND UNDULY CUMBERSOME.

The Plaintiffs in the Klair Case suggest that the "three [C]ases—still separate—may be assigned to a single district judge who may order that particular proceedings or certain discovery requests relate to certain cases, or when appropriate, all three cases" under DUCivR 83-2(g). *See* Klair Opp. At 12-13. Plaintiffs' suggested approach should not be adopted because consolidation is appropriate for the reasons set forth above. In addition, Plaintiffs have failed to file the appropriate motion to transfer under DUCivR 83-2(g), and such a motion is not before the Court. Although a motion to transfer may be "addressed sua sponte by the court," such an approach would not make sense in this case because consolidation is appropriate and has already been briefed by the parties. *See* DUCivR 83-2(g).

Moreover, Plaintiffs' suggested "alternative" approach – of having this Court on a piecemeal basis take an oversight role in determining which individual depositions, written discovery requests, and particular proceedings would apply to which Cases – would be cumbersome and would create burdensome, unnecessary work for this Court. It would be inefficient to place the burden on this Court to determine which proceedings and which discovery requests/depositions/methods should or should not apply to all three Cases or to some of the Cases.

If the Court were to opt not to consolidate the three Cases for all matters, the Cases should at a minimum be consolidated (at least for now) for pretrial and discovery purposes only. The Court has discretion to consolidate the Cases for "a hearing or trial or any or all matters at issue in the actions[.]" *See* Fed. R. Civ. P. 42(a)(1). Thus, the Court may consolidate the three Cases for purposes of pretrial and discovery only. *See e.g., Instituto de Prevision Militar v.*

*Merrill Lynch*, 546 F.3d 1340, 1347 (11th Cir. 2008) ("[T]he plain meaning of 'consolidation... for any purpose' includes consolidation for purposes of discovery only..."); *see also In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 479 (S.D.N.Y 2012) (encompassing "consolidat[ion] for any purpose (discovery, pre-trial, trial, etc.)"); *In re Baycol Prod. Litig.*, No. 04-4350, 2005 WL 8156971, at *1 (D. Minn. Apr. 4, 2005) (explaining case was consolidated for pre-trial and discovery purposes). At a minimum, the Klair, Wilson and Grant Cases should be consolidated for purposes of discovery and associated motions so as to avoid unnecessary duplication (e.g., separately deposing Long and other defendants on three separate occasions) and excessive expense. The Court could then reserve the question of consolidation for trial until a later day, should one or more of the parties wish to raise that issue during or at the conclusion of fact discovery.

## **CONCLUSION**

For the foregoing reasons, and those set forth in the Motion, this case should be consolidated with the Wilson Case and the Grant Case.

Dated June 4, 2024.

        PARR BROWN GEE & LOVELESS

        By: /s/ Bentley J. Tolk
            Terry E. Welch
            Bentley J. Tolk
            Rodger M. Burge
            *Attorneys for Defendants Kevin Long and Millcreek Commercial, LLC*

        DENTONS DURHAM JONES & PINEGAR PC

        By: /s/ James D. Gilson
            James D. Gilson

>Andrew W. Wright
>David B. Nielson
>*Attorneys for Defendant Colliers International*


MITCHELL BARLOW & MANSFIELD

By: /s/ J. Ryan Mitchell
>J. Ryan Mitchell
>Christopher A. Langston
>Mika Hillery
>*Attorneys for Defendants Andrew Bell and Blake McDougal*


JAMES DODGE RUSSELL & STEPHENS

By: /s/ Jordan M. Pate
>Mitchell A. Stephens
>Lara Swensen
>Jordan M. Pate
>*Attorneys for Defendant Trevor Weber*


RAY QUINNEY & NEBEKER PC

By: /s/ Justin T. Toth
>Justin T. Toth
>Maria E. Windham
>Nathan L. Jepson
>*Attorneys for Defendant Spencer Taylor*


PARSONS BEHLE & LATIMER

By: /s/ John A. Snow
>John A. Snow
>*Attorneys for Defendants Scott Rutherford, Equity Summit Group, and Elevated 1031*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2024, a true and correct copy of the foregoing **REPLY IN SUPPORT OF JOINT MOTION TO CONSOLIDATE RELATED CASES** was filed through the Court's CM/ECF system, providing notice to all counsel of record, and that I caused a true and correct copy to be served via email on:

Stephen K. Christiansen
Randall S. Everett
CHRISTIANSEN LAW, PLLC
steve@skclawfirm.com
randy@skclawfirm.com


          /s/ Bentley J. Tolk