IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>KEVIN G. LONG, et al.,<br><br>　　　Defendants. | **ORDER TRANSFERRING CASES**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

　　　On April 29, 2024, Defendants filed a Motion to Consolidate Related Cases[1] ("Motion") asking the Court to consolidate this case with two others: 2:23-cv-936 and 2:23-cv-599. Oppositions have been filed by Plaintiffs[2] as well as Interested Parties,[3] who are plaintiffs in the cases Defendants seek to consolidate. Having reviewed the parties' briefing and considering the factors in D.U. Civ. R. 42-1, the Court finds consolidation is not warranted at the present time. Defendants have identified a number of interests they have in common for consolidation purposes but understate the separate character of the Plaintiffs and other interested parties. For example, Mr. Wilson (plaintiff in case 2:23-cv-599) has filed a motion to enforce a purported settlement agreement between himself, Kevin Long, and Millcreek Commercial Properties. Also, as Ms. Grant (plaintiff in 2:23-cv-936) points out, she and Plaintiffs were solicited by different sales

---

[1] ECF No. 56.

[2] ECF No. 60.

[3] ECF Nos. 58 & 59.

representatives,[4] and she contends the cost of litigating in a large multi-plaintiff case adds cost to recover her $153,000 investment. Thus, the Court finds consolidation inappropriate at present.

Nonetheless, the Court does find that the interests of judicial economy and consistency of outcome are sufficiently strong to justify transfer of the related cases to the undersigned. Similarly, the assigned magistrate judge in each case should be made uniform to ensure consistency and coordination of pretrial proceedings. Accordingly, each of the three cases will be referred to Magistrate Judge Cecilia Romero.

Finally, nothing in this Order should be construed as discouraging the parties in all three cases from voluntarily taking efforts to coordinate discovery and other pretrial concerns. Rather, where possible, the parties should coordinate to take discovery at mutually convenient times and reduce costs, particularly in the circumstance of corporate designee depositions and, if any, physical inspections or examinations. If necessary, Defendants may renew their request for consolidation, or make more modest requests to join discovery, to avoid unnecessary duplication of effort. Though in doing so, Defendants should be mindful that the plaintiffs in each case may have legitimate concerns about cost and adequate opportunity for discovery that should be considered.

---

[4] Defendants attempt to brush this off as a minor difference. Yet, in a case alleging securities fraud, the particular way in which an opportunity is marketed has an impact not only on whether material misrepresentations or omissions were made to a plaintiff, but can also determine whether or not a transaction constitutes a security. *See, e.g.*, *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946) (holding a transaction constituted a security where "respondents merely offer the essential ingredients of an investment contract."). The parties should be mindful of these important facts, with due regard for the separate identity of all Plaintiffs and Interested Parties.

## ORDER

Accordingly, the Motion to Consolidate Related Cases[5] is DENIED without prejudice.

It is FURTHER ORDERED pursuant to District of Utah Civil Rule 83-2(g), and after consultation between the assigned judges, the Court, *sua sponte*, hereby transfers cases numbered 2:23-cv-936 and 2:23-cv-599 to the undersigned.

It is FURTHER ORDERED that cases numbered 2:23-cv-936 and 2:23-cv-599 be referred to Magistrate Judge Cecilia Romero pursuant to 28 U.S.C. 636(b)(1)(A).

IT IS SO ORDERED.

DATED this 31st day of July 2024.

_____
Ann Marie McIff Allen
United States District Judge

---

[5] ECF No. 56.