Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST,<br><br>*Plaintiffs,*<br><br>v.<br><br>KEVIN LONG; MILLCREEK COMMERCIAL LLC; COLLIERS INTERNATIONAL; ANDREW BELL; | **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031.<br><br>*Defendants.* | |

By and through undersigned counsel, Plaintiffs Patti Klair, Robert Myers, Robert Barnes, Eric Carnrite, Elizabeth Hill-D'Alessandro, Robert Tannehill, Ditas Tannehill, Jose Rementeria, Teena Rementeria, Charles Brauer, Laura Brauer, Karen Marion, Katherine Madera, Carl McQueary, Lynn McQueary, Donald Patterson, Kurtis Trent Manning, Tony Schaker, Patrick White, Hildegard White, Quest Realty Trust, Secure Storage LLC, and the Kurtis Trent Manning Living Trust (collectively, "Plaintiffs") hereby move the Court for leave to file a First Amended Complaint. A copy of the proposed Amended Complaint is attached hereto as Exhibit A.

## RELIEF REQUESTED AND GROUNDS FOR RELIEF

Plaintiffs seek leave to file a First Amended Complaint, a proposed form of which is attached hereto as Exhibit A. A redline showing the proposed changes is attached as Exhibit B. The grounds for relief are that Fed. R. Civ. P. 15 (a)(2) provides that leave to amend should be freely given "when justice so requires." In this case, the proposed First Amended Complaint adds new parties

and claims, provides additional factual detail supporting claims subject to heightened pleading standards, and corrects substantive and clerical errors. Good cause exists because the proposed First Amended Complaint provides a more complete, accurate, and detailed statement of Plaintiffs' claims, the motion was filed within the timeline previously stipulated by all parties and approved by the Court. Therefore, the amendment would be proper to facilitate presentation of the claims on the merits without causing prejudice to the nonmoving parties.

**ARGUMENT**

Fed. R. Civ. P. 15 (a)(2) allows amendment of pleading with leave of the Court and adds that "[t]he court should freely give leave when justice so requires." In the Tenth Circuit, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Prejudice to opposing parties is generally the most important factor in deciding whether to grant leave to amend, *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006), and courts will typically find prejudice "only

when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment.'" *Bylin*, 568 F.3d at 1229 (quoting *Minter*, 451 F.3d at 1208).

As set forth above, the proposed First Amended Complaint will facilitate a determination of the Plaintiffs' claims on the merits. This case is still in the early stages, as multiple parties have been preparing amended pleadings in recent months. To date, no depositions have been taken, and only three written discovery requests have been exchanged. In addition, February 14, 2025 (20 days from the date of Plaintiffs' response to Defendants Kevin Long and Millcreek Commercial Properties' First Set of Interrogatories and Requests for Production of Documents), is the deadline on which all parties in this case stipulated to file amended pleadings and add additional parties. The Court approved the deadline in its Order, Dkt. 84. In short, all parties will have a full and fair opportunity to consider, address, and litigate all of the claims presented in the proposed First Amended Complaint.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs urge the Court to grant the Motion and allow leave to file the proposed First Amended Complaint, a form of which is attached, both in clean and redline form.

DATED this 15th day of January 2025.

                                                DEISS LAW, P.C.

                                                */s/ Andrew G. Deiss*
                                                Andrew G. Deiss
                                                Corey Riley
                                                Andrew D. Miller
                                                *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on the 15th day of January, 2025, I caused the foregoing MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT to be served electronically through the ECF system.

                                                                       /s/Andrew G. Deiss