Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

*Attorneys for Kevin Long and Millcreek Commercial, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN LONG, MILLCREEK COMMERCIAL, LLC, et al.<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MILLCREEK COMMERCIAL, LLC**<br><br>Case No. 2:23-0407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

    Terry E. Welch, Bentley J. Tolk and Rodger M. Burge of the law firm Parr Brown Gee & Loveless file this Reply in Support of Motion to Withdraw as counsel for Defendant Millcreek Commercial, LLC.

### Introduction

On January 21, 2025, Terry E. Welch, Bentley J. Tolk and Rodger M. Burge (the "Undersigned Counsel") of the law firm Parr Brown Gee & Loveless filed a Motion to Withdraw as Counsel for Defendant Millcreek Commercial, LLC (the "Motion"). On January 31, 2025, Defendant Colliers International ("Colliers") filed a Response (the "Response") to the Motion. The Response is not styled as an opposition to the Motion. Rather, in the Response, Colliers "responds" to the Motion and provides certain points and an improper suggestion for the Court to "perhaps" consider.

### Argument

The Motion should be granted because i) it meets the requirements under the local rules, ii) all the factors that federal courts consider when adjudicating motions for withdrawal favor withdrawal in this case, and iii) the Response does not contain any proper or relevant arguments against withdrawal. In addition, although the Response mentions that "perhaps" certain third parties "should be ordered joined in this action as additional defendants," Colliers has not filed a separate motion seeking that relief. Rather, the Response concludes by stating that at the hearing on the Motion, "[p]erhaps . . . these questions can be addressed." Since it is not part of a motion and is contained in a response to the Motion, the Response's half-hearted and irrelevant joinder request should be denied as improper.

i. **The Motion satisfies local rule DUCivR 83-1.4(b)(2).**

Local rule 83-1.4 governs when counsel may withdraw from representing a party. If counsel wishes to withdraw from a pending action, and the party counsel represents is not currently represented by another attorney, then the withdrawing attorney may withdraw only with leave from

the court. *See* DUCivR 83-1.4(b)(2). Courts may grant a request to withdraw when counsel provides certain information required under the local rule. *See id*. The Motion provides the necessary information under the rule.

First, the Motion states that the reason for withdrawal is because "Millcreek has ceased operations." Soon after the Motion was filed, Millcreek voluntarily dissolved. (*See* exhibit A.)

Second, the Motion provides Millcreek's last known contact information.

Third, the Motion states that Millcreek consents to the withdrawal. Prior to the filing of the Motion, Millcreek instructed the Undersigned Counsel to withdraw because Millcreek does not wish to be represented by the Undersigned Counsel any longer in this case. (*See* exhibit B.)

Fourth, the Motion provides information on the status of the case.

Fifth, because this case is not scheduled for trial, the Motion did not need to provide a certification that Millcreek is eligible to proceed to trial.

Sixth, the Undersigned Counsel certified in the Motion that a copy of the Motion had been filed and served on all parties.

Seventh, the Undersigned Counsel provided a proposed order for the Court granting the Motion.

### ii. Applicable factors weigh in favor of granting the Motion.

"Aside from this Court's local rules and Utah's Rules of Professional Conduct, the Tenth Circuit has not yet set forth any factors a court should consider when analyzing a motion to withdraw as counsel." *Taylor v. Nat'l Collegiate Student Loan Tr.* 2007-1, No. 2:19-CV-00120-BSJ, 2020 WL 9255406, at *3 (D. Utah June 29, 2020). But federal courts generally consider the following factors: 1) undue delay; 2) prejudice to any party; 3) financial burden on counsel; 4) the

state of the attorney-client relationship; and 5) interests of justice. *See id*. Finally, courts have wide discretion in granting or denying motions to withdraw. *See Abell v. Babbitt*, 176 F.3d 4881999 WL 215403, *2 (10th Cir.1999) (unpublished decision) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982)). Each of those factors weighs in favor of granting the Motion.

First, the Undersigned Counsel did not delay in requesting to withdraw. The Undersigned Counsel filed the Motion soon after Millcreek instructed them to withdraw. Indeed, the Undersigned Counsel filed the Motion two days before Millcreek filed its own statement of dissolution. (*See* exhibit A.)

Second, granting the Motion will not unduly prejudice any party. Plaintiffs recently filed a pending motion for leave to file an amended complaint, and the current fact discovery cutoff is July 28, 2025. In light of the proposed amended complaint, it is highly likely that the parties will need to request an additional extension of the fact discovery cutoff and associated deadlines.

The third factor weighs in favor of withdrawal because Millcreek has for a long period of time not been paying the Undersigned Counsel for their legal work. Withdrawal is thus necessary due to long-outstanding unpaid legal fees. *See Triple-I Corp. v. Hudson Assocs. Consulting, Inc.*, No. 06-2195-EFM, 2010 WL 11566504, at *1 (D. Kan. May 5, 2010).

The fourth factor—the status of the attorney-client relationship—should be decisive in this case. Millcreek instructed the Undersigned Counsel to withdraw from representing Millcreek in this case. In other words, Millcreek does not want to be represented by the Undersigned Counsel in this matter or in any other matter. Millcreek's withdrawal directive to the Undersigned Counsel should be honored. Even if granting the Motion did cause some delay in litigation, it "would be

better to address any issues related to future motion to extend . . . rather than deny [Millcreek] an attorney of [its] choice." *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp. 2d 1101, 1103 (D.N.M. 2005) (granting motion to withdraw).

Finally, granting the Motion would not be contrary to the interests of justice, because doing so would not improperly delay this case. Millcreek does not currently intend to engage new counsel in this litigation. (*See* exhibit B.) In any case, as shown above, the parties will have ample time to take fact discovery. No parties in the case have taken any depositions yet, and a trial date has not been set. In light of Plaintiffs' motion for leave to file an amended complaint, it is likely that the current deadlines in this case will need to be extended.

### iii. The Response does not include any proper arguments against withdrawal.

In the Response, Colliers sets forth three bases why the Motion could potentially be denied. But none of those bases addresses the requirements of the local rule or the factors that courts consider when adjudicating a motion to withdraw.

First, the Response states that "companies that are no longer operating can still be" represented in litigation. Although the Undersigned Counsel do not dispute that statement, adjudication of the Motion does not require that the Court determine whether Millcreek may be represented by *any* counsel; instead, the Motion addresses whether the Undersigned Counsel may withdraw.

Second, the Response argues that the Motion "leaves too many unanswered questions," such as whether Millcreek is going to hire new counsel, the nature and location of any Millcreek assets, and the identities of any successors to Millcreek. But none of those questions is relevant to adjudicating the Motion. At best, those questions go to concerns that parties might have about

5

whether, and how, a judgment against Millcreek could be satisfied. Resolution of those concerns is not required under the local rule and is not something that courts consider before allowing withdrawal of counsel.

Third, the Response suggests that "perhaps [other] entities should be ordered joined to this action" instead of granting the Motion. The applicable rules, however, do not require that additional parties be joined before counsel can withdraw from representation. If Colliers were serious about attempting to join additional parties, Colliers would need to file an appropriate motion asking the Court to do so. *See* Fed. R. Civ. P. 7 (stating that a "request for a court order must be made by motion"). . But it is improper to make such a request in an opposition to a Motion. *See* DUCivR 7-1(a)(3) (noting that a "party may not make a motion . . . in a response or reply. Any motion must be separately filed").

In sum, the Response's arguments relating to the motion are either irrelevant or improper, or both.

## **Conclusion**

For the foregoing reasons, and those set forth in the Motion, the Undersigned Counsel respectfully request that the Court grant the Motion and grant them leave to withdraw as counsel for Millcreek in this case.

DATED: February 14, 2025

                                                              PARR BROWN GEE & LOVELESS

                                                               By: /s/ *Terry E. Welch*
                                                                     Terry E. Welch

                                                             By: /s/ *Bentley J. Tolk*
                                                                  Bentley J. Tolk

By: /s/ *Rodger M. Burge*
  Rodger M. Burge

*Attorneys for Kevin Long and Millcreek Commercial, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, I caused to be served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MILLCREEK COMMERCIAL PROPERTIES, LLC** via the CM/ECF system, which automatically provided notice to all counsel of record.

By: /s/ *Bentley J. Tolk*

# **Exhibit A**



# UTAH DEPARTMENT OF COMMERCE
## Division of Corporations and Commercial Code

**SPENCER J. COX**
*Governor*

**DEIDRE M. HENDERSON**
*Lieutenant Governor*

**MARGARET W. BUSSE**
*Executive Director*

**ADAM WATSON**
*Division Director*

1/2/2025 5:01:00 PM

| Filing Type | Domestic Limited Liability Company - Statement of Dissolution |
|---|---|
| Filing/EffectiveDate | 1/2/2025 5:01:00 PM  effective, 1/2/2025 5:01:00 PM |
| Entity Name | MILLCREEK COMMERCIAL PROPERTIES, LLC |
| Entity Number | 11469275-0160 |

| Entity Status | INACTIVE   VOLUNTARILY DISSOLVED |
|---|---|

The Domestic Limited Liability Company Statement of Dissolution for MILLCREEK COMMERCIAL PROPERTIES, LLC was/were filed with the Utah Division of Corporations and Commercial Code on 1/2/2025 5:01:00 PM, effective 1/2/2025.

**Reference Information**

| Work Order Item # | Tracking/Filing # | Submitter Name | Submitter Number |
|---|---|---|---|
| W20250106272006 | 250201201621B | DCCC - FILING OFFICE | 7051 |

Division of Corporations and Commercial Code
Heber M. Wells Building • 160 East 300 South • P.O. Box 146705 Salt Lake City, UT 84114-6741
www.corporations.utah.gov • telephone (801) 530-4849 • toll-free in Utah (877) 526-3994 • fax (801) 530-6438



**State of Utah**
**Department of Commerce**
**Division of Corporations & Commercial Code**
**Statement of Dissolution**

*This form cannot be hand written.*

Filed in the Office of
[signature: Adam Watson]
Director, Division of Corporations and Commercial Code
Filed in the state of Utah

Filing Number
13101901511686
Filed On
January 2, 2025 05:01 PM
Entity ID
11469275-0160
Number of Pages
1

Limited Liability Company Name: Milcreek Commercial Properties, LLC

Entity Number: 11469275-0160

The dissolution of above named limited liability company will become effective:

[✓] upon filing with the Division of Corporations and Commercial Code.

[ ] on the future effective date of (MM-DD-YYYY) _____.

The dissolution shall be signed by a person authorized by the LLC.

**If the LLC has no member(s) or manager(s)**, the dissolution shall be signed by:

[✓] Person winding up the LLC's activities and affairs under Subsection 48-3a-703(3).

Under penalties of perjury, I declare that this Statement of Dissolution has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

By: _[signature]_

Name: Kevin G. Long

Date: 01/23/2025

**Additional filing requirements:**
If the filer requests a copy of the Statement of Dissolution an additional exact copy of the filed document along with a return-addressed envelope with adequate first-class postage must also be submitted.

Under GRAMA {63G-2-201}, all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

08/23

# **Exhibit B**

Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

---

### DECLARATION OF KEVIN LONG

I, KEVIN LONG, declare and state as follows:

1. I am over 21 years of age and am in all respects competent to make this Declaration. The following statements are true to the best of my knowledge, information, and belief, formed after reasonable inquiry. If called upon to testify, I would testify in a manner consistent with this Declaration.

2. I am the former CEO of Millcreek Commercial Properties, LLC ("Millcreek").

3. During January 2025, I terminated Parr Brown Gee & Loveless's ("Parr Brown") representation of Millcreek and instructed Parr Brown (and all of Parr Brown's attorneys) to withdraw from representing Millcreek in all pending litigation to which Millcreek is a party.

5. Millcreek does not currently intend to engage new counsel in any pending cases to which Millcreek is a party.

6. I am aware that as an entity, Millcreek cannot represent itself in any pending lawsuits and must either obtain replacement counsel or risk default being entered against it.

I declare under penalty of perjury of the laws of the United States and the State of Utah that the foregoing is true and correct.

EXECUTED this 14 February 2025.

*/s/:Kevin Long*