Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
Deiss Law P.C.
10 West 100 South, Suite 700
Salt Lake City, UT  84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KLAIR, et, al,<br><br>Plaintiffs,<br><br>v.<br><br>LONG, et, al,<br><br><br><br>Defendants. | **MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT MILLCREEK COMMERCIAL PROPERTIES, LLC**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Cecilia M. Romero |

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and DUCivR 55-1(a), Plaintiffs respectfully submit this Motion for Entry of Default against Defendant Millcreek Commercial Properties, LLC ("Millcreek").

Entry of default against Millcreek is appropriate because, as described below, Millcreek, through Defendant Kevin Long, terminated its counsel and made representations to the Court that it will not appoint replacement counsel. Minute Order, Dkt. 108. After giving Millcreek an opportunity to be heard on the matter, the Court

entered an order allowing the withdrawal of counsel and further allowing Plaintiffs to "apply for default forthwith." *See* Minute Order, Dkt. 108.

Millcreek was served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. [Dkt. 24](), Millcreek filed an Answer to the Complaint, [Dkt. 46](), participated in a Rule 26(f) Conference, [Dkt. 47](), and served written discovery on Plaintiffs, *see* Decl. of Corey D. Riley, *attached at* Exhibit A.

On January 21, 2025, the law firm of Parr Brown Gee & Loveless filed a Motion to Withdraw as Counsel for Defendant Millcreek Commercial Properties, LLC (the Motion to Withdraw"). [Dkt. 86](). Attached to the reply memorandum supporting the Motion to Withdraw, Defendant Kevin Long declared that "Millcreek does not currently intend to engage new counsel in any pending cases to which Millcreek is a party." [Dkt. 93](). Further, he stated, "I am aware that as an entity, Millcreek cannot represent itself in any pending lawsuits and must either obtain replacement counsel or risk default being entered against it." [Dkt. 93]().

The Court held a hearing to address the Motion to Withdraw, in which the parties discussed the entry of default against Millcreek following the withdrawal of counsel. The parties also addressed the waiver of the 21-day stay under Rule 55, due to Millcreek's representation that it does not intend to hire new counsel. *See* Minute Order, Dkt. 94. To date, no replacement counsel has filed an appearance on Millcreek's behalf. Accordingly, on February 28, 2025, the Court granted the Motion to Withdraw, holding that "Plaintiffs may apply for default forthwith." Minute Order, Dkt. 108.

In support of this motion for entry of default, and in accordance with DUCivR 55-1, Plaintiffs submit the Declaration of Corey D. Riley, *attached at* Exhibit A, and a proposed Certificate of Default, *attached at* Exhibit B.

RESPECTFULLY SUBMITTED this March 3, 2025

<u>/s/ Corey D. Riley</u>
Andrew G. Deiss
Corey Riley
Andrew D. Miller
*Attorneys for Plaintiffs*