Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Kevin Long*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; BRENT SMITH; TOM SMITH; MARY STREET, CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL REALTY, LLC; STEVE CATON; SARC US, | **MOTION FOR LEAVE TO FILE AMENDED ANSWER AND THIRD-PARTY COMPLAINT**<br><br>Case No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

| |   |
|---|---|
| INC.; CONSTANCE L. GREENAWALT; EASTERN 1031 STARKER EXCHANGE LLC; EASTERN 1031 STARKER EXCHANGE LLP; INVESTMENT PROPERTY EXCHANGE SERVICES, INC.; KYLE WILLIAMS; MAX HANSEN; ACCRUIT LLC; ROB RETTINHOUSE; GRANITE EXCHANGE SERVICES LLC; MARK ADAMS; BEUTLER EXCHANGE GROUP LLC; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC;, <br><br>Defendants. | |

Pursuant to Rules 14 and 15 of the Federal Rules of Civil Procedure, Defendant Kevin Long ("Long") respectfully submits this Motion for Leave to File Amended Answer and Third-Party Complaint.

2

**Relief Sought and Grounds for the Relief**

Long moves the Court for leave to file the attached Third-Party Complaint and to add five affirmative defenses to his pending answer to Plaintiffs' First Amended Complaint[1]. (*See* Exhibit A, the "Amended Pleading".) The grounds for the requested relief, as set forth in more detail below, are that (1) Long should be permitted to file the proposed Third-Party Complaint because there is no risk of prejudice or confusion to Plaintiffs because the causes of action therein arise from the same facts that underlie Plaintiffs' claims; the request is timely under the relevant scheduling order; the proposed third-party claims would not unnecessarily expand the scope of this case, introduce new issues or complicate the case; the proposed third-party claims would not delay this case; and this Motion states sufficient grounds for the Court to evaluate the propriety of Long's claims; and (2) Long should be allowed to assert five additional affirmative defenses because leave to amend should be freely given; no undue delay exists; Plaintiffs would not be unduly prejudiced; and the proposed amendment does not involve bad faith, a dilatory motive, or futility.

**Introduction**

Plaintiffs purchased tenant-in-common interests in three properties from various sellers that were marketed by Millcreek Commercial Properties, LLC ("Millcreek"). Plaintiffs allege that they believed the properties would operate as medical centers leased by a stable healthcare company, with the leases guaranteed by a reputable company and backed by bonds. Plaintiffs also allege that they anticipated that one of the properties, not yet operational at the time, would

---

[1] The "Amended Pleading" contains an answer to Plaintiffs' original Complaint, which Long realizes is now moot. But Long includes this amended answer to show how little is being amended by adding the additional five affirmative defenses, which highlights the additional defenses and minor changes to the original answer in blue in exhibit B.

soon become functional. Plaintiffs allege that they initiated this lawsuit because their expectations in connection with the properties were not met.

Plaintiffs further allege that Long and others misrepresented material facts about the properties, their leases and the tenants, and that funds intended to complete the unfinished property were misappropriated. Plaintiffs assert that Long and others participated in a "sophisticated scheme" with third parties—Joshua Constantin ("Constantin"), Justin Smith ("Smith"), Emanuel Butera ("Butera"), and Jameson LLC, dba American Development Partners ("ADP") (collectively, the "Third Parties")—to defraud them. Indeed, Plaintiffs' Amended Complaint is littered with specific allegations against the Third Parties.

Long believes that the Third Parties orchestrated a fraudulent scheme. But he did not participate in the scheme, and he was unaware of the scheme during the relevant time frames.

**Statement of Facts**

Millrock Investment Fund 1, LLC ("Millrock"), Millcreek, ADP, and Healthcare Solutions Management Group, Inc. ("HSMG") each generally performed the following work in connection with the three medical centers referenced in the Amended Complaint: Millrock acquired the properties; ADP was the exclusive national developer for HSMG and developed the centers; HSMG leased and operated the centers; and Millcreek sold tenant in common ("TIC") interests in the properties to third parties. During the relevant time frame, Long had an ownership interest in Millcreek and Millrock; Butera controlled ADP; Constantin and Smith controlled HSMG; and Butera acted as an agent for HSMG. Butera, Constantin, and Smith each represented to Long that HSMG would be an ideal tenant because, among other things, HSMG had more than $75 million in assets.

Millrock directly or through an affiliate acquired properties in Keller, Texas (the "Keller Property"), Naperville, Illinois (the "Naperville Property"), and Kennesaw, Georgia (the "Kennesaw Property") with the intent to establish medical centers on all three properties (collectively the "Properties"). In connection with ADP developing the medical centers, Millrock agreed to pay $3,350,000 to ADP as an "Equipment Allowance" for the Properties. The Equipment Allowance was required and intended to be used to purchase the necessary equipment for the medical centers on the Properties.

Each of the Properties was leased to an affiliate of HSMG, and each lease was guaranteed by HSMG. Smith signed each lease on behalf of the lessee and on behalf of HSMG as the guarantor. Meanwhile, Millcreek sold certain TIC interests in each of the Properties to various third parties, including to Plaintiffs. Butera, Smith, and Constantin also represented and agreed that they would secure the leases with bonds from Lloyds of London.

Each of the HSMG affiliates at some point failed to pay rent under the leases on the Properties, and HSMG failed to pay rent as the guarantor. Long discovered around this time that Butera, Smith, and Constantin had failed to secure the bonds on the Properties. As a result, Millrock entered into a "Loan Agreement" with HSMG by which Millrock loaned HSMG $350,000 (the "Loan") to help HSMG fulfill its obligations under the lease agreements. Pursuant to the Loan Agreement, HSMG agreed to pay back the Loan, obtain the promised bonds, and start paying rent by a certain date. HSMG, however, did not pay back the Loan, obtain the required bonds, or pay the required rent under the leases. The medical centers on the Keller Propertyand Kennesaw Property never opened, and the money for the Equipment Allowance was not used to purchase the necessary equipment.

Plaintiffs' Amended Complaint asserts various causes of action for, *inter alia*, fraud and negligent misrepresentation. Plaintiffs allege that Long, Butera, Constantin, Smith, "and their related entities" all worked together on a "scheme" regarding the Properties. (*See* Am. Compl. at Intro, ¶¶ 97-286.) Plaintiffs also allege that Long, Butera, Constantin, Smith, and their related entities made or approved claims about the Properties that "were false and replete with material omissions." (*See id*. at Intro., ¶ 456) Chief among those supposed false claims are the following: (i) that the tenants of the Properties were legitimate entities with the ability and intent to pay rent under the leases; (ii) that HSMG had the ability and intent to pay rent under the leases as a corporate guarantor in the event that the tenants of the Properties did not pay rent; (iii) that the leases were insured by bonds from Lloyds of London; and (iv) that the Equipment Allowance would be used to purchase necessary equipment for the medical centers. Plaintiffs allege that those representations were false and that Smith, Constantin, Butera, and ADP knowingly made or facilitated those misrepresentations about the Properties.

For example, Plaintiffs allege that Butera has a "shady past" and that Butera, Constantin, Smith, and ADP "conspired with third parties in a sophisticated scheme to fraudulently induce vulnerable, often elderly investors to purchase" TIC interest in the Properties. (Am. Compl. at Intro, ¶ 97.) In the Amended Complaint, Plaintiffs reference Constantin and Smith in more than 20 paragraphs and in the Introduction, and they reference Butera and ADP in more than 15 paragraphs and in the Introduction.

Plaintiffs allege that Smith used an entity he controls called Landes Capital to siphon funds (i.e., the Equipment Allowance) away from HSMG "to avoid [] obligations under leases and contracts." (Am. Compl., ¶ 289.) They allege that Smith, Constantin, Butera, and ADP "were aware of and approved, either expressly or tacitly, all of the content of" the marketing materials

4

that was used to sell them their interests in the Properties. (*See* Am. Compl., ¶ 456.) Plaintiffs allege that they relied on "misrepresentations, omissions, and general deception" by Constantin, Smith, Butera, and ADP regarding the Properties. (Am. Compl., ¶ 634.) And they allege that the Equipment Allowance was "diverted" by Constantin, Smith, Butera, and ADP instead of being used for its proper purpose. (Am. Compl., ¶ 715.) Curiously, however, Plaintiffs did not name Constantin, Smith, Butera, or ADP as defendants in this case.

After Long filed his original Answer in this case, the SEC filed a complaint against Smith and Constantin on August 27, 2024 alleging that they defrauded investors of at least $2.7 million; made materially false and misleading statements in SEC filings; aided and abetted the making of such misstatements regarding HSMG; and used Landes Capital to facilitate their fraudulent activity.

This case is in its early stages: Plaintiffs filed a First Amended Complaint on March 26, 2025; the First Amended Complaint added numerous new defendants; and no depositions have been taken yet in this case. Since at least eleven cases have been filed against Long in connection with the TIC interests at issue in this case and related cases, Long's time and resources have been strained in an attempt to juggle all of those cases.

## ARGUMENT

Long seeks to bring five additional affirmative defenses in his pending answer to the Amended Complaint and to bring a third-party complaint against Constantin, Smith, Butera, and ADP. A party may amend its pleading or bring third-party claims "as a matter of course" if it does so early on in the case. *See* Fed. R. Civ. P. 15(a)(1); § 1434 Joinder of Third-party Defendants—In General, 6 Fed. Prac. & Proc. Civ. § 1434 (3d ed.); Fed. R. Civ. P. 14(a). If a defendant seeks to bring third-party claims "more than 14 days after serving its original answer,"

5

it "must obtain the court's leave" to do so. *See* Fed. R. Civ. P. 14(a)(1). If a defendant seeks to amend its answer more than 21 days after filing its original answer, it may do so only with the opposing party's consent or with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Since it has been more than 21 days since Long filed his original Answer, leave of the Court is required to file the Amended Pleading. Long should be permitted to file the Amended Pleading because leave to file such pleadings should be "freely given," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and because the Amended Pleading is proper under Rules 14 and 15.

### I. Long's Third-Party Claims Are Proper Under Rule 14.

Whether a party may bring third-party claims under Rule 14 "is within the discretion of the Court." *Valdez v. City of Farmington*, 580 F. Supp. 19, 21 (D.N.M. 1984). When determining whether to allow a party to bring third-party claims under Rule 14, courts consider whether it would unfairly prejudice the opposing party and weigh factors such as the following: "(1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints." *AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016).

The rule governing third-party claims "was designed to reduce multiplicity of litigation and permit a disposition in the main action of a claim for indemnity against a third party; therefore, courts construe the rule liberally." *Id*. at *3 (cleaned up). As a result, "a court should generally allow" claims to be brought under Rule 14. *Id*. at *4. Here, all of those factors favor permitting Long to bring his claims against Constantin, Smith, Butera, and ADP.

First, there is no risk of prejudice or confusion to Plaintiffs, because the claims arise from the same facts as Plaintiffs' claims. Thus, it would be more efficient to have a single action to address these claims. If Long were forced to bring his claims in a separate suit, then that suit could be subject to consolidation with this matter under Rule 42 and DUCivR 42-1 because the actions would involve common facts, parties, property, and transactions.

Second, this request is timely pursuant to the Court's most recent scheduling order. (*See* ECF No. 80.) Plaintiffs would not be prejudiced by Long's third-party claims because as demonstrated by their Complaint and Amended Complaint, Plaintiffs have been aware of Constantin, Smith, Butera, and ADP, and the facts forming the basis of those claims, since the inception of this case.

Third, Long's third-party claims would not unnecessarily expand the scope of this case, because they are grounded in the same facts, transactions, and property at issue in Plaintiffs' claims. Long's proposed claims will not introduce new issues or complicate the litigation. Instead, those claims align directly with the existing scope of the case.

Fourth, permitting Long's third-party claims would not delay this matter, because the claims would require substantially the same discovery that will already occur in this case.

Fifth, the Third-Party Complaint states sufficient grounds for the Court to evaluate the propriety of Long's claims that Constantin, Smith, Butera, and ADP made the alleged misrepresentations that form part of the basis for Plaintiffs' claims against Long.

## II. Long Should Be Allowed to Assert Five Additional Affirmative Defenses.

As mentioned above, it is well established that leave to amend should be freely given. In fact, the Tenth Circuit has held that refusing "leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

7

failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (cleaned up). Such a showing cannot be made with regard to Long's request to add five affirmative defenses.

As for undue delay, "lateness does not itself justify the denial of the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (cleaned up). Denial of an amendment for delay is appropriate only "when the party filing the motion has no adequate explanation for the delay." *Id*. at 1206 (cleaned up). Here, the Motion is not late, because it is filed on the current deadline to amend pleadings *See* ECF No. 84. And any delay in seeking leave to amend can be explained because Long and his counsel are in the process of defending ten separate lawsuits filed against Long in connection with various TIC interests. As a result, Long has had to respond to complaints, respond to motions, conduct discovery, and otherwise participate in complex litigation. Perhaps more importantly, the First Amended Complaint in this case is 205 pages long, and it contains 944 separate paragraphs of allegations and fourteen causes of action. Thus, the timing of this Motion is reasonable and does not show undue delay.

The second factor—whether amendment would cause undue prejudice—is the most important factor. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice when an amendment "unfairly affects" the nonmoving party's ability to prepare for trial. *See id*. at 1208. "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. The five additional affirmative defenses do not cause undue prejudice to Plaintiffs, because they do not raise significant new factual issues (or any new factual issues). Instead, they address facts and matters that are already at issue in the Amended Complaint: Long's alleged duty to the Plaintiffs; Long's knowledge of alleged misrepresentations; applicable

8

securities laws; and Plaintiffs' failure to join necessary parties (the parties Long seeks to join now). As a result, permitting the new affirmative defenses will not create a need for additional discovery or delay the proceedings. *See US Magnesium, LLC v. ATI Titanium LLC*, No. 217CV00923HCNPMW, 2020 WL 2616212, at *2 (D. Utah May 22, 2020) (explaining that amendments cause undue prejudice when there is a delay in proceedings or create a need to reopen discovery).

The remaining factors also favor amendment in this case. Long's request for leave to add five additional affirmative defenses at this point does not show bad faith or a dilatory motive. This is Long's first request for leave to amend, and adding the new affirmative defenses would not be futile.

One other relevant issue is that some of the proposed affirmative defenses are intended to simply provide greater specificity to previously asserted defenses. For example, the Thirty-Second Defense identifies specific state securities law statutory provisions for exempt securities and transactions, or other limits on Plaintiffs' state law securities claims, as generally addressed in the Sixteenth, Seventeenth and Twenty-Second Defenses. Similarly, the new Thirty-First Defense – that Long lacked the necessary knowledge, intent, willfulness, or scienter for him to be liable to Plaintiffs – states the converse to the Fourteenth Defense – that Long acted in good faith. Finally, the Twenty-Ninth Defense is not viewed by courts as an affirmative defense, but is in fact an affirmative pleading obligation of plaintiffs asserting claims under Section 12(a)(1), like Plaintiffs' Second Cause of Action. *See Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985) ("In asserting a violation of Section 12, the plaintiff must affirmatively plead sufficient facts in his complaint to demonstrate conformity with the statute of limitations.").[2] Since neither the Tenth Circuit Court of

---

[2] *Toombs*' obligation that plaintiffs must plead their compliance with §77m has been recognized by district courts, as well. *See e.g., In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec.*

9

Appeals nor the District of Utah appears to have addressed the issue, however, and in an abundance of caution, Long seeks to assert Plaintiffs' obligation to plead compliance with the timeliness requirement for Section 12(a)(1) claims as an affirmative defense, should the Court break from the authorities that have ruled on this issue.

Finally, Long believes that he is not required to seek leave to file the five new affirmative defenses because Plaintiffs have filed an Amended Complaint, and that Amended Complaint expanded the scope of the case by adding new partes, new allegations, and a new cause of action. *See Hydro Engineering, Inc. v. Petter Investments, Inc.,* Civil No. 2:11-cv-00139-RJS-EJF, 2013 WL 1194732 at *2 (D. Utah March 22, 2013). Out of an abundance of caution, however, Long files this Motion while acknowledging that the Court may potentially allow him to file the five new affirmative defenses through the proposed Amended Answer, or in response (along with his previously asserted affirmative defenses) to the Amended Complaint.

## **Conclusion**

For the foregoing reasons, this Motion should be granted, and Long should be granted leave to file his Amended Answer and Third-Party Complaint.

DATED: March 31, 2025.

                                            PARR BROWN GEE & LOVELESS

                                            By: /s/ *C. Chase Wilde*
                                                  Terry E. Welch

---

*Litig.*, 636 F. Supp. 1138, 1166 (C.D. Cal. 1986) ("It is plaintiffs' burden affirmatively to plead facts showing compliance with § 13's limitations periods. Further, the one-year and three-year periods are cumulative, not alternative, i.e., plaintiff must demonstrate compliance with both periods."); *Meadows v. Pacific Inland Sec. Corp.*, 36 F. Supp. 2d. 1240, 1249 (S.D. Cal. 1999) ("In asserting a violation of the securities laws, the plaintiff must affirmatively plead sufficient facts in his complaint to demonstrate conformity with the statute of limitations."); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 (C.D. Cal. 2003) ("Movants correctly observe that with respect to their claims under the Securities Act, Plaintiffs have failed even to adequately plead that they have complied with the statute of limitations."); *Owen v. Elastos Found.*, No. 1:19-cv-5462, 2021 WL 5868171, at *10 n.4 (S.D.N.Y. 2021).

Bentley J. Tolk
Rodger M. Burge
C. Chase Wilde
*Attorneys for Kevin Long*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I caused to be served a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE AMENDED ANSWER AND THIRD-PARTY COMPLAINT** via the CM/ECF system, which automatically gave notice to all counsel of record.

By: /s/ *C. Chase Wilde*