Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
Deiss Law P.C.
10 West 100 South, Suite 700
Salt Lake City, UT  84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KLAIR, et al., <br> *Plaintiffs*, <br><br> v. <br><br> LONG, et al., <br><br> *Defendants*. | PLAINTIFFS' RESPONSE TO DEFENDANT TREVOR WEBER'S SHORT FORM DISCOVERY MOTION REGARDING PLAINTIFFS' RESPONSES TO DISCOVERY REQUESTS <br><br> Case No. 2:23-cv-00407-AMA-CMR <br> Judge Ann Marie McIff Allen <br> Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 37-1, Plaintiffs hereby respond to Defendant Trevor Weber's short form discovery motion. Dkt. 137.

# Introduction

This is one of several fraud cases involving an investment scheme in which Colliers International and their associates marketed and sold fractional,

1

tenants-in-common (TIC) ownership interest in commercial properties. The sales were rushed and littered with false promises – including promises of vetted tenants and decades of passive income, secured by triple net leases. The movant, Defendant Trevor Weber, was an insider who sold TIC interests to certain Plaintiffs.

Plaintiffs have acted in good faith to provide complete discovery responses to Weber. Since Weber served his written discovery requests, Plaintiffs have produced more than 12,000 pages of documents and responded to each of Weber's requests to the extent possible. But the facts in this case are not static. Plaintiffs recently sold their interest in the Keller, Texas property at the center of this action. Plaintiffs are in the process of collecting documents and information related to the sale. And pending before the Court is Plaintiffs' Second Motion to Amend Complaint, which adds causes of action and new Defendants. These events have been ongoing for several months, and they are material to Plaintiffs' discovery responses.

In any event, Plaintiffs will continue to supplement their disclosures as required by the rules of federal procedure. Plaintiffs will continue producing

documents on a rolling basis, and they will begin supplementing their interrogatory responses within a week.

The Court should deny Weber's motion, including his request for attorney's fees, because good cause exists for the time in which Plaintiffs are supplementing their responses.

## Discussion

**Interrogatory 4.** Plaintiffs sought clarification from Weber on this interrogatory. Although Weber did not clarify, Plaintiffs intend to supplement this interrogatory response within 14 days of this filing.

**Interrogatory 5.** Weber seeks a complete recitation of Plaintiffs' mitigation efforts, which are ongoing. Plaintiffs are collecting documents related to the recent sale of the Keller Property. Plaintiffs intend to supplement this interrogatory response within 14 days of this filing.

**Interrogatories 8-9.** Plaintiffs sought clarification from Weber on these interrogatories. Based on limitations discussed in the meet and confer with Weber's counsel, Plaintiffs intend to supplement their responses within 7 days of this filing.

**Interrogatories 10.** Weber seeks a complete recitation of the damages for which he is responsible. As noted in their response, Plaintiffs have provided detailed damages disclosures. *See* Plaintiffs' Initial Disclosures, *attached at* Exhibit A. Moreover, the recent sale of the Keller Property and the proposed amendments to Plaintiffs' claims will require supplemental disclosures. Plaintiffs' final position on damages will require expert opinion and consultation. Plaintiffs intend on supplementing their response after all Defendants have filed their answers to the First or Second Amended Complaint.

**RFP 1:** This request seeks all documents produced in the case and is continuous in nature. Plaintiffs have complied and will continue to comply with their obligations under Rule 5(a)(1)(C) of the Federal Rules of Civil Procedure. Plaintiffs produced documents responsive to this request on February 14 and May 6, 2025. To the extent Weber seeks more than all documents produced in discovery, Plaintiffs stand on their objections.

**RFP 6-9:** Plaintiffs have produced thousands of documents responsive to these requests. Plaintiffs produced documents responsive to this request on February 14 and May 6, 2025. Plaintiffs sought to organize the documents on a custodian-by-custodian basis. Plaintiffs have not intentionally withheld

4

responsive documents. Weber's request for Plaintiffs' to "indicate what categories of documents were produced" is vague, given the broad nature of the discovery requests.

In response to RFP 6 and RFP 9, Plaintiffs believe they have produced all available communications with Weber. Plaintiffs will continue to produce supplemental responses as they continue to review thousands of emails and other documents potentially related to the Keller Property. Specifically, Plaintiffs have identified more than 2,400 documents in their next production.

For RFP 7 and RFP 8, Plaintiffs intend to produce all documents related to their damages. Plaintiffs are in the process of collecting documents, including documents related to the sale of the Keller Property. Weber has not identified any specific documents he seeks. Plaintiffs intend to supplement their responses to these requests on a rolling basis as they continue to identify documents related to their damages. Plaintiffs produced documents responsive to these requests on February 14 and May 6, 2025.

**RFP 4, 10, 11:** In response to RFP 4, Plaintiffs believe they have produced all available communications with Weber. Plaintiffs will supplement their response if further communications are identified.

RFPs 10 and 11 are overly broad, covering all documents and communications related to several Defendants and nonparties. Plaintiffs estimate there are hundreds of thousands of documents and communications generated by these parties and nonparties. However, Plaintiffs produced documents responsive to this request on February 14 and May 6, 2025. Plaintiffs intend to supplement their responses to these requests on a rolling basis as they continue to identify documents related to Defendants' wrongful conduct.

*Weber's Request for Expenses.* Plaintiffs served timely responses to Weber's requests, and the delayed supplementation is substantially justified by the breadth of the requests, the recent sale of the Keller Property, and the submission of a proposed amended complaint that, if approved, will require further supplementation. An award of expenses is not warranted.

RESPECTFULLY SUBMITTED this Monday, May 19, 2025.

DEISS LAW PC

*/s/ Corey D. Riley*
Andrew G. Deiss
Corey D. Riley
Andrew D. Miller

*Attorneys for Plaintiffs*

6