# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE, LLC, KURTIS TRENT MANNING LIVING TRUST,<br><br>        Plaintiffs,<br><br>V.<br><br>KEVIN LONG, MILLCREEK COMMERCIAL LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED SUMMIT GROUP, ELEVATED 1031, MILLROCK INVESTMENT FUND 1, LLC, MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC, KGL REAL ESTATE DEVELOPMENT PLLC, BRENT SMITH, MARY STREET, CAMS REALTY, LLC, MOUNTAIN WEST COMMERCIAL REALTY, LLC, STEVE CATON, SARC US, INC., SCOTT KING, MERIT COMMERCIAL REAL ESTATE, LLC, MARK MACHLIS, LADY MIRA BLUE MACHLIS, HELLO BELLO, LLC, SAMUEL DUKE, KGL ADVISORS, LLC<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DISCOVERY MOTION [137]**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13). Before the court is Defendant Trevor Weber's (Defendant Weber or Weber) Short Form Discovery Motion (Motion) (ECF 137). The court has also reviewed Plaintiffs' response (ECF 139). The court finds that oral argument is not necessary and decides this matter on the written memoranda. See DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' relevant filings and case law, enters the following Memorandum Decision and Order.

## I. BACKGROUND

This case arises from an investment opportunity led by Defendants who are alleged to have used fraudulent omissions, misstatements, lies, and other tactics to secure investors (ECF 114 at 1–6). The present motion arises from Defendant Weber's allegation that Plaintiffs have engaged in ongoing delays in the discovery process (ECF 137 at 2).

On March 14, 2025, the parties met and conferred to discuss issues regarding the adequacy of Plaintiffs' responses to Weber's discovery requests (ECF 137 at 4). At issue are Interrogatories Nos. 4–5, 8–10; and RFP Nos. 1, 4, and 6–11 (ECF 137). Plaintiffs agreed to supplement their responses by March 31, 2025 (ECF 137-2 at 4). Plaintiffs then requested and were granted an extension of the deadline to supplement to April 7, 2025 (*id*.), and then again to April 14, 2025 (*id*. at 5). Weber filed this Motion on May 12, 2025, asserting that Plaintiffs had yet to supplement their responses despite an agreement to do so and numerous extensions. Weber argues Plaintiffs' ongoing delays warrant an award of fees pursuant to Rule 37(a)(5) (ECF 137 at 4).

In their response, regarding Interrogatory Nos. 4, 5, 8, and 9, Plaintiffs assert that they sought clarification from Weber, and although clarification was not given, they intended to supplement Interrogatories Nos. 4 and 5 within 14 days from the date of their response and within 7 days for Interrogatories Nos. 8 and 9 (ECF 139 at 3). With respect to Interrogatory No. 10,

2

Plaintiffs state that they will supplement their response "after all Defendants have filed their answers to the First or Second Amended Complaint" (*id*. at 4). Regarding RFP Nos. 1, 4, 6–11, Plaintiffs claim that they have produced all available communications with Weber and will continue to produce supplemental responses on a rolling basis (*id*. at 4–6).

## II.  DISCUSSION

The primary issue is whether Plaintiffs have violated their duty to timely supplement their discovery responses. Rule 26(e)(1) requires that supplementation must be made "in a timely manner," or as ordered by the court. "The obligation to supplement arises when the disclosing party reasonably should know that its prior discovery responses are incomplete, e.g. because the party has now obtained information it did not previously have." *Jama v. City & Cnty. of Denver*, 304 F.R.D. 289, 299–300 (D. Colo. 2014) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 75 (W.D.N.Y. 2011)). While "timely manner" is not defined by Rule 26(e)(1), the timeliness of supplemental disclosures "is driven largely by the question of when the Plaintiffs came into possession of the documents" needing to be disclosed. *Id*.

The required Rule 26(e) supplementation "should be made at appropriate intervals during the discovery period." Rule 26(e), Advisory Committee Note, 1993 Amendments. "A party cannot wait until all discovery is completed to respond to a request of another party." *Bartley v. Isuzu Motors*, 158 F.R.D. 165, 167-68 (D. Colo. 1994). Furthermore, the duty to supplement is continuous, and a "party may not free itself of the burden to fully comply' by placing 'a heretofore unrecognized duty of repeated requests for information on its adversary." *AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 76 (D. Mass. 2008) (quoting *Arthur v. Atkinson Freight Lines Corporation*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995)).

In their response, Plaintiffs mainly argue that they have met their duty to disclose by providing Weber with all requested documents and plan to keep updating on a rolling basis as new information becomes available (ECF 139). Plaintiffs' claim that no further supplementation is needed at this time conflicts with their communications with Weber, in which they stated that additional information would be provided by the date of the last extension. In fact, on March 27, 2025, Andy Miller, Plaintiffs' counsel, explicitly stated that he was "working on getting [the supplements] ready" (ECF 137-2 at 4). Plaintiffs then sought two extensions of time to supplement their responses and were granted until April 14, 2025, to do so (*see* ECF 137-2 at 4–5). Weber filed the present Motion asserting that, despite Plaintiffs' multiple assertions that they would supplement and numerous extensions to do so, Plaintiffs have yet to supplement any of their responses (ECF 137).

It is unclear whether Plaintiffs have fulfilled their discovery obligations, as they initially told Weber they were working on supplements and then, when Weber sought a motion to compel those supplements, argued that supplementation was unnecessary. If Plaintiffs believed they had produced all available communications with Weber, they should have clarified that during the meet and confer on March 14, 2025, and certainly should not have confused the issue by requesting additional extensions.

That said, it is still unclear to the court whether Plaintiffs' discovery responses are sufficient, or if Plaintiffs possess information that should have been disclosed under Rule 26(e). Therefore, the court cannot determine the "timeliness" of Plaintiffs' disclosures, and therefore whether fees are appropriate at this time. Given Plaintiffs' response to this Motion, however, a court-imposed deadline for producing supplements is necessary in this action. With a court-imposed deadline in place, Plaintiffs can no longer delay their disclosures or make general,

4

indeterminate claims that they will supplement responses after "all Defendants have filed their answers" (ECF 139 at 4). As stated above, the duty to disclose is continuous, and Plaintiffs must supplement in a "timely" manner, not when it is most convenient for them. If extensions are needed, the parties must meet and confer, but further delays may result in an award of fees and costs attributable to those delays.

### III.   CONCLUSION

For these reasons stated above, the court **GRANTS IN PART AND DENIES IN PART** Defendant Weber's Short Form Discovery Motion (ECF 137), and HEREBY sets the following deadlines:

(1) Plaintiffs must supplement their disclosures or discovery responses to make it clear that all information has been produced or supplement the outstanding responses within 15 days of this order.

(2) At this time, the court declines the request for fees, but should the issue continue, Weber may bring the issue before the court to address.

IT IS SO ORDERED.

DATED this 3 November 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah