IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLAIR, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>LONG, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [118] MOTION TO AMEND<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 57). Before the court is Plaintiffs Patti Klair, Robert Myers, Robert Barnes, Eric Carnrite, Elizabeth Hill-D'Alessandro, Robert Tannehill, Ditas Tannehill, Jose Rementeria, Teena Rementeria, Charles Brauer, Laura Brauer, Karen Marion, Katherine Madera, Carl McQueary, Lynn McQueary, Donald Patterson, Kurtis Trent Manning, Tony Schaker, Patrick White, Hildegard White, Quest Realty Trust, Secure Storage LLC, and the Kurtis Trent Manning Living Trust (collectively, Plaintiffs) Motion for Leave to File Second Amended Complaint (Motion) (ECF 118). Defendant Colliers International (Defendant Colliers) and Defendant Spencer Taylor (Defendant Taylor) (collectively, Defendants) each filed Oppositions arguing untimeliness and futility of amendment (ECF 130, 133). Plaintiffs thereafter filed a combined Reply (ECF 136). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court will GRANT the Motion.

# I.     BACKGROUND

Plaintiffs filed their Complaint (ECF 1) on June 21, 2023 asserting claims for securities violations, fraud, and tortious conduct. On December 3, 2024, the court's Amended Scheduling Order (ECF 80) set the deadline for amended pleadings as January 10, 2025. On the date of the deadline, the parties filed a stipulated motion to amend the scheduling order to extend the deadline to file a motion to amend pleadings and to file a motion to add parties to twenty days from the date of Plaintiffs' initial response to Defendants Kevin Long and Millcreek Commercial Properties, LLC's First Set of Interrogatories and Request for Production of Documents (ECF 83), which the court granted (ECF 84). Five days later, on January 15, 2025, Plaintiffs filed a motion for leave to amend their Complaint (ECF 85). Because no defendant filed an opposition to this request, the court granted it on March 19, 2025 (ECF 113).

On March 26, 2025, Plaintiffs filed their First Amended Complaint (ECF 114). Five days later, on March 31, 2025, Plaintiffs filed the present Motion seeking leave to amend in order to "provide[] a more complete, accurate, and detailed statement of Plaintiffs' claims" (ECF 118 at 3). Specifically, Plaintiffs seek to "add four employees of different Colliers entities"; add Smart Cove LLC, GTR Holdings, LLC, Long Holdings, LLC, and Jerald Adam Long as new parties; and add four new causes of action for negligence and violations of 18 U.S.C. § 1962 (Fourteenth, Fifteenth, Sixteenth and Seventeenth) (ECF 118-2; ECF 130 at 1-2; ECF 133 at 1). Defendant Colliers filed an Opposition arguing amendment is futile, untimely, and without justification because Plaintiffs are seeking to add claims against new defendants that are subject to dismissal (ECF 130 at 3). Defendant Taylor also filed an Opposition on similar grounds (ECF 133 at 2). In Reply, Plaintiff argues that the Motion is timely under the operative scheduling order and that amendment makes

sufficient specific, well-pleaded factual allegations against each new defendant to withstand disimssal (ECF 136 at 4–5).

## II.      LEGAL STANDARDS

"Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## III.      DISCUSSION

Courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind*, 466 F.3d at 1199). However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (citing *Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of

arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-0023-CMA-MJW & 16-cv-01215-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court finds that Defendants' futility arguments would be more properly addressed in the context of dispositive motions rather than the present Motion. The court finds that factual disputes prevent the court from reaching issues relating to Plaintiffs' claims at this stage of the case. Issues of fact relating to each defendant's liability are more appropriately considered or resolved on a dispositive motion. The court therefore rejects Defendants' futility arguments. The court finds that no other grounds for refusing leave to amend are applicable. Granting leave to amend would not result in undue prejudice to Defendants, and there is no evidence of undue delay or bad faith on the part of Plaintiffs. Although Defendants argue that amendment is untimely, the court finds that Plaintiffs were diligent in seeking leave to amend their complaint as the present Motion (ECF 118) was filed five days after the First Amended Complaint (ECF 114), and there is no evidence before the court that this request was filed outside of the deadline agreed to by the parties. Accordingly, the court concludes that justice requires granting Plaintiffs leave to amend.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiffs' Motion (ECF 118). Plaintiffs shall file their Second Amended Complaint within seven (7) days.

IT IS SO ORDERED.

DATED this 20 February 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah