WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
ANDREW R. WELCH, #14028
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Andrew.Welch@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MERS, ROBERT \BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE, LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> V. <br><br> KEVIN LONG, MILLCREEK COMMERCIAL LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED SUMMIT GROUP, ELEVATED 1031, MILLROCK INVESTMENT FUND 1, LLC, MILLROCK | **COLLIERS INTERNATIONAL INTERMOUNTAIN LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Civil No. 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

173747141.1

| INVESTMENT FUND 1 MANAGEMENT, LLC, KGL REAL ESTATE DEVELOPMENT PLLC, BRENT SMITH, MARY STREET, CAMS REALTY, LLC, MOUNTAIN WEST COMMERCIAL REALTY, LLC, STEVE CATON, SARC US, INC., SCOTT KING, MERIT COMMERCIAL REAL ESTATE, LLC, MARK MACHLIS, LADY MIRA BLUE MACHLIS, HELLO BELLO, LLC, SAMUEL DUKE, KGL ADVISORS, LLC<br><br>Defendants. | |

As such, Defendants Colliers International Intermountain, LLC, ("Colliers International"), hereby moves that the Court dismiss various claims contained in Plaintiffs' SAC. Colliers Defendants move to dismiss Plaintiffs' Fourth, Fifth, and Sixth causes of action for failure to state claim upon which relief can be granted under the various state statutes. Tenant in Common ("TIC") agreements are not "securities" under Utah law, and Plaintiffs failed to sufficiently plead alternative state statutes. Plaintiffs have also failed to plead the other state securities claims with sufficient particularity. Finally, Plaintiff Jose Rementeria lacks standing to bring elder abuse claim (Plaintiffs' Eleventh Cause of Action) as the SAC admits the TIC interest was purchased through a business entity. The Colliers Defendants' arguments are more thoroughly laid out in the following Memorandum of Points and Authorities.

## Memorandum of Points and Authorities

I.    **Plaintiffs' Fourth, Fifth, and Sixth Causes of Action fail because Utah state securities law exempts TIC agreements and Plaintiffs fail to sufficiently plead other state statutes.**

A.  TIC Agreements are not a securities under Utah law.

Under Utah law, TIC agreements are not securities. Under the Utah Uniform Security Act, "security" includes notes, bonds, stocks, investment contracts, and other financial instruments.

However, the Utah legislature has specifically excluded the sale of certain assets of the definition of a "security", including:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:(Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[1]

TIC agreements plainly fall under this latter category; therefore, Utah state securities statutes do not apply, and Plaintiffs have no state cause of action.[2]

## B.  Plaintiffs fail to specify what other state law claims apply.

Rule 9(b) requires a Plaintiff making an allegation of fraud to state with particularity the circumstances giving rise to the fraud. To meet the requirements of Rule 9(b), a plaintiff must "indicate the state statutes under which they seek relief."[3] This is crucial to due process because the relevant states' laws vary as to their elements for claims asserted for primary liability versus

---

[1] Utah Code Ann. § 61-1-13(ee)(ii)(C).

[2] *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

[3] *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991); *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

indirect liability.[4] Thus, simply referencing only the state or chapter or article of the statute is not enough.[5]

Plaintiffs only lay out their theory for liability of all Defendants under Utah law. For remaining state securities claims, they only vaguely reference state statutes passively in a footnote, stating "Applicable state law regarding securities fraud includes at least the following statutes: "California, CA Corp Code § 25401; Georgia, Ga. Code § 10-5-50; Massachusetts, Mass. Gen. Laws Ch. 110A § 101; Pennsylvania, 70 Pa. Stat. § 1-401; Illinois, 815 ILCS 5/12; Delaware, DE Code § 73-201; New Jersey, N.J. Stat. § 49:3-71; Montana, MT Code 30-10-301; Washington, RCW § 21.20.010; Utah, Utah Code §61-1-1; Texas, TX GOVT § 4007.203; Missouri, V.A.M.S. § 409.5-501."[6] Each statute is going to differ with regards to its language and applicability, yet Plaintiffs make no attempt explain or plead the theories and requirements of each state claim. Without explanation or pleaded theories, Plaintiffs provide no notice for which state statutes they allege Colliers violated or how. Such cursory and bare-bone pleadings cannot possibly meet the heightened requirements of Rule 9(b).[7]

## II.    Plaintiffs John Weber, Gayle Weber, and Claudia Griffin cannot maintain their actions for elder abuse.

Utah Code § 26B-6-213 explicitly limits the private right of action for elder abuse to vulnerable adults who suffer harm or financial loss due to exploitation. The Amended Complaint states that Jose Rementeria did not purchase a TIC, but rather it was purchased by "**Secure**

---

[4] *See Baston v. Rim San Antonio Acquisition, LLC*, 2016 WL 6901312 at *16 (S.D.N.Y. Nov. 22, 2016).

[5] *Id.*

[6] SAC, ¶ 981, Fn. 1.

[7] Fed. R. Civ. P. 9(b).

**Self Storage, LLC,**" meaning Secure Self Storage is the owner of the TIC.[8] Any loss or harm suffered as a result of purchasing the TIC belongs to Secure Self Storage, a business entity.  Under Utah law, "a member [of an LLC] has no interest in specific property of LLC."[9] Utah law is clear the claims must be prosecuted by the real party in interest, which is Secure Self Storage here.[10] As business entity, Secure Self Storage does not have standing to bring a claim for elder abuse.[11] Accordingly, Jose Rementeria's claim for elder abuse, and any request for damages under this statute, must be dismissed.

## III.    Conclusion

For the foregoing reasons, Colliers International respectfully requests that the Court grant its Motion to Dismiss.

DATED:  March 20, 2026                LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  */s/ Douglas C. Smith*
　　　William B. Helfand
　　　Douglas C. Smith
　　　Andrew R. Welch
　　　*Attorneys for Defendant*
　　　*Colliers International Group*


//

//

---

[8] SAC, ¶ 110.a. (emphasis added).

[9] *In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016).

[10] UT. R. Civ. P. 17(a); Fed. R. Civ. P. 17(a)

[11] Utah Code § 26B-6-213

173747141.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2026, I caused a true and correct copy of the foregoing **COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

/s/ Belle Wade

173747141.1