John A. Snow, USB #3025
Corey J. Hunter, USB #18964
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JSnow@parsonsbehle.com
CHunter@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Scott Rutherford, Equity Summit Group, and Elevated 1031*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br>     Plaintiffs, <br><br> vs. <br><br> KEVIN LONG; MILLCREEK COMMERCIAL, LLC; COLLIERS INTERNATIONAL; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP, ELEVATED 1031, <br><br>     Defendants. | **DEFENDANTS SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, AND ELEVATED 1031'S MOTION TO QUASH SUBPOENAS** <br><br> Case No. 2:23-cv-00407-HCN-CMR <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

4917-0481-2954.v3

Defendants Scott Rutherford ("**Rutherford**"), Equity Summit Group ("**Equity Summit**") and Elevated 1031, a "doing business as" designation for Elevated Capital Advisors, LLC ("**Elevated 1031**") (herein collectively referred to as "**Defendants**"), by and through counsel and under Rule 45(d) of the Federal Rules of Civil Procedure, respectfully submit their Motion to Quash Subpoenas.

### STATEMENT OF RELIEF SOUGHT

The Court should quash Plaintiffs' nine subpoenas noticed to Defendants as intended to be served upon the nine financial institutions described herein because (1) the subpoenas are overbroad and (2) compliance would require Defendants to disclose private financial information.

### RELEVANT FACTS

1. On or about March 10, 2025, Plaintiffs noticed their intent to serve twelve subpoenas (see "**Exhibit A – Subpoena Packet**").

2. Nine subpoenas are directed towards financial institutions:

   i.     Zions Bancorporation, National Association (Business)
   ii.    Wells Fargo Bank, N.A. (Business)
   iii.   Bank of America, N.A. (Business)
   iv.    Capital One, National Association (Business)
   v.     JP Morgan Chase Bank, N.A. (Business)
   vi.    Mountain America Federal Credit Union (Business)
   vii.   MRV Banks (Business)
   viii.  Central Bank (Business)
   ix.    Altabank, Division of Glacier Bank (Business)

3. Each of these nine subpoenas contains the same instructions, which are:

**DOCUMENTS TO PRODUCE**

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

4.    In the litigation at hand, Rutherford, Equity Summit, and Elevated 1031 are alleged to have received limited payments in exchange for services rendered in connection with 1031 exchanges for various plaintiffs.

3

4917-0481-2954.v3

## ARGUMENT

**I.    THE SUBPOENAS NOTICED ARE OVERBROAD.**

Plaintiffs' subpoenas are not narrowly tailored. For each account associated with Rutherford, Equity Summit, or Elevated 1031, the subpoenas request "All Documents," "All Transaction Records," "All Electronic Records," "All Account Records," and "All Correspondence." *See* **Exhibit A.** The subpoenas likewise contain sweeping, expansive definitions and instructions for production.

Of course, not "[a]ll" the documents requested can be relevant to the litigation. Rutherford, Equity Summit, and Elevated 1031 are alleged only to have received limited payments in exchange for services rendered in connection with 1031 exchanges for various plaintiffs. However, the requested records will reveal information far beyond that alleged involvement.

Rutherford's records with the subpoenaed banking institutions will include personal identifying information such as Rutherford's name, email address, payment information, telephone number, and social security number. They'll also include substantive personal information detailing Rutherford's grocery, mortgage, medical, and other expenses. The subpoenas call for irrelevant information pertaining to Equity Summit and Elevated 1031 as well. Both parties transacted with numerous individuals and entities not even remotely connected to the litigation, but information related to those transactions plausibly falls within the overbroad scope of the subpoenas as currently written.

By using broad, blanket language calling for "all" documents, records, and information pertaining to Defendants, and by electing not to limit those requests to the specific subject matter

4

of the litigation, Defendants have failed to tailor their subpoenas to the needs of the litigation and have chosen overbreadth over precision. They have also violated Federal Rule of Civil Procedure 45(d)(1), which requires "[a] party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Not only are overbroad subpoenas prohibited, but they can also be quashed: "A subpoena that is overly broad . . . create[s] undue burden and expense and can be quashed." *LMN Invs. LLC v. Inspire Captial Partners LP*, No. 2:25-CV-00567, 2026 WL 508839, at \*1 (D. Utah Feb. 24, 2026) (citing *Heartland Surgical Specialty Hospital LLC v. Midwest Div., Inc.*, 2007 WL 2122436, at \*8, 2007 U.S. Dist. LEXIS 53217, at \*21 (D. Kan. July 20, 2007)). The Court should do so here.

## II. COMPLIANCE WITH THE OVERBROAD SUBPOENAS WOULD EXPOSE PRIVATE FINANCIAL INFORMATION OF PARTIES AND NONPARTIES.

The subpoenas should also be quashed because if they are enforced, private financial information belonging to both Defendants and nonparties will be publicly revealed.

As outlined above, the subpoenas as currently drafted call for Rutherford's personal identifying and financial information. While Rutherford is a party to the litigation and as such is subjected to a certain degree of invasiveness, the subpoenas push far beyond Rutherford's obligations as a defendant. Disclosure of Rutherford's private financial information would expose Rutherford to data breaches, violations of privacy, and other like harms. These harms are *not* required by the natural course of litigation, and because they result from overbroad requests calling for irrelevant information, are doubly inappropriate.

The same is true of the subpoenas as they apply to Equity Summit and Elevated 1031. Equity Summit and Elevated 1031's records with the subpoenaed institutions will show dealings

5

4917-0481-2954.v3

with numerous third parties not involved in the litigation. Equity Summit and Elevated 1031's nonparty clients will suffer competitive harm, threats of data breaches, and other violations of privacy if their business records and financial information are disclosed in response to the subpoenas. Because those clients are nonparties, these harms are especially worth preventing, and the subpoenas especially worthy of scrutiny.

## CONCLUSION

For the reasons set forth above, the Court should quash Plaintiffs' nine subpoenas to the aforementioned financial institutions, or at very least, restrict access to non-relevant documents.

DATED this March ___, 2026.

PARSONS BEHLE & LATIMER

/s/John A. Snow
John A. Snow
Corey J. Hunter
*Attorneys for Scott Rutherford, Equity*
*Summit Group and Elevated 1031*

6

4917-0481-2954.v3

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2026, a true and correct copy of the foregoing **DEFENDANTS SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, AND ELEVATED 1031'S MOTION TO QUASH SUBPOENAS** was filed electronically via the Court's CM/ECF System, which sent notification of such filing to all counsel of record in this case.

/s/John A. Snow
John A. Snow

7

4917-0481-2954.v3

# EXHIBIT A

4917-0481-2954.v3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT §
BARNES, ERIC CARNRITE, ELIZABETH §
HILL-D'ALESSANDRO, ET AL. §
vs. §     **CIVIL ACTION NO. 2:23-cv-00407-HCN-CMR**
KEVIN LONG, MILLCREEK COMMERCIAL, LLC, §
COLLIERS INTERNATIONAL, ANDREW BELL, §
TREVOR WEBER, SPENCER TAYLOR, ET AL. §

## DELIVERY SLIP

From:      **Gulfstream Legal Group, LLC**
**720 N. Post Oak Road, Suite 355**
**Houston, TX  77024**
**Ph: 713-830-9583 // Fax: 888-559-7431**

Date:      **March 9, 2026**

Deliver To:      **Corey Hunter**
**Parsons Behle & Latimer, P.C.**
**201 S. Main St., Suite 1800**
**Salt Lake City, UT 84111**
**Ph: 801-532-1234 // Fax: 801-536-6111**

Enclosed:      [ X ] Notice of Intention to Subpoena Documents or Tangible Things
[ X ] Waiver Form / Request for Records

[   ] Other _____

Received By: _____      Date: _____

Order No. 21009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT     §
BARNES, ERIC CARNRITE, ELIZABETH     §
HILL-D'ALESSANDRO, ET AL.     §
vs.     §     **CIVIL ACTION NO. 2:23-cv-00407-HCN-CMR**
KEVIN LONG, MILLCREEK COMMERCIAL, LLC,     §
COLLIERS INTERNATIONAL, ANDREW BELL,     §
TREVOR WEBER, SPENCER TAYLOR, ET AL.     §

## WAIVER OF NOTICE PERIOD

Our client, **Seth A. Nichamoff**, has commissioned Gulfstream Legal Group, LLC to obtain records from the following custodian(s) for use in the above-referenced case.

_____     **I AGREE TO WAIVE THE NOTICE PERIOD.**     _____     **I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.**

IF COPIES ARE DESIRED, please indicate below by marking "Y" or "N" next to the appropriate location.

**(PLEASE REFER TO THE ENTITIES REFERENCED ON THE ATTACHED ATTACHMENT "A" LOCATION LIST)**

**How would you like your records prepared?**     { } Hard copy     { } CD-ROM     { } Hard copy and CD

**Would you like to obtain Affidavits of No Records?**     { } Yes   { } No

**Would you like more information about our record retrieval services?**     { } Yes   { } No

I agree that I and/or my firm will be responsible for payment of the copies of records ordered via this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Harris County, Texas.

If you prefer for us to bill an insurance carrier directly, please provide the following information:

Insurance Company: _____     Address: _____

Adjuster's Name: _____     Claim No.: _____

Insured: _____     Date of Loss: _____

Dated:  March 9, 2026

_____
Signed

Please return this form to:
**Courtney Guerrero**
Email: cguerrero@gulfstreamlegal.com
**Gulfstream Legal Group, LLC**
**720 N. Post Oak Road, Suite 355**
**Houston, TX 77024**

**Corey Hunter**
**Parsons Behle & Latimer, P.C.**
**201 S. Main St., Suite 1800**
**Salt Lake City, UT 84111**
**Ph: 801-532-1234 // Fax: 801-536-6111**
**Attorney for Defendant**

*PLEASE NOTE: ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, BILLING WILL BE PRORATED ACCORDINGLY.*

**Order No. 21009**

## ATTACHMENT "A" (LOCATION LIST)

| | | |
|---|---|---|
| _____ | 1 | Zions Bancorporation, National Association (Business) |
| _____ | 2 | Wells Fargo Bank, N.A. (Business) |
| _____ | 3 | Bank of America, N.A. (Business) |
| _____ | 4 | Capital One, National Association (Business) |
| _____ | 5 | JPMorgan Chase Bank, N.A. (Business) |
| _____ | 6 | Mountain America Federal Credit Union (Business) |
| _____ | 7 | MRV Banks (Business) |
| _____ | 8 | Central Bank (Business) |
| _____ | 9 | Old Republic National Title Insurance Company (Business) |
| _____ | 10 | First American Title Company (Business) |
| _____ | 11 | Altabank, Division of Glacier Bank (Business) |
| _____ | 12 | O'Kelley & Sorohan, Attorneys at Law, L.L.C. (Business) |

Order No. 21009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.
vs.
KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

§
§
§
§
§
§
§

CIVIL ACTION NO. 2:23-cv-00407-HCN-CMR

## NOTICE OF INTENTION
## TO SUBPOENA DOCUMENTS OR TANGIBLE THINGS

To Defendants by and through their attorneys of record: **Andrew R. Welch, Bentley J. Tolk, Christian Chase Wilde, Christopher A. Langston, Colby Tinney, Corey Hunter, Douglas C. Smith, J. Ryan Mitchell, John A. Snow, Justin T. Toth, Lara A. Swensen, Maria Windham Toth, Mitchell A. Stephens, Nathan L. Jepson, Rodger Moore Burge, Terry E. Welch, William S. Helfand and Z. Ryan Pahnke**
To other party/parties by and through their attorney of record: **Stephen K. Christiansen**

You will please take notice that <u>on April 13, 2026 at 10:00 a.m.</u>, the documents specified on the attached Subpoena(s) and/or Exhibit(s) will be produced by the Custodian of Records for:

**(PLEASE REFER TO THE ENTITIES REFERENCED ON THE ATTACHED EXHIBIT "1" LOCATION LIST)**

The witness will be instructed to produce such records to a Notary Public for:

> **Gulfstream Legal Group, LLC**
> **720 N. Post Oak Road, Suite 355**
> **Houston, TX 77024**
> **Ph: 713-228-2311 // Fax: 888-559-7431**

or its designated agent, at the address and office of the witness. The documents or things produced by the witness may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer handling this document production to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached Subpoena(s) and/or Exhibit(s). **Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | |
|---|---|
| **Mr. Andrew G. Deiss**<br>State Bar No. 7184<br>**Mr. Corey Drew Riley**<br>State Bar No. 16935<br>**Deiss Law PC**<br>**10 West 100 South, Ste. 700**<br>**Salt Lake City, UT 84101**<br>**Ph: 801-433-0226 // Fax: 801-341-1662**<br><u>**Attorneys for Plaintiffs**</u> | **Mr. Seth A. Nichamoff**<br>State Bar No. 24027568<br>**Nichamoff Law, P.C.**<br>**2444 Times Blvd., Suite 270**<br>**Houston, TX 77005**<br>**Ph: 713-503-6706 // Fax: 713-360-7497**<br>**Attorney for Plaintiffs** |

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, facsimile, and/or certified mail (return receipt requested) on this day.

Dated: ___**3/9/2026**___                    by _____

**Order No. 21009**

# EXHIBIT "1" (LOCATION LIST)

Zions Bancorporation, National Association
by and through its registered agent for service, Corporation Service Company
15 West South Temple, Suite 600, Salt Lake City, UT 84101

Wells Fargo Bank, N.A.
by and through its registered agent for service, Corporation Service Co. d/b/a CSC-Lawyers
211 East 7th St., Suite 620, Austin, TX 78701

Bank of America, N.A.
by and through its registered agent for service, C.T. Corporation System
1999 Bryan Street, Suite 900, Dallas, TX 75201

Capital One, National Association
by and through its registered agent for service, Corporation Service Company
15 West South Temple, Suite 600, Salt Lake City, UT 84101

JPMorgan Chase Bank, N.A.
by and through its registered agent for service, C.T. Corporation System
1999 Bryan Street, Suite 900, Dallas, TX 75201

Mountain America Federal Credit Union
by and through its registered agent for service, C.T. Corporation System
1108 East South Union Avenue, Midvale, UT 84047

MRV Banks
by and through its registered agent for service, Robert G. Lawrence
871 Sainte Genevieve Drive, Sainte Genevieve, MO 63670

Central Bank
by and through its registered agent for service, Mark Packard
75 North University Avenue, Provo, UT 84601

Old Republic National Title Insurance Company
by and through its registered agent for service, Matthew Wirth
3900 North Traverse Mountain Boulevard, Suite 201, Lehi, UT 84043

First American Title Company
by and through its registered agent for service, Corporation Service Co. d/b/a CSC-Lawyers
211 East 7th St., Suite 620, Austin, TX 78701

Altabank, Division of Glacier Bank
by and through its registered agent for service, Judd Austin
1 East Main Street, American Fork, UT 84003

O'Kelley & Sorohan, Attorneys at Law, L.L.C.
by and through its registered agent for service, O'Kelley & Sorohan, Attorneys at Law, L.L.C.
2170 Satellite Blvd., Ste. 375, Duluth, GA 30097

Order No. 21009

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.** | **SUBPOENA IN A CIVIL CASE** |
| **vs.** | |
| | Civil Action No. 2:23-cv-00407-HCN-CMR |
| **KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.** | **DISTRICT OF UTAH** |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Zions Bancorporation, National Association**
**by and through its registered agent for service, Corporation Service Company**
**15 West South Temple, Suite 600, Salt Lake City, UT 84101**

---

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

---

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: The office of the custodian: **One South Main Street, Salt Lake City, UT 84133** | Date and Time: **04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.001

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.001

# EXHIBIT A

21009.001

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. Zions Bancorporation, National Association;

    b. any predecessor entities to Zions Bancorporation, National Association, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

            B. 6004 Cody Cv, Spring Hill, TN 37174

21009.001

C.  301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.  14116 Ambiance Way, Franklin, TN 37067

E.  1846 Grace Point Ln, Nolensville, TN 37135

F.  7061 Nolen Park Cir, Nolensville, TN 37135

G.  23201 Clocktower Dr, Franklin, TN 37067

H.  7105 Moores Ln Ste 6, Brentwood, TN 37027

I.  9011 Grey Pointe Ct, Brentwood, TN 37027

J.  9011 Grey Pointe Ct, Franklin, TN 37027

K.  9011 Grey Pointe, Nashville, TN 37204

L.  9011 Grey Pt, Nashville, TN 37204

M.  1116 Brentwood Pt, Brentwood, TN 37027

N.  1004 Chapel Lake Cir, Franklin, TN 37069

O.  602 Brentwood Pt, Brentwood, TN 37027

P.  612 Brentwood Pt, Brentwood, TN 37027

Q.  404 Brentwood Pt, Brentwood, TN 37027

R.  902 Brentwood Pt, Brentwood, TN 37027

S.  704 Brentwood Pt, Brentwood, TN 37027

T.  227 Governors Way, Brentwood, TN 37027

U.  1001 Glendale Ln, Nashville, TN 37204

V.  90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.  1540 Helton Dr Apt 510, Florence, AL 35630

X.  448 Essex Park Cir, Franklin, TN 37069

Y.  1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.001

Z.  1211 Bell Rd Apt 205, Antioch, TN 37013

AA.2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.    2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.    188 Rosecliff Dr, Harvest, AL 35749

EE.    RR 2 Box 51, Newhebron, MS 39140

FF.    9533 Sanctuary Pl, Brentwood, TN 37027

GG.14117 Ambiance Way, Franklin, TN 37067

b.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i.  SSN: 408-67-XXXX

   ii.  Date of Birth: November 1974

   iii.  Possible address(es):

      A.  8618 Shortleaf Ct, College Grove, TN 37046

      B.  6004 Cody Cv, SpringHill, TN 37174

      C.  2012 Gweneth Dr, Spring Hill, TN 37174

c.  Steven Michael Caton (a.k.a. Steve Caton);

   i.  Date of Birth: July 1976

   ii.  Possible address(es):

      A.  545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B.  2625 Vermillion Ct, Naperville, IL 60565

      C.  13324 Round Barn Rd, Plainfield, IL 60585

      D.  545 N McClurg Ct Unit 3010, Chicago, IL 60611

      E.  PO Box 10029, Chicago, IL 60610

21009.001

F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

G.  24727 W Fraser Rd, Plainfield, IL 60586

H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

I.  14646 Patriot Square Dr W, Plainfield, IL 60544

J.  23917 W Robert Ave, Plainfield, IL 60544

K.  16332 Hidden River Dr D, Plainfield, IL 60586

L.  1000 David Ross Rd, West Lafayette, IN 47906

M.  3419 Winterfield Run, Fort Wayne, IN 46804

N.  146 Cary Quad 336, West Lafayette, IN 47906

O.  PO Box 335, Independence, CA 93526

P.  2127 Stillwell St, Lafayette, IN 47904

Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

R.  223 Pierce St Apt 4, West Lafayette, IN 47906

S.  16215 S Serenity Dr, Plainfield, IL 60586

T.  154 Cary Quad, West Lafayette, IN 47906

U.  24421 John Adams Dr, Plainfield, IL 60544

V.  1974 E 2nd St, Brooklyn, NY 11223

W.  744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

i.  SSN: 544-68-XXXX

ii.  Date of Birth: 1960

iii.  Possible address(es):

21009.001

            A. 149 N 980 E, Lindon, UT 84042

            B. 5095 W Belle Cir, Depoe Bay, OR 97341

            C. 829 SW Spring St, Mill City, OR 97360

e. Jerald Adam Long (a.k.a. Adam Long);

    i. SSN: 647-14-XXXX

    ii. Date of Birth: January 1993

    iii. Possible address(es):

            A. 4692 Windsor Dr, Provo, UT 84604

            B. 10 Soldiers Field Park Apt. 10A, Boston, MA 02163

            C. 571 Lewski Ln, Riverton, UT 84065

            D. 149 N 980 E Lindon, UT 84042

            E. 149 N E, Lindon, UT 84042

f. Scott Loren Rutherford;

    i. SSN: 572-08-XXXX

    ii. Date of Birth: November 1971

    iii. Possible address(es):

            A. 10397 N Oak Cir., Highland, UT 84003

            B. 1143 W Center St. Orem, UT 84057-5207

            C. 10306 S Whetstone Cv., South Jordan, UT 84095-5998

            D. 1417 S 1420 E Provo, UT 84606-6475

            E. 27452 Pinyon St., Murrieta, CA 92562-4385

            F. 24568 Westhaven Ct., Murrieta, CA 92562-3840

            G. 37895 Sky High Dr., Murrieta, CA 92562-3079

21009.001

      H. 8934 W Grand Ave. Littleton, CO 80123-1940

      I. 10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

      J. 3042 S Sheridan Blvd., Denver, CO 80227-4151

      K. 778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

      L. 8042 Sheridan Blvd., Denver, CO 80227

      M. 24850 Handcock F 207 Ave., Murrieta, CA 92562

      N. 24850 Handcock C 207, Murrieta, CA 92562

      O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

      P. 6225 W Coal Mine Pl., Littleton, CO 80128-3920

      Q. 657 E 500 N, Logan, UT 84321-4248

      R. 627 E 400 N Apt 4., Logan, UT 84321-4217

      S. 10306 S Silver Mine Rd., South Jordan, UT 84095-4792

      T. 10356 S Silver Mine Rd., South Jordan, UT 84095-4792

      U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g. Brent Roland Smith;

   i. SSN: 604-58-XXXX

   ii. Date of Birth: February 1989

   iii. Possible address(es):

      A. 5047 W Burntside Ave, South Jordan, UT 84095

      B. 10356 S Silver Mine Rd, South Jordan, UT 84095

      C. 159 E McArthur Ave Apt, Cedar City, UT 84720

      D. 565 Pioneer Rd Apt 126, Rexburg, ID 83440

      E. 37895 Sky High Dr, Murrieta, CA 92562

21009.001

        F.  7404 Armstrong Pl, San Diego, CA 92111

        G.  1270 W 1130 S Apt, Orem, UT 84058

        H.  460 S 2nd W Apt 8, Rexburg, ID 83440

        I.  639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

    i.  SSN: 573-23-XXXX

    ii.  Date of Birth: February 1958

    iii.  Possible address(es):

        A.  4411 Sheffield Dr, Provo, UT 84604-5570

        B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

        C.  4417 Stafford Ct, Provo, UT 84604-6028

        D.  37895 Sky High Dr, Murrieta, CA 92562-3079

        E.  37895 Sky Dr., Murrieta, CA 92562

        F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

        G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

        H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

        I.  3789 S Sky High Dr, Murrieta, CA 92562

        J.  29887 Via Norte, Temecula, CA 92591-1648

        K.  29887 Via Del N, Temecula, CA 92591

        L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

        M.  30645 Feather Ct, Temecula, CA 92591-3855

        N.  25251 San Andres, Temecula, CA 92691

        O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.001

    P.  375 N 1020 E 10 N, Provo, UT 84601

    Q.  5182 W Dock St, South Jordan, UT 84009-6137

    R.  1303 Brooke Ln, Farmington, UT 84025-2078

    S.  565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i.  Mary Wesley Street.

  i.  SSN: 414-96-XXXX

  ii.  Date of Birth: August 1963

  iii.  Possible address(es):

    A.  51 N Redwood Rd., Saratoga Springs, UT 84045

    B.  6535 N 5750 W, American Fork, UT 84003

    C.  10 E 800 S, Orem, UT 84058

    D.  743 W 500 S, Orem, UT 84058

    E.  743 S 500 E, Orem, UT 84097

    F.  725 S 300, Orem, UT 84097

    G.  725 E 300 S, Orem, UT 84097

    H.  5735 Truman Mountain Rd, Gainesville, GA 30506

    I.  5735 Truman Ln, Gainesville, GA 30506

    J.  225 Central Ave SW Apt 1509, Atlanta, GA 30303

    K.  2507 Brookhaven Vw NE, Brookhaven, GA 30319

    L.  300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

    M.  300 Peachtree W, Gainesville, GA 30506

    N.  300 W Peachtree St NW Apt 30, Atlanta, GA 30308

    O.  3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.001

       P.  475 Baldwin St Apt 24, Athens, GA 30605

       Q.  904 Summit Creek Dr, Stone Mountain, GA 30083

       R.  4290 Cameron Way, Lithonia, GA 30058

       S.  2825 Lajean Dr, Atlanta, GA 30349

       T.  3914 Memorial Ave 04, Clarkston, GA 30021

       U.  RR 5 Box, Cumming, GA

       V.  3953 Covington Hwy Apt, Decatur, GA 30032

j.  Spencer Michael Taylor

    i.  SSN: 522-61-XXXX

    ii.  Date of Birth: August 1981

    iii.  Possible address(es):

       A.  889 S Anna Ekins Memorial Ln., Genola, UT 84655

       B.  1143 W Center St, Orem, UT 84057-5207

       C.  10306 S Whetstone Cv, South Jordan, UT 84095-5998

       D.  1417 S 1420 E, Provo, UT 84606-6475

       E.  27452 Pinyon St, Murrieta, CA 92562-4385

       F.  24568 Westhaven Ct, Murrieta, CA 92562-3840

       G.  37895 Sky High Dr, Murrieta, CA 92562-3079

       H.  8934 W Grand Ave, Littleton, CO 80123-1940

       I.  10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

       J.  3042 S Sheridan Blvd, Denver, CO 80227-4151

       K.  778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

       L.  8042 Sheridan Blvd, Denver, CO 80227

21009.001

M. 24850 Handcock F 207 Ave, Murrieta, CA 92562

N. 24850 Handcock C 207, Murrieta, CA 92562

O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P. 6225 W Coal Mine Pl, Littleton, CO 80128-3920

Q. 657 E 500 N Apt, Logan, UT 84321-4248

R. 627 E 400 N Apt 4, Logan, UT 84321-4217

S. 10306 S Silver Mine Rd, South Jordan, UT 84095-4792

T. 10356 S Silver Mine Rd, South Jordan, UT 84095-4792

U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

   a. Millcreek Commercial Properties, LLC;

      i. Possible address(es):

         A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

         B. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

         C. 149 N 980 E, Suite 200, Lindon, UT, 84042

         D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

      ii. Affiliated individual(s):

         A. Kevin George Long

         B. Jerald Adam Long (a.k.a. Adam Long)

         C. Spencer Michael Taylor

         D. Brent Roland Smith

   b. Millrock Investment Fund 1, LLC;

21009.001

    i. Possible address(es):

        A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

        C. Thomas Allen Smith (a.k.a. Tom Smith)

c. Millrock Investment Fund 1 Management, LLC;

    i. Possible address(es):

        A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

d. ADP-Millcreek 1, LLC;

    i. Possible address(es):

21009.001

    A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

    A. Kevin George Long

    B. Brent Roland Smith

 e. ADP-Millcreek 3, LLC;

   i. Possible address(es):

    A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

    A. Kevin George Long

    B. Brent Roland Smith

 f. KGL Real Estate Development PLLC;

   i. Possible address(es):

    A. 149 N 980 E, Lindon, UT 84042

   ii. Affiliated individual(s):

    A. Kevin George Long

 g. KGL Advisors, LLC

   i. Possible address(es):

    A. 149 N 980 E, Lindon, UT, 84042

   ii. Affiliated individual(s):

    A. Kevin George Long

 h. Long Holdings, LLC;

   i. Possible address(es):

    A. 4692 Windsor Dr., Provo, UT 84604

21009.001

  ii. Affiliated individual(s):

    A. Jerald Adam Long (a.k.a. Adam Long)

    B. Kevin George Long

 i. GTR Holdings, LLC;

  i. Possible address(es):

    A. 5047 W Burntside Ave., South Jordan, UT 84009

  ii. Affiliated individual(s):

    A. Brent Roland Smith

 j. Slope Construction, LLC

  i. Possible address(es):

    A. 3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

    B. 1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

    A. Brent Roland Smith

 k. Sky High Capital Partners, LLC

  i. Possible address(es):

    A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

  ii. Affiliated individual(s):

    A. Brent Roland Smith

 l. SHC Management, LLC

  i. Possible address(es):

    A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

  ii. Affiliated individual(s):

A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.001

        A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Jeremy Long

        D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

    i. Possible address(es):

        A. 6365 N 5750 W, American Fork, UT 84003

        B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Mary Wesley Street

        B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i. Possible address(es):

        A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii. Affiliated individual(s):

        A. Steven Michael Caton (a.k.a. Steve Caton)

        B. Stephen Holden

        C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i. Possible address(es):

21009.001

      A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

   ii. Affiliated individual(s):

      A. William J. Caton (a.k.a. Bill Caton)

      B. Steven Michael Caton (a.k.a. Steve Caton)

      C. Christina Caton Kitchel

      D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

   i. Possible address(es):

      A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

      B. P.O. Box 681982, Franklin, TN 37064

      C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D. 6004 Cody Cv, Spring Hill, TN 37174-7434

   ii. Affiliated individual(s):

      A. Emanuele Raymond Butera (a.k.a. Manny Butera)

      B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

   i. Possible address(es):

      A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

      B. P.O. Box 681982, Franklin, TN 37064

      C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D. 6004 Cody Cv, Spring Hill, TN 37174-7434

   ii. Affiliated individual(s):

21009.001

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v. Jameson Capital LLC;

  i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w. Jameson Ventures LLC; and/or

  i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.001

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

           A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

           B.  P.O. Box 681982, Franklin, TN 37064

           C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

           D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

           A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

           B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.001

i.   Any correspondence, memoranda, or communications concerning the account.

5.   The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

a.   This includes but is not limited to:

i.   Communications;

ii.   Any written, printed, recorded, or tangible matter of any character, including but not limited to:

A.   notes;

B.   minutes;

C.   memoranda;

D.   contracts;

E.   invoices, receipts, bills of sale, bills of lading, etc.;

F.   accounting records;

G.   calendars, diaries, schedules, etc.;

H.   reports;

I.   graphs, charts, etc.;

J.   video footage;

K.   audio recordings;

L.   photographs;

M.   images;

N.   drawings; and

21009.001

    O.  any other data or data compilation from which information can be obtained.

    b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

    c.  Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

    a.  canceled checks (front and back);

    b.  deposited items;

    c.  deposit slips;

    d.  withdrawal slips;

21009.001

    e.  wire transfer records;

    f.  Automated Clearing House (ACH) transactions;

    g.  electronic funds transfers;

    h.  cashier's checks;

    i.  money orders;

    j.  credit and debit card transactions; and

    k.  any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a.  letters,

    b.  emails,

    c.  memoranda,

    d.  notes, and/or

    e.  other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a.  checking, savings, and other deposit accounts;

21009.001

    b.  credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

    c.  investment accounts;

    d.  trusts; and

    e.  escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

    a.  owned, controlled, or used by the subject in question;

    b.  on which the subject is a signatory;

    c.  for which the subject is authorized to access records and/or information;

    d.  created for the benefit of the subject; or

    e.  under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.001

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.001

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

\* \* \*

21009.001

**DOCUMENTS TO PRODUCE**

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

   a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

      i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

      ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

      iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.001

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
Wells Fargo Bank, N.A.
by and through its registered agent for service, Corporation Service Co. d/b/a CSC-Lawyers
211 East 7th St., Suite 620, Austin, TX 78701

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: 420 Montgomery St., San Francisco, CA 94104 | Date and Time:<br>**04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,<br>Patti Klair, et al.** | DATE<br><br>**03/09/2026** |
|---|---|---|

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Seth A. Nichamoff
Nichamoff Law, P.C.
2444 Times Blvd., Suite 270, Houston, TX 77005
Ph: 713-503-6706

Order No. 21009.002

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.002

# EXHIBIT A

21009.002

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1.  The terms "You," "Your," and "Yours" refer to:

    a.  Wells Fargo Bank, National Association;

    b.  any predecessor entities to Wells Fargo Bank, National Association, which were active during the relevant time period(s);

    c.  any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d.  all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2.  The term "Named Individuals" refers to:

    a.  Emanuele Raymond Butera (a.k.a. Manny Butera);

        i.  SSN: 416-41-XXXX

        ii.  Date of Birth: October 1971

        iii.  Possible address(es):

            A.  8618 Shortleaf Ct, College Grove, TN 37046

            B.  6004 Cody Cv, Spring Hill, TN 37174

21009.002

C.   301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.   14116 Ambiance Way, Franklin, TN 37067

E.   1846 Grace Point Ln, Nolensville, TN 37135

F.   7061 Nolen Park Cir, Nolensville, TN 37135

G.   23201 Clocktower Dr, Franklin, TN 37067

H.   7105 Moores Ln Ste 6, Brentwood, TN 37027

I.   9011 Grey Pointe Ct, Brentwood, TN 37027

J.   9011 Grey Pointe Ct, Franklin, TN 37027

K.   9011 Grey Pointe, Nashville, TN 37204

L.   9011 Grey Pt, Nashville, TN 37204

M.   1116 Brentwood Pt, Brentwood, TN 37027

N.   1004 Chapel Lake Cir, Franklin, TN 37069

O.   602 Brentwood Pt, Brentwood, TN 37027

P.   612 Brentwood Pt, Brentwood, TN 37027

Q.   404 Brentwood Pt, Brentwood, TN 37027

R.   902 Brentwood Pt, Brentwood, TN 37027

S.   704 Brentwood Pt, Brentwood, TN 37027

T.   227 Governors Way, Brentwood, TN 37027

U.   1001 Glendale Ln, Nashville, TN 37204

V.   90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.   1540 Helton Dr Apt 510, Florence, AL 35630

X.   448 Essex Park Cir, Franklin, TN 37069

Y.   1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.002

Z.  1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.        2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.        188 Rosecliff Dr, Harvest, AL 35749

EE.        RR 2 Box 51, Newhebron, MS 39140

FF.        9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i.  SSN: 408-67-XXXX

   ii.  Date of Birth: November 1974

   iii.  Possible address(es):

      A.  8618 Shortleaf Ct, College Grove, TN 37046

      B.  6004 Cody Cv, SpringHill, TN 37174

      C.  2012 Gweneth Dr, Spring Hill, TN 37174

c.  Steven Michael Caton (a.k.a. Steve Caton);

   i.  Date of Birth: July 1976

   ii.  Possible address(es):

      A.  545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B.  2625 Vermillion Ct, Naperville, IL 60565

      C.  13324 Round Barn Rd, Plainfield, IL 60585

      D.  545 N McClurg Ct Unit 3010, Chicago, IL 60611

      E.  PO Box 10029, Chicago, IL 60610

21009.002

  F. 1296 Rickert Dr Ste 200, Naperville, IL 60540

  G. 24727 W Fraser Rd, Plainfield, IL 60586

  H. 5315 Flynn Crossing Dr, Alpharetta, GA 30005

  I. 14646 Patriot Square Dr W, Plainfield, IL 60544

  J. 23917 W Robert Ave, Plainfield, IL 60544

  K. 16332 Hidden River Dr D, Plainfield, IL 60586

  L. 1000 David Ross Rd, West Lafayette, IN 47906

  M. 3419 Winterfield Run, Fort Wayne, IN 46804

  N. 146 Cary Quad 336, West Lafayette, IN 47906

  O. PO Box 335, Independence, CA 93526

  P. 2127 Stillwell St, Lafayette, IN 47904

  Q. 249 Littleton St Apt 3, West Lafayette, IN 47906

  R. 223 Pierce St Apt 4, West Lafayette, IN 47906

  S. 16215 S Serenity Dr, Plainfield, IL 60586

  T. 154 Cary Quad, West Lafayette, IN 47906

  U. 24421 John Adams Dr, Plainfield, IL 60544

  V. 1974 E 2nd St, Brooklyn, NY 11223

  W. 744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

  X. 318 N Salisbury St Apt 3, West Lafayette, IN 47906

 d. Kevin George Long;

  i. SSN: 544-68-XXXX

  ii. Date of Birth: 1960

  iii. Possible address(es):

21009.002

    A.  149 N 980 E, Lindon, UT 84042

    B.  5095 W Belle Cir, Depoe Bay, OR 97341

    C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

        A.  4692 Windsor Dr, Provo, UT 84604

        B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

        C.  571 Lewski Ln, Riverton, UT 84065

        D.  149 N 980 E Lindon, UT 84042

        E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

        A.  10397 N Oak Cir., Highland, UT 84003

        B.  1143 W Center St. Orem, UT 84057-5207

        C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

        D.  1417 S 1420 E Provo, UT 84606-6475

        E.  27452 Pinyon St., Murrieta, CA 92562-4385

        F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

        G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.002

       H. 8934 W Grand Ave. Littleton, CO 80123-1940

       I. 10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

       J. 3042 S Sheridan Blvd., Denver, CO 80227-4151

       K. 778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

       L. 8042 Sheridan Blvd., Denver, CO 80227

       M. 24850 Handcock F 207 Ave., Murrieta, CA 92562

       N. 24850 Handcock C 207, Murrieta, CA 92562

       O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

       P. 6225 W Coal Mine Pl., Littleton, CO 80128-3920

       Q. 657 E 500 N, Logan, UT 84321-4248

       R. 627 E 400 N Apt 4., Logan, UT 84321-4217

       S. 10306 S Silver Mine Rd., South Jordan, UT 84095-4792

       T. 10356 S Silver Mine Rd., South Jordan, UT 84095-4792

       U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g. Brent Roland Smith;

    i. SSN: 604-58-XXXX

    ii. Date of Birth: February 1989

    iii. Possible address(es):

       A. 5047 W Burntside Ave, South Jordan, UT 84095

       B. 10356 S Silver Mine Rd, South Jordan, UT 84095

       C. 159 E McArthur Ave Apt, Cedar City, UT 84720

       D. 565 Pioneer Rd Apt 126, Rexburg, ID 83440

       E. 37895 Sky High Dr, Murrieta, CA 92562

21009.002

      F.  7404 Armstrong Pl, San Diego, CA 92111

      G.  1270 W 1130 S Apt, Orem, UT 84058

      H.  460 S 2nd W Apt 8, Rexburg, ID 83440

      I.  639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

    i.  SSN: 573-23-XXXX

    ii.  Date of Birth: February 1958

    iii.  Possible address(es):

      A.  4411 Sheffield Dr, Provo, UT 84604-5570

      B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

      C.  4417 Stafford Ct, Provo, UT 84604-6028

      D.  37895 Sky High Dr, Murrieta, CA 92562-3079

      E.  37895 Sky Dr., Murrieta, CA 92562

      F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

      G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

      H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

      I.  3789 S Sky High Dr, Murrieta, CA 92562

      J.  29887 Via Norte, Temecula, CA 92591-1648

      K.  29887 Via Del N, Temecula, CA 92591

      L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

      M.  30645 Feather Ct, Temecula, CA 92591-3855

      N.  25251 San Andres, Temecula, CA 92691

      O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.002

    P.  375 N 1020 E 10 N, Provo, UT 84601

    Q.  5182 W Dock St, South Jordan, UT 84009-6137

    R.  1303 Brooke Ln, Farmington, UT 84025-2078

    S.  565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i.  Mary Wesley Street.

    i.  SSN: 414-96-XXXX

    ii.  Date of Birth: August 1963

    iii.  Possible address(es):

        A.  51 N Redwood Rd., Saratoga Springs, UT 84045

        B.  6535 N 5750 W, American Fork, UT 84003

        C.  10 E 800 S, Orem, UT 84058

        D.  743 W 500 S, Orem, UT 84058

        E.  743 S 500 E, Orem, UT 84097

        F.  725 S 300, Orem, UT 84097

        G.  725 E 300 S, Orem, UT 84097

        H.  5735 Truman Mountain Rd, Gainesville, GA 30506

        I.  5735 Truman Ln, Gainesville, GA 30506

        J.  225 Central Ave SW Apt 1509, Atlanta, GA 30303

        K.  2507 Brookhaven Vw NE, Brookhaven, GA 30319

        L.  300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

        M.  300 Peachtree W, Gainesville, GA 30506

        N.  300 W Peachtree St NW Apt 30, Atlanta, GA 30308

        O.  3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.002

      P.  475 Baldwin St Apt 24, Athens, GA 30605

      Q.  904 Summit Creek Dr, Stone Mountain, GA 30083

      R.  4290 Cameron Way, Lithonia, GA 30058

      S.  2825 Lajean Dr, Atlanta, GA 30349

      T.  3914 Memorial Ave 04, Clarkston, GA 30021

      U.  RR 5 Box, Cumming, GA

      V.  3953 Covington Hwy Apt, Decatur, GA 30032

j.  Spencer Michael Taylor

    i.  SSN: 522-61-XXXX

    ii.  Date of Birth: August 1981

    iii.  Possible address(es):

      A.  889 S Anna Ekins Memorial Ln., Genola, UT 84655

      B.  1143 W Center St, Orem, UT 84057-5207

      C.  10306 S Whetstone Cv, South Jordan, UT 84095-5998

      D.  1417 S 1420 E, Provo, UT 84606-6475

      E.  27452 Pinyon St, Murrieta, CA 92562-4385

      F.  24568 Westhaven Ct, Murrieta, CA 92562-3840

      G.  37895 Sky High Dr, Murrieta, CA 92562-3079

      H.  8934 W Grand Ave, Littleton, CO 80123-1940

      I.  10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

      J.  3042 S Sheridan Blvd, Denver, CO 80227-4151

      K.  778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

      L.  8042 Sheridan Blvd, Denver, CO 80227

21009.002

M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

N.  24850 Handcock C 207, Murrieta, CA 92562

O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

Q.  657 E 500 N Apt, Logan, UT 84321-4248

R.  627 E 400 N Apt 4, Logan, UT 84321-4217

S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3.  The term "Named Entities" refers to:

a.  Millcreek Commercial Properties, LLC;

i.  Possible address(es):

A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

C.  149 N 980 E, Suite 200, Lindon, UT, 84042

D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

ii.  Affiliated individual(s):

A.  Kevin George Long

B.  Jerald Adam Long (a.k.a. Adam Long)

C.  Spencer Michael Taylor

D.  Brent Roland Smith

b.  Millrock Investment Fund 1, LLC;

21009.002

  i. Possible address(es):

    A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

    B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

    C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

    D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

    A. Kevin George Long

    B. Brent Roland Smith

    C. Thomas Allen Smith (a.k.a. Tom Smith)

 c. Millrock Investment Fund 1 Management, LLC;

  i. Possible address(es):

    A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

    B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

    C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

    D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

    A. Kevin George Long

    B. Brent Roland Smith

 d. ADP-Millcreek 1, LLC;

  i. Possible address(es):

21009.002

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

g. KGL Advisors, LLC

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT, 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

h. Long Holdings, LLC;

    i. Possible address(es):

        A. 4692 Windsor Dr., Provo, UT 84604

21009.002

    ii.  Affiliated individual(s):

        A.  Jerald Adam Long (a.k.a. Adam Long)

        B.  Kevin George Long

i.  GTR Holdings, LLC;

    i.  Possible address(es):

        A.  5047 W Burntside Ave., South Jordan, UT 84009

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

j.  Slope Construction, LLC

    i.  Possible address(es):

        A.  3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

        B.  1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

k.  Sky High Capital Partners, LLC

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

l.  SHC Management, LLC

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii.  Affiliated individual(s):

21009.002

        A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.002

      A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

   ii. Affiliated individual(s):

      A. Kevin George Long

      B. Jerald Adam Long

      C. Jeremy Long

      D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

   i. Possible address(es):

      A. 6365 N 5750 W, American Fork, UT 84003

      B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

      A. Mary Wesley Street

      B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

   i. Possible address(es):

      A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

   ii. Affiliated individual(s):

      A. Steven Michael Caton (a.k.a. Steve Caton)

      B. Stephen Holden

      C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

   i. Possible address(es):

21009.002

        A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

    ii. Affiliated individual(s):

        A. William J. Caton (a.k.a. Bill Caton)

        B. Steven Michael Caton (a.k.a. Steve Caton)

        C. Christina Caton Kitchel

        D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

21009.002

   A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

   B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v.  Jameson Capital LLC;

   i.  Possible address(es):

      A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

      B.  P.O. Box 681982, Franklin, TN 37064

      C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D.  6004 Cody Cv, Spring Hill, TN 37174-7434

   ii.  Affiliated individual(s):

      A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w.  Jameson Ventures LLC; and/or

   i.  Possible address(es):

      A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

      B.  P.O. Box 681982, Franklin, TN 37064

      C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D.  6004 Cody Cv, Spring Hill, TN 37174-7434

   ii.  Affiliated individual(s):

      A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.002

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

            A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

            B.  P.O. Box 681982, Franklin, TN 37064

            C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

            A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

            B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.002

      i.  Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a.  This includes but is not limited to:

        i.  Communications;

        ii.  Any written, printed, recorded, or tangible matter of any character, including but not limited to:

            A.  notes;

            B.  minutes;

            C.  memoranda;

            D.  contracts;

            E.  invoices, receipts, bills of sale, bills of lading, etc.;

            F.  accounting records;

            G.  calendars, diaries, schedules, etc.;

            H.  reports;

            I.  graphs, charts, etc.;

            J.  video footage;

            K.  audio recordings;

            L.  photographs;

            M.  images;

            N.  drawings; and

21009.002

     O. any other data or data compilation from which information can be obtained.

     b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

     c. Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

     a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

     b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

     a. canceled checks (front and back);

     b. deposited items;

     c. deposit slips;

     d. withdrawal slips;

21009.002

    e.  wire transfer records;

    f.  Automated Clearing House (ACH) transactions;

    g.  electronic funds transfers;

    h.  cashier's checks;

    i.  money orders;

    j.  credit and debit card transactions; and

    k.  any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a.  letters,

    b.  emails,

    c.  memoranda,

    d.  notes, and/or

    e.  other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a.  checking, savings, and other deposit accounts;

21009.002

  b.  credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

  c.  investment accounts;

  d.  trusts; and

  e.  escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

  a.  owned, controlled, or used by the subject in question;

  b.  on which the subject is a signatory;

  c.  for which the subject is authorized to access records and/or information;

  d.  created for the benefit of the subject; or

  e.  under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.002

### INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.002

b. the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c. the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d. the general nature of the information contained in the document that is the subject of the claim.

e. You must produce all other documents not subject to this claim.

* * *

21009.002

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

   a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

      i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

      ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

      iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.002

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE DISTRICT OF DELAWARE

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

## SUBPOENA IN A CIVIL CASE

Civil Action No. 2:23-cv-00407-HCN-CMR

DISTRICT OF UTAH

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Bank of America, N.A.**
**by and through its registered agent for service, C.T. Corporation System**
**1999 Bryan Street, Suite 900, Dallas, TX 75201**

---

**[X]** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C).

---

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: | Date and Time: |
|---|---|
| The office of the custodian: **800 Samoset Dr., Newark, DE 19713** | **04/13/2026 at 10:00 a.m.** |

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

---

**[ ]** *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.003

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.003

# EXHIBIT A

21009.003

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. Bank of America, National Association;

    b. any predecessor entities to Bank of America, National Association, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

            B. 6004 Cody Cv, Spring Hill, TN 37174

21009.003

C.  301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.  14116 Ambiance Way, Franklin, TN 37067

E.  1846 Grace Point Ln, Nolensville, TN 37135

F.  7061 Nolen Park Cir, Nolensville, TN 37135

G.  23201 Clocktower Dr, Franklin, TN 37067

H.  7105 Moores Ln Ste 6, Brentwood, TN 37027

I.  9011 Grey Pointe Ct, Brentwood, TN 37027

J.  9011 Grey Pointe Ct, Franklin, TN 37027

K.  9011 Grey Pointe, Nashville, TN 37204

L.  9011 Grey Pt, Nashville, TN 37204

M.  1116 Brentwood Pt, Brentwood, TN 37027

N.  1004 Chapel Lake Cir, Franklin, TN 37069

O.  602 Brentwood Pt, Brentwood, TN 37027

P.  612 Brentwood Pt, Brentwood, TN 37027

Q.  404 Brentwood Pt, Brentwood, TN 37027

R.  902 Brentwood Pt, Brentwood, TN 37027

S.  704 Brentwood Pt, Brentwood, TN 37027

T.  227 Governors Way, Brentwood, TN 37027

U.  1001 Glendale Ln, Nashville, TN 37204

V.  90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.  1540 Helton Dr Apt 510, Florence, AL 35630

X.  448 Essex Park Cir, Franklin, TN 37069

Y.  1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.003

Z. 1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.      2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.      188 Rosecliff Dr, Harvest, AL 35749

EE.      RR 2 Box 51, Newhebron, MS 39140

FF.      9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b. Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i. SSN: 408-67-XXXX

   ii. Date of Birth: November 1974

   iii. Possible address(es):

      A. 8618 Shortleaf Ct, College Grove, TN 37046

      B. 6004 Cody Cv, SpringHill, TN 37174

      C. 2012 Gweneth Dr, Spring Hill, TN 37174

c. Steven Michael Caton (a.k.a. Steve Caton);

   i. Date of Birth: July 1976

   ii. Possible address(es):

      A. 545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B. 2625 Vermillion Ct, Naperville, IL 60565

      C. 13324 Round Barn Rd, Plainfield, IL 60585

      D. 545 N McClurg Ct Unit 3010, Chicago, IL 60611

      E. PO Box 10029, Chicago, IL 60610

21009.003

F. 1296 Rickert Dr Ste 200, Naperville, IL 60540

G. 24727 W Fraser Rd, Plainfield, IL 60586

H. 5315 Flynn Crossing Dr, Alpharetta, GA 30005

I. 14646 Patriot Square Dr W, Plainfield, IL 60544

J. 23917 W Robert Ave, Plainfield, IL 60544

K. 16332 Hidden River Dr D, Plainfield, IL 60586

L. 1000 David Ross Rd, West Lafayette, IN 47906

M. 3419 Winterfield Run, Fort Wayne, IN 46804

N. 146 Cary Quad 336, West Lafayette, IN 47906

O. PO Box 335, Independence, CA 93526

P. 2127 Stillwell St, Lafayette, IN 47904

Q. 249 Littleton St Apt 3, West Lafayette, IN 47906

R. 223 Pierce St Apt 4, West Lafayette, IN 47906

S. 16215 S Serenity Dr, Plainfield, IL 60586

T. 154 Cary Quad, West Lafayette, IN 47906

U. 24421 John Adams Dr, Plainfield, IL 60544

V. 1974 E 2nd St, Brooklyn, NY 11223

W. 744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X. 318 N Salisbury St Apt 3, West Lafayette, IN 47906

d. Kevin George Long;

  i. SSN: 544-68-XXXX

  ii. Date of Birth: 1960

  iii. Possible address(es):

21009.003

    A.  149 N 980 E, Lindon, UT 84042

    B.  5095 W Belle Cir, Depoe Bay, OR 97341

    C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

      A.  4692 Windsor Dr, Provo, UT 84604

      B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

      C.  571 Lewski Ln, Riverton, UT 84065

      D.  149 N 980 E Lindon, UT 84042

      E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

      A.  10397 N Oak Cir., Highland, UT 84003

      B.  1143 W Center St. Orem, UT 84057-5207

      C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

      D.  1417 S 1420 E Provo, UT 84606-6475

      E.  27452 Pinyon St., Murrieta, CA 92562-4385

      F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

      G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.003

      H.  8934 W Grand Ave. Littleton, CO 80123-1940

      I.  10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

      J.  3042 S Sheridan Blvd., Denver, CO 80227-4151

      K.  778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

      L.  8042 Sheridan Blvd., Denver, CO 80227

      M.  24850 Handcock F 207 Ave., Murrieta, CA 92562

      N.  24850 Handcock C 207, Murrieta, CA 92562

      O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

      P.  6225 W Coal Mine Pl., Littleton, CO 80128-3920

      Q.  657 E 500 N, Logan, UT 84321-4248

      R.  627 E 400 N Apt 4., Logan, UT 84321-4217

      S.  10306 S Silver Mine Rd., South Jordan, UT 84095-4792

      T.  10356 S Silver Mine Rd., South Jordan, UT 84095-4792

      U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g.  Brent Roland Smith;

    i.  SSN: 604-58-XXXX

   ii.  Date of Birth: February 1989

  iii.  Possible address(es):

      A.  5047 W Burntside Ave, South Jordan, UT 84095

      B.  10356 S Silver Mine Rd, South Jordan, UT 84095

      C.  159 E McArthur Ave Apt, Cedar City, UT 84720

      D.  565 Pioneer Rd Apt 126, Rexburg, ID 83440

      E.  37895 Sky High Dr, Murrieta, CA 92562

21009.003

    F. 7404 Armstrong Pl, San Diego, CA 92111

    G. 1270 W 1130 S Apt, Orem, UT 84058

    H. 460 S 2nd W Apt 8, Rexburg, ID 83440

    I. 639 Trejo St, Rexburg, ID 83440

h. Thomas Allen Smith (a.k.a. Tom Smith); and/or

  i. SSN: 573-23-XXXX

  ii. Date of Birth: February 1958

  iii. Possible address(es):

    A. 4411 Sheffield Dr, Provo, UT 84604-5570

    B. 27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

    C. 4417 Stafford Ct, Provo, UT 84604-6028

    D. 37895 Sky High Dr, Murrieta, CA 92562-3079

    E. 37895 Sky Dr., Murrieta, CA 92562

    F. 38381 Shoal Creek Dr, Murrieta, CA 92562-3001

    G. 27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

    H. 28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

    I. 3789 S Sky High Dr, Murrieta, CA 92562

    J. 29887 Via Norte, Temecula, CA 92591-1648

    K. 29887 Via Del N, Temecula, CA 92591

    L. 24751 San Andres Ln, Mission Viejo, CA 92691-4926

    M. 30645 Feather Ct, Temecula, CA 92591-3855

    N. 25251 San Andres, Temecula, CA 92691

    O. 25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.003

        P.  375 N 1020 E 10 N, Provo, UT 84601

        Q.  5182 W Dock St, South Jordan, UT 84009-6137

        R.  1303 Brooke Ln, Farmington, UT 84025-2078

        S.  565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i.   Mary Wesley Street.

    i.   SSN: 414-96-XXXX

   ii.   Date of Birth: August 1963

  iii.   Possible address(es):

        A.  51 N Redwood Rd., Saratoga Springs, UT 84045

        B.  6535 N 5750 W, American Fork, UT 84003

        C.  10 E 800 S, Orem, UT 84058

        D.  743 W 500 S, Orem, UT 84058

        E.  743 S 500 E, Orem, UT 84097

        F.  725 S 300, Orem, UT 84097

        G.  725 E 300 S, Orem, UT 84097

        H.  5735 Truman Mountain Rd, Gainesville, GA 30506

        I.  5735 Truman Ln, Gainesville, GA 30506

        J.  225 Central Ave SW Apt 1509, Atlanta, GA 30303

        K.  2507 Brookhaven Vw NE, Brookhaven, GA 30319

        L.  300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

        M.  300 Peachtree W, Gainesville, GA 30506

        N.  300 W Peachtree St NW Apt 30, Atlanta, GA 30308

        O.  3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.003

  P. 475 Baldwin St Apt 24, Athens, GA 30605

  Q. 904 Summit Creek Dr, Stone Mountain, GA 30083

  R. 4290 Cameron Way, Lithonia, GA 30058

  S. 2825 Lajean Dr, Atlanta, GA 30349

  T. 3914 Memorial Ave 04, Clarkston, GA 30021

  U. RR 5 Box, Cumming, GA

  V. 3953 Covington Hwy Apt, Decatur, GA 30032

j. Spencer Michael Taylor

 i. SSN: 522-61-XXXX

 ii. Date of Birth: August 1981

 iii. Possible address(es):

  A. 889 S Anna Ekins Memorial Ln., Genola, UT 84655

  B. 1143 W Center St, Orem, UT 84057-5207

  C. 10306 S Whetstone Cv, South Jordan, UT 84095-5998

  D. 1417 S 1420 E, Provo, UT 84606-6475

  E. 27452 Pinyon St, Murrieta, CA 92562-4385

  F. 24568 Westhaven Ct, Murrieta, CA 92562-3840

  G. 37895 Sky High Dr, Murrieta, CA 92562-3079

  H. 8934 W Grand Ave, Littleton, CO 80123-1940

  I. 10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

  J. 3042 S Sheridan Blvd, Denver, CO 80227-4151

  K. 778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

  L. 8042 Sheridan Blvd, Denver, CO 80227

21009.003

      M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

      N.  24850 Handcock C 207, Murrieta, CA 92562

      O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

      P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

      Q.  657 E 500 N Apt, Logan, UT 84321-4248

      R.  627 E 400 N Apt 4, Logan, UT 84321-4217

      S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

      T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

      U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

  a. Millcreek Commercial Properties, LLC;

    i. Possible address(es):

      A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

      B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

      C.  149 N 980 E, Suite 200, Lindon, UT, 84042

      D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

    ii. Affiliated individual(s):

      A.  Kevin George Long

      B.  Jerald Adam Long (a.k.a. Adam Long)

      C.  Spencer Michael Taylor

      D.  Brent Roland Smith

  b. Millrock Investment Fund 1, LLC;

21009.003

    i. Possible address(es):

        A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

        C. Thomas Allen Smith (a.k.a. Tom Smith)

c. Millrock Investment Fund 1 Management, LLC;

    i. Possible address(es):

        A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

d. ADP-Millcreek 1, LLC;

    i. Possible address(es):

21009.003

   A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

   A. Kevin George Long

   B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

  i. Possible address(es):

   A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

   A. Kevin George Long

   B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

  i. Possible address(es):

   A. 149 N 980 E, Lindon, UT 84042

  ii. Affiliated individual(s):

   A. Kevin George Long

g. KGL Advisors, LLC

  i. Possible address(es):

   A. 149 N 980 E, Lindon, UT, 84042

  ii. Affiliated individual(s):

   A. Kevin George Long

h. Long Holdings, LLC;

  i. Possible address(es):

   A. 4692 Windsor Dr., Provo, UT 84604

21009.003

    ii. Affiliated individual(s):

        A. Jerald Adam Long (a.k.a. Adam Long)

        B. Kevin George Long

i. GTR Holdings, LLC;

    i. Possible address(es):

        A. 5047 W Burntside Ave., South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Brent Roland Smith

j. Slope Construction, LLC

    i. Possible address(es):

        A. 3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

        B. 1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Brent Roland Smith

k. Sky High Capital Partners, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

        A. Brent Roland Smith

l. SHC Management, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

21009.003

A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.003

       A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

   ii. Affiliated individual(s):

       A. Kevin George Long

       B. Jerald Adam Long

       C. Jeremy Long

       D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

   i. Possible address(es):

       A. 6365 N 5750 W, American Fork, UT 84003

       B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

       A. Mary Wesley Street

       B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

   i. Possible address(es):

       A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

   ii. Affiliated individual(s):

       A. Steven Michael Caton (a.k.a. Steve Caton)

       B. Stephen Holden

       C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

   i. Possible address(es):

21009.003

  A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

 ii. Affiliated individual(s):

  A. William J. Caton (a.k.a. Bill Caton)

  B. Steven Michael Caton (a.k.a. Steve Caton)

  C. Christina Caton Kitchel

  D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

 i. Possible address(es):

  A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

  B. P.O. Box 681982, Franklin, TN 37064

  C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

  D. 6004 Cody Cv, Spring Hill, TN 37174-7434

 ii. Affiliated individual(s):

  A. Emanuele Raymond Butera (a.k.a. Manny Butera)

  B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

 i. Possible address(es):

  A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

  B. P.O. Box 681982, Franklin, TN 37064

  C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

  D. 6004 Cody Cv, Spring Hill, TN 37174-7434

 ii. Affiliated individual(s):

21009.003

   A. Emanuele Raymond Butera (a.k.a. Manny Butera)

   B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

 v. Jameson Capital LLC;

  i. Possible address(es):

   A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

   B. P.O. Box 681982, Franklin, TN 37064

   C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

   D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

   A. Emanuele Raymond Butera (a.k.a. Manny Butera)

   B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

 w. Jameson Ventures LLC; and/or

  i. Possible address(es):

   A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

   B. P.O. Box 681982, Franklin, TN 37064

   C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

   D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

   A. Emanuele Raymond Butera (a.k.a. Manny Butera)

   B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.003

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

            A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

            B.  P.O. Box 681982, Franklin, TN 37064

            C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

            A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

            B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.003

      i.  Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a.  This includes but is not limited to:

      i.  Communications;

      ii.  Any written, printed, recorded, or tangible matter of any character, including but not limited to:

        A.  notes;

        B.  minutes;

        C.  memoranda;

        D.  contracts;

        E.  invoices, receipts, bills of sale, bills of lading, etc.;

        F.  accounting records;

        G.  calendars, diaries, schedules, etc.;

        H.  reports;

        I.  graphs, charts, etc.;

        J.  video footage;

        K.  audio recordings;

        L.  photographs;

        M.  images;

        N.  drawings; and

21009.003

        O. any other data or data compilation from which information can be obtained.

    b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

    c. Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

    a. canceled checks (front and back);

    b. deposited items;

    c. deposit slips;

    d. withdrawal slips;

21009.003

e. wire transfer records;

f. Automated Clearing House (ACH) transactions;

g. electronic funds transfers;

h. cashier's checks;

i. money orders;

j. credit and debit card transactions; and

k. any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

a. letters,

b. emails,

c. memoranda,

d. notes, and/or

e. other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

a. checking, savings, and other deposit accounts;

21009.003

  b. credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

  c. investment accounts;

  d. trusts; and

  e. escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

  a. owned, controlled, or used by the subject in question;

  b. on which the subject is a signatory;

  c. for which the subject is authorized to access records and/or information;

  d. created for the benefit of the subject; or

  e. under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.003

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.003

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

* * *

21009.003

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.003

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

-

# United States District Court
## FOR THE EASTERN DISTRICT OF VIRGINIA

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Capital One, National Association**
**by and through its registered agent for service, Corporation Service Company**
**15 West South Temple, Suite 600, Salt Lake City, UT 84101**

| | |
|---|---|
| **X** | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: | Date and Time: |
|---|---|
| The office of the custodian: **1680 Capital One Drive, McLean, VA 22102** | **04/13/2026 at 10:00 a.m.** |

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | |
|---|---|
| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.004

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.004

# EXHIBIT A

21009.004

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. Capital One, National Association;

    b. any predecessor entities to Capital One, National Association, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

            B. 6004 Cody Cv, Spring Hill, TN 37174

21009.004

C. 301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D. 14116 Ambiance Way, Franklin, TN 37067

E. 1846 Grace Point Ln, Nolensville, TN 37135

F. 7061 Nolen Park Cir, Nolensville, TN 37135

G. 23201 Clocktower Dr, Franklin, TN 37067

H. 7105 Moores Ln Ste 6, Brentwood, TN 37027

I. 9011 Grey Pointe Ct, Brentwood, TN 37027

J. 9011 Grey Pointe Ct, Franklin, TN 37027

K. 9011 Grey Pointe, Nashville, TN 37204

L. 9011 Grey Pt, Nashville, TN 37204

M. 1116 Brentwood Pt, Brentwood, TN 37027

N. 1004 Chapel Lake Cir, Franklin, TN 37069

O. 602 Brentwood Pt, Brentwood, TN 37027

P. 612 Brentwood Pt, Brentwood, TN 37027

Q. 404 Brentwood Pt, Brentwood, TN 37027

R. 902 Brentwood Pt, Brentwood, TN 37027

S. 704 Brentwood Pt, Brentwood, TN 37027

T. 227 Governors Way, Brentwood, TN 37027

U. 1001 Glendale Ln, Nashville, TN 37204

V. 90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W. 1540 Helton Dr Apt 510, Florence, AL 35630

X. 448 Essex Park Cir, Franklin, TN 37069

Y. 1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.004

       Z.  1211 Bell Rd Apt 205, Antioch, TN 37013

      AA.2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

      BB.     2202 Montreat Cir Apt, Vestavia, AL 35216

      CC. 432 N Chestnut St Apt, Florence, AL 35630

      DD.     188 Rosecliff Dr, Harvest, AL 35749

      EE.     RR 2 Box 51, Newhebron, MS 39140

      FF.     9533 Sanctuary Pl, Brentwood, TN 37027

      GG.14117 Ambiance Way, Franklin, TN 37067

b. Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i. SSN: 408-67-XXXX

   ii. Date of Birth: November 1974

   iii. Possible address(es):

      A.  8618 Shortleaf Ct, College Grove, TN 37046

      B.   6004 Cody Cv, SpringHill, TN 37174

      C.  2012 Gweneth Dr, Spring Hill, TN 37174

c. Steven Michael Caton (a.k.a. Steve Caton);

   i. Date of Birth: July 1976

   ii. Possible address(es):

      A.  545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B.  2625 Vermillion Ct, Naperville, IL 60565

      C.  13324 Round Barn Rd, Plainfield, IL 60585

      D.  545 N McClurg Ct Unit 3010, Chicago, IL 60611

      E.  PO Box 10029, Chicago, IL 60610

21009.004

    F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

    G.  24727 W Fraser Rd, Plainfield, IL 60586

    H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

    I.  14646 Patriot Square Dr W, Plainfield, IL 60544

    J.  23917 W Robert Ave, Plainfield, IL 60544

    K.  16332 Hidden River Dr D, Plainfield, IL 60586

    L.  1000 David Ross Rd, West Lafayette, IN 47906

    M.  3419 Winterfield Run, Fort Wayne, IN 46804

    N.  146 Cary Quad 336, West Lafayette, IN 47906

    O.  PO Box 335, Independence, CA 93526

    P.  2127 Stillwell St, Lafayette, IN 47904

    Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

    R.  223 Pierce St Apt 4, West Lafayette, IN 47906

    S.  16215 S Serenity Dr, Plainfield, IL 60586

    T.  154 Cary Quad, West Lafayette, IN 47906

    U.  24421 John Adams Dr, Plainfield, IL 60544

    V.  1974 E 2nd St, Brooklyn, NY 11223

    W. 744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

    X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

  d.  Kevin George Long;

    i.  SSN: 544-68-XXXX

    ii.  Date of Birth: 1960

    iii.  Possible address(es):

21009.004

           A.  149 N 980 E, Lindon, UT 84042

           B.  5095 W Belle Cir, Depoe Bay, OR 97341

           C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

           A.  4692 Windsor Dr, Provo, UT 84604

           B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

           C.  571 Lewski Ln, Riverton, UT 84065

           D.  149 N 980 E Lindon, UT 84042

           E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

           A.  10397 N Oak Cir., Highland, UT 84003

           B.  1143 W Center St. Orem, UT 84057-5207

           C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

           D.  1417 S 1420 E Provo, UT 84606-6475

           E.  27452 Pinyon St., Murrieta, CA 92562-4385

           F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

           G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.004

H. 8934 W Grand Ave. Littleton, CO 80123-1940

I. 10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

J. 3042 S Sheridan Blvd., Denver, CO 80227-4151

K. 778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

L. 8042 Sheridan Blvd., Denver, CO 80227

M. 24850 Handcock F 207 Ave., Murrieta, CA 92562

N. 24850 Handcock C 207, Murrieta, CA 92562

O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P. 6225 W Coal Mine Pl., Littleton, CO 80128-3920

Q. 657 E 500 N, Logan, UT 84321-4248

R. 627 E 400 N Apt 4., Logan, UT 84321-4217

S. 10306 S Silver Mine Rd., South Jordan, UT 84095-4792

T. 10356 S Silver Mine Rd., South Jordan, UT 84095-4792

U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g. Brent Roland Smith;

　i. SSN: 604-58-XXXX

　ii. Date of Birth: February 1989

　iii. Possible address(es):

A. 5047 W Burntside Ave, South Jordan, UT 84095

B. 10356 S Silver Mine Rd, South Jordan, UT 84095

C. 159 E McArthur Ave Apt, Cedar City, UT 84720

D. 565 Pioneer Rd Apt 126, Rexburg, ID 83440

E. 37895 Sky High Dr, Murrieta, CA 92562

21009.004

F.  7404 Armstrong Pl, San Diego, CA 92111

G.  1270 W 1130 S Apt, Orem, UT 84058

H.  460 S 2nd W Apt 8, Rexburg, ID 83440

I.  639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

   i.  SSN: 573-23-XXXX

   ii.  Date of Birth: February 1958

   iii.  Possible address(es):

A.  4411 Sheffield Dr, Provo, UT 84604-5570

B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

C.  4417 Stafford Ct, Provo, UT 84604-6028

D.  37895 Sky High Dr, Murrieta, CA 92562-3079

E.  37895 Sky Dr., Murrieta, CA 92562

F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

I.  3789 S Sky High Dr, Murrieta, CA 92562

J.  29887 Via Norte, Temecula, CA 92591-1648

K.  29887 Via Del N, Temecula, CA 92591

L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

M.  30645 Feather Ct, Temecula, CA 92591-3855

N.  25251 San Andres, Temecula, CA 92691

O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.004

P.  375 N 1020 E 10 N, Provo, UT 84601

Q.  5182 W Dock St, South Jordan, UT 84009-6137

R.  1303 Brooke Ln, Farmington, UT 84025-2078

S.  565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i.  Mary Wesley Street.

   i.  SSN: 414-96-XXXX

   ii.  Date of Birth: August 1963

   iii.  Possible address(es):

      A.  51 N Redwood Rd., Saratoga Springs, UT 84045

      B.  6535 N 5750 W, American Fork, UT 84003

      C.  10 E 800 S, Orem, UT 84058

      D.  743 W 500 S, Orem, UT 84058

      E.  743 S 500 E, Orem, UT 84097

      F.  725 S 300, Orem, UT 84097

      G.  725 E 300 S, Orem, UT 84097

      H.  5735 Truman Mountain Rd, Gainesville, GA 30506

      I.  5735 Truman Ln, Gainesville, GA 30506

      J.  225 Central Ave SW Apt 1509, Atlanta, GA 30303

      K.  2507 Brookhaven Vw NE, Brookhaven, GA 30319

      L.  300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

      M.  300 Peachtree W, Gainesville, GA 30506

      N.  300 W Peachtree St NW Apt 30, Atlanta, GA 30308

      O.  3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.004

   P.   475 Baldwin St Apt 24, Athens, GA 30605

   Q.   904 Summit Creek Dr, Stone Mountain, GA 30083

   R.   4290 Cameron Way, Lithonia, GA 30058

   S.   2825 Lajean Dr, Atlanta, GA 30349

   T.   3914 Memorial Ave 04, Clarkston, GA 30021

   U.   RR 5 Box, Cumming, GA

   V.   3953 Covington Hwy Apt, Decatur, GA 30032

j.   Spencer Michael Taylor

  i.   SSN: 522-61-XXXX

  ii.   Date of Birth: August 1981

  iii.   Possible address(es):

   A.   889 S Anna Ekins Memorial Ln., Genola, UT 84655

   B.   1143 W Center St, Orem, UT 84057-5207

   C.   10306 S Whetstone Cv, South Jordan, UT 84095-5998

   D.   1417 S 1420 E, Provo, UT 84606-6475

   E.   27452 Pinyon St, Murrieta, CA 92562-4385

   F.   24568 Westhaven Ct, Murrieta, CA 92562-3840

   G.   37895 Sky High Dr, Murrieta, CA 92562-3079

   H.   8934 W Grand Ave, Littleton, CO 80123-1940

   I.   10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

   J.   3042 S Sheridan Blvd, Denver, CO 80227-4151

   K.   778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

   L.   8042 Sheridan Blvd, Denver, CO 80227

21009.004

    M. 24850 Handcock F 207 Ave, Murrieta, CA 92562

    N. 24850 Handcock C 207, Murrieta, CA 92562

    O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

    P. 6225 W Coal Mine Pl, Littleton, CO 80128-3920

    Q. 657 E 500 N Apt, Logan, UT 84321-4248

    R. 627 E 400 N Apt 4, Logan, UT 84321-4217

    S. 10306 S Silver Mine Rd, South Jordan, UT 84095-4792

    T. 10356 S Silver Mine Rd, South Jordan, UT 84095-4792

    U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

    a. Millcreek Commercial Properties, LLC;

        i. Possible address(es):

            A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

            B. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

            C. 149 N 980 E, Suite 200, Lindon, UT, 84042

            D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        ii. Affiliated individual(s):

            A. Kevin George Long

            B. Jerald Adam Long (a.k.a. Adam Long)

            C. Spencer Michael Taylor

            D. Brent Roland Smith

    b. Millrock Investment Fund 1, LLC;

21009.004

      i. Possible address(es):

        A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

     ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

        C. Thomas Allen Smith (a.k.a. Tom Smith)

c. Millrock Investment Fund 1 Management, LLC;

      i. Possible address(es):

        A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

     ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

d. ADP-Millcreek 1, LLC;

      i. Possible address(es):

21009.004

      A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

      A. Kevin George Long

      B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

   i. Possible address(es):

      A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii. Affiliated individual(s):

      A. Kevin George Long

      B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

   i. Possible address(es):

      A. 149 N 980 E, Lindon, UT 84042

   ii. Affiliated individual(s):

      A. Kevin George Long

g. KGL Advisors, LLC

   i. Possible address(es):

      A. 149 N 980 E, Lindon, UT, 84042

   ii. Affiliated individual(s):

      A. Kevin George Long

h. Long Holdings, LLC;

   i. Possible address(es):

      A. 4692 Windsor Dr., Provo, UT 84604

21009.004

    ii.  Affiliated individual(s):

        A.  Jerald Adam Long (a.k.a. Adam Long)

        B.  Kevin George Long

i.  GTR Holdings, LLC;

    i.  Possible address(es):

        A.  5047 W Burntside Ave., South Jordan, UT 84009

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

j.  Slope Construction, LLC

    i.  Possible address(es):

        A.  3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

        B.  1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

k.  Sky High Capital Partners, LLC

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii.  Affiliated individual(s):

        A.  Brent Roland Smith

l.  SHC Management, LLC

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii.  Affiliated individual(s):

21009.004

A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.004

        A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Jeremy Long

        D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

    i. Possible address(es):

        A. 6365 N 5750 W, American Fork, UT 84003

        B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Mary Wesley Street

        B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i. Possible address(es):

        A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii. Affiliated individual(s):

        A. Steven Michael Caton (a.k.a. Steve Caton)

        B. Stephen Holden

        C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i. Possible address(es):

21009.004

   A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

  ii. Affiliated individual(s):

   A. William J. Caton (a.k.a. Bill Caton)

   B. Steven Michael Caton (a.k.a. Steve Caton)

   C. Christina Caton Kitchel

   D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

  i. Possible address(es):

   A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

   B. P.O. Box 681982, Franklin, TN 37064

   C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

   D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

   A. Emanuele Raymond Butera (a.k.a. Manny Butera)

   B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

  i. Possible address(es):

   A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

   B. P.O. Box 681982, Franklin, TN 37064

   C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

   D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

21009.004

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

  v. Jameson Capital LLC;

     i. Possible address(es):

       A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

       B. P.O. Box 681982, Franklin, TN 37064

       C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

       D. 6004 Cody Cv, Spring Hill, TN 37174-7434

     ii. Affiliated individual(s):

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

  w. Jameson Ventures LLC; and/or

     i. Possible address(es):

       A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

       B. P.O. Box 681982, Franklin, TN 37064

       C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

       D. 6004 Cody Cv, Spring Hill, TN 37174-7434

     ii. Affiliated individual(s):

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.004

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

           A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

           B.  P.O. Box 681982, Franklin, TN 37064

           C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

           D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

           A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

           B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.004

  i. Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

  a. This includes but is not limited to:

    i. Communications;

    ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

     A. notes;

     B. minutes;

     C. memoranda;

     D. contracts;

     E. invoices, receipts, bills of sale, bills of lading, etc.;

     F. accounting records;

     G. calendars, diaries, schedules, etc.;

     H. reports;

     I. graphs, charts, etc.;

     J. video footage;

     K. audio recordings;

     L. photographs;

     M. images;

     N. drawings; and

21009.004

    O.  any other data or data compilation from which information can be obtained.

    b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

    c.  Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

    a.  canceled checks (front and back);

    b.  deposited items;

    c.  deposit slips;

    d.  withdrawal slips;

21009.004

    e. wire transfer records;

    f. Automated Clearing House (ACH) transactions;

    g. electronic funds transfers;

    h. cashier's checks;

    i. money orders;

    j. credit and debit card transactions; and

    k. any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a. letters,

    b. emails,

    c. memoranda,

    d. notes, and/or

    e. other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a. checking, savings, and other deposit accounts;

21009.004

b. credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

c. investment accounts;

d. trusts; and

e. escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

a. owned, controlled, or used by the subject in question;

b. on which the subject is a signatory;

c. for which the subject is authorized to access records and/or information;

d. created for the benefit of the subject; or

e. under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

\* \* \*

21009.004

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

    a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

    a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

    b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

    a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

    a. the legal and factual basis for the claim;

21009.004

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

\* \* \*

21009.004

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

   a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

      i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

      ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

      iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.004

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

.

# United States District Court
## FOR THE SOUTHERN DISTRICT OF OHIO

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**JPMorgan Chase Bank, N.A.**
**by and through its registered agent for service, C.T. Corporation System**
**1999 Bryan Street, Suite 900, Dallas, TX 75201**

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: **1111 Polaris Parkway, Columbus, OH 43240** | Date and Time:<br>**04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

|  | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,<br>Patti Klair, et al.** | DATE<br><br>**03/09/2026** |
|---|---|---|

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

.

Order No. 21009.005

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No.  21009.005

# EXHIBIT A

21009.005

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. JPMorgan Chase Bank, National Association;

    b. any predecessor entities to JPMorgan Chase Bank, National Association, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

            B. 6004 Cody Cv, Spring Hill, TN 37174

21009.005

C.  301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.  14116 Ambiance Way, Franklin, TN 37067

E.  1846 Grace Point Ln, Nolensville, TN 37135

F.  7061 Nolen Park Cir, Nolensville, TN 37135

G.  23201 Clocktower Dr, Franklin, TN 37067

H.  7105 Moores Ln Ste 6, Brentwood, TN 37027

I.  9011 Grey Pointe Ct, Brentwood, TN 37027

J.  9011 Grey Pointe Ct, Franklin, TN 37027

K.  9011 Grey Pointe, Nashville, TN 37204

L.  9011 Grey Pt, Nashville, TN 37204

M.  1116 Brentwood Pt, Brentwood, TN 37027

N.  1004 Chapel Lake Cir, Franklin, TN 37069

O.  602 Brentwood Pt, Brentwood, TN 37027

P.  612 Brentwood Pt, Brentwood, TN 37027

Q.  404 Brentwood Pt, Brentwood, TN 37027

R.  902 Brentwood Pt, Brentwood, TN 37027

S.  704 Brentwood Pt, Brentwood, TN 37027

T.  227 Governors Way, Brentwood, TN 37027

U.  1001 Glendale Ln, Nashville, TN 37204

V.  90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.  1540 Helton Dr Apt 510, Florence, AL 35630

X.  448 Essex Park Cir, Franklin, TN 37069

Y.  1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.005

Z.   1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.        2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.        188 Rosecliff Dr, Harvest, AL 35749

EE.        RR 2 Box 51, Newhebron, MS 39140

FF.        9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b.   Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

    i.   SSN: 408-67-XXXX

    ii.   Date of Birth: November 1974

    iii.   Possible address(es):

        A.   8618 Shortleaf Ct, College Grove, TN 37046

        B.   6004 Cody Cv, SpringHill, TN 37174

        C.   2012 Gweneth Dr, Spring Hill, TN 37174

c.   Steven Michael Caton (a.k.a. Steve Caton);

    i.   Date of Birth: July 1976

    ii.   Possible address(es):

        A.   545 N McClurg Ct Unit 4210, Chicago, IL 60611

        B.   2625 Vermillion Ct, Naperville, IL 60565

        C.   13324 Round Barn Rd, Plainfield, IL 60585

        D.   545 N McClurg Ct Unit 3010, Chicago, IL 60611

        E.   PO Box 10029, Chicago, IL 60610

21009.005

F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

G.  24727 W Fraser Rd, Plainfield, IL 60586

H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

I.  14646 Patriot Square Dr W, Plainfield, IL 60544

J.  23917 W Robert Ave, Plainfield, IL 60544

K.  16332 Hidden River Dr D, Plainfield, IL 60586

L.  1000 David Ross Rd, West Lafayette, IN 47906

M.  3419 Winterfield Run, Fort Wayne, IN 46804

N.  146 Cary Quad 336, West Lafayette, IN 47906

O.  PO Box 335, Independence, CA 93526

P.  2127 Stillwell St, Lafayette, IN 47904

Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

R.  223 Pierce St Apt 4, West Lafayette, IN 47906

S.  16215 S Serenity Dr, Plainfield, IL 60586

T.  154 Cary Quad, West Lafayette, IN 47906

U.  24421 John Adams Dr, Plainfield, IL 60544

V.  1974 E 2nd St, Brooklyn, NY 11223

W. 744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

    i.  SSN: 544-68-XXXX

    ii.  Date of Birth: 1960

    iii.  Possible address(es):

21009.005

          A.  149 N 980 E, Lindon, UT 84042

          B.  5095 W Belle Cir, Depoe Bay, OR 97341

          C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

          A.  4692 Windsor Dr, Provo, UT 84604

          B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

          C.  571 Lewski Ln, Riverton, UT 84065

          D.  149 N 980 E Lindon, UT 84042

          E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

          A.  10397 N Oak Cir., Highland, UT 84003

          B.  1143 W Center St. Orem, UT 84057-5207

          C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

          D.  1417 S 1420 E Provo, UT 84606-6475

          E.  27452 Pinyon St., Murrieta, CA 92562-4385

          F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

          G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.005

H.  8934 W Grand Ave. Littleton, CO 80123-1940

I.  10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

J.  3042 S Sheridan Blvd., Denver, CO 80227-4151

K.  778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

L.  8042 Sheridan Blvd., Denver, CO 80227

M.  24850 Handcock F 207 Ave., Murrieta, CA 92562

N.  24850 Handcock C 207, Murrieta, CA 92562

O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P.  6225 W Coal Mine Pl., Littleton, CO 80128-3920

Q.  657 E 500 N, Logan, UT 84321-4248

R.  627 E 400 N Apt 4., Logan, UT 84321-4217

S.  10306 S Silver Mine Rd., South Jordan, UT 84095-4792

T.  10356 S Silver Mine Rd., South Jordan, UT 84095-4792

U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g.  Brent Roland Smith;

   i.  SSN: 604-58-XXXX

   ii.  Date of Birth: February 1989

   iii.  Possible address(es):

      A.  5047 W Burntside Ave, South Jordan, UT 84095

      B.  10356 S Silver Mine Rd, South Jordan, UT 84095

      C.  159 E McArthur Ave Apt, Cedar City, UT 84720

      D.  565 Pioneer Rd Apt 126, Rexburg, ID 83440

      E.  37895 Sky High Dr, Murrieta, CA 92562

21009.005

        F.  7404 Armstrong Pl, San Diego, CA 92111

        G.  1270 W 1130 S Apt, Orem, UT 84058

        H.  460 S 2nd W Apt 8, Rexburg, ID 83440

        I.  639 Trejo St, Rexburg, ID 83440

h. Thomas Allen Smith (a.k.a. Tom Smith); and/or

  i. SSN: 573-23-XXXX

  ii. Date of Birth: February 1958

  iii. Possible address(es):

        A.  4411 Sheffield Dr, Provo, UT 84604-5570

        B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

        C.  4417 Stafford Ct, Provo, UT 84604-6028

        D.  37895 Sky High Dr, Murrieta, CA 92562-3079

        E.  37895 Sky Dr., Murrieta, CA 92562

        F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

        G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

        H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

        I.  3789 S Sky High Dr, Murrieta, CA 92562

        J.  29887 Via Norte, Temecula, CA 92591-1648

        K.  29887 Via Del N, Temecula, CA 92591

        L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

        M. 30645 Feather Ct, Temecula, CA 92591-3855

        N.  25251 San Andres, Temecula, CA 92691

        O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.005

P.   375 N 1020 E 10 N, Provo, UT 84601

Q.   5182 W Dock St, South Jordan, UT 84009-6137

R.   1303 Brooke Ln, Farmington, UT 84025-2078

S.   565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i.   Mary Wesley Street.

   i.   SSN: 414-96-XXXX

   ii.   Date of Birth: August 1963

   iii.   Possible address(es):

A.   51 N Redwood Rd., Saratoga Springs, UT 84045

B.   6535 N 5750 W, American Fork, UT 84003

C.   10 E 800 S, Orem, UT 84058

D.   743 W 500 S, Orem, UT 84058

E.   743 S 500 E, Orem, UT 84097

F.   725 S 300, Orem, UT 84097

G.   725 E 300 S, Orem, UT 84097

H.   5735 Truman Mountain Rd, Gainesville, GA 30506

I.   5735 Truman Ln, Gainesville, GA 30506

J.   225 Central Ave SW Apt 1509, Atlanta, GA 30303

K.   2507 Brookhaven Vw NE, Brookhaven, GA 30319

L.   300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

M.   300 Peachtree W, Gainesville, GA 30506

N.   300 W Peachtree St NW Apt 30, Atlanta, GA 30308

O.   3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.005

P.  475 Baldwin St Apt 24, Athens, GA 30605

Q.  904 Summit Creek Dr, Stone Mountain, GA 30083

R.  4290 Cameron Way, Lithonia, GA 30058

S.  2825 Lajean Dr, Atlanta, GA 30349

T.  3914 Memorial Ave 04, Clarkston, GA 30021

U.  RR 5 Box, Cumming, GA

V.  3953 Covington Hwy Apt, Decatur, GA 30032

j.  Spencer Michael Taylor

    i.  SSN: 522-61-XXXX

    ii.  Date of Birth: August 1981

    iii.  Possible address(es):

A.  889 S Anna Ekins Memorial Ln., Genola, UT 84655

B.  1143 W Center St, Orem, UT 84057-5207

C.  10306 S Whetstone Cv, South Jordan, UT 84095-5998

D.  1417 S 1420 E, Provo, UT 84606-6475

E.  27452 Pinyon St, Murrieta, CA 92562-4385

F.  24568 Westhaven Ct, Murrieta, CA 92562-3840

G.  37895 Sky High Dr, Murrieta, CA 92562-3079

H.  8934 W Grand Ave, Littleton, CO 80123-1940

I.  10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

J.  3042 S Sheridan Blvd, Denver, CO 80227-4151

K.  778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

L.  8042 Sheridan Blvd, Denver, CO 80227

21009.005

    M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

    N.  24850 Handcock C 207, Murrieta, CA 92562

    O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

    P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

    Q.  657 E 500 N Apt, Logan, UT 84321-4248

    R.  627 E 400 N Apt 4, Logan, UT 84321-4217

    S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

    T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

    U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

  a. Millcreek Commercial Properties, LLC;

    i. Possible address(es):

      A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

      B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

      C.  149 N 980 E, Suite 200, Lindon, UT, 84042

      D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

    ii. Affiliated individual(s):

      A.  Kevin George Long

      B.  Jerald Adam Long (a.k.a. Adam Long)

      C.  Spencer Michael Taylor

      D.  Brent Roland Smith

  b. Millrock Investment Fund 1, LLC;

21009.005

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

        C.  Thomas Allen Smith (a.k.a. Tom Smith)

c.  Millrock Investment Fund 1 Management, LLC;

    i.  Possible address(es):

        A.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B.  1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

d.  ADP-Millcreek 1, LLC;

    i.  Possible address(es):

21009.005

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

g. KGL Advisors, LLC

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT, 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

h. Long Holdings, LLC;

    i. Possible address(es):

        A. 4692 Windsor Dr., Provo, UT 84604

21009.005

      ii.  Affiliated individual(s):

          A.  Jerald Adam Long (a.k.a. Adam Long)

          B.  Kevin George Long

i.  GTR Holdings, LLC;

      i.  Possible address(es):

          A.  5047 W Burntside Ave., South Jordan, UT 84009

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

j.  Slope Construction, LLC

      i.  Possible address(es):

          A.  3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

          B.  1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

k.  Sky High Capital Partners, LLC

      i.  Possible address(es):

          A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

l.  SHC Management, LLC

      i.  Possible address(es):

          A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

      ii.  Affiliated individual(s):

21009.005

A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.005

        A.  111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Jerald Adam Long

        C.  Jeremy Long

        D.  Ryan David Comer

q.  CAMS Realty LLC (dba "Colliers Asset Management Services")

    i.  Possible address(es):

        A.  6365 N 5750 W, American Fork, UT 84003

        B.  2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Mary Wesley Street

        B.  William Street

r.  SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i.  Possible address(es):

        A.  718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii.  Affiliated individual(s):

        A.  Steven Michael Caton (a.k.a. Steve Caton)

        B.  Stephen Holden

        C.  Tyler Ramsey

s.  JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i.  Possible address(es):

21009.005

           A.  1296 Rickert Dr., Ste. 200, Naperville, IL 60540

    ii.  Affiliated individual(s):

           A.  William J. Caton (a.k.a. Bill Caton)

           B.  Steven Michael Caton (a.k.a. Steve Caton)

           C.  Christina Caton Kitchel

           D.  Amy Hall

t.  Jameson LLC (dba "American Development Partners" or "ADP");

    i.  Possible address(es):

           A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

           B.  P.O. Box 681982, Franklin, TN 37064

           C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

           D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

           A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

           B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u.  Jameson Holdings LLC (dba "American Development Partners" or "ADP");

    i.  Possible address(es):

           A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

           B.  P.O. Box 681982, Franklin, TN 37064

           C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

           D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

21009.005

    A. Emanuele Raymond Butera (a.k.a. Manny Butera)

    B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v. Jameson Capital LLC;

  i. Possible address(es):

    A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

    B. P.O. Box 681982, Franklin, TN 37064

    C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

    D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

    A. Emanuele Raymond Butera (a.k.a. Manny Butera)

    B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w. Jameson Ventures LLC; and/or

  i. Possible address(es):

    A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

    B. P.O. Box 681982, Franklin, TN 37064

    C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

    D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

    A. Emanuele Raymond Butera (a.k.a. Manny Butera)

    B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.005

    x. Redstone LLC (dba "American Development Partners" or "ADP")

        i. Possible address(es):

            A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

            B. P.O. Box 681982, Franklin, TN 37064

            C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D. 6004 Cody Cv, Spring Hill, TN 37174-7434

        ii. Affiliated individual(s):

            A. Emanuele Raymond Butera (a.k.a. Manny Butera)

            B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a. Account opening documents, applications, and agreements;

    b. Signature cards and identification documents;

    c. Monthly or periodic account statements;

    d. Account closing documents;

    e. Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f. Debit and credit memos;

    g. Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h. Records of safe deposit box rentals; and

21009.005

       i. Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a. This includes but is not limited to:

       i. Communications;

      ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

         A. notes;

         B. minutes;

         C. memoranda;

         D. contracts;

         E. invoices, receipts, bills of sale, bills of lading, etc.;

         F. accounting records;

         G. calendars, diaries, schedules, etc.;

         H. reports;

         I. graphs, charts, etc.;

         J. video footage;

         K. audio recordings;

         L. photographs;

         M. images;

         N. drawings; and

21009.005

   O. any other data or data compilation from which information can be obtained.

  b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

  c. Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

  a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

  b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

  a. canceled checks (front and back);

  b. deposited items;

  c. deposit slips;

  d. withdrawal slips;

21009.005

    e.  wire transfer records;

    f.  Automated Clearing House (ACH) transactions;

    g.  electronic funds transfers;

    h.  cashier's checks;

    i.  money orders;

    j.  credit and debit card transactions; and

    k.  any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a.  letters,

    b.  emails,

    c.  memoranda,

    d.  notes, and/or

    e.  other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a.  checking, savings, and other deposit accounts;

21009.005

    b.  credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

    c.  investment accounts;

    d.  trusts; and

    e.  escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

    a.  owned, controlled, or used by the subject in question;

    b.  on which the subject is a signatory;

    c.  for which the subject is authorized to access records and/or information;

    d.  created for the benefit of the subject; or

    e.  under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.005

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.005

b. the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c. the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d. the general nature of the information contained in the document that is the subject of the claim.

e. You must produce all other documents not subject to this claim.

\* \* \*

21009.005

**DOCUMENTS TO PRODUCE**

Produce the following Documents for the time period 2020 to Present:

1.  All Documents related to any account associated with any Named Individual or Named Entity.

    a.  With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i.   CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii.  CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2.  All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3.  All Electronic Records related to any account associated with any Named Individual or Named Entity.

4.  All Account Records related to any account associated with any Named Individual or Named Entity.

5.  All Correspondence related to any account associated with any Named Individual or Named Entity.

6.  Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.005

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Mountain America Federal Credit Union**
**by and through its registered agent for service, C.T. Corporation System**
**1108 East South Union Avenue, Midvale, UT 84047**

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: **9800 South Monroe Street, Sandy, UT 84070** | Date and Time:<br>**04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,**<br>**Patti Klair, et al.** | DATE<br><br>**03/09/2026** |
|---|---|---|

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.006

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.006

# EXHIBIT A

21009.006

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

   a. Mountain America Federal Credit Union;

   b. any predecessor entities to Mountain America Federal Credit Union, which were active during the relevant time period(s);

   c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

   d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

   a. Emanuele Raymond Butera (a.k.a. Manny Butera);

      i. SSN: 416-41-XXXX

      ii. Date of Birth: October 1971

      iii. Possible address(es):

         A. 8618 Shortleaf Ct, College Grove, TN 37046

         B. 6004 Cody Cv, Spring Hill, TN 37174

21009.006

C. 301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D. 14116 Ambiance Way, Franklin, TN 37067

E. 1846 Grace Point Ln, Nolensville, TN 37135

F. 7061 Nolen Park Cir, Nolensville, TN 37135

G. 23201 Clocktower Dr, Franklin, TN 37067

H. 7105 Moores Ln Ste 6, Brentwood, TN 37027

I. 9011 Grey Pointe Ct, Brentwood, TN 37027

J. 9011 Grey Pointe Ct, Franklin, TN 37027

K. 9011 Grey Pointe, Nashville, TN 37204

L. 9011 Grey Pt, Nashville, TN 37204

M. 1116 Brentwood Pt, Brentwood, TN 37027

N. 1004 Chapel Lake Cir, Franklin, TN 37069

O. 602 Brentwood Pt, Brentwood, TN 37027

P. 612 Brentwood Pt, Brentwood, TN 37027

Q. 404 Brentwood Pt, Brentwood, TN 37027

R. 902 Brentwood Pt, Brentwood, TN 37027

S. 704 Brentwood Pt, Brentwood, TN 37027

T. 227 Governors Way, Brentwood, TN 37027

U. 1001 Glendale Ln, Nashville, TN 37204

V. 90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W. 1540 Helton Dr Apt 510, Florence, AL 35630

X. 448 Essex Park Cir, Franklin, TN 37069

Y. 1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.006

Z.   1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.      2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.      188 Rosecliff Dr, Harvest, AL 35749

EE.      RR 2 Box 51, Newhebron, MS 39140

FF.      9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b.   Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i.   SSN: 408-67-XXXX

   ii.  Date of Birth: November 1974

   iii. Possible address(es):

      A.  8618 Shortleaf Ct, College Grove, TN 37046

      B.   6004 Cody Cv, SpringHill, TN 37174

      C.  2012 Gweneth Dr, Spring Hill, TN 37174

c.   Steven Michael Caton (a.k.a. Steve Caton);

   i.   Date of Birth: July 1976

   ii.  Possible address(es):

      A.  545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B.  2625 Vermillion Ct, Naperville, IL 60565

      C.  13324 Round Barn Rd, Plainfield, IL 60585

      D.  545 N McClurg Ct Unit 3010, Chicago, IL 60611

      E.  PO Box 10029, Chicago, IL 60610

21009.006

     F.   1296 Rickert Dr Ste 200, Naperville, IL 60540

     G.   24727 W Fraser Rd, Plainfield, IL 60586

     H.   5315 Flynn Crossing Dr, Alpharetta, GA 30005

     I.   14646 Patriot Square Dr W, Plainfield, IL 60544

     J.   23917 W Robert Ave, Plainfield, IL 60544

     K.   16332 Hidden River Dr D, Plainfield, IL 60586

     L.   1000 David Ross Rd, West Lafayette, IN 47906

     M.   3419 Winterfield Run, Fort Wayne, IN 46804

     N.   146 Cary Quad 336, West Lafayette, IN 47906

     O.   PO Box 335, Independence, CA 93526

     P.   2127 Stillwell St, Lafayette, IN 47904

     Q.   249 Littleton St Apt 3, West Lafayette, IN 47906

     R.   223 Pierce St Apt 4, West Lafayette, IN 47906

     S.   16215 S Serenity Dr, Plainfield, IL 60586

     T.   154 Cary Quad, West Lafayette, IN 47906

     U.   24421 John Adams Dr, Plainfield, IL 60544

     V.   1974 E 2nd St, Brooklyn, NY 11223

     W.   744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

     X.   318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

    i.  SSN: 544-68-XXXX

    ii.  Date of Birth: 1960

    iii.  Possible address(es):

21009.006

    A.  149 N 980 E, Lindon, UT 84042

    B.  5095 W Belle Cir, Depoe Bay, OR 97341

    C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

        A.  4692 Windsor Dr, Provo, UT 84604

        B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

        C.  571 Lewski Ln, Riverton, UT 84065

        D.  149 N 980 E Lindon, UT 84042

        E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

        A.  10397 N Oak Cir., Highland, UT 84003

        B.  1143 W Center St. Orem, UT 84057-5207

        C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

        D.  1417 S 1420 E Provo, UT 84606-6475

        E.  27452 Pinyon St., Murrieta, CA 92562-4385

        F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

        G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.006

        H.  8934 W Grand Ave. Littleton, CO 80123-1940

        I.   10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

        J.   3042 S Sheridan Blvd., Denver, CO 80227-4151

        K.  778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

        L.   8042 Sheridan Blvd., Denver, CO 80227

        M.  24850 Handcock F 207 Ave., Murrieta, CA 92562

        N.  24850 Handcock C 207, Murrieta, CA 92562

        O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

        P.   6225 W Coal Mine Pl., Littleton, CO 80128-3920

        Q.  657 E 500 N, Logan, UT 84321-4248

        R.   627 E 400 N Apt 4., Logan, UT 84321-4217

        S.   10306 S Silver Mine Rd., South Jordan, UT 84095-4792

        T.   10356 S Silver Mine Rd., South Jordan, UT 84095-4792

        U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g.  Brent Roland Smith;

    i.  SSN: 604-58-XXXX

    ii.  Date of Birth: February 1989

    iii.  Possible address(es):

        A.  5047 W Burntside Ave, South Jordan, UT 84095

        B.   10356 S Silver Mine Rd, South Jordan, UT 84095

        C.   159 E McArthur Ave Apt, Cedar City, UT 84720

        D.  565 Pioneer Rd Apt 126, Rexburg, ID 83440

        E.   37895 Sky High Dr, Murrieta, CA 92562

21009.006

       F.   7404 Armstrong Pl, San Diego, CA 92111

       G.   1270 W 1130 S Apt, Orem, UT 84058

       H.   460 S 2nd W Apt 8, Rexburg, ID 83440

       I.   639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

    i.  SSN: 573-23-XXXX

    ii.  Date of Birth: February 1958

    iii.  Possible address(es):

       A.   4411 Sheffield Dr, Provo, UT 84604-5570

       B.   27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

       C.   4417 Stafford Ct, Provo, UT 84604-6028

       D.   37895 Sky High Dr, Murrieta, CA 92562-3079

       E.   37895 Sky Dr., Murrieta, CA 92562

       F.   38381 Shoal Creek Dr, Murrieta, CA 92562-3001

       G.   27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

       H.   28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

       I.   3789 S Sky High Dr, Murrieta, CA 92562

       J.   29887 Via Norte, Temecula, CA 92591-1648

       K.   29887 Via Del N, Temecula, CA 92591

       L.   24751 San Andres Ln, Mission Viejo, CA 92691-4926

       M.  30645 Feather Ct, Temecula, CA 92591-3855

       N.   25251 San Andres, Temecula, CA 92691

       O.   25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.006

       P.  375 N 1020 E 10 N, Provo, UT 84601

       Q.  5182 W Dock St, South Jordan, UT 84009-6137

       R.  1303 Brooke Ln, Farmington, UT 84025-2078

       S.  565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i. Mary Wesley Street.

    i.  SSN: 414-96-XXXX

    ii.  Date of Birth: August 1963

    iii.  Possible address(es):

       A.  51 N Redwood Rd., Saratoga Springs, UT 84045

       B.  6535 N 5750 W, American Fork, UT 84003

       C.  10 E 800 S, Orem, UT 84058

       D.  743 W 500 S, Orem, UT 84058

       E.  743 S 500 E, Orem, UT 84097

       F.  725 S 300, Orem, UT 84097

       G.  725 E 300 S, Orem, UT 84097

       H.  5735 Truman Mountain Rd, Gainesville, GA 30506

       I.  5735 Truman Ln, Gainesville, GA 30506

       J.  225 Central Ave SW Apt 1509, Atlanta, GA 30303

       K.  2507 Brookhaven Vw NE, Brookhaven, GA 30319

       L.  300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

       M.  300 Peachtree W, Gainesville, GA 30506

       N.  300 W Peachtree St NW Apt 30, Atlanta, GA 30308

       O.  3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.006

        P. 475 Baldwin St Apt 24, Athens, GA 30605

        Q. 904 Summit Creek Dr, Stone Mountain, GA 30083

        R. 4290 Cameron Way, Lithonia, GA 30058

        S. 2825 Lajean Dr, Atlanta, GA 30349

        T. 3914 Memorial Ave 04, Clarkston, GA 30021

        U. RR 5 Box, Cumming, GA

        V. 3953 Covington Hwy Apt, Decatur, GA 30032

j. Spencer Michael Taylor

    i. SSN: 522-61-XXXX

    ii. Date of Birth: August 1981

    iii. Possible address(es):

        A. 889 S Anna Ekins Memorial Ln., Genola, UT 84655

        B. 1143 W Center St, Orem, UT 84057-5207

        C. 10306 S Whetstone Cv, South Jordan, UT 84095-5998

        D. 1417 S 1420 E, Provo, UT 84606-6475

        E. 27452 Pinyon St, Murrieta, CA 92562-4385

        F. 24568 Westhaven Ct, Murrieta, CA 92562-3840

        G. 37895 Sky High Dr, Murrieta, CA 92562-3079

        H. 8934 W Grand Ave, Littleton, CO 80123-1940

        I. 10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

        J. 3042 S Sheridan Blvd, Denver, CO 80227-4151

        K. 778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

        L. 8042 Sheridan Blvd, Denver, CO 80227

21009.006

    M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

    N.  24850 Handcock C 207, Murrieta, CA 92562

    O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

    P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

    Q.  657 E 500 N Apt, Logan, UT 84321-4248

    R.  627 E 400 N Apt 4, Logan, UT 84321-4217

    S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

    T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

    U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

   a.  Millcreek Commercial Properties, LLC;

      i.  Possible address(es):

        A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

        B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        C.  149 N 980 E, Suite 200, Lindon, UT, 84042

        D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

     ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Jerald Adam Long (a.k.a. Adam Long)

        C.  Spencer Michael Taylor

        D.  Brent Roland Smith

   b.  Millrock Investment Fund 1, LLC;

21009.006

      i. Possible address(es):

         A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

         B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

         C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

         D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

      ii. Affiliated individual(s):

         A. Kevin George Long

         B. Brent Roland Smith

         C. Thomas Allen Smith (a.k.a. Tom Smith)

c. Millrock Investment Fund 1 Management, LLC;

      i. Possible address(es):

         A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

         B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

         C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

         D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

      ii. Affiliated individual(s):

         A. Kevin George Long

         B. Brent Roland Smith

d. ADP-Millcreek 1, LLC;

      i. Possible address(es):

21009.006

        A.  2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

e.  ADP-Millcreek 3, LLC;

   i.  Possible address(es):

        A.  2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

   ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

f.  KGL Real Estate Development PLLC;

   i.  Possible address(es):

        A.  149 N 980 E, Lindon, UT 84042

   ii.  Affiliated individual(s):

        A.  Kevin George Long

g.  KGL Advisors, LLC

   i.  Possible address(es):

        A.  149 N 980 E, Lindon, UT, 84042

   ii.  Affiliated individual(s):

        A.  Kevin George Long

h.  Long Holdings, LLC;

   i.  Possible address(es):

        A.  4692 Windsor Dr., Provo, UT 84604

21009.006

      ii.  Affiliated individual(s):

          A.  Jerald Adam Long (a.k.a. Adam Long)

          B.  Kevin George Long

i.  GTR Holdings, LLC;

      i.  Possible address(es):

          A.  5047 W Burntside Ave., South Jordan, UT 84009

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

j.  Slope Construction, LLC

      i.  Possible address(es):

          A.  3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

          B.  1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

k.  Sky High Capital Partners, LLC

      i.  Possible address(es):

          A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

      ii.  Affiliated individual(s):

          A.  Brent Roland Smith

l.  SHC Management, LLC

      i.  Possible address(es):

          A.  1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

      ii.  Affiliated individual(s):

21009.006

        A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.006

        A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Jeremy Long

        D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

    i. Possible address(es):

        A. 6365 N 5750 W, American Fork, UT 84003

        B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Mary Wesley Street

        B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i. Possible address(es):

        A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii. Affiliated individual(s):

        A. Steven Michael Caton (a.k.a. Steve Caton)

        B. Stephen Holden

        C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i. Possible address(es):

21009.006

        A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

    ii. Affiliated individual(s):

        A. William J. Caton (a.k.a. Bill Caton)

        B. Steven Michael Caton (a.k.a. Steve Caton)

        C. Christina Caton Kitchel

        D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

21009.006

A. Emanuele Raymond Butera (a.k.a. Manny Butera)

B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v. Jameson Capital LLC;

  i. Possible address(es):

     A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

     B. P.O. Box 681982, Franklin, TN 37064

     C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

     D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

     A. Emanuele Raymond Butera (a.k.a. Manny Butera)

     B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w. Jameson Ventures LLC; and/or

  i. Possible address(es):

     A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

     B. P.O. Box 681982, Franklin, TN 37064

     C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

     D. 6004 Cody Cv, Spring Hill, TN 37174-7434

  ii. Affiliated individual(s):

     A. Emanuele Raymond Butera (a.k.a. Manny Butera)

     B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.006

    x.   Redstone LLC (dba "American Development Partners" or "ADP")

        i.   Possible address(es):

            A.   8618 Shortleaf Ct., College Grove, TN 37046-1443

            B.   P.O. Box 681982, Franklin, TN 37064

            C.   5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D.   6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.   Affiliated individual(s):

            A.   Emanuele Raymond Butera (a.k.a. Manny Butera)

            B.   Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.   Account opening documents, applications, and agreements;

    b.   Signature cards and identification documents;

    c.   Monthly or periodic account statements;

    d.   Account closing documents;

    e.   Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.   Debit and credit memos;

    g.   Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.   Records of safe deposit box rentals; and

21009.006

      i.   Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

   a.   This includes but is not limited to:

      i.   Communications;

     ii.   Any written, printed, recorded, or tangible matter of any character, including but not limited to:

        A.   notes;

        B.   minutes;

        C.   memoranda;

        D.   contracts;

        E.   invoices, receipts, bills of sale, bills of lading, etc.;

        F.   accounting records;

        G.   calendars, diaries, schedules, etc.;

        H.   reports;

        I.   graphs, charts, etc.;

        J.   video footage;

        K.   audio recordings;

        L.   photographs;

        M.   images;

        N.   drawings; and

21009.006

      O.  any other data or data compilation from which information can be obtained.

    b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

    c.  Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

    a.  canceled checks (front and back);

    b.  deposited items;

    c.  deposit slips;

    d.  withdrawal slips;

21009.006

    e. wire transfer records;

    f. Automated Clearing House (ACH) transactions;

    g. electronic funds transfers;

    h. cashier's checks;

    i. money orders;

    j. credit and debit card transactions; and

    k. any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a. letters,

    b. emails,

    c. memoranda,

    d. notes, and/or

    e. other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a. checking, savings, and other deposit accounts;

21009.006

b.  credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

c.  investment accounts;

d.  trusts; and

e.  escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

a.  owned, controlled, or used by the subject in question;

b.  on which the subject is a signatory;

c.  for which the subject is authorized to access records and/or information;

d.  created for the benefit of the subject; or

e.  under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.006

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.006

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

\* \* \*

21009.006

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.006

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

·

# United States District Court
## FOR THE EASTERN DISTRICT OF MISSOURI

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**MRV Banks**
**by and through its registered agent for service, Robert G. Lawrence**
**871 Sainte Genevieve Drive, Sainte Genevieve, MO 63670**

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: 871 Sainte Genevieve Drive, Sainte Genevieve, MO 63670 | Date and Time:<br>**04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,**<br>**Patti Klair, et al.** | DATE<br><br>**03/09/2026** |
|---|---|---|

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.007

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.007

# EXHIBIT A

21009.007

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. MRV Banks;

    b. any predecessor entities to MRV Banks, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

            B. 6004 Cody Cv, Spring Hill, TN 37174

21009.007

C.  301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.  14116 Ambiance Way, Franklin, TN 37067

E.  1846 Grace Point Ln, Nolensville, TN 37135

F.  7061 Nolen Park Cir, Nolensville, TN 37135

G.  23201 Clocktower Dr, Franklin, TN 37067

H.  7105 Moores Ln Ste 6, Brentwood, TN 37027

I.  9011 Grey Pointe Ct, Brentwood, TN 37027

J.  9011 Grey Pointe Ct, Franklin, TN 37027

K.  9011 Grey Pointe, Nashville, TN 37204

L.  9011 Grey Pt, Nashville, TN 37204

M.  1116 Brentwood Pt, Brentwood, TN 37027

N.  1004 Chapel Lake Cir, Franklin, TN 37069

O.  602 Brentwood Pt, Brentwood, TN 37027

P.  612 Brentwood Pt, Brentwood, TN 37027

Q.  404 Brentwood Pt, Brentwood, TN 37027

R.  902 Brentwood Pt, Brentwood, TN 37027

S.  704 Brentwood Pt, Brentwood, TN 37027

T.  227 Governors Way, Brentwood, TN 37027

U.  1001 Glendale Ln, Nashville, TN 37204

V.  90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.  1540 Helton Dr Apt 510, Florence, AL 35630

X.  448 Essex Park Cir, Franklin, TN 37069

Y.  1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.007

Z.  1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.    2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.    188 Rosecliff Dr, Harvest, AL 35749

EE.    RR 2 Box 51, Newhebron, MS 39140

FF.    9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

  i.  SSN: 408-67-XXXX

  ii.  Date of Birth: November 1974

  iii.  Possible address(es):

    A.  8618 Shortleaf Ct, College Grove, TN 37046

    B.  6004 Cody Cv, SpringHill, TN 37174

    C.  2012 Gweneth Dr, Spring Hill, TN 37174

c.  Steven Michael Caton (a.k.a. Steve Caton);

  i.  Date of Birth: July 1976

  ii.  Possible address(es):

    A.  545 N McClurg Ct Unit 4210, Chicago, IL 60611

    B.  2625 Vermillion Ct, Naperville, IL 60565

    C.  13324 Round Barn Rd, Plainfield, IL 60585

    D.  545 N McClurg Ct Unit 3010, Chicago, IL 60611

    E.  PO Box 10029, Chicago, IL 60610

21009.007

F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

G.  24727 W Fraser Rd, Plainfield, IL 60586

H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

I.  14646 Patriot Square Dr W, Plainfield, IL 60544

J.  23917 W Robert Ave, Plainfield, IL 60544

K.  16332 Hidden River Dr D, Plainfield, IL 60586

L.  1000 David Ross Rd, West Lafayette, IN 47906

M.  3419 Winterfield Run, Fort Wayne, IN 46804

N.  146 Cary Quad 336, West Lafayette, IN 47906

O.  PO Box 335, Independence, CA 93526

P.  2127 Stillwell St, Lafayette, IN 47904

Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

R.  223 Pierce St Apt 4, West Lafayette, IN 47906

S.  16215 S Serenity Dr, Plainfield, IL 60586

T.  154 Cary Quad, West Lafayette, IN 47906

U.  24421 John Adams Dr, Plainfield, IL 60544

V.  1974 E 2nd St, Brooklyn, NY 11223

W.  744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

i.  SSN: 544-68-XXXX

ii.  Date of Birth: 1960

iii.  Possible address(es):

21009.007

        A.  149 N 980 E, Lindon, UT 84042

        B.  5095 W Belle Cir, Depoe Bay, OR 97341

        C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

    i.  SSN: 647-14-XXXX

    ii.  Date of Birth: January 1993

    iii.  Possible address(es):

        A.  4692 Windsor Dr, Provo, UT 84604

        B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

        C.  571 Lewski Ln, Riverton, UT 84065

        D.  149 N 980 E Lindon, UT 84042

        E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

    i.  SSN: 572-08-XXXX

    ii.  Date of Birth: November 1971

    iii.  Possible address(es):

        A.  10397 N Oak Cir., Highland, UT 84003

        B.  1143 W Center St. Orem, UT 84057-5207

        C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

        D.  1417 S 1420 E Provo, UT 84606-6475

        E.  27452 Pinyon St., Murrieta, CA 92562-4385

        F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

        G.  37895 Sky High Dr., Murrieta, CA 92562-3079

21009.007

  H. 8934 W Grand Ave. Littleton, CO 80123-1940

  I. 10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

  J. 3042 S Sheridan Blvd., Denver, CO 80227-4151

  K. 778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

  L. 8042 Sheridan Blvd., Denver, CO 80227

  M. 24850 Handcock F 207 Ave., Murrieta, CA 92562

  N. 24850 Handcock C 207, Murrieta, CA 92562

  O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

  P. 6225 W Coal Mine Pl., Littleton, CO 80128-3920

  Q. 657 E 500 N, Logan, UT 84321-4248

  R. 627 E 400 N Apt 4., Logan, UT 84321-4217

  S. 10306 S Silver Mine Rd., South Jordan, UT 84095-4792

  T. 10356 S Silver Mine Rd., South Jordan, UT 84095-4792

  U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g. Brent Roland Smith;

  i. SSN: 604-58-XXXX

  ii. Date of Birth: February 1989

  iii. Possible address(es):

    A. 5047 W Burntside Ave, South Jordan, UT 84095

    B. 10356 S Silver Mine Rd, South Jordan, UT 84095

    C. 159 E McArthur Ave Apt, Cedar City, UT 84720

    D. 565 Pioneer Rd Apt 126, Rexburg, ID 83440

    E. 37895 Sky High Dr, Murrieta, CA 92562

21009.007

    F.  7404 Armstrong Pl, San Diego, CA 92111

    G.  1270 W 1130 S Apt, Orem, UT 84058

    H.  460 S 2nd W Apt 8, Rexburg, ID 83440

    I.  639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

    i.  SSN: 573-23-XXXX

    ii.  Date of Birth: February 1958

    iii.  Possible address(es):

        A.  4411 Sheffield Dr, Provo, UT 84604-5570

        B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

        C.  4417 Stafford Ct, Provo, UT 84604-6028

        D.  37895 Sky High Dr, Murrieta, CA 92562-3079

        E.  37895 Sky Dr., Murrieta, CA 92562

        F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

        G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

        H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

        I.  3789 S Sky High Dr, Murrieta, CA 92562

        J.  29887 Via Norte, Temecula, CA 92591-1648

        K.  29887 Via Del N, Temecula, CA 92591

        L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

        M. 30645 Feather Ct, Temecula, CA 92591-3855

        N.  25251 San Andres, Temecula, CA 92691

        O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.007

  P. 375 N 1020 E 10 N, Provo, UT 84601

  Q. 5182 W Dock St, South Jordan, UT 84009-6137

  R. 1303 Brooke Ln, Farmington, UT 84025-2078

  S. 565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i. Mary Wesley Street.

  i. SSN: 414-96-XXXX

  ii. Date of Birth: August 1963

  iii. Possible address(es):

   A. 51 N Redwood Rd., Saratoga Springs, UT 84045

   B. 6535 N 5750 W, American Fork, UT 84003

   C. 10 E 800 S, Orem, UT 84058

   D. 743 W 500 S, Orem, UT 84058

   E. 743 S 500 E, Orem, UT 84097

   F. 725 S 300, Orem, UT 84097

   G. 725 E 300 S, Orem, UT 84097

   H. 5735 Truman Mountain Rd, Gainesville, GA 30506

   I. 5735 Truman Ln, Gainesville, GA 30506

   J. 225 Central Ave SW Apt 1509, Atlanta, GA 30303

   K. 2507 Brookhaven Vw NE, Brookhaven, GA 30319

   L. 300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

   M. 300 Peachtree W, Gainesville, GA 30506

   N. 300 W Peachtree St NW Apt 30, Atlanta, GA 30308

   O. 3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.007

P. 475 Baldwin St Apt 24, Athens, GA 30605

Q. 904 Summit Creek Dr, Stone Mountain, GA 30083

R. 4290 Cameron Way, Lithonia, GA 30058

S. 2825 Lajean Dr, Atlanta, GA 30349

T. 3914 Memorial Ave 04, Clarkston, GA 30021

U. RR 5 Box, Cumming, GA

V. 3953 Covington Hwy Apt, Decatur, GA 30032

j. Spencer Michael Taylor

   i. SSN: 522-61-XXXX

  ii. Date of Birth: August 1981

 iii. Possible address(es):

A. 889 S Anna Ekins Memorial Ln., Genola, UT 84655

B. 1143 W Center St, Orem, UT 84057-5207

C. 10306 S Whetstone Cv, South Jordan, UT 84095-5998

D. 1417 S 1420 E, Provo, UT 84606-6475

E. 27452 Pinyon St, Murrieta, CA 92562-4385

F. 24568 Westhaven Ct, Murrieta, CA 92562-3840

G. 37895 Sky High Dr, Murrieta, CA 92562-3079

H. 8934 W Grand Ave, Littleton, CO 80123-1940

I. 10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

J. 3042 S Sheridan Blvd, Denver, CO 80227-4151

K. 778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

L. 8042 Sheridan Blvd, Denver, CO 80227

21009.007

M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

N.  24850 Handcock C 207, Murrieta, CA 92562

O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

Q.  657 E 500 N Apt, Logan, UT 84321-4248

R.  627 E 400 N Apt 4, Logan, UT 84321-4217

S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3.  The term "Named Entities" refers to:

    a.  Millcreek Commercial Properties, LLC;

        i.  Possible address(es):

A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

C.  149 N 980 E, Suite 200, Lindon, UT, 84042

D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        ii.  Affiliated individual(s):

A.  Kevin George Long

B.  Jerald Adam Long (a.k.a. Adam Long)

C.  Spencer Michael Taylor

D.  Brent Roland Smith

    b.  Millrock Investment Fund 1, LLC;

21009.007

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

        C.  Thomas Allen Smith (a.k.a. Tom Smith)

c.  Millrock Investment Fund 1 Management, LLC;

    i.  Possible address(es):

        A.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B.  1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

d.  ADP-Millcreek 1, LLC;

    i.  Possible address(es):

21009.007

       A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

       A. Kevin George Long

       B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

    i. Possible address(es):

       A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

       A. Kevin George Long

       B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

    i. Possible address(es):

       A. 149 N 980 E, Lindon, UT 84042

    ii. Affiliated individual(s):

       A. Kevin George Long

g. KGL Advisors, LLC

    i. Possible address(es):

       A. 149 N 980 E, Lindon, UT, 84042

    ii. Affiliated individual(s):

       A. Kevin George Long

h. Long Holdings, LLC;

    i. Possible address(es):

       A. 4692 Windsor Dr., Provo, UT 84604

21009.007

    ii. Affiliated individual(s):

        A. Jerald Adam Long (a.k.a. Adam Long)

        B. Kevin George Long

i. GTR Holdings, LLC;

    i. Possible address(es):

        A. 5047 W Burntside Ave., South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Brent Roland Smith

j. Slope Construction, LLC

    i. Possible address(es):

        A. 3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

        B. 1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Brent Roland Smith

k. Sky High Capital Partners, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

        A. Brent Roland Smith

l. SHC Management, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

21009.007

A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.007

        A.  111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Jerald Adam Long

        C.  Jeremy Long

        D.  Ryan David Comer

q.  CAMS Realty LLC (dba "Colliers Asset Management Services")

    i.  Possible address(es):

        A.  6365 N 5750 W, American Fork, UT 84003

        B.  2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Mary Wesley Street

        B.  William Street

r.  SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i.  Possible address(es):

        A.  718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii.  Affiliated individual(s):

        A.  Steven Michael Caton (a.k.a. Steve Caton)

        B.  Stephen Holden

        C.  Tyler Ramsey

s.  JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i.  Possible address(es):

21009.007

A. 1296 Rickert Dr., Ste. 200, Naperville, IL 60540

    ii. Affiliated individual(s):

        A. William J. Caton (a.k.a. Bill Caton)

        B. Steven Michael Caton (a.k.a. Steve Caton)

        C. Christina Caton Kitchel

        D. Amy Hall

t. Jameson LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u. Jameson Holdings LLC (dba "American Development Partners" or "ADP");

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

21009.007

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v. Jameson Capital LLC;

   i. Possible address(es):

       A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

       B. P.O. Box 681982, Franklin, TN 37064

       C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

       D. 6004 Cody Cv, Spring Hill, TN 37174-7434

   ii. Affiliated individual(s):

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w. Jameson Ventures LLC; and/or

   i. Possible address(es):

       A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

       B. P.O. Box 681982, Franklin, TN 37064

       C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

       D. 6004 Cody Cv, Spring Hill, TN 37174-7434

   ii. Affiliated individual(s):

       A. Emanuele Raymond Butera (a.k.a. Manny Butera)

       B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.007

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

            A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

            B.  P.O. Box 681982, Franklin, TN 37064

            C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

            A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

            B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.007

   i. Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

  a. This includes but is not limited to:

   i. Communications;

   ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

    A. notes;

    B. minutes;

    C. memoranda;

    D. contracts;

    E. invoices, receipts, bills of sale, bills of lading, etc.;

    F. accounting records;

    G. calendars, diaries, schedules, etc.;

    H. reports;

    I. graphs, charts, etc.;

    J. video footage;

    K. audio recordings;

    L. photographs;

    M. images;

    N. drawings; and

21009.007

O. any other data or data compilation from which information can be obtained.

b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

c. Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

a. canceled checks (front and back);

b. deposited items;

c. deposit slips;

d. withdrawal slips;

21009.007

    e.   wire transfer records;

    f.   Automated Clearing House (ACH) transactions;

    g.   electronic funds transfers;

    h.   cashier's checks;

    i.   money orders;

    j.   credit and debit card transactions; and

    k.   any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a.   letters,

    b.   emails,

    c.   memoranda,

    d.   notes, and/or

    e.   other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

    a.   checking, savings, and other deposit accounts;

21009.007

   b.   credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

   c.   investment accounts;

   d.   trusts; and

   e.   escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

   a.   owned, controlled, or used by the subject in question;

   b.   on which the subject is a signatory;

   c.   for which the subject is authorized to access records and/or information;

   d.   created for the benefit of the subject; or

   e.   under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

\* \* \*

21009.007

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

    a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

    a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

    b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

    a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

    a. the legal and factual basis for the claim;

21009.007

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

\* \* \*

21009.007

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.007

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
-

# United States District Court
## FOR THE DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

DISTRICT OF UTAH

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Central Bank
by and through its registered agent for service, Mark Packard
75 North University Avenue, Provo, UT 84601**

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: The office of the custodian: **75 North University Avenue, Provo, UT 84601** | Date and Time: **04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff
Nichamoff Law, P.C.
2444 Times Blvd., Suite 270, Houston, TX 77005
Ph: 713-503-6706**

Order No. 21009.008

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.008

# EXHIBIT A

21009.008

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You," "Your," and "Yours" refer to:

    a. Central Bank;

    b. Central Bank Utah;

    c. any predecessor entities to Central Bank, which were active during the relevant time period(s);

    d. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    e. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Named Individuals" refers to:

    a. Emanuele Raymond Butera (a.k.a. Manny Butera);

        i. SSN: 416-41-XXXX

        ii. Date of Birth: October 1971

        iii. Possible address(es):

            A. 8618 Shortleaf Ct, College Grove, TN 37046

21009.008

B. 6004 Cody Cv, Spring Hill, TN 37174

C. 301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D. 14116 Ambiance Way, Franklin, TN 37067

E. 1846 Grace Point Ln, Nolensville, TN 37135

F. 7061 Nolen Park Cir, Nolensville, TN 37135

G. 23201 Clocktower Dr, Franklin, TN 37067

H. 7105 Moores Ln Ste 6, Brentwood, TN 37027

I. 9011 Grey Pointe Ct, Brentwood, TN 37027

J. 9011 Grey Pointe Ct, Franklin, TN 37027

K. 9011 Grey Pointe, Nashville, TN 37204

L. 9011 Grey Pt, Nashville, TN 37204

M. 1116 Brentwood Pt, Brentwood, TN 37027

N. 1004 Chapel Lake Cir, Franklin, TN 37069

O. 602 Brentwood Pt, Brentwood, TN 37027

P. 612 Brentwood Pt, Brentwood, TN 37027

Q. 404 Brentwood Pt, Brentwood, TN 37027

R. 902 Brentwood Pt, Brentwood, TN 37027

S. 704 Brentwood Pt, Brentwood, TN 37027

T. 227 Governors Way, Brentwood, TN 37027

U. 1001 Glendale Ln, Nashville, TN 37204

V. 90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W. 1540 Helton Dr Apt 510, Florence, AL 35630

X. 448 Essex Park Cir, Franklin, TN 37069

21009.008

Y. 1320 Grayson Valley Pkwy, Birmingham, AL 35235

Z. 1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.    2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.    188 Rosecliff Dr, Harvest, AL 35749

EE.    RR 2 Box 51, Newhebron, MS 39140

FF.    9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b. Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i. SSN: 408-67-XXXX

   ii. Date of Birth: November 1974

   iii. Possible address(es):

      A. 8618 Shortleaf Ct, College Grove, TN 37046

      B. 6004 Cody Cv, SpringHill, TN 37174

      C. 2012 Gweneth Dr, Spring Hill, TN 37174

c. Steven Michael Caton (a.k.a. Steve Caton);

   i. Date of Birth: July 1976

   ii. Possible address(es):

      A. 545 N McClurg Ct Unit 4210, Chicago, IL 60611

      B. 2625 Vermillion Ct, Naperville, IL 60565

      C. 13324 Round Barn Rd, Plainfield, IL 60585

      D. 545 N McClurg Ct Unit 3010, Chicago, IL 60611

21009.008

E.  PO Box 10029, Chicago, IL 60610

F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

G.  24727 W Fraser Rd, Plainfield, IL 60586

H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

I.  14646 Patriot Square Dr W, Plainfield, IL 60544

J.  23917 W Robert Ave, Plainfield, IL 60544

K.  16332 Hidden River Dr D, Plainfield, IL 60586

L.  1000 David Ross Rd, West Lafayette, IN 47906

M.  3419 Winterfield Run, Fort Wayne, IN 46804

N.  146 Cary Quad 336, West Lafayette, IN 47906

O.  PO Box 335, Independence, CA 93526

P.  2127 Stillwell St, Lafayette, IN 47904

Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

R.  223 Pierce St Apt 4, West Lafayette, IN 47906

S.  16215 S Serenity Dr, Plainfield, IL 60586

T.  154 Cary Quad, West Lafayette, IN 47906

U.  24421 John Adams Dr, Plainfield, IL 60544

V.  1974 E 2nd St, Brooklyn, NY 11223

W.  744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

i.  SSN: 544-68-XXXX

ii.  Date of Birth: 1960

21009.008

     iii.  Possible address(es):

        A.  149 N 980 E, Lindon, UT 84042

        B.  5095 W Belle Cir, Depoe Bay, OR 97341

        C.  829 SW Spring St, Mill City, OR 97360

e.  Jerald Adam Long (a.k.a. Adam Long);

     i.  SSN: 647-14-XXXX

     ii.  Date of Birth: January 1993

     iii.  Possible address(es):

        A.  4692 Windsor Dr, Provo, UT 84604

        B.  10 Soldiers Field Park Apt. 10A, Boston, MA 02163

        C.  571 Lewski Ln, Riverton, UT 84065

        D.  149 N 980 E Lindon, UT 84042

        E.  149 N E, Lindon, UT 84042

f.  Scott Loren Rutherford;

     i.  SSN: 572-08-XXXX

     ii.  Date of Birth: November 1971

     iii.  Possible address(es):

        A.  10397 N Oak Cir., Highland, UT 84003

        B.  1143 W Center St. Orem, UT 84057-5207

        C.  10306 S Whetstone Cv., South Jordan, UT 84095-5998

        D.  1417 S 1420 E Provo, UT 84606-6475

        E.  27452 Pinyon St., Murrieta, CA 92562-4385

        F.  24568 Westhaven Ct., Murrieta, CA 92562-3840

21009.008

G. 37895 Sky High Dr., Murrieta, CA 92562-3079

H. 8934 W Grand Ave. Littleton, CO 80123-1940

I. 10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

J. 3042 S Sheridan Blvd., Denver, CO 80227-4151

K. 778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

L. 8042 Sheridan Blvd., Denver, CO 80227

M. 24850 Handcock F 207 Ave., Murrieta, CA 92562

N. 24850 Handcock C 207, Murrieta, CA 92562

O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P. 6225 W Coal Mine Pl., Littleton, CO 80128-3920

Q. 657 E 500 N, Logan, UT 84321-4248

R. 627 E 400 N Apt 4., Logan, UT 84321-4217

S. 10306 S Silver Mine Rd., South Jordan, UT 84095-4792

T. 10356 S Silver Mine Rd., South Jordan, UT 84095-4792

U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g. Brent Roland Smith;

    i. SSN: 604-58-XXXX

    ii. Date of Birth: February 1989

    iii. Possible address(es):

        A. 5047 W Burntside Ave, South Jordan, UT 84095

        B. 10356 S Silver Mine Rd, South Jordan, UT 84095

        C. 159 E McArthur Ave Apt, Cedar City, UT 84720

        D. 565 Pioneer Rd Apt 126, Rexburg, ID 83440

21009.008

E. 37895 Sky High Dr, Murrieta, CA 92562

F. 7404 Armstrong Pl, San Diego, CA 92111

G. 1270 W 1130 S Apt, Orem, UT 84058

H. 460 S 2nd W Apt 8, Rexburg, ID 83440

I. 639 Trejo St, Rexburg, ID 83440

h. Thomas Allen Smith (a.k.a. Tom Smith); and/or

i. SSN: 573-23-XXXX

ii. Date of Birth: February 1958

iii. Possible address(es):

A. 4411 Sheffield Dr, Provo, UT 84604-5570

B. 27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

C. 4417 Stafford Ct, Provo, UT 84604-6028

D. 37895 Sky High Dr, Murrieta, CA 92562-3079

E. 37895 Sky Dr., Murrieta, CA 92562

F. 38381 Shoal Creek Dr, Murrieta, CA 92562-3001

G. 27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

H. 28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

I. 3789 S Sky High Dr, Murrieta, CA 92562

J. 29887 Via Norte, Temecula, CA 92591-1648

K. 29887 Via Del N, Temecula, CA 92591

L. 24751 San Andres Ln, Mission Viejo, CA 92691-4926

M. 30645 Feather Ct, Temecula, CA 92591-3855

N. 25251 San Andres, Temecula, CA 92691

21009.008

O. 25251 Terreno Dr, Mission Viejo, CA 92691-5527

P. 375 N 1020 E 10 N, Provo, UT 84601

Q. 5182 W Dock St, South Jordan, UT 84009-6137

R. 1303 Brooke Ln, Farmington, UT 84025-2078

S. 565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i. Mary Wesley Street.

    i. SSN: 414-96-XXXX

    ii. Date of Birth: August 1963

    iii. Possible address(es):

        A. 51 N Redwood Rd., Saratoga Springs, UT 84045

        B. 6535 N 5750 W, American Fork, UT 84003

        C. 10 E 800 S, Orem, UT 84058

        D. 743 W 500 S, Orem, UT 84058

        E. 743 S 500 E, Orem, UT 84097

        F. 725 S 300, Orem, UT 84097

        G. 725 E 300 S, Orem, UT 84097

        H. 5735 Truman Mountain Rd, Gainesville, GA 30506

        I. 5735 Truman Ln, Gainesville, GA 30506

        J. 225 Central Ave SW Apt 1509, Atlanta, GA 30303

        K. 2507 Brookhaven Vw NE, Brookhaven, GA 30319

        L. 300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

        M. 300 Peachtree W, Gainesville, GA 30506

        N. 300 W Peachtree St NW Apt 30, Atlanta, GA 30308

21009.008

O. 3914 Memorial College Ave Apt 4, Clarkston, GA 30021

P. 475 Baldwin St Apt 24, Athens, GA 30605

Q. 904 Summit Creek Dr, Stone Mountain, GA 30083

R. 4290 Cameron Way, Lithonia, GA 30058

S. 2825 Lajean Dr, Atlanta, GA 30349

T. 3914 Memorial Ave 04, Clarkston, GA 30021

U. RR 5 Box, Cumming, GA

V. 3953 Covington Hwy Apt, Decatur, GA 30032

j. Spencer Michael Taylor

    i. SSN: 522-61-XXXX

    ii. Date of Birth: August 1981

    iii. Possible address(es):

A. 889 S Anna Ekins Memorial Ln., Genola, UT 84655

B. 1143 W Center St, Orem, UT 84057-5207

C. 10306 S Whetstone Cv, South Jordan, UT 84095-5998

D. 1417 S 1420 E, Provo, UT 84606-6475

E. 27452 Pinyon St, Murrieta, CA 92562-4385

F. 24568 Westhaven Ct, Murrieta, CA 92562-3840

G. 37895 Sky High Dr, Murrieta, CA 92562-3079

H. 8934 W Grand Ave, Littleton, CO 80123-1940

I. 10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

J. 3042 S Sheridan Blvd, Denver, CO 80227-4151

K. 778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

21009.008

  L. 8042 Sheridan Blvd, Denver, CO 80227

  M. 24850 Handcock F 207 Ave, Murrieta, CA 92562

  N. 24850 Handcock C 207, Murrieta, CA 92562

  O. 820 Sycamore Ave Apt 57, Vista, CA 92081-7966

  P. 6225 W Coal Mine Pl, Littleton, CO 80128-3920

  Q. 657 E 500 N Apt, Logan, UT 84321-4248

  R. 627 E 400 N Apt 4, Logan, UT 84321-4217

  S. 10306 S Silver Mine Rd, South Jordan, UT 84095-4792

  T. 10356 S Silver Mine Rd, South Jordan, UT 84095-4792

  U. 40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3. The term "Named Entities" refers to:

 a. Millcreek Commercial Properties, LLC;

  i. Possible address(es):

   A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

   B. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

   C. 149 N 980 E, Suite 200, Lindon, UT, 84042

   D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

  ii. Affiliated individual(s):

   A. Kevin George Long

   B. Jerald Adam Long (a.k.a. Adam Long)

   C. Spencer Michael Taylor

   D. Brent Roland Smith

21009.008

b.  Millrock Investment Fund 1, LLC;

    i.  Possible address(es):

        A.  1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

        C.  Thomas Allen Smith (a.k.a. Tom Smith)

c.  Millrock Investment Fund 1 Management, LLC;

    i.  Possible address(es):

        A.  111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B.  1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Brent Roland Smith

d.  ADP-Millcreek 1, LLC;

21009.008

i. Possible address(es):

A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

ii. Affiliated individual(s):

A. Kevin George Long

B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

i. Possible address(es):

A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

ii. Affiliated individual(s):

A. Kevin George Long

B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

i. Possible address(es):

A. 149 N 980 E, Lindon, UT 84042

ii. Affiliated individual(s):

A. Kevin George Long

g. KGL Advisors, LLC

i. Possible address(es):

A. 149 N 980 E, Lindon, UT, 84042

ii. Affiliated individual(s):

A. Kevin George Long

h. Long Holdings, LLC;

i. Possible address(es):

21009.008

   A. 4692 Windsor Dr., Provo, UT 84604

  ii. Affiliated individual(s):

   A. Jerald Adam Long (a.k.a. Adam Long)

   B. Kevin George Long

i. GTR Holdings, LLC;

  i. Possible address(es):

   A. 5047 W Burntside Ave., South Jordan, UT 84009

  ii. Affiliated individual(s):

   A. Brent Roland Smith

j. Slope Construction, LLC

  i. Possible address(es):

   A. 3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

   B. 1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

   A. Brent Roland Smith

k. Sky High Capital Partners, LLC

  i. Possible address(es):

   A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

  ii. Affiliated individual(s):

   A. Brent Roland Smith

l. SHC Management, LLC

  i. Possible address(es):

   A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

21009.008

  ii. Affiliated individual(s):

    A. Brent Roland Smith

m. Smart Cove, LLC;

  i. Possible address(es):

    A. 10306 S Whetstone Cove, South Jordan, UT 84009

  ii. Affiliated individual(s):

    A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

  i. Possible address(es):

    A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

  ii. Affiliated individual(s):

    A. Kevin George Long

o. Millcreek Development Management, LLC

  i. Possible address(es):

    A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

    B. 5047 W Burntside Ave., South Jordan, UT, 84009

  ii. Affiliated individual(s):

    A. Kevin George Long

    B. Jerald Adam Long

    C. Brent Roland Smith

    D. Spencer Michael Taylor

p. CRE2U, LLC

21009.008

    i. Possible address(es):

        A. 111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Jeremy Long

        D. Ryan David Comer

q. CAMS Realty LLC (dba "Colliers Asset Management Services")

    i. Possible address(es):

        A. 6365 N 5750 W, American Fork, UT 84003

        B. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Mary Wesley Street

        B. William Street

r. SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i. Possible address(es):

        A. 718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii. Affiliated individual(s):

        A. Steven Michael Caton (a.k.a. Steve Caton)

        B. Stephen Holden

        C. Tyler Ramsey

s. JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

21009.008

      i.  Possible address(es):

          A.  1296 Rickert Dr., Ste. 200, Naperville, IL 60540

      ii.  Affiliated individual(s):

          A.  William J. Caton (a.k.a. Bill Caton)

          B.  Steven Michael Caton (a.k.a. Steve Caton)

          C.  Christina Caton Kitchel

          D.  Amy Hall

t.  Jameson LLC (dba "American Development Partners" or "ADP");

      i.  Possible address(es):

          A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

          B.  P.O. Box 681982, Franklin, TN 37064

          C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

          D.  6004 Cody Cv, Spring Hill, TN 37174-7434

      ii.  Affiliated individual(s):

          A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

          B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u.  Jameson Holdings LLC (dba "American Development Partners" or "ADP");

      i.  Possible address(es):

          A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

          B.  P.O. Box 681982, Franklin, TN 37064

          C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

          D.  6004 Cody Cv, Spring Hill, TN 37174-7434

21009.008

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v. Jameson Capital LLC;

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

        B. Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w. Jameson Ventures LLC; and/or

    i. Possible address(es):

        A. 8618 Shortleaf Ct., College Grove, TN 37046-1443

        B. P.O. Box 681982, Franklin, TN 37064

        C. 5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D. 6004 Cody Cv, Spring Hill, TN 37174-7434

    ii. Affiliated individual(s):

        A. Emanuele Raymond Butera (a.k.a. Manny Butera)

21009.008

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

  x.  Redstone LLC (dba "American Development Partners" or "ADP")

     i.  Possible address(es):

       A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

       B.  P.O. Box 681982, Franklin, TN 37064

       C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

       D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

       A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

       B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

  a.  Account opening documents, applications, and agreements;

  b.  Signature cards and identification documents;

  c.  Monthly or periodic account statements;

  d.  Account closing documents;

  e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

  f.  Debit and credit memos;

21009.008

    g. Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h. Records of safe deposit box rentals; and

    i. Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a. This includes but is not limited to:

        i. Communications;

        ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

            A. notes;

            B. minutes;

            C. memoranda;

            D. contracts;

            E. invoices, receipts, bills of sale, bills of lading, etc.;

            F. accounting records;

            G. calendars, diaries, schedules, etc.;

            H. reports;

            I. graphs, charts, etc.;

            J. video footage;

            K. audio recordings;

            L. photographs;

21009.008

    M. images;

    N. drawings; and

    O. any other data or data compilation from which information can be obtained.

  b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

  c. Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

  a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

  b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

  a. canceled checks (front and back);

  b. deposited items;

21009.008

    c.  deposit slips;

    d.  withdrawal slips;

    e.  wire transfer records;

    f.  Automated Clearing House (ACH) transactions;

    g.  electronic funds transfers;

    h.  cashier's checks;

    i.  money orders;

    j.  credit and debit card transactions; and

    k.  any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

    a.  letters,

    b.  emails,

    c.  memoranda,

    d.  notes, and/or

    e.  other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

21009.008

    a.  checking, savings, and other deposit accounts;

    b.  credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

    c.  investment accounts;

    d.  trusts; and

    e.  escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

    a.  owned, controlled, or used by the subject in question;

    b.  on which the subject is a signatory;

    c.  for which the subject is authorized to access records and/or information;

    d.  created for the benefit of the subject; or

    e.  under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.008

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.008

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

* * *

21009.008

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.008

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Old Republic National Title Insurance Company**
**by and through its registered agent for service, Matthew Wirth**
**3900 North Traverse Mountain Boulevard, Suite 201, Lehi, UT 84043**

---

**X** | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C).

---

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: The office of the custodian: **3900 North Traverse Mountain Blvd., Ste. 201, Lehi, UT 84043** | Date and Time: **04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

☐ | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.009

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

**Civil Action No. 2:23-cv-00407-HCN-CMR**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.009

# EXHIBIT A

21009.009

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 7. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You", "Your", and "Yours" refer to:

    a. Old Republic National Title Insurance Company;

    b. any predecessor entities to Old Republic National Title Insurance Company, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Properties" refers to and includes the following:

    a. Real property located at 1220 Keller Pkwy., Keller, TX 76248.

    b. Real property located at 2968 Reflection Dr., Naperville, IL 60654.

        i. This property is sometimes referred to by the address 2975 Showplace Dr., Naperville, IL 60654.

3. The term "Colliers/Long Parties" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns,

21009.009

successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

a. Colliers International Group, Inc. and its affiliates and subsidiaries, including, without limitation:

   i. Colliers International Group, Inc.

   ii. Colliers International Intermountain, LLC

   iii. Colliers International Holdings (USA), Inc.

   iv. Colliers International North Texas, LLC

b. Millcreek Commercial Properties, LLC, and its affiliates, including without limitation:

   i. Millcreek Commercial Properties, LLC

   ii. Millrock Investment Fund 1, LLC

   iii. Millrock Investment Fund 1 Management, LLC

   iv. Millcreek Development Project, LLC

   v. Millcreek Development Management, LLC

   vi. ADP-Millcreek 1, LLC

   vii. ADP-Millcreek 3, LLC

   viii. KGL Real Estate Development PLLC

   ix. Long Holdings, LLC

   x. GTR Holdings, LLC

   xi. Smart Cove, LLC

   xii. CRE2U, LLC

21009.009

      xiii.  Slope Construction, LLC

      xiv.  Sky High Capital Partners, LLC

      xv.  SHC Management, LLC

4. The term "Sellers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

   a. Millrock Investment Fund 1, LLC.

   b. Happiness, LLC and its principal Gabor Koltai.

   c. Lady Blue, LLC and its principal Mark Machlis.

   d. Thane Siddoway, LLC and its principal Thane Siddoway.

   e. Three H Ranch and its principal Henry Hamilton Hunter.

   f. Triple H, LLC and its principal Henry Hamilton Hunter.

   g. Hello Bello and its principal Samuel Duke.

   h. Lonestarboss, LLC and its principal John Bosshard.

   i. VSC Texas, and its principal George Parker III.

   j. Wasatch Commercial, LLC, and its principal William Carrigan.

   k. DKM Management, and its principal [[name]].

   l. 1976 Douglas LLC and its principal Steven Schwartz.

5. The term "Marketers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

21009.009

    a. Elevated 1031, Equity Summit Group, and their principal Scott Rutherford.

    b. Eastern 1031 Starker Exchange LLC, Eastern 1031 Starker Exchange LLP, and their principal Constance "Connie" Greenawalt

    c. Investment Property Exchange Services, Inc. (a.k.a. "IPX1031).

    d. Accruit LLC.

    e. Granite Exchange Services LLC and its principal Rob Rettinhouse.

    f. Beutler Exchange Group LLC.

    g. Merit Commercial Real Estate LLC and its principal Scott King.

6. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a. This includes but is not limited to:

        i. Communications,

        ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

            A. notes;

            B. minutes;

            C. memoranda;

            D. contracts;

            E. invoices, receipts, bills of sale, bills of lading, etc.;

            F. accounting records;

            G. calendars, diaries, schedules, etc.;

            H. reports;

            I. graphs, charts, etc.;

21009.009

       J.  video footage;

       K.  audio recordings;

       L.  photographs;

       M.  images;

       N.  drawings; and

       O.  any other data or data compilation from which information can be obtained.

    b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined herein.

    c.  Original materials must be produced wherever possible.

7. The term "Electronically Stored Information" or "ESI" refers to all Documents, Communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

8. The term "Communications" includes, without limitation, the following:

21009.009

a. letters;

b. emails;

c. text messages (and/or similar communications sent via electronic messaging platforms such as WhatsApp, Signal, Snapchat, etc.);

d. social media content (including but not limited to posts, comments, and direct messages);

e. electronic chat logs;

f. messages exchanged via workplace collaboration platforms such as Slack, Microsoft Teams, Trello, etc.;

g. phone records, call logs, and call recordings (including video calls); and

h. any other records or evidence of communication between two or more people.

9. When applied to any Document or Communication, the term "relates" or any variant thereof refers to any Document or Communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Due Diligence Files" refers to:

a. Any Document or series of Documents You have labeled, designated, or otherwise identified as a "Due Diligence File" or similar;

b. Any Document created or obtained by You in the course of conducting due diligence for any transaction involving any of the Properties; and/or

c. Any Document otherwise created or obtained by You for the purpose of gathering information related to:

21009.009

      i.   Any of the Properties;

      ii.   Any transaction related to any of the Properties; or

      iii.   Any party involved or interested in any transaction related to any of the Properties, directly or indirectly.

  d.  The foregoing includes, without limitation, any of the following Documents:

      i.   Chain of Title documentation;

      ii.   Notes on title exceptions;

      iii.   Operating agreements and addenda, resolutions, and certificates of authority;

      iv.   Closing Protection Letters;

      v.   GAP Undertakings;

      vi.   Preliminary Title Reports;

      vii.   Accounting ledgers;

      viii.   Balance sheets;

      ix.   Payment records;

      x.   Drawings;

      xi.   Construction documents;

      xii.   Engineering plans;

      xiii.   Credibility packets;

      xiv.   Biographies;

      xv.   Resumes;

      xvi.   Presentations; and

      xvii.   Development plans.

21009.009

11. The terms "and", "or", and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

12. The term "any" shall include the word "all," and vice versa.

13. The term "each" shall include the word "every," and vice versa.

14. The use of the singular herein shall be determined to include the plural as appropriate in the context.

15. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

\* \* \*

21009.009

## INSTRUCTIONS

1. This subpoena covers all Documents, Electronically Stored Information, and/or tangible things described in the requests below which are in your possession, custody, or control.

    a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any Documents you have which are responsive to this subpoena, you are required to produce the entire Document, as well as all drafts and non-identical copies and versions of the document.

    a. If any Document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

    b. Documents should be produced in native format with metadata.

3. If any Document in response to a request was, but no longer is, in your possession, custody, or control, describe each Document and indicate the manner and circumstances under which it left your possession, custody, or control, and its present whereabouts, if known.

    a. This includes any ESI which You have lost or deleted.

4. If any Documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

    a. the legal and factual basis for the claim;

21009.009

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each Document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the Document that is the subject of the claim.

e.  You must produce all other Documents not subject to this claim.

\* \* \*

21009.009

## **DOCUMENTS TO PRODUCE**

Produce the following Documents for the time period January 1, 2020 to Present:

1. All Communications between You and the Colliers/Long Parties.

2. All Communications between You and the Seller Parties.

3. All Communications between You and the Marketer Parties.

4. All Documents related to any of the Properties, including but not limited to:

   a. Communications;

   b. Contracts or other agreements, including but not limited to:

      i. Assignment agreements and addenda;

      ii. Commission agreements and addenda, Commission Distribution Forms, and any other Document reflecting commissions paid;

      iii. Purchase and Sale Agreements and addenda;

      iv. Agency contracts and addenda;

   c. Closing documents;

   d. Financial transaction records, including wire transfer records, payment records, copies of checks, earnest money documents, and receipts;

   e. Due Diligence Files;

   f. HUDs from sellers' and buyers' side of transactions;

   g. Broker fee records; and

   h. Escrow instructions and correspondence.

21009.009

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**First American Title Company**
**by and through its registered agent for service, Corporation Service Co. d/b/a CSC-Lawyers**
**211 East 7th St., Suite 620, Austin, TX 78701**

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |
|---|---|

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place: | Date and Time: |
|---|---|
| The office of the custodian: 1 First American Way, Santa Ana, CA 92707 | **04/13/2026 at 10:00 a.m.** |

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

|  | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |
|---|---|

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE | | DATE |
|---|---|---|
| **Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff, Patti Klair, et al.** | **03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.010

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.010

# EXHIBIT A

21009.010

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 7. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You", "Your", and "Yours" refer to:

    a. First American Title Company;

    b. any predecessor entities to First American Title Company, which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Properties" refers to and includes the following:

    a. Real property located at 1220 Keller Pkwy., Keller, TX 76248. Relevant file numbers include:

        i. NCS-1120102-8-SLC1 (buyer: Robert Barnes)

        ii. NCS-1120102-16-SLC1 (buyers: Charles Brauer, Laura Brauer & Quest Realty Trust)

    b. Real property located at 2968 Reflection Dr., Naperville, IL 60654.

21009.010

i. This property is sometimes referred to by the address 2975 Showplace Dr., Naperville, IL 60654.

3. The term "Colliers/Long Parties" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

    a. Colliers International Group, Inc. and its affiliates and subsidiaries, including, without limitation:

        i. Colliers International Group, Inc.

        ii. Colliers International Intermountain, LLC

        iii. Colliers International Holdings (USA), Inc.

        iv. Colliers International North Texas, LLC

    b. Millcreek Commercial Properties, LLC, and its affiliates, including without limitation:

        i. Millcreek Commercial Properties, LLC

        ii. Millrock Investment Fund 1, LLC

        iii. Millrock Investment Fund 1 Management, LLC

        iv. Millcreek Development Project, LLC

        v. Millcreek Development Management, LLC

        vi. ADP-Millcreek 1, LLC

        vii. ADP-Millcreek 3, LLC

        viii. KGL Real Estate Development PLLC

21009.010

  ix. Long Holdings, LLC

  x. GTR Holdings, LLC

  xi. Smart Cove, LLC

  xii. CRE2U, LLC

  xiii. Slope Construction, LLC

  xiv. Sky High Capital Partners, LLC

  xv. SHC Management, LLC

4. The term "Sellers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

 a. Millrock Investment Fund 1, LLC.

 b. Happiness, LLC and its principal Gabor Koltai.

 c. Lady Blue, LLC and its principal Mark Machlis.

 d. Thane Siddoway, LLC and its principal Thane Siddoway.

 e. Three H Ranch and its principal Henry Hamilton Hunter.

 f. Triple H, LLC and its principal Henry Hamilton Hunter.

 g. Hello Bello and its principal Samuel Duke.

 h. Lonestarboss, LLC and its principal John Bosshard.

 i. VSC Texas, and its principal George Parker III.

 j. Wasatch Commercial, LLC, and its principal William Carrigan.

 k. DKM Management, and its principal [[name]].

 l. 1976 Douglas LLC and its principal Steven Schwartz.

21009.010

5. The term "Marketers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

   a. Elevated 1031, Equity Summit Group, and their principal Scott Rutherford.

   b. Eastern 1031 Starker Exchange LLC, Eastern 1031 Starker Exchange LLP, and their principal Constance "Connie" Greenawalt

   c. Investment Property Exchange Services, Inc. (a.k.a. "IPX1031).

   d. Accruit LLC.

   e. Granite Exchange Services LLC and its principal Rob Rettinhouse.

   f. Beutler Exchange Group LLC.

   g. Merit Commercial Real Estate LLC and its principal Scott King.

6. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

   a. This includes but is not limited to:

      i. Communications, including:

         A. letters;

         B. emails;

         C. text messages (and/or similar communications sent via electronic messaging platforms such as WhatsApp, Signal, Snapchat, etc.);

         D. social media content (including but not limited to posts, comments, and direct messages);

         E. electronic chat logs;

21009.010

F. communications via workplace collaboration platforms such as Slack, Microsoft Teams, Trello, etc.;

G. phone records, call logs, and call recordings (including video calls); and

H. any other records or evidence of communication between two or more people.

ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

A. notes;

B. minutes;

C. memoranda;

D. contracts;

E. invoices, receipts, bills of sale, bills of lading, etc.;

F. accounting records;

G. calendars, diaries, schedules, etc.;

H. reports;

I. graphs, charts, etc.;

J. video footage;

K. audio recordings;

L. photographs;

M. images;

N. drawings; and

21009.010

    O.  any other data or data compilation from which information can be obtained.

    b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 4 below.

    c.  Original materials must be produced wherever possible.

7. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

    a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

    b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

8. The term "Communications" includes, without limitation, the following:

    a.  letters;

    b.  emails;

    c.  text messages (and/or similar communications sent via electronic messaging platforms such as WhatsApp, Signal, Snapchat, etc.);

21009.010

d. social media content (including but not limited to posts, comments, and direct messages);

e. electronic chat logs;

f. messages exchanged via workplace collaboration platforms such as Slack, Microsoft Teams, Trello, etc.;

g. phone records, call logs, and call recordings (including video calls); and

h. any other records or evidence of communication between two or more people.

9. When applied to any Document or Communication, the term "relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Due Diligence Files" refers to:

a. Any Document or series of Documents You have labeled, designated, or otherwise identified as a "Due Diligence File" or similar;

b. Any Document created or obtained by You in the course of conducting due diligence for any transaction involving any of the Properties; and/or

c. Any Document otherwise created or obtained by You for the purpose of gathering information related to:

    i. Any of the Properties;

    ii. Any transaction related to any of the Properties; or

    iii. Any party involved or interested in any transaction related to any of the Properties, directly or indirectly.

21009.010

d. The foregoing includes, without limitation, any of the following Documents:

    i. Chain of Title documentation;

    ii. Notes on title exceptions;

    iii. Operating agreements and addenda, resolutions, and certificates of authority;

    iv. Closing Protection Letters;

    v. GAP Undertakings;

    vi. Preliminary Title Reports;

    vii. Accounting ledgers;

    viii. Balance sheets;

    ix. Payment records;

    x. Drawings;

    xi. Construction documents;

    xii. Engineering plans;

    xiii. Credibility packets;

    xiv. Biographies;

    xv. Resumes;

    xvi. Presentations; and

    xvii. Development plans.

11. The terms "and", "or", and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

12. The term "any" shall include the word "all," and vice versa.

21009.010

13. The term "each" shall include the word "every," and vice versa.

14. The use of the singular herein shall be determined to include the plural as appropriate in the context.

15. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.010

## INSTRUCTIONS

1. This subpoena covers all Documents, Electronically Stored Information, and/or tangible things described in the requests below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any Documents you have which are responsive to this subpoena, you are required to produce the entire Document, as well as all drafts and non-identical copies and versions of the Document.

   a. If any Document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the Document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any Document in response to a request was, but no longer is, in your possession, custody, or control, describe each Document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any Documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.010

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the Document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

\* \* \*

21009.010

## <u>DOCUMENTS TO PRODUCE</u>

Produce the following Documents for the time period January 1, 2020 to Present:

1. All Communications between You and the Colliers/Long Parties.

2. All Communications between You and the Seller Parties.

3. All Communications between You and the Marketer Parties.

4. All Documents related to any of the Properties, including but not limited to:

   a. Communications;

   b. Contracts or other agreements, including but not limited to:

      i. Assignment agreements and addenda;

      ii. Commission agreements and addenda, Commission Distribution Forms, and any other Document reflecting commissions paid;

      iii. Purchase and Sale Agreements and addenda;

      iv. Agency contracts and addenda;

   c. Closing documents;

   d. Financial transaction records, including wire transfer records, payment records, copies of checks, earnest money documents, and receipts;

   e. Due Diligence Files;

   f. HUDs from sellers' and buyers' side of transactions;

   g. Broker fee records; and

   h. Escrow instructions and correspondence.

21009.010

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

.

# United States District Court
## FOR THE DISTRICT OF UTAH

PATTI KLAIR, ROBERT MYERS, ROBERT
BARNES, ERIC CARNRITE, ELIZABETH
HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC,
COLLIERS INTERNATIONAL, ANDREW BELL,
TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
**Altabank, Division of Glacier Bank**
**by and through its registered agent for service, Judd Austin**
**1 East Main Street, American Fork, UT 84003**

**[X]** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C).

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: **33 East Main Street, American Fork, UT 84003** | Date and Time:<br>**04/13/2026 at 10:00 a.m.** |
|---|---|

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

**[ ]** *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,**<br>**Patti Klair, et al.** | DATE<br><br>**03/09/2026** |
|---|---|---|

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

**Seth A. Nichamoff**
**Nichamoff Law, P.C.**
**2444 Times Blvd., Suite 270, Houston, TX 77005**
**Ph: 713-503-6706**

Order No. 21009.011

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**
(1) Producing Documents or Ele tronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.011

# EXHIBIT A

21009.011

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1.  The terms "You," "Your," and "Yours" refer to:

    a.  Altabank, Division of Glacier Bank;

    b.  any predecessor entities to Altabank, Division of Glacier Bank, which were active during the relevant time period(s);

    c.  any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d.  all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2.  The term "Named Individuals" refers to:

    a.  Emanuele Raymond Butera (a.k.a. Manny Butera);

        i.   SSN: 416-41-XXXX

        ii.  Date of Birth: October 1971

        iii. Possible address(es):

            A.  8618 Shortleaf Ct, College Grove, TN 37046

            B.  6004 Cody Cv, Spring Hill, TN 37174

21009.011

C.  301 S Royal Oaks Blvd Apt 3108, Franklin, TN 37064

D.  14116 Ambiance Way, Franklin, TN 37067

E.  1846 Grace Point Ln, Nolensville, TN 37135

F.  7061 Nolen Park Cir, Nolensville, TN 37135

G.  23201 Clocktower Dr, Franklin, TN 37067

H.  7105 Moores Ln Ste 6, Brentwood, TN 37027

I.  9011 Grey Pointe Ct, Brentwood, TN 37027

J.  9011 Grey Pointe Ct, Franklin, TN 37027

K.  9011 Grey Pointe, Nashville, TN 37204

L.  9011 Grey Pt, Nashville, TN 37204

M.  1116 Brentwood Pt, Brentwood, TN 37027

N.  1004 Chapel Lake Cir, Franklin, TN 37069

O.  602 Brentwood Pt, Brentwood, TN 37027

P.  612 Brentwood Pt, Brentwood, TN 37027

Q.  404 Brentwood Pt, Brentwood, TN 37027

R.  902 Brentwood Pt, Brentwood, TN 37027

S.  704 Brentwood Pt, Brentwood, TN 37027

T.  227 Governors Way, Brentwood, TN 37027

U.  1001 Glendale Ln, Nashville, TN 37204

V.  90 Stanphyl Rd Apt 1, Uxbridge, MA 01569

W.  1540 Helton Dr Apt 510, Florence, AL 35630

X.  448 Essex Park Cir, Franklin, TN 37069

Y.  1320 Grayson Valley Pkwy, Birmingham, AL 35235

21009.011

Z. 1211 Bell Rd Apt 205, Antioch, TN 37013

AA. 2056 Vestavia Park Ct Apt F, Vestavia, AL 35216

BB.     2202 Montreat Cir Apt, Vestavia, AL 35216

CC. 432 N Chestnut St Apt, Florence, AL 35630

DD.     188 Rosecliff Dr, Harvest, AL 35749

EE.     RR 2 Box 51, Newhebron, MS 39140

FF.     9533 Sanctuary Pl, Brentwood, TN 37027

GG. 14117 Ambiance Way, Franklin, TN 37067

b. Jamie Debra Padgett (a.k.a. Jamie Debra Butera);

   i. SSN: 408-67-XXXX

   ii. Date of Birth: November 1974

   iii. Possible address(es):

       A. 8618 Shortleaf Ct, College Grove, TN 37046

       B. 6004 Cody Cv, SpringHill, TN 37174

       C. 2012 Gweneth Dr, Spring Hill, TN 37174

c. Steven Michael Caton (a.k.a. Steve Caton);

   i. Date of Birth: July 1976

   ii. Possible address(es):

       A. 545 N McClurg Ct Unit 4210, Chicago, IL 60611

       B. 2625 Vermillion Ct, Naperville, IL 60565

       C. 13324 Round Barn Rd, Plainfield, IL 60585

       D. 545 N McClurg Ct Unit 3010, Chicago, IL 60611

       E. PO Box 10029, Chicago, IL 60610

21009.011

F.  1296 Rickert Dr Ste 200, Naperville, IL 60540

G.  24727 W Fraser Rd, Plainfield, IL 60586

H.  5315 Flynn Crossing Dr, Alpharetta, GA 30005

I.  14646 Patriot Square Dr W, Plainfield, IL 60544

J.  23917 W Robert Ave, Plainfield, IL 60544

K.  16332 Hidden River Dr D, Plainfield, IL 60586

L.  1000 David Ross Rd, West Lafayette, IN 47906

M.  3419 Winterfield Run, Fort Wayne, IN 46804

N.  146 Cary Quad 336, West Lafayette, IN 47906

O.  PO Box 335, Independence, CA 93526

P.  2127 Stillwell St, Lafayette, IN 47904

Q.  249 Littleton St Apt 3, West Lafayette, IN 47906

R.  223 Pierce St Apt 4, West Lafayette, IN 47906

S.  16215 S Serenity Dr, Plainfield, IL 60586

T.  154 Cary Quad, West Lafayette, IN 47906

U.  24421 John Adams Dr, Plainfield, IL 60544

V.  1974 E 2nd St, Brooklyn, NY 11223

W.  744 Columbus Ave Unit 502, Roxbury Crossing, MA 02120

X.  318 N Salisbury St Apt 3, West Lafayette, IN 47906

d.  Kevin George Long;

i.  SSN: 544-68-XXXX

ii.  Date of Birth: 1960

iii.  Possible address(es):

21009.011

       A. 149 N 980 E, Lindon, UT 84042

       B. 5095 W Belle Cir, Depoe Bay, OR 97341

       C. 829 SW Spring St, Mill City, OR 97360

e. Jerald Adam Long (a.k.a. Adam Long);

    i. SSN: 647-14-XXXX

    ii. Date of Birth: January 1993

    iii. Possible address(es):

       A. 4692 Windsor Dr, Provo, UT 84604

       B. 10 Soldiers Field Park Apt. 10A, Boston, MA 02163

       C. 571 Lewski Ln, Riverton, UT 84065

       D. 149 N 980 E Lindon, UT 84042

       E. 149 N E, Lindon, UT 84042

f. Scott Loren Rutherford;

    i. SSN: 572-08-XXXX

    ii. Date of Birth: November 1971

    iii. Possible address(es):

       A. 10397 N Oak Cir., Highland, UT 84003

       B. 1143 W Center St. Orem, UT 84057-5207

       C. 10306 S Whetstone Cv., South Jordan, UT 84095-5998

       D. 1417 S 1420 E Provo, UT 84606-6475

       E. 27452 Pinyon St., Murrieta, CA 92562-4385

       F. 24568 Westhaven Ct., Murrieta, CA 92562-3840

       G. 37895 Sky High Dr., Murrieta, CA 92562-3079

21009.011

        H.  8934 W Grand Ave. Littleton, CO 80123-1940

        I.  10555 W Jewell Ave Apt 11-305. Denver, CO 80232-4820

        J.  3042 S Sheridan Blvd., Denver, CO 80227-4151

        K.  778 Countrybriar Ln., Highlands Ranch, CO 80129-1840

        L.  8042 Sheridan Blvd., Denver, CO 80227

        M.  24850 Handcock F 207 Ave., Murrieta, CA 92562

        N.  24850 Handcock C 207, Murrieta, CA 92562

        O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

        P.  6225 W Coal Mine Pl., Littleton, CO 80128-3920

        Q.  657 E 500 N, Logan, UT 84321-4248

        R.  627 E 400 N Apt 4., Logan, UT 84321-4217

        S.  10306 S Silver Mine Rd., South Jordan, UT 84095-4792

        T.  10356 S Silver Mine Rd., South Jordan, UT 84095-4792

        U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

g.  Brent Roland Smith;

    i.  SSN: 604-58-XXXX

    ii.  Date of Birth: February 1989

    iii.  Possible address(es):

        A.  5047 W Burntside Ave, South Jordan, UT 84095

        B.  10356 S Silver Mine Rd, South Jordan, UT 84095

        C.  159 E McArthur Ave Apt, Cedar City, UT 84720

        D.  565 Pioneer Rd Apt 126, Rexburg, ID 83440

        E.  37895 Sky High Dr, Murrieta, CA 92562

21009.011

      F.  7404 Armstrong Pl, San Diego, CA 92111

      G.  1270 W 1130 S Apt, Orem, UT 84058

      H.  460 S 2nd W Apt 8, Rexburg, ID 83440

      I.  639 Trejo St, Rexburg, ID 83440

h.  Thomas Allen Smith (a.k.a. Tom Smith); and/or

   i.  SSN: 573-23-XXXX

  ii.  Date of Birth: February 1958

 iii.  Possible address(es):

      A.  4411 Sheffield Dr, Provo, UT 84604-5570

      B.  27475 Ynez Rd Ste 307, Temecula, CA 92591-4612

      C.  4417 Stafford Ct, Provo, UT 84604-6028

      D.  37895 Sky High Dr, Murrieta, CA 92562-3079

      E.  37895 Sky Dr., Murrieta, CA 92562

      F.  38381 Shoal Creek Dr, Murrieta, CA 92562-3001

      G.  27555 Ynez Rd Ste 300, Temecula, CA 92591-4678

      H.  28765 Single Oak Dr Ste 110, Temecula, CA 92590-3661

      I.  3789 S Sky High Dr, Murrieta, CA 92562

      J.  29887 Via Norte, Temecula, CA 92591-1648

      K.  29887 Via Del N, Temecula, CA 92591

      L.  24751 San Andres Ln, Mission Viejo, CA 92691-4926

      M.  30645 Feather Ct, Temecula, CA 92591-3855

      N.  25251 San Andres, Temecula, CA 92691

      O.  25251 Terreno Dr, Mission Viejo, CA 92691-5527

21009.011

P. 375 N 1020 E 10 N, Provo, UT 84601

Q. 5182 W Dock St, South Jordan, UT 84009-6137

R. 1303 Brooke Ln, Farmington, UT 84025-2078

S. 565 Pioneer Rd Apt 126, Rexburg, ID 83440-4983

i. Mary Wesley Street.

    i. SSN: 414-96-XXXX

    ii. Date of Birth: August 1963

    iii. Possible address(es):

        A. 51 N Redwood Rd., Saratoga Springs, UT 84045

        B. 6535 N 5750 W, American Fork, UT 84003

        C. 10 E 800 S, Orem, UT 84058

        D. 743 W 500 S, Orem, UT 84058

        E. 743 S 500 E, Orem, UT 84097

        F. 725 S 300, Orem, UT 84097

        G. 725 E 300 S, Orem, UT 84097

        H. 5735 Truman Mountain Rd, Gainesville, GA 30506

        I. 5735 Truman Ln, Gainesville, GA 30506

        J. 225 Central Ave SW Apt 1509, Atlanta, GA 30303

        K. 2507 Brookhaven Vw NE, Brookhaven, GA 30319

        L. 300 W Peachtree St NW Apt 7B, Atlanta, GA 30308

        M. 300 Peachtree W, Gainesville, GA 30506

        N. 300 W Peachtree St NW Apt 30, Atlanta, GA 30308

        O. 3914 Memorial College Ave Apt 4, Clarkston, GA 30021

21009.011

       P.  475 Baldwin St Apt 24, Athens, GA 30605

       Q.  904 Summit Creek Dr, Stone Mountain, GA 30083

       R.  4290 Cameron Way, Lithonia, GA 30058

       S.  2825 Lajean Dr, Atlanta, GA 30349

       T.  3914 Memorial Ave 04, Clarkston, GA 30021

       U.  RR 5 Box, Cumming, GA

       V.  3953 Covington Hwy Apt, Decatur, GA 30032

j.  Spencer Michael Taylor

    i.  SSN: 522-61-XXXX

    ii.  Date of Birth: August 1981

    iii.  Possible address(es):

       A.  889 S Anna Ekins Memorial Ln., Genola, UT 84655

       B.  1143 W Center St, Orem, UT 84057-5207

       C.  10306 S Whetstone Cv, South Jordan, UT 84095-5998

       D.  1417 S 1420 E, Provo, UT 84606-6475

       E.  27452 Pinyon St, Murrieta, CA 92562-4385

       F.  24568 Westhaven Ct, Murrieta, CA 92562-3840

       G.  37895 Sky High Dr, Murrieta, CA 92562-3079

       H.  8934 W Grand Ave, Littleton, CO 80123-1940

       I.  10555 W Jewell Ave Apt 11-305, Denver, CO 80232-4820

       J.  3042 S Sheridan Blvd, Denver, CO 80227-4151

       K.  778 Countrybriar Ln, Highlands Ranch, CO 80129-1840

       L.  8042 Sheridan Blvd, Denver, CO 80227

21009.011

M.  24850 Handcock F 207 Ave, Murrieta, CA 92562

N.  24850 Handcock C 207, Murrieta, CA 92562

O.  820 Sycamore Ave Apt 57, Vista, CA 92081-7966

P.  6225 W Coal Mine Pl, Littleton, CO 80128-3920

Q.  657 E 500 N Apt, Logan, UT 84321-4248

R.  627 E 400 N Apt 4, Logan, UT 84321-4217

S.  10306 S Silver Mine Rd, South Jordan, UT 84095-4792

T.  10356 S Silver Mine Rd, South Jordan, UT 84095-4792

U.  40125 Los Alamos Rd Apt C123, Murrieta, CA 92562-5840

3.  The term "Named Entities" refers to:

    a.  Millcreek Commercial Properties, LLC;

        i.  Possible address(es):

            A.  1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

            B.  1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

            C.  149 N 980 E, Suite 200, Lindon, UT, 84042

            D.  2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        ii.  Affiliated individual(s):

            A.  Kevin George Long

            B.  Jerald Adam Long (a.k.a. Adam Long)

            C.  Spencer Michael Taylor

            D.  Brent Roland Smith

    b.  Millrock Investment Fund 1, LLC;

21009.011

    i. Possible address(es):

        A. 1881 W Traverse Pkwy Ste E #113, Lehi, UT 84043

        B. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        C. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT, 84062

        D. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

        C. Thomas Allen Smith (a.k.a. Tom Smith)

c. Millrock Investment Fund 1 Management, LLC;

    i. Possible address(es):

        A. 111 South Main Street, Ste. 2200, Salt Lake City, UT 84111

        B. 1064 S North County Blvd, Suite 350, Pleasant Grove, UT 84062

        C. 1333 Valley Grove Way, Suite 275, Pleasant Grove, UT 84062

        D. 2100 W Pleasant Grove Blvd, Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

d. ADP-Millcreek 1, LLC;

    i. Possible address(es):

21009.011

A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

e. ADP-Millcreek 3, LLC;

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Brent Roland Smith

f. KGL Real Estate Development PLLC;

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

g. KGL Advisors, LLC

    i. Possible address(es):

        A. 149 N 980 E, Lindon, UT, 84042

    ii. Affiliated individual(s):

        A. Kevin George Long

h. Long Holdings, LLC;

    i. Possible address(es):

        A. 4692 Windsor Dr., Provo, UT 84604

21009.011

    ii. Affiliated individual(s):

        A. Jerald Adam Long (a.k.a. Adam Long)

        B. Kevin George Long

i. GTR Holdings, LLC;

    i. Possible address(es):

        A. 5047 W Burntside Ave., South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Brent Roland Smith

j. Slope Construction, LLC

    i. Possible address(es):

        A. 3300 N Triumph Blvd., Ste. 100, Lehi, UT 84043

        B. 1064 N County Blvd., Ste. 350, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Brent Roland Smith

k. Sky High Capital Partners, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

        A. Brent Roland Smith

l. SHC Management, LLC

    i. Possible address(es):

        A. 1881 W Traverse Pkwy., Ste. E #113, Lehi, UT 84043

    ii. Affiliated individual(s):

21009.011

           A. Brent Roland Smith

m. Smart Cove, LLC;

    i. Possible address(es):

        A. 10306 S Whetstone Cove, South Jordan, UT 84009

    ii. Affiliated individual(s):

        A. Spencer Michael Taylor

n. Millcreek Development Project, LLC

    i. Possible address(es):

        A. 2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

        B. 2100 Pleasant Grove Blvd., Ste. 275, Pleasant Grove, UT 84062

    ii. Affiliated individual(s):

        A. Kevin George Long

o. Millcreek Development Management, LLC

    i. Possible address(es):

        A. 1064 S North County Blvd., Ste. 350, Pleasant Grove, UT, 84062

        B. 5047 W Burntside Ave., South Jordan, UT, 84009

    ii. Affiliated individual(s):

        A. Kevin George Long

        B. Jerald Adam Long

        C. Brent Roland Smith

        D. Spencer Michael Taylor

p. CRE2U, LLC

    i. Possible address(es):

21009.011

        A.  111 S Main, Ste. 2200, Salt Lake City, UT 84101

    ii.  Affiliated individual(s):

        A.  Kevin George Long

        B.  Jerald Adam Long

        C.  Jeremy Long

        D.  Ryan David Comer

q.  CAMS Realty LLC (dba "Colliers Asset Management Services")

    i.  Possible address(es):

        A.  6365 N 5750 W, American Fork, UT 84003

        B.  2100 Pleasant Grove Blvd., Ste. 200, Pleasant Grove, UT 84062

    ii.  Affiliated individual(s):

        A.  Mary Wesley Street

        B.  William Street

r.  SARC US, Inc.; SARC USA, Inc.; SARC US, LLC; SARC USA, LLC;

    i.  Possible address(es):

        A.  718 W. Business Highway 60, PO Box 639, Dexter, MO 63841

    ii.  Affiliated individual(s):

        A.  Steven Michael Caton (a.k.a. Steve Caton)

        B.  Stephen Holden

        C.  Tyler Ramsey

s.  JBSC, Inc. (dba "Caton Commercial Real Estate Group" or "Caton Commercial Real Estate");

    i.  Possible address(es):

21009.011

        A.  1296 Rickert Dr., Ste. 200, Naperville, IL 60540

    ii.  Affiliated individual(s):

        A.  William J. Caton (a.k.a. Bill Caton)

        B.  Steven Michael Caton (a.k.a. Steve Caton)

        C.  Christina Caton Kitchel

        D.  Amy Hall

t.  Jameson LLC (dba "American Development Partners" or "ADP");

    i.  Possible address(es):

        A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

        B.  P.O. Box 681982, Franklin, TN 37064

        C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

        A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

        B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

u.  Jameson Holdings LLC (dba "American Development Partners" or "ADP");

    i.  Possible address(es):

        A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

        B.  P.O. Box 681982, Franklin, TN 37064

        C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

        D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

21009.011

      A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

v.  Jameson Capital LLC;

    i.  Possible address(es):

      A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

      B.  P.O. Box 681982, Franklin, TN 37064

      C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

      A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

w.  Jameson Ventures LLC; and/or

    i.  Possible address(es):

      A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

      B.  P.O. Box 681982, Franklin, TN 37064

      C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

      D.  6004 Cody Cv, Spring Hill, TN 37174-7434

    ii.  Affiliated individual(s):

      A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

      B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

21009.011

    x.  Redstone LLC (dba "American Development Partners" or "ADP")

        i.  Possible address(es):

            A.  8618 Shortleaf Ct., College Grove, TN 37046-1443

            B.  P.O. Box 681982, Franklin, TN 37064

            C.  5865 Ridgeway Center Pkwy, Memphis, TN 38120-4032

            D.  6004 Cody Cv, Spring Hill, TN 37174-7434

        ii.  Affiliated individual(s):

            A.  Emanuele Raymond Butera (a.k.a. Manny Butera)

            B.  Jamie Debra Padgett (a.k.a. Jamie Debra Butera or Jamie Butera)

4. The term "Account Records" refers to any and all documents, whether maintained in paper or electronic form, relating to the existence, ownership, use, or operation of any account, including but not limited to:

    a.  Account opening documents, applications, and agreements;

    b.  Signature cards and identification documents;

    c.  Monthly or periodic account statements;

    d.  Account closing documents;

    e.  Records reflecting deposits, withdrawals, checks (front and back), deposit slips withdrawal slips, and wire transfers;

    f.  Debit and credit memos;

    g.  Records of electronic or online banking activity, including access logs, transfers, and confirmations;

    h.  Records of safe deposit box rentals; and

21009.011

     i.  Any correspondence, memoranda, or communications concerning the account.

5. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a.  This includes but is not limited to:

       i.  Communications;

      ii.  Any written, printed, recorded, or tangible matter of any character, including but not limited to:

        A.  notes;

        B.  minutes;

        C.  memoranda;

        D.  contracts;

        E.  invoices, receipts, bills of sale, bills of lading, etc.;

        F.  accounting records;

        G.  calendars, diaries, schedules, etc.;

        H.  reports;

        I.  graphs, charts, etc.;

        J.  video footage;

        K.  audio recordings;

        L.  photographs;

        M.  images;

        N.  drawings; and

21009.011

    O.  any other data or data compilation from which information can be obtained.

  b.  This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

  c.  Original materials must be produced wherever possible.

6. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

  a.  ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

  b.  Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

7. The term "Transaction Records" refers to any documents reflecting activity in or through an account or financial instrument, including but not limited to:

  a.  canceled checks (front and back);

  b.  deposited items;

  c.  deposit slips;

  d.  withdrawal slips;

21009.011

   e. wire transfer records;

   f. Automated Clearing House (ACH) transactions;

   g. electronic funds transfers;

   h. cashier's checks;

   i. money orders;

   j. credit and debit card transactions; and

   k. any other instrument evidencing a transfer of funds or value.

8. The term "Correspondence" refers to all

   a. letters,

   b. emails,

   c. memoranda,

   d. notes, and/or

   e. other written or electronic communications

between You, the Named Individuals, and/or the Named Entities concerning the opening, use, maintenance, or closing of any account, loan, or financial instrument.

9. When applied to any document or communication, the term "Relates" or any variant thereof refers to any document or communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "Account" refers to any current or former financial account held by You, including but not limited to:

   a. checking, savings, and other deposit accounts;

21009.011

    b.   credit cards, loans, mortgages, lines of credit, and other accounts related to money lending;

    c.   investment accounts;

    d.   trusts; and

    e.   escrows.

11. When applied to the term "Account", the term "Associated" (or any variant thereof) shall mean any account:

    a.   owned, controlled, or used by the subject in question;

    b.   on which the subject is a signatory;

    c.   for which the subject is authorized to access records and/or information;

    d.   created for the benefit of the subject; or

    e.   under which the subject has a payment obligation to you.

12. The terms "and," "or," and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

13. The term "any" shall include the word "all," and vice versa.

14. The term "each" shall include the word "every," and vice versa.

15. The use of the singular herein shall be determined to include the plural as appropriate in the context.

16. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

* * *

21009.011

## INSTRUCTIONS

1. This subpoena covers all documents, electronically stored information, and/or tangible things described below which are in your possession, custody, or control.

   a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any documents you have which are responsive to this subpoena, you are required to produce the entire document, as well as all drafts and non-identical copies and versions of the document.

   a. If any document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the document which are not produced.

   b. Documents should be produced in native format with metadata.

3. If any document in response to a request was, but no longer is, in your possession, custody, or control, describe each document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

   a. This includes any ESI which You have lost or deleted.

4. If any documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

   a. the legal and factual basis for the claim;

21009.011

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the document, recording, and/or text message; and

d.  the general nature of the information contained in the document that is the subject of the claim.

e.  You must produce all other documents not subject to this claim.

* * *

21009.011

## DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

   a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

      i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

      ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

      iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

21009.011

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE NORTHERN DISTRICT OF GEORGIA

PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ET AL.

vs.

KEVIN LONG, MILLCREEK COMMERCIAL, LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, ET AL.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 2:23-cv-00407-HCN-CMR

**DISTRICT OF UTAH**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE CUSTODIAN OF RECORDS FOR:
O'Kelley & Sorohan, Attorneys at Law, L.L.C.
by and through its registered agent for service, O'Kelley & Sorohan, Attorneys at Law, L.L.C.
2170 Satellite Blvd., Ste. 375, Duluth, GA 30097

| X | *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material. You are further commanded to certify that each document or documents produced complies with Fed. R. Evid. 803(6)(A)-(C). |

**ANY AND ALL RECORDS (WHETHER TYPED, HANDWRITTEN OR COMPUTER-GENERATED) AS SPECIFIED IN EXHIBIT "A"**

| Place:<br>The office of the custodian: 2170 Satellite Blvd., Ste. 375, Duluth, GA 30097 | Date and Time:<br>04/13/2026 at 10:00 a.m. |

**Per Texas Finance Code §59.006(b)(2), the attorney issuing this subpoena will pay the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery and attorney's fees.**

| | *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. |

| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

| ISSUING ATTORNEY'S SIGNATURE<br><br>**Seth A. Nichamoff / wp-MRM** | **Attorney for Plaintiff,<br>Patti Klair, et al.** | DATE<br><br>**03/09/2026** |

ISSUING ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Seth A. Nichamoff
Nichamoff Law, P.C.
2444 Times Blvd., Suite 270, Houston, TX 77005
Ph: 713-503-6706

Order No. 21009.012

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00407-HCN-CMR

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for (name of individual and title, if any) _____

was received by me on (date) _____.

_____ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____; or

_____ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Order No. 21009.012

# EXHIBIT A

21009.012

## DEFINITIONS

The following definitions shall apply to this exhibit in its entirety—including where a defined term is used within the definition of another term. For example, the definition of "You" provided at paragraph 1 applies when that term is used in the definition of "communications with" at paragraph 5. For any term that is not specifically defined below, the plain meaning of the term in its ordinary usage applies.

1. The terms "You", "Your", and "Yours" refer to:

    a. O'Kelley & Sorohan, Attorneys at Law, L.L.C.;

    b. any predecessor entities to O'Kelly & Sorohan, Attorneys at Law, L.L.C. which were active during the relevant time period(s);

    c. any subsidiaries, dbas, or other entities owned or controlled by any entity identified above in subparagraphs (a)-(b) during the relevant time period(s); and

    d. all current and former employees, agents, consultants, and other representatives acting for or on behalf of any of the entities identified above in subparagraphs (a)-(c).

2. The term "Subject Property" refers to real property located at 4300 Bells Ferry Road, Kennesaw, GA 30144 (Cobb County, APN/Parcel: 16021200030).

3. The term "Colliers/Long Parties" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

21009.012

a. Colliers International Group, Inc. and its affiliates and subsidiaries, including, without limitation:

    i. Colliers International Group, Inc.

    ii. Colliers International Intermountain, LLC

    iii. Colliers International Holdings (USA), Inc.

    iv. Colliers International North Texas, LLC

b. Millcreek Commercial Properties, LLC, and its affiliates, including without limitation:

    i. Millcreek Commercial Properties, LLC

    ii. Millrock Investment Fund 1, LLC

    iii. Millrock Investment Fund 1 Management, LLC

    iv. Millcreek Development Project, LLC

    v. Millcreek Development Management, LLC

    vi. ADP-Millcreek 1, LLC

    vii. ADP-Millcreek 3, LLC

    viii. KGL Real Estate Development PLLC

    ix. Long Holdings, LLC

    x. GTR Holdings, LLC

    xi. Smart Cove, LLC

    xii. CRE2U, LLC

    xiii. Slope Construction, LLC

    xiv. Sky High Capital Partners, LLC

    xv. SHC Management, LLC

21009.012

4. The term "Sellers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

   a. Millrock Investment Fund 1, LLC.

   b. Happiness, LLC and its principal Gabor Koltai.

   c. Lady Blue, LLC and its principal Mark Machlis.

   d. Thane Siddoway, LLC and its principal Thane Siddoway.

   e. Three H Ranch and its principal Henry Hamilton Hunter.

   f. Triple H, LLC and its principal Henry Hamilton Hunter.

   g. Hello Bello and its principal Samuel Duke.

   h. Lonestarboss, LLC and its principal John Bosshard.

   i. VSC Texas, and its principal George Parker III.

   j. Wasatch Commercial, LLC, and its principal William Carrigan.

   k. DKM Management, and its principal [[name]].

   l. 1976 Douglas LLC and its principal Steven Schwartz.

5. The term "Marketers" means (including but not limited to any of its/their dbas, current or former respective agents, employees, consultants, assigns, successors, principals, representatives, attorneys, corporate entities owned or controlled by it/them, or any person, entity, or representative acting for on its /their behalf):

   a. Elevated 1031, Equity Summit Group, and their principal Scott Rutherford.

   b. Eastern 1031 Starker Exchange LLC, Eastern 1031 Starker Exchange LLP, and their principal Constance "Connie" Greenawalt

21009.012

    c. Investment Property Exchange Services, Inc. (a.k.a. "IPX1031).

    d. Accruit LLC.

    e. Granite Exchange Services LLC and its principal Rob Rettinhouse.

    f. Beutler Exchange Group LLC.

    g. Merit Commercial Real Estate LLC and its principal Scott King.

6. The term "Document" refers to anything that may be considered a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

    a. This includes but is not limited to:

        i. Communications;

        ii. Any written, printed, recorded, or tangible matter of any character, including but not limited to:

           A. notes;

           B. minutes;

           C. memoranda;

           D. contracts;

           E. invoices, receipts, bills of sale, bills of lading, etc.;

           F. accounting records;

           G. calendars, diaries, schedules, etc.;

           H. reports;

           I. graphs, charts, etc.;

           J. video footage;

           K. audio recordings;

           L. photographs;

21009.012

M. images;

N. drawings; and

O. any other data or data compilation from which information can be obtained.

b. This also includes both physical and digital materials, and specifically includes all "Electronically Stored Information", as that term is defined in paragraph 6 below.

c. Original materials must be produced wherever possible.

7. The term "Electronically Stored Information" or "ESI" refers to all documents, communications, information, or other records available through any electronic platform, service, outlet, website, or application.

a. ESI might be stored locally (e.g., automatically cached, intentionally saved, etc.) or remotely (e.g., service providers, online servers, removable media, etc.), and is subject to this subpoena regardless of its origin, source, and/or past or present location.

b. Please note, however, that your ESI is sought only to the extent that it is responsive to this subpoena, and only such responsive documents, communications, information, or other material must be identified and/or produced.

8. The term "Communications" includes, without limitation, the following:

a. letters;

b. emails;

21009.012

c.  text messages (and/or similar communications sent via electronic messaging platforms such as WhatsApp, Signal, Snapchat, etc.);

d.  social media content (including but not limited to posts, comments, and direct messages);

e.  electronic chat logs;

f.  messages exchanged via workplace collaboration platforms such as Slack, Microsoft Teams, Trello, etc.;

g.  phone records, call logs, and call recordings (including video calls); and

h.  any other records or evidence of communication between two or more people.

9.  When applied to any Document or Communication, the term "relates" or any variant thereof refers to any Document or Communication that discusses, reflects, refers to, in any way deals with, or was reviewed in connection with the subject matter identified.

10. The term "TIC Owner" refers to an individual or entity owning a share of a property as a tenant-in-common.

11. The term "TIC Interest" refers to a TIC Owner's ownership interest in a property.

12. The term "Closing Attorney Records" includes the following Documents:

a.  Settlement statements (e.g., HUD-1 or ALTA Statement)

b.  Attorney closing ledgers

c.  Escrow account records

d.  Correspondence between You and any Named Party

13. The term "Title Company Documents" includes the following Documents:

21009.012

a.  Title commitments

b.  Title insurance policies

c.  Deeds

d.  Assignment agreements

e.  Property tax and lien searches

f.  Commission disbursement records

g.  Any document evidencing the recordation of documents by a county

recorder or similar governmental entity

14. The term "Escrow & Financial Transaction Records" includes the following

Documents:

a.  Wire transfer confirmations

b.  Disbursement breakdowns, or similar documents relating to the distribution

of property sale proceeds

c.  Capital calls, side agreements or similar documents relating to requests for

additional funds made to TIC owners post-closing

d.  Any document relating to payments made to third parties from property sale

proceeds, including for purposes of property improvements or tenant

recruitment

15. The term "Lease & Tenant-Related Documents" includes the following Documents:

a.  Executed lease agreements

b.  Documents relating to payments made by tenants

c.  Bond or guarantee disclosures, or other Documents relating to a bond or

similar instrument guaranteeing a lease

21009.012

    d. Documents related to any "Rent Funds Agreement" or other agreement for the payment of a tenant's rent by a seller or third party

    e. Any Correspondence relating to any tenant leasing the property

16. The term "TIC Ownership & Investment Agreements" includes the following Documents:

    a. Purchase and sale agreements for TIC interests

    b. Documents relating to a right of first refusal held by any TIC owner

17. The term "Due Diligence Files" refers to:

    a. Any Document or series of Documents You have labeled, designated, or otherwise identified as a "Due Diligence File" or similar;

    b. Any Document created or obtained by You in the course of conducting due diligence for any transaction involving any of the Properties; and/or

    c. Any Document otherwise created or obtained by You for the purpose of gathering information related to:

        i. Any of the Properties;

        ii. Any transaction related to any of the Properties; or

        iii. Any party involved or interested in any transaction related to any of the Properties, directly or indirectly.

    d. The foregoing includes, without limitation, any of the following Documents:

        i. Chain of Title documentation;

        ii. Notes on title exceptions;

        iii. Operating agreements and addenda, resolutions, and certificates of authority;

21009.012

iv.   Closing Protection Letters;

v.   GAP Undertakings;

vi.   Preliminary Title Reports;

vii.   Accounting ledgers;

viii.   Balance sheets;

ix.   Payment records;

x.   Drawings;

xi.   Construction documents;

xii.   Engineering plans;

xiii.   Credibility packets;

xiv.   Biographies;

xv.   Resumes;

xvi.   Presentations; and

xvii.   Development plans.

18. The terms "and", "or", and "and/or" shall be construed both conjunctively and disjunctively, whichever construction results in the broadest disclosure of information.

19. The term "any" shall include the word "all," and vice versa.

20. The term "each" shall include the word "every," and vice versa.

21. The use of the singular herein shall be determined to include the plural as appropriate in the context.

22. The use of masculine, feminine, or neuter terms herein shall be determined to be interchangeable as appropriate in the context.

21009.012

\* \* \*

21009.012

## INSTRUCTIONS

1. This subpoena covers all Documents, Electronically Stored Information, and/or tangible things described below which are in your possession, custody, or control.

    a. This not only includes materials in your immediate possession, but also those which you have the right to obtain from another person or entity.

2. For any Documents you have which are responsive to this subpoena, you are required to produce the entire Document, as well as all drafts and non-identical copies and versions of the Document.

    a. If any Document is not produced in full, please state the reason(s) for this and describe with reasonable particularity the portions of the Document which are not produced.

    b. Documents should be produced in native format with metadata.

3. If any Document in response to a request was, but no longer is, in your possession, custody, or control, describe each Document and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

    a. This includes any ESI which You have lost or deleted.

4. If any Documents are withheld based on a claim of privilege, work product, confidentiality, or any other legal grounds, please specify with reasonable particularity:

    a. the legal and factual basis for the claim;

21009.012

b.  the date, author, participants, recipient, present custodian, subject matter, number of pages of each document withheld, number of minutes of each recording withheld, and number of text messages withheld;

c.  the name and address of each person who has seen, heard, received, or had access to the Document, recording, and/or text message; and

d.  the general nature of the information contained in the Document that is the subject of the claim.

e.  You must produce all other Documents not subject to this claim.

*  *  *

21009.012

### <u>DOCUMENTS TO PRODUCE</u>

Produce the following documents for the time period January 1, 2020 to Present:

1.  All Communications between You and the Colliers/Long Parties.

2.  All Communications between You and the Seller Parties.

3.  All Communications between You and the Marketer Parties.

4.  All Documents related to the Subject Property, including but not limited to:

    a.  Closing Attorney Records;

    b.  Title Company Documents;

    c.  Escrow and Financial Transaction Records;

    d.  Lease and Tenant-Related Documents;

    e.  TIC Ownership and Investment Agreements; and

    f.  Due Diligence Files.

21009.012



ORIGIN ID:NQIA    (713) 228-2311
MARK REED
GULFSTREAM LEGAL GROUP
720 N POST OAK ROAD
SUITE 355
HOUSTON, TX 77024
UNITED STATES US

SHIP DATE: 09MAR26
ACTWGT: 2.00 LB
CAD: 9333174/INET4535

BILL SENDER

TO  COREY HUNTER
PARSONS BEHLE & LATIMER, P.C.
201 S. MAIN ST., SUITE 1800

SALT LAKE CITY UT 84111
(801) 532-1234          REF:
INV:
PO:                          DEPT:

FedEx Express

TRK# 0201   8894 3478 2483

TUE - 10 MAR 10:30A
PRIORITY OVERNIGHT
ASR
84111
XA NPHA          UT-US   SLC