Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah  84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
sschultz@strongandhanni.com
*Attorney for Persons Affected by Subpoenas*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE SELF STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; | **AFFECTED PARTIES MARY STREET AND CAMS REALTY, LLC'S MOTION TO MODIFY SUBPOENA** <br><br> Civil No.: 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

Defendants.

Pursuant to DUCivR 7-1(a)(4)(D), DUCivR 37-1(b)(7), and Rule 45(d)(3), Fed. R. Civ. P., Affected Persons Mary Street ("Street") and CAMS Realty, LLC ("CAMS") (collectively sometimes referred to as "Moving Parties"), appear specially and move the Court to modify subpoenas issued to Altabank requesting production of records of Street and CAMS.

2

**1. Specific relief sought and grounds for relief**

a. Moving Parties request that the Court modify the scope of two subpoenas duces tecum ("SDTs") issued by Plaintiffs to Altabank, Division of Glacier Bank, (hereinafter "Alta") for production of Moving Parties' financial documents. Street and CAMS are listed as Defendants in this case, but they have never been served and are not participants in the litigation. Alta is not a party to the case. Thus, the SDTs are being submitted to a non-party (Alta) for production of documents from named Defendants (CAMS and Street) over whom the court does not have jurisdiction because they have not been served with summons.[1] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[2]

b. The grounds for this motion include (i) Rules 45(d)(3)(A)(iii) and 45(d)(3)(A)(iv) protect against disclosure of privileged or other protected matter and against undue burden, (ii) Rule 45(d)(3)(B)(i) protects a person affected by a subpoena from disclosure of confidential commercial information. "Although [i]rrelevance [is] not contained within Rule 45's list of

---

[1] A review of the docket shows this case was commenced on June 21, 2023. Doc. 1. Summonses were issued by the clerk on June 22, 2023, as to Andrew Bell (Doc. 3), Blake McDougal (Doc. 4), Colliers International (Doc. 5), Elevated 1031 (Doc. 6), Equity Summit Group (Doc. 7), Kevin Long (Doc. 8), Millcreek Commercial LLC (Doc. 9), Scott Rutherford (Doc. 10), Spencer Taylor (Doc. 11), and Trevor Weber (doc. 12). Returns or Waivers of Service were documented in the docket as to Bell, Colliers International, Weber, Elevated 1031, Rutherford, Equity Summit Group, McDougal, Long, and Millcreek Commercial LLC on September 13, 2023. (Docs. 23-24). An Amended Complaint was filed on March 26, 2025. (Doc. 114). A Second Amended Complaint was filed on February 27, 2026. (Doc. 158). But no record of service of process is contained anywhere in the docket as to CAMS or Street. Neither CAMS nor Street has entered an appearance as a party in the case.

[2] *Eliason v. Oaks*, 2025 WL 1663662, *1, Case No. 2:24-cv-00072-HCN-JCB (D. Utah Feb. 13, 2025) (unpublished) (quoting and citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)) (internal quotation marks omitted).

enumerated reasons for quashing a subpoena[,] [i]t is well settled [ ] that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. Therefore, even in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C)."[3]

### 2. Statement of relevant facts

a. Street and CAMS are listed as Defendants in this case, but they have never been served and are not participants in the litigation. Alta is not a party to the case. Thus, the SDTs are being submitted to a non-party (Alta) for production of documents from named Defendants over whom the court does not have.[4]

b. On March 9, 2026, Plaintiffs issued Notices of Intent to Subpoena Documents or Tangible Things, from numerous entities, including Alta.[5]

c. The SDTs include a Definitions section which identifies Street as a "Named Individual" and CAMS as a "Named Entity" with Street and William Street identified as "Affiliated individual(s)" of CAMS.[6]

d. The SDTs purport to command Alta to produce "for the time period 2020 to the Present: . . . All Documents related to any accounts associated with any Named Individual or Named Entity." The SDTs then state that with respect to CAMS, this includes without limitation three

---

[3] *Route App, Inc. v. Heuberger*, 2024 WL 309748, *3, Case No. 2:22-cv-00291 (D. Utah January 26, 2024) (unpublished) (internal quotation marks and citation omitted).
[4] *See* Section 1.a. and Footnote 1, above.
[5] Exhibit 1 hereto – SDT 1 and Exhibit 2 hereto – SDT 2.
[6] *Id*.

specifically identified CAMS Property Management Trust Accounts for properties in Keller, Texas; Kennesaw, Georgia; and Naperville, Illinois.  Both SDTs identify the accounts as (i) CAMS Realty LLC – Property Management Trust Account FBO SARC Keller, TX, account number ending 910002740; (ii) CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963; and (iii) CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890 (hereinafter referred to as the "Relevant Accounts").

The SDTs further command production of:

- "*All* Transaction Records related to *any* Account associated with *any* Named Individual or Named Entity." (emphasis added)

- "*All* Electronic Records related to *any* account associated with *any* Named Individual or Named Entity." (emphasis added)

- "*All* Account Records related to *any* account associated with *any* Named Individual or Named Entity." (emphasis added)

- "*All* Correspondence related to *any* account associated with *any* Named Individual or Named Entity." (emphasis added)

- "*Any* other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments." (emphasis added)

e.  The Second Amended Complaint on file in this case, alleges that "this case centers on

the three [properties] located in Kennesaw, Georgia; Naperville, Illinois; and Keller, Texas."[7]

### 3. Supporting Authority and Argument

The SDTs in this case are served on a non-party to obtain documents in their possession relating to persons who are named as Defendants but over whom this court does not have jurisdiction as parties because they have never been served with process. While in that respect, the context of this motion is somewhat different than some motions to quash or amend subpoenas, Rule 45(d)(3)(A)(iii) and 45(d)(A)(iv) protect against disclosure of privileged or other protected matter and against undue burden, and Rule 45(d)(3)(B)(i) protects a person affected by a subpoena from disclosure of confidential commercial information.

And, "[a]lthough [i]rrelevance [is] not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] [i]t is well settled [ ] that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. Therefore, even in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C)."[8]

The SDTs issued to Alta for documents from Street and CAMS should therefore be modified because they do not meet the requirements of both Rule 45 and the general requirements of relevance and proportionality.  Street and CAMS do not object to Alta producing the CAMS Relevant Accounts which are for the three properties at issue in this case – Keller, Kennesaw, and

---

[7] Doc. 158 at 3.

[8] *Route App, Inc. v. Heuberger*, 2024 WL 309748, *3, Case No. 2:22-cv-00291 (D. Utah January 26, 2024) (unpublished) (internal quotation marks and citation omitted).

Naperville. But the SDTs request far more than that, including every account that either CAMS or Street has at Alta. This covers accounts for many other properties beyond the three in this case as well as information regarding numerous owners who are not parties in this case. CAMS and Street estimate this could involve over 30 accounts and over 200 owners as payees on various accounts. Given the breadth of the definitions in the SDTs, it could also involve other accounts and documents that are unrelated to the properties in this case.

This impacts protected confidential commercial information of these owners and of CAMS and Street. Moreover, producing this broad scope of documents is unduly burdensome and not proportional. Rule 26(b)(1), Fed. R. Civ. P., explains proportionality as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Requiring production of documents that are unrelated to the properties at issue or the owners of the properties at issue is not proportional to the needs of the case because the unrelated documents and information are neither important to the issues at stake nor in resolving those issues, regardless of the amount in controversy.

## CONCLUSION

Street and CAMS respectfully request that the Court modify the SDTs to limit the documents Alta is required to produce to CAMS's Operating Account, Real Estate Trust Account, and Property Management Account for the Correct Accounts of the Keller, Texas; Kennesaw, Georgia; and Naperville, Illinois properties.

DATED this 25th day of March 2026.

STRONG & HANNI

*/s/ Stuart H. Schultz*

Stuart H. Schultz
*Attorney for Affected Persons Street and CAMS*

## CERTIFICATE OF MAILING

I hereby certify that on this 25th day of March 2026, a true and correct copy of the foregoing

**AFFECTED PARTIES MARY STREET AND CAMS REALTY, LLC'S MOTION TO MODIFY SUBPOENA** was sent via the method listed below to the following:

Andrew G. Deiss, #7184                          ( )   U.S. Mail, Postage Prepaid
Corey D. Riley, #16935                          ( )   Hand Delivery
DEISS LAW PC                                     ( )   Overnight Mail
10 West 100 South, Suite 700                     ( )   E-mail
Salt Lake City, UT 84101                         (X)   E-filing Notification
deiss@deisslaw.com
criley@deisslaw.com
*Attorney for Plaintiffs*

*/s/ LaNae Holland*