Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Kevin Long*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK | DEFENDANT KEVIN LONG'S PARTIAL MOTION TO DISMISS SECOND, FOURTH, FIFTH, SIXTH AND ELEVENTH CAUSES OF ACTION <br><br><br> Case No. 2:23-cv-00407-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Cecilia M. Romero |

INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

Defendants.

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1, Defendant Kevin G. Long ("Long") hereby moves the Court to dismiss with prejudice the following claims in Plaintiffs' Second Amended Complaint [Dkt. 158] (the "Second Amended Complaint" or "SAC") as to Long: (i) the Second Cause of Action ("2nd COA"); (ii) Plaintiffs' state securities law claims brought under the Fourth, Fifth and Sixth Causes of action (the "State Securities Claims"); and the Eleventh Cause of Action for elder abuse ("11th COA") as to plaintiffs Jose and Teena Rementeria.

The grounds for the requested relief are: (a) the 2nd COA fails as a matter of law because Plaintiffs fail to plead facts showing compliance with the time periods set forth in 15 U.S.C. § 77m, as part of a prima facie case under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act"); (b) the State Securities claims fail because the TIC interests at issue are not

2

securities under Utah law, and because Plaintiffs fail plead the State Securities claims with particularity as required by Rule 9(b) ; and (c) the 11th COA fails because certain plaintiffs lack standing to assert claims for elder abuse because an entity purchased the TIC interests at issue, not them individually.

INTRODUCTION

This case arises from Plaintiffs' purchases of tenant-in-common ("TIC") interests in several commercial real properties.  The commercial properties at issue in this case are located in Keller, Texas (the "Keller Property"); Kennesaw, Georgia (the "Kennesaw Property"); and Naperville, Illinois (the "Naperville Property").  In this lawsuit, Plaintiffs characterize these real property interests as "securities" and assert several claims under federal securities laws, in addition to various other federal and state law claims.  Among the securities causes of action set forth in the Second Amended Complaint, Plaintiffs assert a claim under Section 12(a)(1) of the Securities Act, which provides a cause of action against sellers of securities who offer or sell a security in violation of Section 5's registration requirements.  This claim is subject to the 1-year statute of limitation and 3-year statute of repose found in Section 13 of the Securities Act. Unlike other statutes of limitation which are simply asserted as an affirmative defense, however, federal law requires a claimant to affirmatively plead compliance with the timeliness requirements of Section 13 as part of establishing a prima facie case under Section 12(a)(1). Here, based on the allegations contained in the Second Amended Complaint, Plaintiffs' 2nd COA is asserted well beyond the timeliness requirements of Section 13, and thus their Section 12(a)(1) claims must be dismissed with prejudice.

<u>STATEMENT OF RELEVANT FACTS</u>

1. "By no later than 2020, Millcreek Commercial Properties and its agents Rutherford, Bell, Weber, Taylor, and McDougal, under Long's leadership, began marketing and selling TIC interests in real property including the Keller, Kennesaw, and Naperville Properties." [SAC, ¶ 194; 211.]

2. Plaintiff Patti Klair purchased a TIC interest in the Keller Property in February 2022. [SAC, ¶¶ 114, 686-88; Special Warranty Deed, executed on February 4, 2022, attached hereto as Exhibit A.[1]]

3. Plaintiff Robert E. Myers purchased TIC interests in the Keller Property in April 2022. [SAC, ¶¶ 111, 686-88; Special Warranty Deeds, executed on May 5 and 6, 2022, attached hereto as Exhibit B.]

4. Plaintiff Robert Barnes purchased TIC interests in the Keller Property in May 2022. [SAC, ¶¶ 115, 686-88; Special Warranty Deeds, executed on May 11 and 12, 2022, attached hereto as Exhibit C.]

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court may consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007), and other documents "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, Plaintiffs' claims arise from their purchase of real estate and the deeds are therefore the primary evidence of Plaintiffs' claimed ownership of the TICs, which in turn is the basis for Plaintiffs' standing to bring the claims in this lawsuit. Moreover, the Court can take judicial notice of the contents of instruments, like deeds, recorded in a county recorder's office without converting the Motion into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004) (citation omitted); *Burnett v. Mortgage Electronic Registration Systems, Inc.*, Case No. 1:09-CV-00069-DAK, 2009 WL 3582294, *6 (Oct. 27, 2009 D. Utah) (taking judicial notice of deed of trust, substitution of trustee form, notice of default, and trustee's deed recorded in county recorder's office in connection with motion to dismiss).

5.    Plaintiff Robert Barnes also purchased a TIC interest in the Kennesaw Property in March 2022. [SAC, ¶¶ 115, 686-88; Limited Warranty Deed, executed on March 2, 2022, attached hereto as Exhibit D.]

5.    Plaintiffs Eric Carnrite and Elizabeth Hill-D'Alessandro purchased TIC interests in the Keller Property in May 2022. [SAC, ¶¶ 120, 686-88; Special Warranty Deeds, executed on May 25 and 26, 2022, attached hereto as Exhibit E.]

6.    Plaintiffs Robert and Ditas Tannehill purchased a TIC interest in the Keller Property in December 2021. [SAC, ¶¶ 109, 686-88; Special Warranty Deed, executed on December 9, 2021, attached hereto as Exhibit F.]

7.    Plaintiffs Jose and Teena Rementeria, through their limited liability company Secure Self Storage, LLC, purchased a TIC interest in the Keller Property in October 2021. [SAC, ¶¶ 110, 686-88; Special Warranty Deed, executed on October 25, 2021, attached hereto as Exhibit G.]

8.    Plaintiffs Jose and Teena Rementeria, through their limited liability company Secure Self Storge, LLC, also purchased a TIC interest in the Naperville Property in August 2021. [SAC, ¶¶ 110, 686-88; Warranty Deed, executed on August 11, 2021, attached hereto as Exhibit H.]

9.    Plaintiffs Charles and Laura Brauer, as Trustees of Quest Realty Trust, purchased TIC interests in the Keller Property in May 2022. [SAC, ¶¶ 112, 686-88; Special Warranty Deeds, executed on May 24 and 26, 2022, attached hereto as Exhibit I.]

10.    Plaintiff Karen Marion purchased TIC interests in the Keller Property in May 2022. [SAC, ¶¶ 121, 686-88; Special Warranty Deeds, executed on May 13 and 19, 2022, attached

hereto as Exhibit J.]

11.    Plaintiff Katherine Madera purchased a TIC interest in the Keller Property in October 2021. [SAC, ¶¶ 122, 686-88; Special Warranty Deed, executed on October 26, 2021, attached hereto as Exhibit K.]

12.    Plaintiffs Carl and Lynn McQueary purchased a TIC interest in the Keller Property in January 2022. [SAC, ¶¶ 123, 686-88; Special Warranty Deed, executed on January 11, 2022, attached hereto as Exhibit L.]

13.    Plaintiff Donald Patterson purchased TIC interests in the Keller Property in May 2022. [SAC, ¶¶ 116, 686-88; Special Warranty Deeds, executed on May 12 and 25, 2022, attached hereto as Exhibit M.]

14.    Plaintiff Donald Patterson also purchased a TIC interest in the Kennesaw Property in March 2022. [SAC, ¶¶ 116, 686-88; Limited Warranty Deed, executed on March 2, 2022, attached hereto as Exhibit N.]

15.    Plaintiff Kurtis T. Manning, as representative of The Kurtis T. Manning Living Trust, purchased a TIC interest in the Keller Property in November 2021. [SAC, ¶¶ 124-25, 686-88; Special Warranty Deed, executed on November 3, 2021, attached hereto as Exhibit O.]

16.    Plaintiff Tony Schaker purchase TIC interests in the Keller Property in January 2022. [SAC, ¶¶ 126, 686-88; Special Warranty Deeds, executed on January 26 and 27, 2022, attached hereto as Exhibit P.]

17.    Plaintiffs Patrick and Hildegard White purchased TIC interests in the Keller Property in April 2022. [SAC, ¶¶ 119, 686-88; Special Warranty Deeds, executed on April 26 and 28, 2022, attached hereto as Exhibit Q.]

18.    Plaintiffs filed their original Complaint on June 21, 2023 (the "Complaint").  [Dkt. # 1.]

19.    Plaintiffs filed an Amended Complaint on March 26, 2025.  [Dkt. # 114.]

20.    Plaintiffs filed a Second Amended Complaint on February 27, 2026. [Dkt. # 158.]

21.    Under the 2nd COA of the Second Amended Complaint, Plaintiffs purport to assert a claim under Section 12(a)(1) of the Securities Act for an alleged violation thereof arising from the sale of the TIC interests (which Plaintiffs claim are unregistered securities) in violation of Section 5's registration requirements. [SAC, ¶¶ 964-969.]

22.    Under the State Securities Claims, Plaintiffs assert claims of securities fraud (4th COA); sales of securities by an unlicensed broker or investment adviser (5th COA); and aiding and abetting state law securities fraud (6th COA).

23.    Under the 11th COA, certain Plaintiffs assert claims for elder abuse under Utah state law.

<u>ARGUMENT</u>

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A complaint that merely alleges a "possible" or "conceivable" claim

is insufficient.  *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).  A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief.  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be <u>well-pleaded</u> allegations."  *Warnick,* 895 F.3d at 751 (emphasis in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts."  *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678).  Here, a number of Plaintiffs' claims fail for four reasons.

I.   THE 2ND COA FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE NOT PLED COMPLIANCE WITH THE TIMELINESS REQUIREMENTS OF SECTION 13.

Under the 2nd COA, Plaintiffs claim Long is liable under Section 12(a)(1) of the Securities Act.  That claim fails as a matter of law because Plaintiffs did not file the Complaint within the one-year period from the alleged violation of Section 12(a)(1) as required under Section 13 of the Securities Act.

Section 12(a)(1) provides the exclusive federal cause of action for failure to register public or private securities, and imposes liability on those who offer or sell securities without complying with the applicable statutory registration and prospectus requirements in Section 5 of the Securities Act.  *See Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 916 (6th Cir. 2007); *see also Holland v. GEXA Corp.*, 161 F.App'x 364, 366 (5th Cir. 2005).  To state a cause of action under Section 12(a)(1), a plaintiff must show: (i) a lack of a registration statement for the

securities at issue; (ii) the offer or sale of securities;[2] and (iii) use of interstate transportation or communication in the offer or sale. *See e.g., Rocky Aspe Mgmt. 204 LLC v. Hanford Holdings, LLC*, 230 F.Supp. 3d 159, 165 (S.D.N.Y. 2017). Additionally, to establish a prima facie case under Section 12(a)(1), courts require a plaintiff to plead facts and show compliance with the timeliness requirements under Section 13 of the Securities Act. *See Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); *see also Mori v. Saito,* 2013 WL 1736527, at *3 (S.D.N.Y. Apr. 9, 2013); *Pullins v. Kimley*, 2008 WL 85871, at *9 (S.D. Ohio Jan. 7, 2008).

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public:

> No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, <u>or, if the action is to enforce a liability created under section [Section 12(a)(1)] of this title, unless brought within one year after the violation upon which it is based.</u> In no event shall any such action be brought to enforce a liability created under section 77k or [Section 12(a)(1)] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

*See* 15 U.S.C. § 77m. (emphasis added). For purposes of the one-year period, most courts agree that the violation occurs when a prospective buyer actually purchases the securities. *See e.g.*, *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004). A few courts, however, have

---

[2] In this lawsuit, Long disputes that the real estate transactions at issue involved any "security" under federal or state securities laws. But even assuming they constitute securities, the 2nd COA still fails for the reasons herein.

found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. *See e.g., Barnert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Neither this Court nor the Tenth Circuit Court of Appeals appears to have ruled on this issue. Regardless of which approach the Court takes in determining the triggering date, Plaintiffs failed to plead facts showing timely compliance with Section 13.

Specifically, as set forth in the Statement of Relevant facts above, Plaintiffs' respective purchases of TIC interests all occurred during the period of August 11, 2011 (Statement of Fact, ¶ 8) through May 26, 2022 (Statement of Fact, ¶¶ 5 and 9). Plaintiffs commenced this action by filing their original Complaint on June 21, 2023.  [Dkt. # 1.] Accordingly, Plaintiffs' Section 12(a)(1) claims are time-barred under Section 13, and the Second Cause of Action must be dismissed as a matter of law. *See Toombs v. Leone*, 777 F.2d 465, 478 (9th Cir. 1985) (noting plaintiff must plead facts demonstrating compliance with statute of limitations and dismissing Section 12(a)(1) claim under Section 13's one-year limitations period); *Snyder v. Newhard, Cook & Co., Inc.*, 764 F.Supp. 612, 618-19 (D. Colo. 1991) (dismissing Section 12(a)(1) claim when filed more than one year after the violation occurred) (citations omitted).

II.     THE STATE SECURITIES CLAIMS FAIL BECAUSE THE TIC INTERESTS AT ISSUE ARE NOT "SECURITIES" UNDER APPLICABLE STATE LAW.

Plaintiffs assert multiple state-law securities claims premised on the TIC interests. Those claims fail as a matter of law because the interests at issue do not constitute "securities" under applicable state law.

Under Utah law, the Legislature has expressly excluded certain fractionalized real property interests from the definition of a "security." *See* Utah Code Ann. § 61-1-13(ee)(ii)(C).

Specifically, undivided fractionalized interests in real property—such as TIC interests—are not securities where the statutory conditions governing ownership structure and management rights are satisfied. *Id*. Courts applying Utah law have recognized that TIC arrangements falling within this framework are not subject to the state securities statutes. *See Wilson v. Millcreek Properties, LLC*, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025).

Here, Plaintiffs' allegations confirm that they purchased undivided fractional interests in real property—i.e., TIC interests—in the Keller, Kennesaw, and Naperville properties. Those interests fall squarely within the statutory exclusion. Plaintiffs do not allege facts plausibly showing that the TIC arrangements fall outside the statutory exemption or otherwise qualify as securities under Utah law.

Because the TIC interests at issue are not "securities" under applicable state law, the State Securities Claims fail as a matter of law and must be dismissed.

III.     PLAINTIFFS FAIL TO PLEAD THEIR STATE SECURITIES CLAIMS WITH THE PARTICULARITY REQUIRED BY RULE 9(b).

Plaintiffs' state-law securities claims fail for an additional, independent reason: they are not pled with the particularity required by Rule 9(b). Claims sounding in fraud—including state-law securities fraud claims—must satisfy Rule 9(b)'s heightened pleading standard. A plaintiff must identify the specific statutory basis for each claim and plead the circumstances of the alleged fraud with particularity. *See Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991); *see also Wilson*, 2025 WL 2256685, at *12.

Plaintiffs do not come close to meeting that standard. Rather than clearly identifying which state statutes apply to which claims and Defendants, Plaintiffs provide only a generalized, non-specific list of statutes from numerous jurisdictions in a footnote. They do not plead the elements

11

of any particular statute, do not tie specific facts to specific statutory provisions, and do not differentiate among Defendants or transactions.

This type of "shotgun" pleading fails to provide fair notice of the claims being asserted or the legal basis for those claims. The deficiencies are particularly acute here, where Plaintiffs invoke a patchwork of state laws—each with distinct elements and requirements—without explaining how any one of them applies.

Courts routinely reject such bare, undifferentiated allegations as insufficient under Rule 9(b). *See Chrysler Capital Corp.*, 778 F. Supp. at 1270; *Wilson*, 2025 WL 2256685, at *12. Plaintiffs' conclusory reference to a laundry list of statutes, without more, does not satisfy their pleading burden.

Accordingly, the State Securities Claims should also be dismissed for failure to plead fraud with the required particularity.

IV.    <u>CERTAIN PLAINTIFFS LACK STANDING TO ASSERT CLAIMS FOR ELDER ABUSE</u>.

Plaintiffs also assert claims for elder abuse under Utah law. Those claims fail, at least as to Jose and Teena Rementeria, because they are not brought by the proper party in interest.

Utah law limits a private right of action for elder abuse to vulnerable adults who suffer harm or financial loss as a result of the alleged conduct. *See* Utah Code § 26B-6-213. Where the alleged injury is suffered by a separate legal entity, the claim belongs to that entity—not to the individual owners or members.

Here, the Second Amended Complaint alleges that at least some TIC interests were purchased through business entities rather than by the individual Plaintiffs themselves. For example, Plaintiffs Jose and Teena Rementeria are alleged to have acquired TIC interests

12

through Secure Self Storage, LLC. The alleged injury arising from that investment therefore belongs to the entity that holds title to the interest—not to the individual members.

Under well-settled law, a member of an LLC has no interest in specific property owned by the entity. *See In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016). Accordingly, any claim based on injury to property owned by the LLC must be brought by the LLC itself. *See* Fed. R. Civ. P. 17(a).

Because a business entity is not a "vulnerable adult" within the meaning of the elder abuse statute, it cannot assert such a claim. *See* Utah Code § 26B-6-213. And individual members cannot recover for injuries allegedly suffered by the entity.

Accordingly, the elder abuse claims asserted by Plaintiffs who invested through business entities fail as a matter of law and should be dismissed.

CONCLUSION

For reasons set forth above, the Motion should be granted.

DATED this 27th day of March, 2026.

PARR BROWN GEE & LOVELESS, P.C.


By: /s/ Rodger M. Burge
    Terry E. Welch
    Bentley J. Tolk
    Rodger M. Burge
    C. Chase Wilde
    *Attorneys for Defendant Kevin Long*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2026 a true and correct copy of the foregoing DEFENDANT KEVIN LONG'S PARTIAL MOTION TO DISMISS SECOND, FOURTH, FIFTH, SIXTH AND ELEVENTH CAUSES OF ACTION has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ Rodger M. Burge