Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

*Attorneys for Kevin Long*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, | **DEFENDANT KEVIN LONG'S MOTION TO PARTIALLY QUASH SUBPOENA TO ALTABANK** |
| Plaintiffs, | Case No. 2:23-cv-00407-AMA-CMR |
| v. | Judge Ann Marie McIff Allen Magistrate Judge Cecilia M. Romero |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, | |

LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

Defendants.

Defendant Kevin G. Long ("Long"), by and through counsel, and pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and DUCivR 37-1(b)(7), respectfully moves to quash the portion of Plaintiffs' subpoena noticed to Altabank, Division of Glacier Bank ("Altabank"; hereinafter, the subpoena to Altabank is referred to as the "Subpoena") seeking Long's personal bank records.

**RELIEF SOUGHT AND GROUNDS THEREFOR**

Long specifically requests that the Court quash the portion of the Subpoena seeking Long's personal banking records because such records are irrelevant to any claim or defense in this lawsuit and are protected by well-established privacy interests. Long further requests that the Court require Plaintiffs to inform Altabank that any records relating to personal bank accounts held by Long are not to be produced, and if such records are produced by Altabank before the Court issues an order, that Plaintiffs must destroy all copies of such information. Such relief is

2

appropriate under Rules 45 and 26 of the Federal Rules of Civil Procedure, which collectively limit parties from seeking irrelevant private information through a subpoena.

## **RELEVANT FACTS**

1.      On or about March 9, 2026, Plaintiffs noticed their intent to serve Altabank.

2.      The Subpoena contains the following instructions:

### DOCUMENTS TO PRODUCE

Produce the following Documents for the time period 2020 to Present:

1. All Documents related to any account associated with any Named Individual or Named Entity.

    a. With respect to the Named Entity CAMS Realty LLC, this includes but is not limited to the following accounts:

        i. CAMS Realty LLC – Property Management Trust Account FBO SARC Keller TX, account number ending 910002740

        ii. CAMS Realty LLC – Property Management Trust Account FBO Kennesaw GA ACM, account number ending 910002963

        iii. CAMS Realty LLC – Property Management Trust Account FBO ACM Naperville IL, account number ending 910001890

2. All Transaction Records related to any Account associated with any Named Individual or Named Entity.

3. All Electronic Records related to any account associated with any Named Individual or Named Entity.

4. All Account Records related to any account associated with any Named Individual or Named Entity.

5. All Correspondence related to any account associated with any Named Individual or Named Entity.

6. Any other related records sufficient to identify the ownership, control, and authorized signatories of the above-described accounts or financial instruments.

3.      Plaintiffs' Second Amended Complaint does not allege that any funds from the tenant in common ("TIC") program at issue were directly transferred into any personal bank account(s) connected with Long. *See generally* Pls.' Second Am. Compl.

4.      Although the Second Amended Complaint contains broader allegations that Long was affiliated with Millcreek Commercial Properties and Colliers, and that those entities received fees and commissions, respectively, it does not allege that any TIC program money was directly transferred to Long personally, as opposed to entities that Long was involved with, such as Millcreek Commercial Properties. *See generally id.*

**ARGUMENT**

**I.      LONG HAS STANDING TO CHALLENGE THE SUBPOENA.**

As a threshold matter, Long has standing to challenge the Subpoena. Although as a general rule, a motion to quash is typically made by the subpoena recipient, a party has standing to challenge a third-party subpoena where the party "has a personal right or privilege with respect to the subject matter requested in the subpoena." *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477-DN, 2015 WL 2093292, at *2 (D. Utah May 5, 2015) (citation omitted). Here, the Subpoena expressly seeks "[a]ll Documents" for accounts "associated with" Long. Statement of Facts ¶ 2. Long plainly has a personal right and privacy interest in his personal bank records and other personal financial information. *See Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2022 WL 4290099, at *2–3 (D. Utah Sept. 16, 2022) (collecting cases and finding standing exists for a bank account holder to challenge a subpoena seeking his/her/its own bank records).

4

## II.    THE SUBPOENA WOULD IMPROPERLY EXPOSE IRRELEVANT PRIVATE FINANCIAL INFORMATION OF LONG AND HIS NON-PARTY FAMILY MEMBERS.

The portion of the Subpoena seeking Long's personal bank records should be quashed because it would require disclosure of sensitive private financial information far beyond anything that could fairly be considered relevant discovery. Courts have recognized that "a Rule 45 subpoena falls within the proper scope of discovery under Federal Rule 26." *Ennis*, 2022 WL 4290099, at *3 (collecting cases). "Thus, a subpoena may not be used as 'a fishing expedition to see what may turn up' but instead, needs to be 'intended to produce evidentiary materials ....'" *United States v. Minh Hoang*, No. 2:17-CR-444, 2020 WL 262985, at *2 (D. Utah Jan. 17, 2020) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)). In other words, "a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case." *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-CV-01294-RM-NYW, 2018 WL 1899369, at *3 (D. Colo. Apr. 20, 2018); *Ennis*, 2022 WL 4290099, at *3 (applying Rule 26 relevancy and overbreadth standards to Rule 45 subpoenas and granting in part Defendants' motion to quash). Accordingly, courts have limited discovery in situations where parties have sought irrelevant financial records that do not involve transactions that are at issue in the litigation. *See generally*, *Ennis*, 2022 WL 4290099; *see also Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 203–04 (S.D.N.Y. 2023) (quashing subpoena for banking records where the party issuing the subpoena failed to demonstrate relevance).

As set forth above, as currently drafted, the Subpoena seeks *all* documents from Altabank relating to Long, not just the bank accounts for the specific entity defendants that Plaintiffs allege

received transfers of money directly from the TIC program, such as Millcreek and Colliers. *See Donnell v. Taylor*, No. 2:09-CV-00127, 2010 WL 3121003, at *2 (D. Utah Aug. 3, 2010) (granting a protective order prohibiting discovery relating to irrelevant personal bank accounts and noting, "[t]he burden of this discovery outweighs the potential benefit to . . . Defendants. It would be unwise to put this financial information into the hands of litigation opponents for no significant benefit to their case"); *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-14777, 2013 WL 1898374, at *7 (E.D. Mich. May 7, 2013) ("However, to the extent the subpoenas seek financial information regarding Collins's and Dr. Teklehaimanot's personal bank accounts, such a request is overly broad. Therefore, the Court quashes this aspect of the bank subpoenas.")

As drafted, the requested records would reveal Long's personal identifying and financial information, including full account numbers and personal transaction histories. This would disclose ordinary personal expenditures and transfers having nothing to do with any Plaintiff, any TIC transaction, or any alleged commission, referral fee, or other payment at issue in the instant case. Based on Plaintiffs' allegations in the Second Amended Complaint, there is no legitimate justification for exposing Long's household, consumer, and unrelated financial affairs to wholesale review. What Long and his wife spend their personal money on is of no concern to Plaintiffs and should be shielded from forced disclosure. Plaintiffs can trace any allegedly improper payments through the entity defendants' bank records; Long's personal bank records add nothing beyond an unwarranted and intrusive fishing expedition into his private financial affairs.

Moreover, Long is a joint account holder on certain bank accounts maintained for certain members of his immediate family, including certain children, none of whom are parties to this action or have been alleged to have engaged in any wrongdoing.[1] Given the breadth of the Subpoena, those non-party account records would likely be swept within its overly broad scope. The privacy concerns associated with disclosure of sensitive financial information belonging to those non-parties are further heightened. In sum, although Long does not challenge Plaintiffs' ability to obtain the banking records of the entity defendants that allegedly received money in connection with the TIC program, Plaintiffs' request for Long's personal banking information is irrelevant and overly broad, and it would inappropriately expose personal financial information; the request falls outside the scope of allowable discovery under Rules 45 and 26.[2]

## CONCLUSION

For the foregoing reasons, this Motion should be granted, and the portion of the Subpoena seeking any personal banking information relating to Long or his family members

---

[1] For the avoidance of any doubt, Long is merely listed as a joint account holder on certain family members' accounts for practical purposes, not because he claims an equitable interest in such funds.

[2] Additionally, the Subpoena was issued by Seth Nichamoff, an attorney who has not appeared in this lawsuit. *See* DUCivR 83-1.3 ("An attorney appears on behalf of a party by appearing in court; filing a notice of appearance; or signing a pleading, motion, or waiver of service."). Accordingly, the Subpoena is also improper because it was issued by an attorney who has not appeared in this action. Mr. Nichamoff's issuance of the Subpoena is inconsistent with the intent of Rule 45(a)(3) which states in part as follows: "*Issued by Whom* . . . . An attorney also may issue and sign a  subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). While Mr. Nichamoff may be generally "authorized to practice" in this Court, he is not admitted as counsel of record in this matter. To allow any attorney to exercise authority of the court to issue subpoenas in any case, even when not counsel of record in that case, runs afoul of the Rule's apparent intent.

should be quashed. Further, Plaintiffs should be required to notify Altabank not to produce Long's personal banking information, or that of his family members, and if such information has already been produced, Plaintiffs should be required to destroy such information.

RESPECTFULLY SUBMITTED on April 3, 2026.

PARR BROWN GEE & LOVELESS

/s/ Bentley J. Tolk
Terry E. Welch
Bentley J. Tolk
Rodger M. Burge
C. Chase Wilde

*Attorneys for Kevin Long*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2026, a true and correct copy of the foregoing

**DEFENDANT KEVIN LONG'S MOTION TO PARTIALLY QUASH SUBPOENA TO**

**ALTABANK** was filed electronically via the Court's CM/ECF System, which sent notification

of such filing to all counsel of record in this case.

/s/ Bentley J. Tolk