Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al.,<br>*Plaintiffs,*<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>*Defendants.* | **MOTION FOR ALTERNATE SERVICE AND EXTENSION OF TIME TO SERVE DEFENDANTS**<br><br>Case No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiffs, by and through undersigned counsel and pursuant to Fed R. Civ. P. 4(m), respectfully move the Court to grant them leave to serve Defendant David Josker, Gil Borok, Lew Cramer, Matthew Hawkins, and Steve Caton (collectively, the "Unserved Defendants"), by alternative means, pursuant to Fed. R. Civ. P. 4(e)(1). Plaintiffs further move for additional time to serve these Defendants, pursuant to Fed. R. Civ. P. 4(m).

**INTRODUCTION**

Since the present action was filed, Plaintiffs and Plaintiffs' counsel have undertaken substantial efforts to evaluate and effectuate service of process upon all Defendants, including relying upon extensive prior service efforts undertaken in the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah). Several Defendants, however, remain unserved. Plaintiffs' counsel have already spent well over 100 man-hours attempting to locate and personally serve many of these same Defendants in *Weber*. Those efforts included extensive searches of public records and social media platforms, communications with counsel known to represent Defendants or their affiliates, retention of private investigators, and repeated attempts at personal service in multiple jurisdictions. Exhibit A, *Weber* Deiss Declaration at ¶¶ 6-7.

Through those efforts in *Weber*, Plaintiffs' counsel encountered substantial and repeated difficulties serving many of the same individuals and entities at issue here. Several Defendants could not reasonably be located despite extensive investigation. Others appeared to evade service by refusing delivery, concealing their whereabouts, or repeatedly making themselves unavailable to process servers. Some are high-level executives or principals of entities that have already been served and are represented by counsel, making it highly likely they are already aware of the claims asserted against them.

Plaintiffs' counsel are now encountering the same practical difficulties in this action that they already encountered in *Weber*. Plaintiffs' counsel have therefore sought to avoid needlessly repeating the same costly, time-consuming, and largely

unsuccessful traditional service efforts already undertaken in the closely related litigation. Plaintiffs' counsel have nevertheless made targeted efforts in this action, including communicating with counsel regarding acceptance or waiver of service for the Colliers-affiliated Unserved Defendants, investigating potential service addresses, and evaluating international service options for foreign Defendants. Exhibit B, Supplemental Deiss Declaration at ¶¶ 5-6, 10.

Those efforts have further confirmed that traditional service upon several Defendants would likely impose substantial additional expense with little likelihood of success. Plaintiffs' counsel have consulted with multiple companies specializing in Hague Convention service regarding Defendants Matthew Hawkins and Lew Cramer. Plaintiffs' counsel were quoted approximately $1,600 merely to attempt service upon Mr. Cramer with the complaints in this action, *Weber,* and the separate but closely related action *Khanna et al. v. Colliers International Group, Inc.*, No. 2:25-cv-00906-HCN-CMR, where Plaintiffs' counsel likewise represent the plaintiffs and are concurrently seeking alternative service. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6-8. Even at that cost, Plaintiffs' counsel believe there is a substantial likelihood Mr. Cramer still will not be located for personal service due to his temporary and non-public missionary residence in the United Kingdom. *Id.* ¶ 8. Plaintiffs' counsel received similar cost estimates for attempting service upon Mr. Hawkins in Canada, despite already having made several attempts to serve him in *Weber*. *Id.* ¶ 9.

It has therefore become apparent that the Unserved Defendants either cannot reasonably be located through diligent efforts, are avoiding service, or are otherwise

impracticable to serve through traditional means, each of which independently justifies alternative service under Utah law. Plaintiffs have identified multiple alternative means of service for each Unserved Defendant that are reasonably calculated, under all the circumstances, to apprise them of this action and provide actual notice.

Given Plaintiffs' counsel's extensive prior efforts in *Weber*, the substantial expense and practical difficulty associated with repeating those same traditional service efforts here, and the reliability of Plaintiffs' proposed alternative methods of service, Plaintiffs respectfully request that the Court authorize alternative service upon the Unserved Defendants and grant Plaintiffs additional time to complete such service.

## **RELIEF REQUESTED**

Plaintiffs respectfully seek leave of the Court to serve:

- Defendant David Josker via:
  - o Email to david.josker@colliers.com;
  - o First-class mail to Mr. Josker's known work address, at 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91637; and
  - o Email to counsel of record in the separate but closely related *Weber v. Colliers International Group,* 2:25-cv-00162-DBB-DBP action for Mr. Josker's employer and co-Defendant Colliers International Holdings (USA), Inc. at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and andrew.welch@lewisbrisbois.com.

- Defendant Gil Borok via:

  - Email to gil.borok@colliers.com

  - First-class mail to Mr. Borok's known work address, at 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91637; and

  - Email to counsel of record in the separate but closely related *Weber v. Colliers International Group,* 2:25-cv-00162-DBB-DBP action for Mr. Josker's employer and co-Defendant Colliers International Holdings (USA), Inc. at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and andrew.welch@lewisbrisbois.com.

- Defendant Matthew Hawkins via:

  - Email to matthew.hawkins@colliers.com

  - First-class international mail to Mr. Hawkins' known work address, at 4000-1140 Bay St., Toronto, ON M5S 2Z4 Canada; and

  - Email to counsel of record in the separate but closely related *Weber v. Colliers International Group,* 2:25-cv-00162-DBB-DBP action for Mr. Hawkins's employer and co-Defendant Colliers International Holdings (USA), Inc. at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and andrew.welch@lewisbrisbois.com.

- Defendant Lew Cramer via:

  - Email to lew.cramer@missionary.org and lew.cramer@churchofjesuschrist.org;

- o First-class mail to the Church of Jesus Christ of Latter-Day Saints' Europe North Area Offices in the United Kingdom, located at A3 Glory Park Ave., Wooburn Green, High Wycombe HP10 0DF, UK; and

- o Email to his counsel of record in a separate but related action, at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and andrew.welch@lewisbrisbois.com.

- Defendant Steve Caton via:

  - o Email to steve@catoncommercial.com;

  - o First-class mail to four residential addresses believed to be used by him;

    - (1) 545 N McClurg Ct., Unit 4210, Chicago, IL 60611;

    - (2) 2625 Vermillion Ct., Naperville, IL 60565;

    - (3) 13324 Round Barn Rd., Plainfield, IL 60585;

    - (4) 23917 W Robert Ave., Plainfield, IL 60544;

  - o First-class mail to his known place of business, at 1296 Rickert Dr. Ste 200, Naperville, IL 60540; and

  - o Email to his known counsel of record in a separate but related action, at ree@carmodymacdonald.com, nrw@carmodymacdonald.com, and jzz@carmodymacdonald.com.

Plaintiffs further propose that proof of service via email (to both individual Defendants and their associated counsel) be provided through an email service such as RPost, which provides 'read receipts' allowing senders to verify that an email has been received and opened by its recipient.

Additionally, Plaintiffs respectfully request the Court enter an order extending the time for service of process upon Defendants in this matter. Specifically, Plaintiffs request an additional month to serve any Defendant for whom alternative service is authorized, and/or an additional two months to serve any Defendant for whom the Court declines to authorize alternative service.

**FACTUAL BACKGROUND**

***Defendants David Josker and Gil Borok***

Mr. Josker and Mr. Borok are executives with the Colliers group of companies. In the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah), prior counsel for Defendant Colliers International Intermountain, LLC ("Colliers Utah") contacted Plaintiffs' counsel to inquire about the status of service upon these Defendants, among others. Plaintiffs' counsel asked whether counsel would accept service on their behalf, but Colliers Utah's prior counsel declined. See Exhibit A, *Weber* Deiss Declaration at ¶¶ 22 and 32. Plaintiffs' counsel have likewise contacted counsel for the Colliers Defendants in the present action regarding service upon Mr. Josker and Mr. Borok, but those efforts similarly proved unsuccessful. Exhibit B, Supplemental Deiss Declaration at ¶ 5.

Plaintiffs' counsel nevertheless undertook extensive and costly efforts in *Weber* to locate and personally serve Mr. Josker and Mr. Borok through traditional means. Those efforts included searching public property records to identify possible addresses, conducting extensive searches on social media platforms such as LinkedIn and Facebook, and reviewing other publicly available information. Despite these

efforts, no reliable service addresses were located, likely because any property owned may be held in the name of a trust or other entity. Moreover, due to their status as high-level executives at one of the world's largest real estate firms, these Defendants are semi-public figures, and the locations of their residences are not reasonably ascertainable. Exhibit A, *Weber* Deiss Declaration at ¶¶ 30 and 38.

In *Weber*, Plaintiffs' counsel determined that Mr. Josker and Mr. Borok were located in the Los Angeles, California metropolitan area. *Id.* ¶¶ 23 and 33. Multiple attempts were made to serve each Defendant at their offices, all of which were unsuccessful despite diligent efforts by professional process servers retained by Plaintiffs' counsel. See generally *id.* ¶¶ 22-39. Three attempts were made to serve Mr. Borok at his workplace. *Id.* ¶¶ 33-36. During the final attempt, the process server spoke with an individual identifying themselves as the front desk associate, who stated that Mr. Borok was unknown to them. *Id.*

In contrast, it appeared Mr. Josker was present at his office during one or two of the four attempts to serve him. See generally *id.* ¶¶ 22-31. During the final attempt, a secretary indicated that Mr. Josker was present but refused to be served. *Id.* ¶ 28. The process server was eventually informed that Mr. Josker "was unavailable unless they had an appointment," and "would not see anyone without an appointment." *Id.*

Mr. Borok and Mr. Josker are both principals of Defendant Colliers International Holdings (USA), Inc., which was served and represented by counsel in the *Weber* action. *Id.* ¶¶ 31 and 39. Based on Plaintiffs' counsel's prior experience attempting to serve these Defendants in *Weber*, together with Plaintiffs' unsuccessful efforts to obtain

acceptance or waiver of service through counsel in the present action, Plaintiffs reasonably anticipate encountering the same substantial difficulties in effectuating traditional service in this matter.

### *Defendant Matthew Hawkins*

Defendant Matthew Hawkins is an executive of the Colliers parent companies. In the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah), prior counsel for Colliers International Intermountain, LLC declined to accept service on his behalf. See Exhibit A, *Weber* Deiss Declaration at ¶ 40. Plaintiffs' counsel have likewise contacted counsel for the Colliers Defendants in the present action regarding service upon Mr. Hawkins, but those efforts similarly proved unsuccessful. Exhibit B, Supplemental Deiss Declaration at ¶ 5.

In *Weber*, Plaintiffs' counsel undertook substantial and costly efforts to locate and personally serve Mr. Hawkins through traditional means. Those efforts included searching public property records to identify possible addresses, conducting extensive searches on social media platforms such as LinkedIn and Facebook, and reviewing other publicly available information. Exhibit A, *Weber* Deiss declaration at ¶ 6. Despite these efforts, no reliable service addresses were located, likely because any property owned may be held in the name of a trust or other entity.

To Plaintiffs' counsel's knowledge, Mr. Hawkins resides in Canada. In *Weber*, Plaintiffs' counsel retained an international process server to serve him at his office in Toronto. *Id.* ¶ 41. The process server made three unsuccessful attempts. *Id.* ¶¶ 41-46.

On the first attempt, the office administrator stated that Mr. Hawkins was not present and refused to provide his schedule. *Id.* ¶ 43. During the same visit, however, the process server successfully served Mr. Hawkins' employer, Defendant Colliers International Group, Inc. ("CIGI"). *Id.* ¶ 43(a). On the second attempt, a security guard reported that the office was empty and would remain vacant the following Monday. *Id.* ¶ 44. On the third attempt, the administrator again stated that Mr. Hawkins was not in the office and that she did not know when he would return. *Id.* ¶ 45.

In the present action, Plaintiffs' counsel have also contacted multiple companies that perform international and Hague Convention service to determine the cost and feasibility of serving Mr. Hawkins again in Canada. The lowest estimate Plaintiffs' counsel received for service upon Mr. Hawkins is approximately $1,600. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6-7, 9. Based on Plaintiffs' counsel's prior experience attempting to serve Mr. Hawkins in *Weber* and Plaintiffs' unsuccessful efforts to obtain acceptance or waiver of service through counsel in the present action, Plaintiffs reasonably anticipate encountering the same substantial difficulties in effectuating traditional service in this matter.

### Defendant Lew Cramer

Defendant Lew Cramer, former Chairman of Colliers International Intermountain, LLC, likewise could not be served through the company's prior counsel in the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah), as counsel declined to accept service on his behalf. See Exhibit A, *Weber* Deiss Declaration at ¶ 49. Plaintiffs' counsel have likewise

contacted counsel for the Colliers Defendants in the present action regarding service upon Mr. Cramer, but those efforts similarly proved unsuccessful. Exhibit B, Supplemental Deiss Declaration at ¶ 5.

Accordingly, Plaintiffs' counsel conducted extensive searches in *Weber* of property records, social media platforms such as LinkedIn and Facebook, and other public records to identify possible addresses for Mr. Cramer. Exhibit A, *Weber* Deiss Declaration at ¶ 6. Based on this research, Plaintiffs' counsel discovered that Mr. Cramer was living in London, England, serving full-time as a volunteer "Public Affairs/Government Relations Specialist" for the Church of Jesus Christ of Latter-Day Saints. *Id.* ¶ 50; see also *Lew and Barb Cramer*, the FoRB Foundation (Feb. 18, 2025), https://theforbfoundation.org/fca/lew-and-barb-cramer/. Because full-time missionaries typically reside at temporary, non-public addresses, Plaintiffs' counsel determined that it was virtually impossible to locate him for personal service. *Id.* ¶¶ 51-53.

Plaintiffs' counsel further reasonably believed that Mr. Cramer used Church-provided email addresses such as lew.cramer@missionary.org or lew.cramer@churchofjesuschrist.org. *Id.* ¶¶ 55-56. Plaintiffs' counsel also believed that Mr. Cramer received mail through the Church's Europe North Area Offices, located at A3 Glory Park Ave., Wooburn Green, High Wycombe HP10 0DF, United Kingdom. *Id.* ¶ 54.

All three Colliers entities were served and represented by counsel in the *Weber* action. See *Weber*, ECF Nos. 18, 20-22, 37, 83, and 87. Moreover, counsel for the Colliers

Defendants informed Plaintiffs' counsel in *Weber* that they represented Mr. Cramer in related litigation. Exhibit A, *Weber* Deiss Declaration at ¶ 57; see also *Substitution of Counsel for Lew Cramer et al.*, *Tomac v. Millcreek Com. Props., LLC*, No. 2:2024-cv-00774 (D. Utah May 30, 2025), ECF No. 125.

In the present action, Plaintiffs' counsel have also contacted multiple companies that perform international and Hague Convention service to determine the cost and feasibility of serving Mr. Cramer in the United Kingdom. Plaintiffs' counsel are attempting to serve Mr. Cramer with the complaint in this action, the complaint in *Weber*, and the complaint in the separate but closely related action *Khanna et al. v. Colliers International Group, Inc.*, No. 2:25-cv-00906-HCN-CMR, where Plaintiffs' counsel also represent the plaintiffs and are concurrently filing another motion for alternative service. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6-7. The lowest estimate Plaintiffs' counsel received to serve all three complaints on Mr. Cramer is approximately $1,600, even though Plaintiffs' counsel believe it is unlikely that Mr. Cramer will be located for personal service given his temporary, non-public missionary residence. *Id.* ¶ 8.

Based on Plaintiffs' counsel's prior experience attempting to locate and serve Mr. Cramer in *Weber*, Plaintiffs' counsel's additional service-related efforts in this action and *Khanna*, the substantial cost of attempting international service, and Plaintiffs' unsuccessful efforts to obtain acceptance or waiver of service through counsel in the present action, Plaintiffs reasonably anticipate encountering the same substantial difficulties in effectuating traditional service in this matter. *Id.* ¶¶ 5-10.

***Defendant Steve Caton***

Defendant Steve Caton has likewise proven difficult to serve through traditional means. In the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah), Plaintiffs' counsel researched extensively to identify Mr. Caton's current residence or place of business, but the only address initially located was a post office box in a state where he does not reside. See Exhibit A, *Weber* Deiss Declaration at ¶ 72. Mr. Caton publicly advertises his email address as steve@catoncommercial.com. See *Steve Caton, CCIM, CIPS*, Caton Commercial Real Estate Group, https://catoncommercial.com/member/steve-caton-ccim-cips/. His business address is publicly listed as 1296 Rickert Dr., Ste. 200, Naperville, IL 60540. See *Caton Commercial Real Estate Group*, Romeoville Area Chamber of Commerce, https://main.romeovillechamber.org/members/member/caton-commercial-real-estate-group-naperville-644. Plaintiffs' counsel further retained a private investigator, who recently identified additional possible locations associated with Mr. Caton, but service has not yet been effectuated. *Id.* ¶ 75.

In *Weber*, Plaintiffs' counsel also sent requests to waive service to attorneys known to represent Mr. Caton in separate but related litigation. *Id.* ¶ 73; see also *Entries of Appearance for Steven Michael Caton*, No. 1:2024-cv-00123 (E.D. Mo. Aug. 23, 2024), ECF Nos. 17, 19, and 21. Those attorneys declined, citing the fact that they were not admitted to practice in Utah. *Id.* ¶ 74.

Based on Plaintiffs' counsel's prior experience attempting to locate and serve Mr. Caton in *Weber,* Plaintiffs reasonably anticipate encountering the same substantial difficulties in effectuating traditional service in this matter.

### LEGAL STANDARD

The Plaintiff in a civil action bears the responsibility of serving each Defendant with a summons and copy of the complaint. Fed. R. Civ. P. 4(c)(1). Ordinarily, service of process must be accomplished by personal delivery to the Defendant, but service may also be accomplished by any other means authorized by law in the state where the district court is located. Fed. R. Civ. P. 4(e).

Under Utah law, a Plaintiff may move for leave to serve a Defendant "by some other means" under certain circumstances, namely: (1) where "the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence," (2) where "service upon all of the individual parties is impracticable under the circumstances," or (3) where "there is good cause to believe the person to be served is avoiding service." Utah R. Civ. P. 4(d)(5)(A). The motion "must set forth the efforts to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties." *Id.* Additionally, the alternative means of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B).

A Plaintiff must serve all Defendants within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). However, upon a showing of good cause for failing to serve a Defendant within that time frame, the Court "must extend the time for service for an appropriate

period." *Id. Cf.* Fed. R. Civ. P. 6(b)(1)(A) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires."). The 90-day deadline does not apply to any Defendant located in a foreign country. Fed. R. Civ. P. 4(m).

## ARGUMENT

### I.  ALTERNATIVE SERVICE UPON THE UNSERVED DEFENDANTS IS WARRANTED UNDER THESE CIRCUMSTANCES.

In order to obtain leave to serve a Defendant by alternative means, a Plaintiff must demonstrate that they have exercised reasonable due diligence in attempting to serve by the standard authorized means. *Bonneville Billing v. Whatley,* 949 P.2d 768, 773 (Utah App 1997) (discussing the "diligence requirement") (quoting *Carlson v. Bos,* 740 P.2d 1269, 1275 (Utah 1987) ("[A] plaintiff must act diligently and take such steps in attempting to give the defendant actual notice of the proceeding as are reasonably practicable.")). The Utah Supreme Court has held that "[t]he party seeking to effectuate [alternative] service . . . must exercise reasonable diligence in attempting to identify and then personally serve [the defendant]." *Weber Cty. v. Ogden Trece,* 2013 UT 62, ¶ 49, 321 P.3d 1067. In conducting this analysis, "[r]elevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts." *Id.* ¶ 50 (internal quotation marks omitted) (quoting *Jackson Constr. Co. v. Marrs,* 2004 UT 89, ¶ 15, 100 P.3d 1211).

The facts set forth in the attached Declaration demonstrate that Plaintiffs have exercised reasonable due diligence in attempting to locate and serve the Unserved

Defendants. Plaintiffs' counsel have already undertaken extensive and costly efforts to locate and personally serve many of these same Defendants in the separate but closely related action *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP (D. Utah). Those efforts totaled well over 100 man-hours and included extensive searches of public records, social media platforms, and other publicly available information; communications with counsel known to represent Defendants or their affiliates; hiring private investigators; and retaining process servers to make repeated attempts at personal service in multiple states and countries. Exhibit A, *Weber* Deiss Declaration at ¶ 7. Despite those efforts, several Defendants could not be located, others could not practicably be served, and still others appeared to be avoiding service.

Plaintiffs' counsel's prior experience in *Weber* is directly relevant here. Utah R. Civ. P. 4(d)(5) requires reasonable diligence, not pointless duplication of unsuccessful service efforts already undertaken against the same parties under materially identical circumstances. The present action involves many of the same individuals, entities, counsel, business relationships, and underlying factual allegations. Plaintiffs' counsel therefore reasonably anticipates encountering the same substantial difficulties attempting traditional service in this action that counsel already encountered in *Weber*. Plaintiffs' counsel have also made targeted efforts in this action, including contacting counsel for the Colliers Defendants regarding service upon Mr. Josker, Mr. Borok, Mr. Hawkins, and Mr. Cramer; investigating potential service addresses; evaluating international service options; and assessing whether repeating the same traditional service efforts undertaken in *Weber* would likely serve any useful purpose. Exhibit B,

Supplemental Deiss Declaration at ¶¶ 5-6, 10. Those efforts confirm that traditional service remains impracticable.

The facts outlined herein and in the attached Declaration demonstrate that each of the Unserved Defendants falls squarely within one or more of the circumstances justifying alternative service under Utah R. Civ. P. 4(d)(5)(A). Several of these Defendants have unique personal or professional circumstances that make locating a reliable residential address nearly impossible. Others appear to be actively avoiding service by concealing their whereabouts, refusing delivery, or making themselves unavailable to process servers. Many are represented by counsel in this action, in *Weber*, or in other closely related litigation, yet have not accepted or waived service despite their duty to minimize unnecessary costs. See Fed. R. Civ. P. 4(d)(1). Similarly, many of the Unserved Defendants are closely affiliated with served or appearing co-Defendants, employers, entities, or principals who are already aware of the claims asserted in this and related litigation.

Plaintiffs' counsel made extensive but unsuccessful efforts to serve Mr. Josker and Mr. Borok in *Weber*. Both are high-level executives with the Colliers group of companies, and no reliable residential addresses could be identified despite searches of public property records, social media platforms, and other publicly available information. Exhibit A, *Weber* Deiss Declaration at ¶¶ 30 and 38. Plaintiffs' counsel determined that both were located in the Los Angeles, California metropolitan area. *Id.* ¶¶ 23 and 33. Multiple attempts were made to serve each Defendant at their respective offices, all of which were unsuccessful. *Id.* ¶¶ 22-39. Three attempts were made to

serve Mr. Borok at his workplace, and during the final attempt, the front desk associate stated that Mr. Borok was unknown to them. *Id.* ¶¶ 33-36. In contrast, it appeared Mr. Josker was present at his office during one or two of the four attempts to serve him, and during the final attempt, a secretary indicated that Mr. Josker was present but refused to be served. *Id.* ¶ 28. The process server was eventually told that Mr. Josker "was unavailable unless they had an appointment," and "would not see anyone without an appointment." *Id.*

Plaintiffs' counsel encountered similar difficulty attempting to serve Mr. Hawkins in *Weber*. Mr. Hawkins is an executive of the Colliers parent companies, resides in Canada to Plaintiffs' counsel's knowledge, and could not be served through prior counsel for Colliers International Intermountain, LLC. Exhibit A, *Weber* Deiss Declaration at ¶ 40. Plaintiffs' counsel retained an international process server to serve him at his office in Toronto, but the process server made three unsuccessful attempts. *Id.* ¶¶ 41-46. On the first attempt, the office administrator stated that Mr. Hawkins was not present and refused to provide his schedule. *Id.* ¶ 43. On the second attempt, a security guard reported that the office was empty and would remain vacant the following Monday. *Id.* ¶ 44. On the third attempt, the administrator again stated that Mr. Hawkins was not in the office and that she did not know when he would return. *Id.* ¶ 45. In the present action, Plaintiffs' counsel have contacted multiple companies that perform international and Hague Convention service, and the lowest estimate received to serve Mr. Hawkins is approximately $1,600. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6, 9. This represents substantial cost with no guarantee of success.

The cost concern is legally relevant. In *Ferm v. Agritech Properties,* No. 4:26-cv-00029-DN-PK (D. Utah Mar. 20, 2026), the Court considered the plaintiff's financial concern regarding the cost of traditional service in Canada as one reason email service was appropriate where traditional service was difficult.

Plaintiffs' counsel also encountered substantial difficulty locating and serving Mr. Cramer in *Weber.* Mr. Cramer, the former Chairman of Colliers International Intermountain, LLC, could not be served through prior counsel for the company, who declined to accept service on his behalf. Exhibit A, *Weber* Deiss Declaration at ¶ 49. Plaintiffs' counsel conducted extensive searches of property records, social media platforms, and other public records to identify possible addresses. *Id.* ¶ 6. Based on that research, Plaintiffs' counsel discovered that Mr. Cramer was living in London, England, serving full-time as a volunteer "Public Affairs/Government Relations Specialist" for the Church of Jesus Christ of Latter-Day Saints. *Id.* ¶ 50. Because full-time missionaries typically reside at temporary, non-public addresses, Plaintiffs' counsel determined that it was virtually impossible to locate him for personal service. *Id.* ¶¶ 51-53.

Plaintiffs' counsel have now also contacted multiple companies that perform international and Hague Convention service to determine the cost and feasibility of serving Mr. Cramer in the United Kingdom. Plaintiffs' counsel are attempting to serve Mr. Cramer with the complaint in this action, the complaint in *Weber,* and the complaint in the separate but closely related action *Khanna et al. v. Colliers International Group, Inc.,* where Plaintiffs' counsel also represent the plaintiffs and are concurrently

filing another motion for alternative service. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6-7. The lowest estimate Plaintiffs' counsel received to serve all three complaints on Mr. Cramer is approximately $1,600, even though Plaintiffs' counsel believe it is unlikely that Mr. Cramer will be located for personal service given his temporary, non-public missionary residence. *Id.* ¶ 8. These facts further demonstrate that attempting traditional international service would impose substantial expense while offering little likelihood of success.

Finally, Mr. Caton has also proven difficult to locate and serve through traditional means. In *Weber*, Plaintiffs' counsel researched extensively to identify his current residence or place of business, but the only address initially located was a post office box in a state where he does not reside. Exhibit A, *Weber* Deiss Declaration at ¶ 72. Mr. Caton publicly advertises his email address, and his business address is publicly listed as 1296 Rickert Dr., Ste. 200, Naperville, Illinois 60540. Plaintiffs' counsel further retained a private investigator, who identified additional possible locations associated with Mr. Caton, but service has not yet been effectuated. *Id.* ¶ 75. Plaintiffs' counsel also sent requests to waive service in *Weber* to attorneys known to represent Mr. Caton in separate but related litigation, but those attorneys declined, citing the fact that they were not admitted to practice in Utah. *Id.* ¶¶ 73-74.

Because each of the Unserved Defendants cannot be located through reasonable diligence, cannot practicably be served by traditional means, and/or appears to be avoiding service, the Court should allow Plaintiffs to serve them by the alternative means identified herein.

II.    **THE PROPOSED ALTERNATIVE MEANS OF SERVICE ARE REASONABLY CALCULATED TO APPRISE THE UNSERVED DEFENDANTS OF THE PRESENT ACTION.**

For each of the Unserved Defendants, Plaintiffs have proposed up to three alternative methods of serving the summons and complaint: (1) service via email to one or more email addresses known or reasonably believed to be used by the Defendant; (2) service via regular first-class mail to one or more addresses known or reasonably believed to be used by the Defendant; and (3) service via email to one or more attorneys known to represent the Defendant, a closely affiliated entity, or a related party in this action, *Weber*, *Khanna*, or other closely related litigation. As demonstrated below, each of these alternative service methods is reasonably calculated to apprise the Unserved Defendants of the action against them, and the combination of multiple methods is even more likely to provide actual notice.

   a.    **Service by Email is Reasonably Calculated to Apprise the Unserved Defendants of the Action.**

Plaintiffs first propose that each of the Unserved Defendants be served via email to one or more email addresses known or reasonably believed to be used by them. This Court has consistently held that email and mail are appropriate means of alternative service, particularly where the Plaintiff demonstrates the reliability of the address used. See, e.g., *Deseret Book Co. v. Nanjing Lian Yidu Trading Co., Ltd.*, No. 2:24-cv-00961, 2025 WL 252810, at *4 (authorizing email service where defendant publicly advertised its email address and email was "likely 'the only means of effecting service of process'") (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002)) (unpublished); *Tycon Sys., Inc. v. Tycon Sec. Advantage Sys. LLC*, No. 2:24-cv-350, 2024

WL 2819287, at *1 (authorizing email service and recognizing that email can be "reasonably calculated to give actual notice to the defendants") (unpublished); *B&B Prospector Properties, LLC v. Daniel*, 2023 WL 7701066 (D. Utah Nov. 15, 2023) (denying without prejudice where the plaintiff failed to show proposed addresses and emails were current) (unpublished). Courts are generally further inclined to authorize email service when the plaintiff uses methods to verify delivery and receipt of the emailed summons and complaint. See, e.g., *Tycon*, 2024 WL 2819287, at *2 (authorizing email service with return receipt requested) (unpublished); *In re Qiwi PLC Sec. Litig.*, No. 20-CV-6054, 2022 WL 20527316, at *2 (E.D.N.Y. Sept. 30, 2022) (authorizing email service where plaintiff indicated it would utilize RPost products to confirm delivery and receipt) (unpublished).

Further, in *Ferm v. Agritech Properties*, No. 4:26-cv-00029-DN-PK (D. Utah Mar. 20, 2026), the Court recently authorized service by email on Canadian defendants, explaining that Canada is a signatory to the Hague Convention, which "does not expressly prohibit service by email." The Court further recognized that "email has been permitted as a method of service comporting with constitutional notions of due process by the Court in this district and other jurisdictions when traditional methods of service prove difficult." *Id.* The Court also noted that the plaintiff's concern over the cost of traditional service in Canada supported email service. *Id.* Here, as in *Ferm*, Plaintiffs seek email service on a Canadian defendant, Mr. Hawkins, at a known business email address, after traditional service efforts have proven difficult and after Plaintiffs'

counsel received substantial cost estimates for further international service. Exhibit B, Supplemental Deiss Declaration at ¶¶ 6, 9.

Plaintiffs have identified one or more email addresses for each Unserved Defendant at which they propose service be made. For the Colliers executives, Plaintiffs propose service at their Colliers business email addresses. For Mr. Cramer, Plaintiffs propose service at Church-provided email addresses Plaintiffs' counsel reasonably believes he uses while serving in the United Kingdom. Exhibit A, *Weber* Deiss Declaration at ¶¶ 55-56. For Mr. Caton, Plaintiffs propose service at the email address he publicly advertises. Exhibit A, *Weber* Deiss Declaration at ¶ 72.

These addresses are not speculative or random. They are business, organizational, or publicly advertised email addresses associated with the relevant Defendants, their entities, or their known professional activities. Many of them are addresses these Defendants almost certainly monitor on a regular basis. Plaintiffs further propose to use RPost or a similar email service to verify that the summons and complaint are delivered and received.

Accordingly, the Court should find that serving the Unserved Defendants by email is reasonably calculated to apprise them of the action against them, and authorize email as an alternative means of service.

**b. Service by Mail is Reasonably Calculated to Apprise the Unserved Defendants of the Action.**

Plaintiffs also propose service by regular first-class mail to each of the Unserved Defendants. They propose this rather than certified mail because regular mail is better

suited to the present circumstances, and courts have recognized that first-class mail satisfies due process notice requirements in other contexts. See, e.g., *Jones v. Flowers*, 547 U.S. 220, 222 (2006) ("Certified mail makes actual notice more likely only if someone is there to sign for the letter or tell the mail carrier that the address is incorrect. Regular mail can be left until the person returns home, and might increase the chances of actual notice."); *Fager v. CenturyLink Comms., LLC*, 854 F.3d 1167, 1173-74 (10th Cir. 2016) (concluding that "[f]irst-class mail sufficed to give notice" to potential class members where the mailing envelope clearly and noticeably indicated the nature and importance of its contents). In any event, certified mail would not be alternative service because it is already authorized as a standard means of service. See Fed. R. Civ. P. 4(e); Utah R. Civ. P. 4(d)(2).

Plaintiffs have identified one or more mailing addresses for each Unserved Defendant that appear, based on all available information, to be reliable means of delivering the summons and complaint to them. For Mr. Josker and Mr. Borok, Plaintiffs propose first-class mail to their known work address in Woodland Hills, California. For Mr. Hawkins, Plaintiffs propose first-class international mail to his known work address in Toronto, Canada, where Plaintiffs' counsel previously attempted service in *Weber*. Exhibit A, *Weber* Deiss Declaration at ¶ 41. For Mr. Cramer, Plaintiffs propose first-class mail to the Church's Europe North Area Offices in the United Kingdom, where Plaintiffs' counsel reasonably believes he receives mail while serving full-time in London. *Id.* ¶ 54. For Mr. Caton, Plaintiffs propose first-class mail

to multiple residential addresses believed to be associated with him, as well as his publicly listed business address.

The summons and complaint are unlikely to go unnoticed when received by these Defendants, particularly if mailed in envelopes clearly identifying the importance and nature of their contents. Plaintiffs can undertake to label the envelopes in such a way as to denote the importance of the documents enclosed, if the Court so directs. The Court should therefore conclude that service by regular first-class mail is reasonably calculated to apprise the Unserved Defendants of the action, and authorize it as an alternative method of service.

### c. Service by Email to Retained or Associated Counsel is Reasonably Calculated to Apprise the Unserved Defendants of the Action.

The third form of alternative service Plaintiffs propose is email service upon attorneys known to represent the Unserved Defendants, their direct affiliates, their employers, or related parties in this case, *Weber*, *Khanna*, or other closely related litigation. This Court has acknowledged email service upon retained counsel as an acceptable means of alternative service. See, e.g., *Cricut, Inc. v. Shanghai Shishun E-Commerce Co., Ltd.*, No. 2:24-cv-00747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025) (authorizing alternative service including email to retained counsel, regardless of client authorization, in part because "[t]he[] attorneys have communicated with [the plaintiff]'s counsel by email and are clearly able to provide the complaints to the defendants") (unpublished); *Dish Techs., L.L.C. v. Aylo Freesites Ltd.*, No. 2:24-cv-00066, 2024 WL 2701601, at *2 (authorizing alternative service including email to retained

counsel where there was "ample litigation history" over the same subject matter and the defendants "share[d] a close, collaborative working relationship") (unpublished). In *Dish Technologies,* the Court's decision was motivated, in part, by the fact that the attorneys in question had already been involved in the parties' related litigation for some time, and the defendants themselves were already aware of the action. *Id.* at *2.

Here, the attorneys identified by Plaintiffs are involved in this action, *Weber, Khanna,* or other closely related litigation arising from the same alleged fraudulent scheme. Plaintiffs' counsel has communicated with counsel for the Colliers Defendants in this action regarding Mr. Josker, Mr. Borok, Mr. Hawkins, and Mr. Cramer, but those efforts have been unsuccessful. Exhibit B, Supplemental Deiss Declaration at ¶ 5. Plaintiffs seek service upon counsel as one of several concurrent alternative methods because those attorneys' relationships with the relevant Defendants, affiliates, or related litigation make service through them reasonably calculated to provide notice.

For the Colliers-affiliated Defendants, service by email to counsel is especially appropriate. Mr. Josker and Mr. Borok are principals of Colliers International Holdings (USA), Inc., which was served and represented by counsel in *Weber*. Exhibit A, *Weber* Deiss Declaration at ¶¶ 22 and 32. Mr. Hawkins is an executive of the Colliers parent companies, and the process server successfully served his employer, Defendant Colliers International Group, Inc., during one of the attempted visits to his Toronto office in *Weber*. *Id.* ¶ 43(a). Mr. Cramer is a former Chairman of Colliers International Intermountain, LLC, and counsel for the Colliers Defendants informed Plaintiffs' counsel in *Weber* that they represented him in related litigation. *Id.* ¶ 57. These

established relationships make email service upon Colliers counsel reasonably calculated to apprise these Defendants of this action.

For Mr. Caton, Plaintiffs propose email service to counsel known to represent him in separate but related litigation. Plaintiffs' counsel contacted them in *Weber* to request waiver, and they declined on the ground that they were not admitted to practice in Utah. Exhibit A, *Weber* Deiss Declaration at ¶¶ 73-74. Because those attorneys have represented Mr. Caton in related litigation, email service to them is reasonably calculated to apprise him of this action when combined with direct email service, first-class mail to multiple addresses associated with him, and mail to his publicly listed business address.

Additionally, Plaintiffs have identified compelling reasons why many of the Unserved Defendants are already aware, or are highly likely to become aware, of this action and Plaintiffs' claims against them through the proposed service methods. Several are principals, executives, or affiliates of entities involved in this action, *Weber*, or *Khanna*. Plaintiffs' counsel's process servers have spoken with several Defendants' colleagues, office staff, or affiliated persons during prior service attempts. And most of the Unserved Defendants have longstanding personal, professional, or business relationships with other Defendants who have been served, appeared, or are represented by counsel in this and related actions.

For these reasons, the Court should find that serving these Defendants via attorneys known to represent them, their employers, their entities, or their close

affiliates is reasonably calculated to apprise them of this action, and authorize this as an additional alternative means of service for the applicable Unserved Defendants.

### III.    THE COURT SHOULD ALLOW PLAINTIFFS ADDITIONAL TIME FOR SERVICE.

Finally, Plaintiffs submit that good cause exists to grant them additional time to serve the remaining Defendants, and the Court should enter an order extending the deadline to serve. Plaintiffs make this request independently of their request for alternative service.

If the Court grants Plaintiffs leave to serve the Unserved Defendants by alternative means, Plaintiffs will need time to perform the authorized service, obtain confirmation of delivery or receipt where applicable, prepare proofs of service, and file those proofs with the Court. Plaintiffs are optimistic that alternative service can be completed promptly if authorized, but out of an abundance of caution, they request an additional month to serve any Defendant for whom the Court authorizes alternative service.

For any Unserved Defendant for whom the Court does not grant leave for alternative service, Plaintiffs will need additional time to attempt personal service. As stated above, Plaintiffs' counsel has already faced substantial obstacles in attempting to locate and serve many of these same Defendants in *Weber*, despite extensive and costly diligence. Those Defendants are located across multiple states and countries, and traditional service would likely require retaining additional private investigators, coordinating process servers in multiple jurisdictions, and repeating efforts that have already proven unsuccessful in the closely related *Weber* litigation. Accordingly,

Plaintiffs request an additional two months to serve any Defendant for whom the Court does not authorize alternative service.

Plaintiffs further submit that an extension is warranted because the Unserved Defendants' conduct and circumstances have made service unusually difficult. Some cannot reasonably be located. Some appear to have avoided service. Others are closely affiliated with served or appearing parties but have not accepted or waived service. Requiring Plaintiffs to restart the same costly, inefficient, and largely unsuccessful traditional service efforts already undertaken in *Weber* would serve little purpose where Plaintiffs have identified alternative methods that are more likely to provide actual notice.

Finally, Plaintiffs note that their claims against the Unserved Defendants involve alleged fraudulent conduct, and many of these Defendants appear to be concealing their locations, making themselves unavailable, or otherwise frustrating service. If additional time to serve is not granted and these Defendants are dismissed for failure to serve, it would reward the very conduct that made service impracticable in the first place.

For all these reasons, good cause exists to grant Plaintiffs the requested additional time to serve the Unserved Defendants.

### CONCLUSION

Plaintiffs have diligently attempted to effectuate service upon the Unserved Defendants, but those efforts have repeatedly proven impracticable, prohibitively costly, or actively frustrated. Under Fed. R. Civ. P. 4(e)(1) and Utah R. Civ. P. 4(d)(5),

the Court may authorize alternative service where, as here, Defendants' whereabouts cannot reasonably be ascertained, traditional service is impracticable, or Defendants appear to be avoiding service.

The proposed alternative methods of service—including verified email, first-class mail, and service through associated counsel—are reasonably calculated under the circumstances to apprise the Unserved Defendants of this action, are consistent with due process, and are supported by precedent within this District. Plaintiffs have further demonstrated good cause for additional time to complete service, particularly in light of the substantial and ongoing efforts already undertaken by Plaintiffs' counsel in this action and the closely related *Weber* litigation.

Accordingly, Plaintiffs respectfully request that the Court grant this Motion, authorize alternative service as proposed, and extend the deadline for service as requested.

DATED this 12th day of May 2026.

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
Corey D. Riley
*Counsel for Plaintiffs*

# EXHIBIT A

(Declaration of Andrew Deiss in
Support of Alternate Service in *Weber v.
Colliers International Group, Inc.,* No.
2:25-cv-00162-DBB-DBP)

Andrew G. Deiss (Utah Bar # 7184)

Corey D. Riley (Utah Bar # 16935)

Deiss Law PC

10 West 100 South, Suite 700

Salt Lake City, UT 84101

Telephone: (801) 433-0226

deiss@deisslaw.com

criley@deisslaw.com

*Attorneys for Plaintiffs*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JOHN WEBER, et al. | **DECLARATION OF ANDREW DEISS** |
| *Plaintiffs,* | Case No. 2:25-cv-00162 |
| v. | Judge David Barlow |
| COLLIERS INTERNATIONAL GROUP, INC., et al. | Chief Magistrate Judge Dustin B. Pead |
| *Defendants.* | |

*I, Andrew Deiss, declare as follows:*

1. I am above the age of 18 and a resident of the State of Utah.

2. I am the lead attorney for the Plaintiffs in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

3. I have supervised our firm's efforts to serve process on the Defendants named in this action. The statements below are based on my supervisory role.

4. To date, the following Defendants have yet to be served with summons and operative complaint in this action:

1

    a.   Robert Levenson

    b.   Blackacre 1031 Exchange Services LLC ("Blackacre 1031")

    c.   David Josker

    d.   Gil Borok

    e.   Matthew Hawkins

    f.   Lew Cramer

    g.   KGL Advisors, LLC

    h.   KGL Real Estate Development, PLLC

    i.   Millcreek Commercial Properties, LLC

    j.   Millrock Investemtn Fund 1 Management, LLC

    k.   ADP-Millcreek 2, LLC

    l.   ADP Millcreek-3, LLC

    m.  Steven Caton

5. Our office has made extensive efforts to locate these Defendants or their registered agents in order to serve them with process.

6. As detailed herein, these efforts have included detailed and thorough internet searches, business entity records searches in multiple states, hiring a private investigator to locate these Defendants, sending requests to waive service to counsel known to represent these Defendants in separate but related matters, and numerous attempts to effectuate personal service at homes and workplaces.

7. In total, our office has spent over 100 man-hours working to serve process on all Defendants, a substantial portion of which has been focused on these unserved Defendants

specifically.

***Plaintiffs' Efforts to Serve Robert Levenson & Blackacre 1031***

8. Defendant Robert Levenson is the Registered Agent of Defendant Blackacre 1031 Exchange Services LLC.

9. Plaintiffs have attempted to serve Mr. Levenson, both personally and on behalf of Blackacre 1031, at multiple addresses, all of which have been unsuccessful.

10. Plaintiffs' process server attempted to serve Mr. Levenson in person at 6711 Lee Hwy., Ste. 208, Arlington, VA. 22205, which is the address listed for him on Blackacre 1031's business registration.

11. Because it appeared Mr. Levenson could no longer be found at that address, Plaintiffs hired a private investigator to find other possible addresses for him. The private investigator concluded that Mr. Levenson's present address was 2394 N Quincy St., Arlington, VA 22207.

12. Plaintiffs attempted to serve Mr. Levenson at this new address, but the process server determined that the residence was vacant.

13. Plaintiffs are unable to identify any other physical address for Mr. Levenson.

14. Mr. Levenson has recently formed a new company, Federal 1031 LLC.

15. The purported "Office Address" of Federal 1031 LLC is 4532 Cherry Hill Rd., Ste. 560, Arlington, VA 22207. *See* Ex. 1 at 1.

16. In reality, this is address is a UPS Store. Id. at 4. It therefore appears that Federal 1031 LLC does not have a physical location at which Mr. Levinson might be found. It appears that the company simply maintains a mailbox at this UPS Store which it uses to receive physical mail.

17. Personal service on Mr. Levenson and Blackacre 1031 is thus highly impractical, if not impossible, and the manifest difficulty of ascertaining Mr. Levenson's location suggests that he may be evading service of process.

18. However, because Mr. Levenson, either personally or through his new company, appears to maintain a mailbox at the UPS Store Cherry Hill Rd., it appears this may be an effective alternative means of service for these two defendants. The UPS Store's Private Mailbox service offers text and email notifications to customers when they receive mail at the store. See Mailbox Services: The UPS Store Cherry Hill Rd, The UPS Store, https://locations.theupsstore.com/va/arlington/4532-lee-hwy/mailbox-services (last visited Sep. 11, 2025). Additionally, the UPS Store acts as an authorized agent for its Mailbox Service customers, and will accept registered and certified mail on their behalf. See Mailbox Service Agreement, The UPS Store (Oct. 2024), https://www.theupsstore.com/File%20Library/theupsstore/cws/mailboxagreement.pdf (last visited Sep. 11, 2025).

19. Additionally, Mr. Levenson has communicated with Plaintiffs in the past using the email address Robert@BlackAcre1031.com.

20. More recently, Mr. Levenson has publicly indicated that he uses the email address bobby@federal1031.com. See Ex. 1 at 1-3.

21. Because Mr. Levenson is known to communicate via email, and holds himself out as doing so, service by email likewise appears to be an effective means of apprising him of the above-entitled action.

***Plaintiffs' Efforts to Serve David Josker***

4

22. After Defendant Colliers waived service, our office inquired with their prior counsel whether they would accept service on behalf of Defendant David Josker; they responded they would not.

23. Plaintiffs have since made multiple attempts to serve Mr. Josker personally at his workplace in the Los Angeles metropolitan area. Compare Ex. 2 (detailing efforts to serve Mr. Josker at 6324 Canoga Ave., Woodland Hills, CA 91367) with David Josker, Colliers, https://www.colliers.com/en/experts/david-josker (last visited Sep. 11, 2025) (identifying Mr. Josker's work address as 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91367).

24. On July 26, 2025, Plaintiffs' process server attempted to serve Mr. Josker at his work address but received no answer. Ex. 2.

25. On July 27, 2025, Plaintiffs' process server again attempted to serve Mr. Josker at his work address but received no answer. *Id.*

26. On July 28, 2025, Plaintiffs' process server again attempted to serve Mr. Josker at his work address and spoke with an individual who identified themselves as the front desk. This individual stated that Mr. Josker was employed there but was not available at that time and had no identifiable set of available hours. *Id.*

27. On July 29, 2025, Plaintiffs' process server again attempted to serve Mr. Josker at his work address and spoke with an individual who identified themselves as security of the building. This individual also stated that Mr. Josker was employed there but was unavailable at that time. *Id.*

28. On the same occasion, Plaintiffs' process server rang the bell for the business and was greeted by a secretary who came to the door and told them that Mr. Josker was unavailable

5

unless they had an appointment and indicated that Mr. Josker would not see anyone without an appointment. *Id.*

29. Mr. Josker thus refused to accept documentation. *Id.*

30. As an executive of one of the largest real estate firms operating in the country, Mr. Josker is a semi-public figure whose residential address is difficult to ascertain.

31. Mr. Josker is a principal of Defendants Colliers International Holdings (USA), Inc. ("Colliers USA") and Colliers International Intermountain, LLC ("Colliers Utah"), both of whom have been served and are represented by counsel. See ECF Nos. 18, 20-22, 37 & 87. He thus is almost certainly aware of the above-entitled action.

***Plaintiffs' Efforts to Serve Gil Borok***

32. After Defendant Colliers waived service, our office inquired with their prior counsel whether they would accept service on behalf of Defendant Gil Borok; they responded they would not.

33. Plaintiffs have since made multiple attempts to serve Mr. Borok personally at his workplace in the Los Angeles metropolitan area. Compare Ex. 3 (detailing service attempts for Mr. Borok at 6324 Canoga Ave., Woodland Hills, CA 91367) with Gil Borok, Colliers, https://www.colliers.com/en/experts/gil-borok (last visited Sep. 11, 2025) (identifying Mr. Borok's work address as 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91367).

34. On July 26, 2025, Plaintiffs' process server attempted to serve Mr. Borok at his work address but received no answer. Ex. 3.

35. On July 27, 2025, Plaintiffs' process server again attempted to serve Mr. Borok at his work address but received no answer. *Id*.

36. On July 28, 2025, Plaintiffs' process server again attempted to serve Mr. Borok at his work address and spoke with an individual who identified themselves as the front desk associate. They stated that Mr. Borok was unknown to them. *Id.*

37. Accordingly, Mr. Borok could not be served.

38. As an executive of one of the largest real estate firms operating in the country, Mr. Borok is a semi-public figure whose residential address is difficult to ascertain.

39. Mr. Borok is a principal of both Colliers USA and Colliers Utah, who have been served and are represented by counsel. He thus is almost certainly aware of the above-entitled action.

### Plaintiffs' Efforts to Serve Matthew Hawkins

40. After Defendant Colliers Utah waived service, our office inquired with their prior counsel whether they would accept service on behalf of Defendant Matthew Hawkins; they responded they would not.

41. Plaintiffs have since made multiple attempts to serve Mr. Hawkins personally at his workplace in Toronto. Compare Ex. 4 (detailing service attempts on Mr. Hawkins at 4000 – 1140 Bay St., Toronto, ON M5S 2Z4 Canada) with Matthew Hawkins, Colliers, https://www.collierscanada.com/en-ca/experts/matthew-hawkins (last visited Sep. 11, 2025) (identifying Mr. Hawkins' work address as 1140 Bay St., Ste. 4000, Toronto, ON, Canada).

42. Plaintiffs hired a private process server located in Toronto and authorized to serve process in the Province of Ontario to serve Mr. Hawkins.

43. On July 31, 2025, Plaintiffs' process server attempted to serve Mr. Hawkins at his work address. Mr. Hawkins' office administrator informed them that he was not there at that

7

time. The process server asked for other suitable times at which he may serve Mr. Hawkins, and the Office Administrator refused to provide any information related to his schedule. Ex. 4.

    a. Notably, during this same visit the process server successfully served Defendant Colliers International Group, Inc. ("CIGI"); the summons and complaint were accepted by the office administrator. See ECF No. 83.

44. The process server returned to Mr. Hawkins' workplace on August 1, 2025, to attempt to serve him. The building's security guard informed them that the office was empty and would be vacant the following Monday, as well. Ex. 4.

45. The process server returned to Mr. Hawkins' workplace again on August 6, 2025. The office administrator informed them that Mr. Hawkins was not in the office and that she did not know when he would be coming in next. *Id.*

46. Based on the foregoing, Plaintiffs' process server concluded that "personal service upon [Mr. Hawkins] is impractical as we do not have any further contact information that will aid in . . . service." *Id*.

47. As an executive of one of the largest real estate firms in the world, Mr. Hawkins is a semi-public figure whose residential address is difficult to ascertain.

48. Because Mr. Hawkins' employer was successfully served and is represented by counsel in this action, along with Colliers Utah (of which he is a principal), it seems highly likely that he is already aware of the above-entitled action.

***Plaintiffs' Efforts to Serve Lew Cramer***

49. After Defendant Colliers waived service, our office inquired with their prior counsel whether they would accept service on behalf of Defendant Lew Cramer; they responded they would not.

50. We have since learned that Mr. Cramer is presently serving as a Public Affairs missionary for the Church of Jesus Christ of Latter-Day Saints in London, England.

51. It is my understanding that the Church provides its volunteer missionaries with housing in residences owned by the Church, and that for various reasons, including the safety and security of the missionaries, information regarding the locations of these residences is not available in the public domain.

52. Consequently, Plaintiffs have been unable to ascertain Mr. Cramer's present residential address in the United Kingdom.

53. Although individual missionary residences are not publicly disclosed, the Church does publish the addresses of its Mission Offices.

54. We believe that Mr. Cramer may be working in the Church's Europe North Area Offices, located at A3 Glory Park Ave., Wooburn Green, High Wycombe HP10 0DF, UK.

55. I also understand that missionaries for the Church customarily communicate regularly with their families and friends back home using both traditional mail and their Church-provided email address.

56. It therefore appears highly probable that serving Mr. Cramer by mail to the Church's Europe North Area Offices and by email to his Church email address will effectively apprise him of the above-entitled action.

9

57. Additionally, current counsel for Defendants CIGI, Colliers USA, and Colliers Utah recently informed our office that they are representing Mr. Cramer in a separate but related matter. Thus, Mr. Cramer is almost certainly aware of the above-entitled action.

***Plaintiffs' Efforts to Serve Kevin Long's Entities***

58. Defendants KGL Advisors, LLC; KGL Real Estate Development, PLLC; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1 Management, LLC; ADP-Millcreek 2, LLC; and ADP Millcreek-3, LLC (collectively, "Kevin Long's Entities") are entities of whom Defendant Kevin Long is the principal and/or registered agent. See Ex. 5 at 1-12.

59. To the best of our knowledge, Kevin is the only individual affiliated with these entities and is thus the only person who can receive personal service for them. *Id*.

60. In his personal capacity as a Defendant to this action, Kevin waived service of process and he is represented by counsel. *See* ECF Nos. 34, 68.

61. On April 30, 2025, around 6:00 PM, Plaintiffs' process server attempted to serve Kevin on behalf of his entities at his home, 149 N 980 E, Lindon, UT 84042. Kevin's wife answered the door and indicated he was not home but would return around 7:00 PM. The process server gave her their number and asked to have him call them to arrange a time to meet. Ex. 5 at 13-18.

62. The process server returned around 7:00 PM that evening, but Kevin's wife told him he would not, in fact, return home that night and was leaving town the following day and would not return until May 9. *Id*.

63. On May 12, 2025, around 6:00 PM, Plaintiffs' process server again attempted to serve Kevin at his home, and was again received by his wife. She again indicated that Kevin was not home but would return later, but did not know what time. *Id.*

64. The process server returned around 8:00 PM that evening, but no one answered the door. *Id.*

65. On May 14, 2025, around 5:30 PM, Plaintiffs' process server again attempted to serve Kevin at his home. No one answered the door. *Id.*

66. After these attempts failed, our office informed Kevin's counsel of the difficulties we encountered in attempting to serve Kevin personally on behalf of his entities and inquired as to whether they would waive service for them. Kevin's counsel indicated that they did not represent Kevin's entities and could not accept service on their behalf.

67. On July 23, 2025, Plaintiffs' process server again attempted to serve Kevin at his home. No one answered the door. *Id.* at 19-24.

68. On July 31, 2025, Plaintiffs' process server again attempted to serve Kevin at his home. No one answered the door. *Id.*

69. On August 11, 2025, Plaintiffs' process server again attempted to serve Kevin at his home twice. The first time, an unidentified attorney answered the door and indicated they could not accept service. The second time, that evening, no one answered the door. *Id.*

70. On August 12, 2025, Plaintiffs' process server again attempted to serve Kevin at his home. No one answered the door. *Id.*

71. It therefore appears that Kevin Long's Entities are evading service of process.

***Plaintiffs' Efforts to Serve Steve Caton***

72. Despite diligent efforts to locate Defendant Steve Caton, we were only able to find one address for him, which is a P.O. Box in Dexter, MO. This was likewise the only address we were able to find for his company, Defendant SARC Draper, LLC.

73. We are aware that Mr. Caton is represented by counsel in a separate but related matter. Our office sent requests to waive service with the required attachments for Mr. Caton and SARC Draper by certified mail on April 23, 2025, and again by email on June 2, 2025.

74. Mr. Caton's counsel declined to accept service, citing the fact that they are not licensed to practice in the State of Utah. They also declined to provide any assistance in locating Mr. Caton to effectuate personal service, indicating that they did not know his physical address.

75. Recently, Plaintiffs acquired a possible address via the work of a Private Investigator. Service is being accordingly attempted to this address.

76. Based on our communications with his counsel, it is highly probable that Mr. Caton is aware of the above-entitled action.

*I, Andrew Deiss, declare under penalty of perjury of the law of the State of Utah that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.*

DATED this Thursday, January 22, 2026.

DEISS LAW PC

*/s/Andrew G. Deiss*
Andrew G. Deiss
*Attorney for Plaintiffs*

12

# EXHIBIT 1







**Robert Levenson**

Principal at Federal 1031 LLC helping with all your 1031
Exchange needs. - Swap 'til you drop!

Arlington, Virginia, United States · **Contact Info**

2K followers · 500+ connections

**See your mutual connections**

**Join to view profile**     **Message**

**Federal 1031 LLC**

**American University Washington
College of Law**

**Company Website**

## About

1031 Exchange - Section 1031 of the Internal Revenue Code, which authorizes Tax Deferred Exchanges, is
one of the most powerful sections in the Federal Tax Code. Section 1031 allows you to legally avoid/defer
paying thousands of dollars in current Capital Gains Taxes when you sell one investment property and
roll the proceeds into a replacement property. In order to take advantage of this statute, exchange
documents must be in place before you close on the property you are selling and you need to use a
Qualified Intermediary ("QI"), which is the role of Federal 1031 LLC.

We are Nationwide and Insured. We have closed 1031 Exchange transactions in 36 states, the Virgin
Islands and abroad.

As a Qualified Intermediary, I've arranged more than three thousand 1031 exchange transactions, large
and small, totaling about two billion ($2,000,000,000.00) dollars. As a result, Federal 1031 can be the part
of your team reviewing the complex rules with you and taking care of Section 1031 Exchange document
preparation. This frees you up to focus on other aspects of the transaction other than the 1031 exchange.
I look forward to working with you. Please call with any questions.

Virginia Office:
4532 Cherry Hill Road, Suite 560
Arlington, VA 22207
(202) 494-2700 direct line
or e-mail
bobby [at] federal1031 [dot] com

Specialties: 1031 Exchange
1031 Exchanges
1031
exchanges
reverse 1031 exchange
construction 1031 exchange
build-to-suit 1031 exchange
Property, Investment Property, Real estate investing, financing, notes, mortgages, real estate tax law.

## Activity

 Follow



**Thank you to Bisnow for the opportunity to speak at the Mid-...**
Liked by Robert Levenson

**I'll note again that it seems nuts that, despite every AI lab...**
Liked by Robert Levenson

**So I did this thing and bought an island in Nova Scotia someti...**
Liked by Robert Levenson



# EXHIBIT 2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.     2:25-cv-00162-DBB-DPB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   David Josker

was recieved by me on  7/25/2025:

☐  I personally served the summons on the individual at *(place)* on *(date)* ; or

☐  I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐  I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒  I returned the summons unexecuted because Other contact after attempting service at 6324 Canoga Ave, Woodland Hills, CA 91367; or

☐  Other *(specify)*


My fees are $ 0 for travel and $ 140.00 for services, for a total of $ 140.00.

I declare under penalty of perjury that this information is true.

Date:  07/29/2025

_____
Server's signature

_____
**Armen Sinanyan**
Printed name and title

20608 SATICOY ST
canoga park, CA 91306

_____
Server's address


Additional information regarding attempted service, etc:

7/26/2025 4:53 PM: There was no answer at the address.
7/27/2025 7:44 PM: There was no answer at the address.
7/28/2025 9:11 AM: I spoke with an individual who identified themselves as the front desk and they stated subject employed but not available at this time.  Came to the location front desk said not here and does not have a set hours so they come and go and we're not available at this time.
7/29/2025 11:30 AM: I spoke with an individual who identified themselves as the security at the building where he is located at and they stated subject employed but not available at this time.  He can location and business rang the bell security or the secretary, comes to the door and says that he is not available unless I have an appointment. He will not see anybody without an appointment so he at the location he refuses to accept documentation.



Tracking # 0179885434



# EXHIBIT 3

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    2:25-cv-00162-DBB-DBP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   Gil Borok
was recieved by me on  7/25/2025:

☐    I personally served the summons on the individual at *(place)*  on *(date)* ; or

☐    I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐    I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒    I returned the summons unexecuted because Unknown after attempting service at 6324 Canoga Ave, Woodland Hills, CA 91367; or

☐    Other *(specify)*


My fees are $ 0 for travel and $ 0.00 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.


Date:  07/28/2025

_____
Server's signature

**Armen Sinanyan**
Printed name and title

20608 SATICOY ST
canoga park, CA 91306

_____
Server's address


Additional information regarding attempted service, etc:

7/26/2025 4:55 PM: There was no answer at the address.
7/27/2025 7:43 PM: There was no answer at the address.
7/28/2025 9:14 AM: I spoke with an individual who identified themselves as the front desk associate and they stated subject unknown.

Tracking # 0179625710

# EXHIBIT 4

## AFFIDAVIT OF ATTEMPTED SERVICE

I, Oğuzhan Tokaçogullari, Process Server of Lormit Legal Support Solutions (Toronto), in the Province of Ontario, in Canada, **AFFIRM AND SAY AS FOLLOWS:**

1.  THAT I am an adult person and not a party to the action.

2.  THAT this is my Affidavit of Attempted Service and that below are details of my attempt to personally serve **Matthew Hawkins**, an individual, with a true copy of the SUMMONS IN A CIVIL ACTION and COMPLAINT, originals being part of the court file, in this Action.

3.  THAT I have personal knowledge of the matters and facts hereinafter deposed to except where stated to be based upon information and belief and where so stated do verily believe the same to be true.

4.  THAT I did on Thursday the 31st day of July, 2025 at 11:37am, attempt to personally serve **Matthew Hawkins**, an individual with a true copy of the aforementioned documents by traveling to 4000 - 1140 Bay St., Toronto, Ontario M5S 2Z4 CANADA. I spoke with an adult female who identified herself as Joanne, Office Administrator. She informed me that **Matthew Hawkins**, was not there in the office at that time and while asking for other suitable times to re-attend, she refused to provide such information related to **Matthew Hawkins'** schedule.

5.  THAT I did on Friday the 1st day of August, 2025 at 2:20pm, attempt to personally serve **Matthew Hawkins**, an individual with a true copy of the aforementioned documents by traveling to 4000 - 1140 Bay St., Toronto, Ontario M5S 2Z4 CANADA. The Security Guard informed me that no one was in the office, that it was empty and that no one would be here Monday either.

6.  THAT I did on Wednesday the 6th day of August, 2025 at 11:22am, attempt to personally serve **Matthew Hawkins**, an individual with a true copy of the aforementioned documents by traveling to 4000 - 1140 Bay St., Toronto, Ontario M5S 2Z4 CANADA. The Security Guard called up to Suite 4000 (Colliers International Group Inc) and spoke with Joanne, Office Administrator but she stated that **Matthew Hawkins** was not present and that she did not know when he would be coming in next.

7.  THAT based upon the foregoing I believe that personal service upon the Defendant is impractical as we do not have any further contact information that will aid in the service of **Matthew Hawkins**, an individual.

8.  THAT I make this Affidavit bona fide, in connection with the present litigation and for no other or improper purpose.

9.  THAT to effect said attempts 18 kilometres were traveled.

**AFFIRMED BEFORE ME** at the )
City of Toronto, in the Province of Ontario, )
This ___18___ day of August, 2025. )
)
)
)
)
)
―――――――――――――――――――――――――― )
A Notary Public in and for the Province of Ontario )
**Bryan Carvalho**
Barrister & Solicitor
905 College Street
Toronto, ON M6H 1A1

――――――――――――――――――――――
**Oğuzhan Tokaçogullari**
Lormit Legal Support Solutions (Toronto)
o/a: On The Dot Process Serving
209 - 5 Adrian Ave., Toronto, ON M6N 5G4
T: 416.503.2924   F: 416.534.1582
E: toronto@lormit.com
www.lormit.com

# EXHIBIT 5







Case 2:23-cv-00467-AMA-DCMR   Document 231   Filed 05/12/26   PageID.50664   Page 57 of 84















File Number: 11458827

# LLC

## Certificate of Organization
## OF
## ADP-Millcreek 1, LLC

The undersigned person(s) do hereby adopt the following Certificate of Organization for the purpose of forming a Utah Limited Liability Company.

### Article I
The name of the limited liability company is to be ADP-Millcreek 1, LLC

### Article II
The purpose or purposes for which the company is organized is to engage in:
We provide capital to build Single Tenant Net Leased commercial properties

The Company shall further have unlimited power to engage in or to perform any and all lawful acts pertaining to the management of any lawful business as well as to engage in and to do any lawful act concerning any and all lawful business for which a Limited Liability Company may be organized under the Utah Limited Liability Company Act and any amendments thereto.

### Article III
The Company shall continuously maintain an agent in the State of Utah for service of process who is an individual residing in said state. The name and address of the initial registered agent shall be:

*(Registered Agent Name & Address)*
MILLROCK INVESTMENT FUND 1, LLC
111 Main Suite 2200
Salt Lake City, UT, 84111



State of Utah
Department of Commerce
Division of Corporations & Commercial Code

This certifies that this registration has been filed and approved on 13, September 2019 in the office of the Division and hereby issues this Certification thereof.

JASON STERZER
Division Director

File Number: 11716658

## LLC

### Certificate of Organization
### OF
### ADP-Millcreek 3, LLC

The undersigned person(s) do hereby adopt the following Certificate of Organization for the purpose of forming a Utah Limited Liability Company.

### Article I
The name of the limited liability company is to be ADP-Millcreek 3, LLC

### Article II
The purpose or purposes for which the company is organized is to engage in:
To finance the development in real estate

The Company shall further have unlimited power to engage in or to perform any and all lawful acts pertaining to the management of any lawful business as well as to engage in and to do any lawful act concerning any and all lawful business for which a Limited Liability Company may be organized under the Utah Limited Liability Company Act and any amendments thereto.

### Article III
The Company shall continuously maintain an agent in the State of Utah for service of process who is an individual residing in said state. The name and address of the initial registered agent shall be:

(Registered Agent Name & Address)
MILLROCK INVESTMENT FUND 1, LLC
111 Main Suite 2200
Salt Lake City, UT, 84111



State of Utah
Department of Commerce
Division of Corporations & Commercial Code

This certifies that this registration has been filed and approved on 31, March 2020 in the office of the Division and hereby issues this Certification thereof.

JASON STERZER
Division Director

File Number: 11469275

# LLC

## Certificate of Organization
## OF
## Millcreek Commercial Properties, LLC

The undersigned person(s) do hereby adopt the following Certificate of Organization for the purpose of forming a Utah Limited Liability Company.

### Article I

The name of the limited liability company is to be Millcreek Commercial Properties, LLC

### Article II

The purpose or purposes for which the company is organized is to engage in:
Provide marketing services to a commercial real estate investment fund.

The Company shall further have unlimited power to engage in or to perform any and all lawful acts pertaining to the management of any lawful business as well as to engage in and to do any lawful act concerning any and all lawful business for which a Limited Liability Company may be organized under the Utah Limited Liability Company Act and any amendments thereto.

### Article III

The Company shall continuously maintain an agent in the State of Utah for service of process who is an individual residing in said state. The name and address of the initial registered agent shall be:

*(Registered Agent Name & Address)*
Brent Smith
2100 Pleasant Grove Blvd Suite 200
Pleasant Grove, UT, 84062



State of Utah
Department of Commerce
Division of Corporations & Commercial Code

This certifies that this registration has been filed and approved on 26, September 2019 in the office of the Division and hereby issues this Certification thereof.

JASON STERZER
Division Director



Filed in the Office of

*Adam Watton*

Director, Division of Corporations and
Commercial Code

Filed in the State of Utah

| Filing Number |
| --- |
| 250207209420B |
| Filed On |
| January 31, 2025 |
| Entity ID |
| 11469275-0160 |
| Number of Pages |
| 1 |

## State of Utah
### Department of Commerce
### Division of Corporations and Commercial Code

**Domestic Limited Liability Company - Amendment to Certificate of Organization**

### ENTITY INFORMATION

Entity Name: MILLCREEK COMMERCIAL PROPERTIES, LLC
Entity Number: 11469275-0160
Effective Date: January 31, 2025
Effective Time: 08:02 PM

### BUSINESS DETAILS

Initial Filing Date: September 26, 2019

Duration Date: Perpetual

PRINCIPAL OFFICE INFORMATION:
Principal Office Address: 1333 Valley Grove Way, Suite 275, PLEASANT GROVE, UT 84062
Mailing Address: 1333 Valley Grove Way, Suite 275, PLEASANT GROVE, UT 84062

REGISTERED AGENT
Agent Type: Individual
Name: Kevin Long
Address: 1333 VALLEY GROVE WAY, SUITE 275, PLEASANT GROVE, UT 84062

ACTIVE PRINCIPAL INFORMATION
Title: Manager
Name: KGL REAL ESTATE DEVELOPMENT PLLC
Address: 149 N 980 E, Lindon, UT 84042

INACTIVE PRINCIPAL INFORMATION
Title: Member
Name: GTR HOLDINGS, LLC
Address: 5047 W Burntside Ave, South Jordan, UT 84009

Page 0 of 2



**State of Utah**
DEPARTMENT OF COMMERCE
Division of Corporations & Commercial Code

## *Summary of Online Changes*



Business Name: ADP-MILLCREEK 3, LLC

Entity number: 11716658-0160

Date of Filing: 02/11/2021

Registered Principals:
New Information (added or updated)
**Name** ........................... MILLROCK INVESTMENT FUND 1, LLC
**Position** ...................... Registered Agent
**Address** ...................... 2100 Pleasant Grove Blvd Suite 200
Pleasant Grove, UT 84062 United States
Old Information (removed or updated)
**Name** ........................... MILLROCK INVESTMENT FUND 1, LLC
**Position** ...................... Registered Agent
**Address** ...................... 111 Main
Suite 2200
Salt Lake City, UT 84111
New Information (added or updated)
**Name** ........................... MILLROCK INVESTMENT FUND 1, LLC
**Position** ...................... Member
**Address** ...................... 2100 Pleasant Grove Blvd Suite 200
Pleasant Grove, UT 84062 United States
Old Information (removed or updated)
**Name** ........................... MILLROCK INVESTMENT FUND 1, LLC
**Position** ...................... Member
**Address** ...................... 111 Main
Suite 2200
Salt Lake City, UT 84111

*This form cannot be hand written.*

State of Utah
Department of Commerce
Division of Corporations & Commercial Code
**Letter of Resignation**

AUG 13 '24 10:21 AM

In accordance with Utah Statute, I __Long Holdings LLC/Jerald Long__ hereby resign from the office
Name of Person Resigning

of __Member__ [checkbox], effective __01/01/2024__ and have notified the
Position Held                        Date of Resignation

following business entity listed below:

Business Name: __Millcreek Commercial Properties LLC__

Business Address:
__1064 S N County Blvd Suite 350, Pleasant Grove, UT 84062__
Address                  City            State      Zip

Business Entity Number issued by the Division of Corporations and Commercial Code below:
__11469275-0160__

Signature of Person resigning: _(signature)_

I would also like to resign from the following positions:

Other Positions: __Select from the list below__

Other Positions: __Select from the list below__

Other Positions: __Select from the list below__

Under GRAMA (63G-2-301), all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

Mailing/Faxing Information: www.corporations.utah.gov/contactus.html  Division's Website:  www.corporations.utah.gov

State of Utah
Department of Commerce
Division of Corporations and Commercial Code
I hereby certified that the foregoing has been filed
and approved on this __13__ day of __Aug__ 20__24__
in this office of this Division and hereby issued
This Certificate thereof

Examiner _AVA_ Date _8/10/24_

_(signature)_
Adam Watson
Division Director

10/13

State of Utah
*This form cannot be hand written.*
Department of Commerce
Division of Corporations & Commercial Code
Statement of Dissolution

Limited Liability Company Name: Milcreek Commmercial Properties, LLC

Entity Number: 11469275-0160

The dissolution of above named limited liability company will become effective:

[✓] upon filing with the Division of Corporations and Commercial Code.

[ ] on the future effective date of (MM-DD-YYYY) _____.

The dissolution shall be signed by a person authorized by the LLC.

**If the LLC has no member(s) or manager(s)**, the dissolution shall be signed by:

[✓] Person winding up the LLC's activities and affairs under Subsection 48-3a-703(3).

Under penalties of perjury, I declare that this Statement of Dissolution has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

By: _____

Name: Kevin G. Long

Date: 01/23/2025

**Additional filing requirements:**
If the filer requests a copy of the Statement of Dissolution an additional exact copy of the filed document along with a return-addressed envelope with adequate first-class postage must also be submitted.

Under GRAMA {63G-2-201}, all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

08/23

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF

*VS*

**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM,** I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **ADP-MILLCREEK 2 LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X_____
**Bill Tuttle     05/15/2025**

Job #: 2501791
Service Fee: $89.28

Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
## NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM,** I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **ADP-MILLCREEK 3 LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X _____
**Bill Tuttle    05/15/2025**

Job #: 2501792
Service Fee: $45.28



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

**JOHN WEBER ET AL,**
PLAINTIFF

*VS*

**COLLIERS INTERNATIONAL GROUP INC ET AL ,**
DEFENDANT.

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **KGL ADVISORS LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X_____
**Bill Tuttle     05/15/2025**

Job #: 2501795
Service Fee: $45.28

Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
## NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL,**
PLAINTIFF

*VS*

**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **KGL REAL ESTATE DEVELOPMENT PLLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X _____
**Bill Tuttle    05/15/2025**

Job #: 2501796
Service Fee: $45.28

Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF

*VS*

**COLLIERS INTERNATIONAL GROUP INC ET AL**,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **MILLCREEK COMMERCIAL PROPERTIES LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X_____
**Bill Tuttle     05/15/2025**

Job #: 2501798
Service Fee: $45.28

Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Bill Tuttle,** state:

On **05/14/2025** at **5:34 PM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042 for MILLROCK INVESTMENT FUND 1 MANAGEMENT LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, and that the foregoing is true and correct. Executed on the date above.

**Comments:**
Due Diligence

04/30/2025 05:56:55 PM 149 N 980 E, Lindon, UT 84042 Talk to his wife said he'll be home around 7. Gave her my number and ask her to have him give me a call so we can meet
04/30/2025 06:58:39 PM 149 N 980 E, Lindon, UT 84042 Came back to the house at 7. Wife felt bad she is meeting him at the place so he won't be home said going out of town 5/1-5/9
05/12/2025 06:01:28 PM 149 N 980 E, Lindon, UT 84042 Talk to wife said he will be home later. Not sure what time I'll stop back by.
05/12/2025 07:58:52 PM 149 N 980 E, Lindon, UT 84042 NALS
05/14/2025 05:34:12 PM 149 N 980 E, Lindon, UT 84042 Nals

X_____
**Bill Tuttle**     05/15/2025

Job #: 2501799
Service Fee: $45.28

Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL,**
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL ,**
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Zach Lemon ,** state:

On **08/12/2025** at **11:10 AM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **KGL REAL ESTATE DEVELOPMENT PLLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

**Comments:**
Due Diligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042 NALS

X_____
**Zach Lemon**      **08/15/2025**

Job #: 2503131
Service Fee: $45.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF
     *VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Zach Lemon** , state:

On **08/12/2025** at **11:10 AM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **MILLCREEK COMMERCIAL PROPERTIES LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

**Comments:**
Due Diligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042  NALS

X_____
**Zach Lemon**    **08/15/2025**

Job #: 2503133
Service Fee: $45.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
## NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL,**
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL ,**
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Zach Lemon ,** state:

On **08/12/2025** at **11:10 AM,** I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **MILLROCK INVESTMENT FUND 1 MANAGEMENT LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

**Comments:**
Due Diligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042  NALS

X_____
**Zach Lemon    08/15/2025**

Job #: 2503134
Service Fee: $45.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL,**
PLAINTIFF

*VS*

**COLLIERS INTERNATIONAL GROUP INC ET AL ,**
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Zach Lemon ,** state:

On **08/12/2025** at **11:10 AM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **ADP-MILLCREEK 2 LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

**Comments:**
Due Dilligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042  NALS

X_____
**Zach Lemon      08/15/2025**

Job #: 2503135
Service Fee: $45.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

**JOHN WEBER ET AL**,
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL** ,
DEFENDANT.

Case Number: **2:25-ccv-00162**

I, **Zach Lemon ,** state:

On **08/12/2025** at **11:10 AM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **ADP-MILLCREEK 3 LLC** because after the attempts listed below, I was unable to serve the documents.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

**Comments:**
Due Diligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042  NALS

X_____
**Zach Lemon      08/15/2025**

Job #: 2503136
Service Fee: $45.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# RETURN OF SERVICE
# NON-SERVE - DUE DILIGENCE

UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

**JOHN WEBER ET AL,**
PLAINTIFF
*VS*
**COLLIERS INTERNATIONAL GROUP INC ET AL ,**
DEFENDANT.

For:
Andrew Vanderwood
Deiss Law
10 W 100 S Ste 700
Salt Lake City UT 84101

Case Number: **2:25-ccv-00162**

I, **Zach Lemon ,** state:

On **08/12/2025** at **11:10 AM**, I *failed* to serve the following: **Summons in a Civil Action, First Amended Complaint Jury Demand , Exhibit(s) at 149 N 980 E, LINDON, UT 84042** for **KGL ADVISORS LLC** because after the attempts listed below, I was unable to serve the documents.

**Comments:**
Due Diligence

07/23/2025 08:34:31 PM 149 N 980 E, Lindon, UT 84042 NALS
07/31/2025 08:54:07 PM 149 N 980 E, Lindon, UT 84042 NALS
08/11/2025 11:16:23 AM 149 N 980 E, Lindon, UT 84042 Spoke with Attorney. He cannot accept them.
08/11/2025 04:40:02 PM 149 N 980 E, Lindon, UT 84042 NALS
08/12/2025 11:10:47 AM 149 N 980 E, Lindon, UT 84042  NALS

I declare under criminal penalty of the State of Utah that I am  over the age of 18, have no interest in the above action, am a Salt Lake County Constable, and that the foregoing is true and correct. Executed on the date listed above.

X_____
Zach Lemon      08/15/2025

Job #: 2503130
Service Fee: $149.16



Wasatch Constables, 5525 S 900 E STE 110, MURRAY, UT 84117-3512

# EXHIBIT B

Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al.,<br>*Plaintiffs,*<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>*Defendants.* | **SUPPLEMENTAL DECLARATION OF ANDREW DEISS REGARDING CURRENT SERVICE EFFORTS**<br><br>Case No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

*I, Andrew Deiss, declare as follows:*

1.      I am above the age of 18 and a resident of the State of Utah.

2.      I am the lead attorney for the Plaintiff's in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

3.      I have supervised our firm's efforts to serve process on the Defendants named in this action. The statements below are based on my supervisory role.

4.    To date, the following Defendants have yet to be served with summons and operative complaint in this action:

> i.  David Josker
>
> ii.  Gil Borok
>
> iii.  Matthew Hawkins
>
> iv.  Lew Cramer
>
> v.  Steve Caton

5.    Counsel for the Colliers Defendants in this action was contacted regarding whether they would accept or waive service for David Josker, Gil Borok, Matthew Hawkins, and Lew Cramer. Those efforts have not been successful.

6.    In connection with this action, our office contacted multiple companies that perform international service, including Hague Convention service, to determine the cost and feasibility of serving Matthew Hawkins in Canada and Lew Cramer in the United Kingdom.

7.    Plaintiffs' counsel are attempting to serve both Mr. Hawkins and Mr. Cramer with the complaint in this action, the complaint in *Weber v. Colliers International Group, Inc.*, No. 2:25-cv-00162-DBB-DBP, and the complaint in the separate but closely related action *Khanna et al. v. Colliers International Group, Inc.*, No. 2:25-cv-00906-HCN-CMR, where Plaintiffs' counsel also represent the plaintiffs and are concurrently filing a motion for alternative service.

8.    The lowest estimate Plaintiffs' counsel received to attempt service of all three complaints on Mr. Cramer was approximately $1,600. Based on Mr. Cramer's

apparent full-time missionary service and temporary, non-public residence in the United Kingdom, Plaintiffs' counsel believe there is a substantial likelihood that Mr. Cramer will not be located for personal service even if Plaintiffs incur that expense.

9.      The lowest estimate Plaintiffs' counsel received to attempt service of all three complaints on Mr. Hawkins was also approximately $1,600. Based on Plaintiffs' counsel's prior unsuccessful efforts to serve Mr. Hawkins at his Toronto office in *Weber*, Plaintiffs' counsel believe that further traditional service efforts are likely to impose substantial additional cost with no guarantee of success.

10.     In this action, Plaintiffs' counsel have made targeted efforts to evaluate and effectuate service, including communicating with counsel regarding acceptance or waiver of service, investigating potential service addresses, and evaluating international service options for foreign Defendants. Based on Plaintiffs' counsel's prior efforts in *Weber*, I believe repeating the same traditional service efforts in this action would likely impose substantial cost and delay with little likelihood of success.

*I, Andrew Deiss, declare under penalty of perjury of the law of the State of Utah that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.*

DATED this 12th day of May 2026.

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
*Counsel for Plaintiffs*
