Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah  84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
sschultz@strongandhanni.com
*Attorney for Defendants Mary Street and CAMS Realty, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE SELF STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, | **MARY STREET AND CAMS REALTY, LLC'S MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT** |
| Plaintiffs, | Civil No.: 2:23-cv-00407 |
| v. | Judge Ann Marie McIff Allen |
| | Magistrate Judge Cecilia M. Romero |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; | |

|  |  |
|---|---|
| SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,  Defendants. |  |

Defendants Mary Street and CAMS Realty, LLC (collectively "Moving Parties") appear specially and move this court to dismiss all Plaintiffs' Complaints against them.

## 1. Specific relief sought and grounds for relief

Moving Parties request that the court dismiss this action as to them pursuant to Rule 4(m), Fed. R. Civ. P., for failure to serve summons and complaint within 90 days of the filing of the action. Rule 4(m) states:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

2

against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**2. Statement of relevant facts**

a. This action was commenced by filing of the Complaint on June 21, 2023.[1]

b. The Moving Parties are named as defendants.[2]

c. No summonses were issued for service on the Moving Parties and no service of summonses and complaint was effected by September 19, 2023 – 90 days after June 21, 2023.[3]

d. A First Amended Complaint was filed on March 26, 2025, which named the Moving Parties as Defendants.[4] No summonses were issued for service on the Moving Parties.

e. A Second Amended Complaint was filed on February 27, 2026, approximately two years and eight months after the original complaint was filed.[5]

f. Summonses were issued for the first time for the Moving Parties on April 21, 2026,[6] approximately two years and ten months after the original complaint was filed.

g. Plaintiffs subsequently requested that the Moving Parties waive service of process.

h. The Moving Parties have not agreed to waive service.

i. The Moving Parties are defendants in a companion case to the instant case involving

---

[1] Doc. 1.
[2] Doc. 1 at 1.
[3] See Doc. 1-32, which shows that as of October 20, 2023, when Doc. 32 was filed, no service had been effected on the Moving Parties.
[4] Doc. 114.
[5] Doc. 158.
[6] Docs. 196-197.

the same basic claims, but different Plaintiffs who are represented by the same counsel as the Plaintiffs in the instant case.[7]

### 3. Supporting Authority and Argument

Under Rule 4(m), Fed. R. Civ. P., "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[8] Upon a showing of good cause for the failure to timely serve, the rule requires the court to "extend the time for service for an appropriate period."

The filing of an amended complaint does not renew the 90-day time for service.[9] In *Cloyd v. Arthur Anderson & Co.*, the then-pending Rule 4 allowed 120 days for service. Plaintiff failed to serve within that timeframe but later filed an amended complaint and argued that the 120-day time for service was renewed to run from the date of filing the amended complaint. Judge Winder rejected the renewal argument, stating:

> Finally, Plaintiff argues, without citing any authority, that filing the Amended Complaint renews the 120-day period in which a summons may be served. Plaintiff's argument is incorrect. The court in *Del Raine v. Carlson*, 826 F.2d 698 (7th Cir. 1987), rejected a similar argument, reasoning that "[t]he purpose of allowing complaints to be amended is to enable the pleading to be conformed to the developing evidence rather than to extend the time for service indefinitely." . . . Similarly, the court in *Bryant v. Brooklyn Barbeque Corp.* determined that if the plaintiff were allowed to file an amended complaint after the service deadline had passed, "the purpose of Rule 4(j) [now 4(m)] would be emasculated. . . .

---

[7] *Weber et al v. Colliers International Group, Inc., et al*, Case No. 2:25-cv-00162-DBB in the United States District Court for the District of Utah.

[8] *See also Eliason v. Kirton McConkie, P.C.*, Case No. 2:24-cv-00115, 2024 WL 3456963, * 2 (D. Utah July 18, 2024) (unpublished) recognizing the 90-day requirement for service.

[9] *Cloyd v. Arthur Anderson & Co.* 151 F.R.D. 407, 413 (D. Utah 1993).

> To find that filing the Amended Complaint renews the 120-day time period in which service must be made would tantamount to finding that Rule 4(j) [now 4(m)] is mere rubbish cluttering the landscape of Rule 4. This court will not ignore the significance of Rule 4(j) and therefore refuses to find that Plaintiff's filing of the Amended Complaint renews the 120-day time period for service.[10]

The Tenth Circuit addressed this same issue in *Bolden v. City of Topeka, Kan.*, and held that the time for serving "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."[11] Moving Parties were not newly added defendants in either the first or second amended complaint.

The court should not "extend the time for service for an appropriate period" as allowed by Rule 4(m) because there is no good cause for Plaintiffs' failure to timely serve the Moving Parties. Plaintiffs named the Moving Parties as defendants when the complaint was first filed commencing this case on June 21, 2023, nearly three years ago. No summonses were issued for the Moving Parties at that time or at any time until just recently on April 21, 2026, after the second amended complaint was filed.

Although Rule 4(m) does not define good cause, "mere inadvertence is not sufficient to meet the rule's good cause standard."[12] Moreover, the "'good cause standard is stringent and is not met by showing inadvertence of counsel, change of counsel, or other similar excuses.'"[13]

---

[10] *Id.* at 413-414.

[11] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

[12] *Cloyd v. Arthur Anderson & Co.* 151 F.R.D. 407, 411 (D. Utah 1993) (citing *Cox v. Sandia*, 941 F.2d 1124, 1125 (10th Cir. 1991)).

[13] *Cloyd*, 151 F.R.D. at 411 (citing and quoting *Reynolds v. Federal Crop Ins. Corp.*, 752 F. Supp 986,988 (D. Colo. 1990)).

The Tenth Circuit also holds that Rule 4(m) "broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."[14] *Espinoza* explained a two-step analysis:

> The greater discretion afforded district courts under the new rule does not, however, affect the "good cause" analysis to be undertaken by district courts. Because a plaintiff who shows good cause for failure to timely effect service is entitled to a mandatory extension of time, district courts must still preliminarily examine whether good cause for the delay exists.
>
> . . .
>
> Given the foregoing considerations, . . . district courts should proceed under the new rule in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[15]

A recent example of the application of this two-step analysis is *Pitcher v. C&H Distributing Co.*[16] The district court found no good cause for service made one day after the 90-day deadline. "However, given the extremely short one-day delay in service, the court chooses to exercise its discretion and extend the time for service by one day. [¶] That said, the court warns Plaintiff that continuing to miss deadlines may result in sanctions, including dismissal of the case."[17]

---

[14] *Espinoza v. U.S.*, 52 F.3d 838, 840-41 (10th Cir. 1995).

[15] *Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995).

[16] *Pitcher v. C&H Distributing Co.,* Case No. 2:25-cv-00705-DBB-CMR, 2026 WL 242148 (D. Utah January 29, 2026) (unpublished).

[17] *Id.*

In another case, the district court denied an extension for service, finding no good cause and also concluding "that a permissive extension is not warranted here."[18] In *Reid*, the court had granted a 90-day extension for service, but when service had not been effected 110 days later, the court issued an order to show cause why the case should not be dismissed.[19]

The court explained that the factors to be considered in determining whether permissive extension is appropriate include "applicable statutes of limitations, the complexity of the relevant requirements for service, Plaintiffs' efforts to effect service, whether the . . . Defendants have attempted to avoid service, and whether the . . . Defendants have actual notice of the claims against [them]."[20]

Considering these factors, the court concluded that the statute of limitations was not an issue, and that "while the . . . Defendants obviously have notice of the claim against them, there is no evidence in the record to suggest that they ever actually tried serving the . . . Defendants." Further, the only complicating factor involved the "routine expense" associated with service. None of these were sufficient to justify a permissive extension of the time for service.[21]

In the instant case, summonses were first issued against the Moving Parties some 34 months after the complaint was filed. If good cause could not be shown for a one-day delay in the *Pitcher* case, surely good cause does not exist here, where the issuance of summonses was 31 months after the initial 90-day deadline. Further, there is nothing complicated about service on the Moving

---

[18] *Reid v. Rapich*, Case No. 4:23-cv-00086, 2025 WL 842786 (D. Utah March 18, 2025) (unpublished).
[19] *Id*. at * 1.
[20] *Id*. at * 2 (internal quotation marks and citation omitted).
[21] *Id*. at * 3.

Parties. Indeed, the same Plaintiffs' counsel sued the Moving Parties in another case involving the same issues in Utah's federal district.

The court should not exercise its discretion to allow service of the Moving Parties.

## CONCLUSION

The Moving Parties respectfully request the court to grant their motion and dismiss Plaintiffs' complaints against them under Rule 4(m), Fed. R. Civ. P.

DATED this 13th day of May, 2026.

STRONG & HANNI

*/s/ Stuart H. Schultz*

Stuart H. Schultz
*Attorney for Moving Parties*

## CERTIFICATE OF MAILING

I hereby certify that on this 13th day of May 2026, a true and correct copy of the foregoing

**MARY STREET AND CAMS REALTY, LLC'S MOTION TO DISMISS FOR FAILURE**

**TO TIMELY SERVE SUMMONS AND COMPLAINT** was sent via the method listed below

to the following:

Andrew G. Deiss, #7184                ( )   U.S. Mail, Postage Prepaid
Corey D. Riley, #16935                  ( )   Hand Delivery
DEISS LAW PC                             ( )   Overnight Mail
10 West 100 South, Suite 700       ( )   E-mail
Salt Lake City, UT 84101              (X)   E-filing Notification
deiss@deisslaw.com
criley@deisslaw.com
*Attorney for Plaintiffs*


_/s/ LaNae Holland_

9