Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al., <br> *Plaintiffs,* <br><br> vs. <br><br> KEVIN LONG, et al., <br><br> *Defendants.* | **MOTION FOR ALTERNATE SERVICE AND EXTENSION OF TIME TO SERVE DEFENDANT SAMUEL DUKE** <br><br> Case No. 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiffs, by and through undersigned counsel and pursuant to Fed R. Civ. P. 4(m), respectfully move the Court to grant them leave to serve Defendant Samuel Duke ("Duke"), by alternative means, pursuant to Fed. R. Civ. P. 4(e)(1). Plaintiffs further move for additional time to serve Mr. Duke, pursuant to Fed. R. Civ. P. 4(m).

### **RELIEF REQUESTED**

Plaintiffs respectfully seek leave of the Court to serve:

- Defendant Samuel Duke via:

- o   Email to counsel of record in this action for Defendant Hello Bello, LLC, Duke's entity, at twallner@berkowitzoliver.com;

- o   Personal service or first-class mail to Hello Bello, LLC's registered agent, Paramount Tax & Accounting CPAs, at 3387 W Mayflower Ave, Ste 210, Lehi, UT, 84048, USA.

Additionally, Plaintiffs respectfully request that the Court enter an order extending the time for service of process upon Mr. Duke in this matter. Specifically, Plaintiffs request an additional two weeks to serve Mr. Duke if alternative service is authorized, and/or an additional month to serve Mr. Duke if the Court declines to authorize alternative service.

## FACTUAL BACKGROUND

Plaintiffs have made diligent efforts to personally serve Defendant Samuel Duke with the Summons and Second Amended Complaint in this action. On April 23, 2026, Plaintiffs retained Statewide Constables and Process Servers to serve Duke. Exhibit A, Declaration of Andrew Deiss at ¶ 5; Exhibit B, Affidavit of Due Diligence.

On May 4, 2026, Plaintiffs confirmed with Statewide Constables and Process Servers that they were authorized to proceed with the request. Statewide acknowledged the request and began attempting service. Exhibit A, Declaration of Andrew Deiss at ¶ 6.

The process server first attempted to serve Mr. Duke at 5027 Burntside Avenue, South Jordan, Utah 84009, the address that Plaintiffs had and provided to the process server. On May 5, 2026, the process server was informed that Mr. Duke was unknown

at that address and was possibly a previous owner. Exhibit B, Affidavit of Due Diligence.

Statewide searched for additional information and advised Plaintiffs that Utah business-registration records for Hello Bello LLC, Duke's entity, showed a brand-new registered agent address for Paramount Tax & Accounting CPAs in Lehi, Utah. Plaintiffs authorized Statewide to attempt service at that address. Statewide later reported that it was able to serve Hello Bello, LLC through its registered agent, but was told that Mr. Duke did not work there. Statewide then asked Plaintiffs whether they had another address for Mr. Duke. Plaintiffs advised that they did not and asked Statewide to conduct a skip trace on Mr. Duke. Statewide confirmed that it would run a skip trace for him. Exhibit A, Declaration of Andrew Deiss at ¶¶ 7-11, Exhibit B, Affidavit of Due Diligence.

Statewide then attempted service at 10243 South Salmon Drive, South Jordan, Utah 84009. On May 12, 2026, the process server received no answer and left a notice of attempted delivery of legal documents. Later that day, Statewide received a callback advising that Mr. Duke was a previous tenant. Exhibit B, Affidavit of Due Diligence.

On May 13, 2026, the process server called Mr. Duke and spoke with him directly. During that call, the process server personally informed Mr. Duke that he had legal documents for him. Mr. Duke asked what the documents concerned, and the process server identified the case by the parties. Mr. Duke stated that he had already been served "through his registered agent service." The process server explained that the prior service related to a business entity and that the documents at issue were for

Mr. Duke personally. Mr. Duke stated that he was "handling it," but refused to provide a current address or any information that would allow the process server to complete personal service. Exhibit B, Affidavit of Due Diligence.

Despite multiple attempts at known or located addresses, follow-up investigation, and direct contact with Mr. Duke by telephone, Plaintiffs have been unable to personally serve Mr. Duke. The process server declared that, after reasonable diligence, he had exhausted efforts to identify, locate, and serve Mr. Duke and had good cause to believe that Mr. Duke is avoiding service or that service is impracticable under the circumstances. Exhibit A, Declaration of Andrew Deiss at ¶¶ 7-11; Exhibit B, Affidavit of Due Diligence.

## LEGAL STANDARD

The Plaintiff in a civil action bears the responsibility of serving each Defendant with a summons and copy of the complaint. Fed. R. Civ. P. 4(c)(1). Ordinarily, service of process must be accomplished by personal delivery to the Defendant, but service may also be accomplished by any other means authorized by law in the state where the district court is located. Fed. R. Civ. P. 4(e).

Under Utah law, a Plaintiff may move for leave to serve a Defendant "by some other means" under certain circumstances, namely: (1) where "the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence," (2) where "service upon all of the individual parties is impracticable under the circumstances," or (3) where "there is good cause to believe the person to be served is avoiding service." Utah R. Civ. P. 4(d)(5)(A). The motion

"must set forth the efforts to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties." *Id.* Additionally, the alternative means of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B).

A Plaintiff must serve all Defendants within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). However, upon a showing of good cause for failing to serve a Defendant within that time frame, the Court "must extend the time for service for an appropriate period." *Id. Cf.* Fed. R. Civ. P. 6(b)(1)(A) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires.").

**ARGUMENT**

I.    **ALTERNATIVE SERVICE UPON SAMUEL DUKE IS WARRANTED UNDER THESE CIRCUMSTANCES.**

In order to obtain leave to serve a Defendant by alternative means, a Plaintiff must demonstrate that they have exercised reasonable due diligence in attempting to serve by the standard authorized means. *Bonneville Billing v. Whatley*, 949 P.2d 768, 773 (Utah App 1997) (discussing the "diligence requirement") (quoting *Carlson v. Bos*, 740 P.2d 1269, 1275 (Utah 1987) ("[A] plaintiff must act diligently and take such steps in attempting to give the defendant actual notice of the proceeding as are reasonably practicable.")). The Utah Supreme Court has held that "[t]he party seeking to effectuate [alternative] service . . . must exercise reasonable diligence in attempting to identify and then personally serve [the defendant]." *Weber Cty. v. Ogden Trece*, 2013 UT 62, ¶ 49, 321 P.3d 1067. In conducting this analysis, "[r]elevant factors may include the number

of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts." *Id.* ¶ 50 (internal quotation marks omitted) (quoting *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 15, 100 P.3d 1211).

The facts set forth in the attached Declaration and Affidavit of Due Diligence demonstrate that Plaintiffs have exercised reasonable diligence in attempting to locate and personally serve Defendant Samuel Duke. Plaintiffs retained Statewide Constables and Process Servers to serve Mr. Duke with the Summons and Second Amended Complaint in this action. The relevant diligence is reflected in the steps taken after service at the initially available address proved unsuccessful. Exhibit A, Declaration of Andrew Deiss at ¶¶ 5-11; Exhibit B, Affidavit of Due Diligence.

Statewide first attempted to serve Mr. Duke at 5027 Burntside Avenue, South Jordan, Utah 84009, the address Plaintiffs had available and provided for service. That attempt was unsuccessful because Mr. Duke was apparently unknown at that address. He is believed to have been a previous owner. Exhibit B, Affidavit of Due Diligence.

After that attempt failed, Statewide searched for additional information and identified a brand-new registered-agent address for Hello Bello LLC, Mr. Duke's entity, which is also a defendant in this action. Statewide then attempted service through Hello Bello LLC's registered agent. Although Statewide was able to serve Hello Bello LLC through its registered agent, Statewide was told that Mr. Duke did not work there. When Statewide asked whether Plaintiffs had another address for Mr. Duke, Plaintiffs

advised that they did not and requested that Statewide conduct a skip trace on him. Exhibit A, Declaration of Andrew Deiss at ¶¶ 7-11.

Statewide then attempted service at 10243 South Salmon Drive, South Jordan, Utah 84009. That attempt was also unsuccessful. No one answered, Statewide left a notice of attempted delivery of legal documents, and Statewide later received a callback advising that Mr. Duke was a previous tenant at that address. Exhibit B, Affidavit of Due Diligence.

Statewide then reached Mr. Duke directly by telephone. During that call, the process server personally informed Mr. Duke that he had legal documents for him. Mr. Duke asked what the documents concerned, and the process server identified the case by the parties. Mr. Duke then stated that he had already been served through his registered agent service. The process server explained that the prior service related to a business entity and that the documents at issue were for Mr. Duke personally. Mr. Duke nevertheless refused to provide a current address or any information that would allow the process server to complete personal service. Instead, Mr. Duke stated that he was "handling it" and would not provide further information. Exhibit B, Affidavit of Due Diligence.

These facts demonstrate that Plaintiffs' inability to personally serve Mr. Duke is not the result of inaction or insufficient effort. Plaintiffs attempted service at the address available to them, Statewide investigated additional possible service locations, service was attempted through the registered-agent information associated with Mr. Duke's entity, a skip trace was requested when no current address was available,

Statewide attempted service at another address, and the process server ultimately spoke with Mr. Duke directly. Despite those efforts, Mr. Duke refused to provide any address or information that would permit personal service after being told that the documents were directed to him individually. Exhibit A, Declaration of Andrew Deiss at ¶¶ 5-11; Exhibit B, Affidavit of Due Diligence.

Under these circumstances, further attempts at traditional personal service are unlikely to succeed and would only impose additional delay and expense. Mr. Duke has actual knowledge of the case, actual knowledge that the process server is attempting to serve him personally, and has refused to provide information necessary to complete service. Because Mr. Duke cannot practicably be served by traditional means and appears to be avoiding personal service despite actual notice of this action, the Court should authorize Plaintiffs to serve him by the alternative means identified herein.

II.    **THE PROPOSED ALTERNATIVE MEANS OF SERVICE ARE REASONABLY CALCULATED TO APPRISE MR. DUKE OF THE PRESENT ACTION.**

Plaintiffs propose two alternative methods of serving Mr. Duke with the Summons and Second Amended Complaint: (1) email service to counsel of record for Hello Bello LLC, Mr. Duke's entity and a Defendant in this case; and (2) either first-class mail or personal service on Hello Bello LLC's registered agent. These proposed methods are reasonably calculated to apprise Mr. Duke of this action, particularly because Mr. Duke has already acknowledged that he knows about the case, knows that his entity has been served, and understands that the process server is attempting to serve him personally.

Exhibit A, Declaration of Andrew Deiss at ¶¶ 7, 12-13; Exhibit B, Affidavit of Due Diligence.

### a. Service by Email is Reasonably Calculated to Apprise Mr. Duke of the Action.

This Court has acknowledged email service upon retained counsel as an acceptable means of alternative service. *See, e.g., Cricut, Inc. v. Shanghai Shishun E-Commerce Co., Ltd.*, No. 2:24-cv-00747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025) (authorizing alternative service including email to retained counsel, regardless of client authorization, in part because "[t]he[] attorneys have communicated with [the plaintiff]'s counsel by email and are clearly able to provide the complaints to the defendants") (unpublished); *Dish Techs., L.L.C. v. Aylo Freesites  Ltd.*, No. 2:24-cv-00066, 2024 WL 2701601, at *2 (authorizing alternative service including email to retained counsel where there was "ample litigation history" over the same subject matter and the defendants "share[d] a close, collaborative working relationship") (unpublished). In *Dish Technologies,* the Court's decision was motivated, in part, by the fact that the attorneys in question had already been involved in the parties' related litigation for some time, and the defendants themselves were already aware of the action. *Id.* at *2.

Here, email service to counsel of record for Hello Bello, LLC is reasonably calculated to apprise Mr. Duke of this action. Hello Bello, LLC is Mr. Duke's entity and is itself a Defendant in this case. Mr. Duke personally told the process server that he knew about the case because his entity had already been served through its registered agent. Mr. Duke therefore understands the connection between this action, Hello Bello

LLC, and the documents the process server attempted to serve on him personally. Exhibit A, Declaration of Andrew Deiss at ¶ 12; Exhibit B, Affidavit of Due Diligence.

Service through Hello Bello, LLC's counsel is particularly appropriate because Mr. Duke has already relied on service through his entity as the reason he refused to provide information necessary for personal service. After the process server explained that the documents at issue were for Mr. Duke personally rather than for the entity, Mr. Duke still refused to provide a current address and stated that he was "handling it." Under these circumstances, email service to Hello Bello, LLC's counsel is reasonably calculated to reach Mr. Duke. Exhibit A, Declaration of Andrew Deiss at ¶ 12; Exhibit B, Affidavit of Due Diligence.

Accordingly, the Court should authorize Plaintiffs to serve Mr. Duke by emailing the Summons and Second Amended Complaint to counsel of record for Hello Bello, LLC.

### b. Service by First-Class Mail or Personal Service on Hello Bello LLC's Registered Agent is Reasonably Calculated to Apprise Mr. Duke of the Action.

Courts have recognized that first-class mail satisfies due process notice requirements in appropriate circumstances. *See, e.g., Jones v. Flowers*, 547 U.S. 220, 222 (2006) ("Certified mail makes actual notice more likely only if someone is there to sign for the letter or tell the mail carrier that the address is incorrect. Regular mail can be left until the person returns home, and might increase the chances of actual notice."); *Fager v. CenturyLink Comms., LLC*, 854 F.3d 1167, 1173-74 (10th Cir. 2016) (concluding that "[f]irst-class mail sufficed to give notice" to potential class members where the

mailing envelope clearly and noticeably indicated the nature and importance of its contents). In any event, certified mail would not be alternative service because it is already authorized as a standard means of service. *See* Fed. R. Civ. P. 4(e); Utah R. Civ. P. 4(d)(2).

Here, service by first-class mail or personal service on Hello Bello LLC's registered agent is reasonably calculated to apprise Mr. Duke of this action. Statewide successfully served Hello Bello LLC through its registered agent, and Mr. Duke personally acknowledged that he knew about the case because his entity had been served. The registered-agent channel is therefore not speculative; it is the precise channel that already provided Mr. Duke with notice of the litigation. Exhibit A, Declaration of Andrew Deiss at ¶¶ 7-9; Exhibit B, Affidavit of Due Diligence.

Plaintiffs do not contend that service on Hello Bello LLC, by itself, constitutes personal service on Mr. Duke. Rather, Plaintiffs seek leave to use that same reliable communication channel as an alternative means of providing Mr. Duke with the documents directed to him personally. This is especially appropriate because Mr. Duke refused to provide an address for personal service after being told that the documents were for him individually. Mailing or personally serving the Summons and Second Amended Complaint directed to Mr. Duke through Hello Bello LLC's registered agent is therefore reasonably calculated to provide Mr. Duke with actual notice while avoiding unnecessary additional delay caused by his refusal to provide a service address. Exhibit A, Declaration of Andrew Deiss at ¶¶ 7-9; Exhibit B, Affidavit of Due Diligence.

The summons and complaint are unlikely to go unnoticed when received through the registered-agent channel that already resulted in Mr. Duke learning of this case. Plaintiffs can also undertake to label the envelope in a manner clearly identifying the importance and nature of the documents enclosed, if the Court so directs. The Court should therefore authorize Plaintiffs to serve Mr. Duke by first-class mail or personal service on Hello Bello LLC's registered agent.

### III.   THE COURT SHOULD ALLOW PLAINTIFFS ADDITIONAL TIME FOR SERVICE.

Because Plaintiffs have diligently attempted to serve Mr. Duke and seek alternative service only after those efforts failed, Plaintiffs also request a brief extension of time to complete service. If the Court grants this Motion and authorizes alternative service, Plaintiffs request an additional fourteen days from the date of the Court's order to complete service by the authorized alternative means and file proof of service.

If the Court denies alternative service, Plaintiffs request an additional month to continue attempting traditional service. Additional time would be warranted because Plaintiffs have already made diligent efforts to locate and serve Mr. Duke, Mr. Duke has refused to provide information necessary to complete personal service, and any further traditional service efforts will likely require additional investigation, skip tracing, and process-server attempts.

For all these reasons, good cause exists to grant Plaintiffs the requested additional time to serve Samuel Duke.

**<u>CONCLUSION</u>**

Plaintiffs have diligently attempted to effectuate service upon Mr. Duke, but those efforts have proven impracticable. Under Fed. R. Civ. P. 4(e)(1) and Utah R. Civ. P. 4(d)(5), the Court may authorize alternative service where, as here, Mr. Duke's whereabouts cannot reasonably be ascertained and he appears to be avoiding service.

The proposed alternative methods of service—including first-class mail and service through associated counsel—are reasonably calculated under the circumstances to apprise Mr. Duke of this action, are consistent with due process, and are supported by precedent within this District.

Accordingly, Plaintiffs respectfully request that the Court grant this Motion, authorize alternative service as proposed, and extend the deadline for service as requested.

DATED this 27th day of May 2026.

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
Corey D. Riley
*Counsel for Plaintiffs*

# EXHIBIT A

Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al.,<br>*Plaintiffs,*<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>*Defendants.* | **DECLARATION OF ANDREW DEISS REGARDING SERVICE EFFORTS ON DEFENDANT SAMUEL DUKE**<br><br>Case No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

*I, Andrew Deiss, declare as follows:*

1.     I am above the age of 18 and a resident of the State of Utah.

2.     I am the lead attorney for the Plaintiffs in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

3.     I have supervised our firm's efforts to serve process on Samuel Duke. The statements below are based on my supervisory role.

4.     Where this Declaration describes information provided by Statewide Constables and Process Servers or the process server, I am stating what Statewide or the process server told our office. I am not independently declaring that I personally observed those events.

5.     On April 23, 2026, Plaintiffs retained Statewide Constables and Process Servers to attempt service on Samuel Duke with the Summons and Second Amended Complaint in this action.

6.     On May 4, 2026, Plaintiffs confirmed with Statewide Constables and Process Servers that Statewide was authorized to proceed with the service request.

7.     Statewide informed our office that Utah business-registration records identified a new registered-agent address for Hello Bello, LLC, Samuel Duke's entity, at Paramount Tax & Accounting CPAs in Lehi, Utah.

8.     Plaintiffs authorized Statewide to attempt service at the registered-agent address for Hello Bello LLC.

9.     Statewide later informed our office that it was able to serve Hello Bello LLC through its registered agent, but that Statewide was told Mr. Duke did not work there.

10.     Statewide then asked whether Plaintiffs had another address for Mr. Duke. Plaintiffs did not have another address for Mr. Duke.

11.     Plaintiffs asked Statewide to conduct a skip trace on Mr. Duke, and Statewide confirmed that it would do so.

12.     Counsel of record has appeared for Defendant Hello Bello LLC in this case and has communicated with Plaintiffs' counsel using the email address TWallner@berkowitzoliver.com.

13.     Plaintiffs requested that counsel for Hello Bello LLC waive service on behalf of Samuel Duke. Counsel for Hello Bello LLC stated that he would look into the request, but has not accepted or waived service on Mr. Duke's behalf.

*I, Andrew Deiss, declare under penalty of perjury of the law of the State of Utah that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.*

DATED this 27th day of May 2026.

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
*Counsel for Plaintiffs*

# EXHIBIT B

## UNITED STATES DISTRICT COURT, COUNTY OF UNITED STATES OF AMERICA

| | |
|---|---|
| Plaintiff/Petitioner: **Klair, et al.** | **AFFIDAVIT OF DUE DILIGENCE** |
| vs. | Case No: **2:23-cv-00407-AMA-CMR** |
| | Court Date/Time: **00/00/0000 / 12:00 AM** |
| Defendant/Respondent: **Long, et al.** | Court Room: |

Legal documents received by Statewide Constables and Process Servers on the 4th day of May, 2026 at 1:27 PM to be served on:

**Samuel Duke**
5027 Burntside Ave
South Jordan UT, 84009

I, **Jeff Cook**, am over the age of 18, I am not a party to this action, and I am not an attorney for a party to this action. On the **13th May, 2026 at 09:52 AM**, I did the following:

**ATTEMPTED SERVICE:** After careful inquiry and diligent attempts, I was unable to serve **Samuel Duke**: the **SUMMONS IN A CIVIL ACTION, SECOND AMENDED COMPLAINT**: for the reason that I failed to find the subject or information as to the location of the subjects' whereabouts. The first and final attempt of service occurred on 05/05/2026 at 12:15pm.

**NON-SERVED:**   PER RULE 4 AND AFTER REASONABLE DILIGENCE (LISTED BELOW) I HAVE EXHAUSTED EFFORTS TO IDENTIFY, LOCATE AND SERVE THE RESPONDENT. I HAVE GOOD CAUSE TO BELIEVE THE RESPONDENT IS AVOIDING SERVICE OR SERVICE IS IMPRACTICABLE UNDER THE CIRCUMSTANCES.

**Supplemental Data Appropriate to this Service:**

• 5027 Burntside Ave , South Jordan, UT 84009:
- on 05/05/2026 at 12:15pm, Unknown at address. Possibly previous owner; 5/5/2026 12:15 PM: Unknown at address. Possibly previous owner
• 10243 S Salmon Dr , SOUTH JORDAN, UT 84009:
- on 05/12/2026 at 12:12pm, No answer left notice of attempt to deliver legal documents;
- on 05/12/2026 at 02:13pm, Received a callback Samuel was the previous tenant; 5/5/2026 12:15 PM: Unknown at address. Possibly previous owner
• 5027 Burntside Ave , South Jordan, UT 84009:
- on 05/05/2026 at 12:15pm, Unknown at address. Possibly previous owner; 5/5/2026 12:15 PM: Unknown at address. Possibly previous owner
• 10243 S Salmon Dr , SOUTH JORDAN, UT 84009:
- on 05/12/2026 at 12:12pm, No answer left notice of attempt to deliver legal documents;
- on 05/12/2026 at 02:13pm, Received a callback Samuel was the previous tenant; 5/5/2026 12:15 PM: Unknown at address. Possibly previous owner
• 4103 W Beauclair Dr , SOUTH JORDAN, UT 84009:
- on 05/13/2026 at 09:52am, Called and spoke to Samuel. Personally informed him of the legal documents I had for him. I asked him if the address i had for him was correct, he told me it was not. He asked for details of what it regards, I told him who the plaintiff and defendant was and he said he was already served the documents through his registered agent service. I asked for a current address and he refused any further information, saying its unnecessary because he was already served.;
5/5/2026 12:15 PM: Unknown at address. Possibly previous owner - 5/13/2026 9:52 AM: Called 801-831-4336 and spoke to Samuel. Personally informed him of the legal documents I had for him. I asked him if the address I had for him was correct, he told me it was not. He asked for details of what it regards, I told him who the plaintiff and defendant was and he said he was already served the documents through his registered agent service. I asked for a current address and he refused any further information, saying its unnecessary because he was already served. I explained that he received a copy that was for a business and this was for him personally, he said he is handling it and would not provide any information to allow for service.

I have not included any non-public information in this document.

I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

308748  308748  308748  308748  308748  308748



X_____

Jeff Cook - A127551
Statewide Constables and              Service Fee: **$45.00**
Process Servers
PO Box 845
West Jordan, UT, 84084
801-809-4133

**Deiss Law, PC**
**10 West 100 South, Suite 700**
**Salt Lake City, UT 84101**
**(385) 205-6578**
**Atty File#: 2:23-cv-00407-AMA-CMR**
**josmond@deisslaw.com**



308748   308748   308748   308748   308748   308748