Justin T. Toth (8438)
Maria E. Windham (10761)
Nathan L. Jepson (17141)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: jtoth@rqn.com
         mwindham@rqn.com
         njepson@rqn.com

*Attorneys for Defendant Spencer Taylor*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLAIR; et al., <br><br> Plaintiffs, <br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; et al., <br><br> Defendants. | **REPLY IN SUPPORT OF DEFENDANT SPENCER TAYLOR'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Case No. 2:23-CV-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

**TABLE OF CONTENTS**

**INTRODUCTION**...................................................................................................... 1

**ARGUMENT** ............................................................................................................ 1

    **I.**    **PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED**................................................................................... 1

        **A.**    **Plaintiffs Failed to Plead Their Securities Fraud Claim with Particularity**...................................................................... 1

        **B.**    **Plaintiffs' Claims Are Not Well Plead Under the PSLRA.** .................... 3

    **II.**    **PLAINTIFFS' CLAIMS FOR THE SALE OF UNREGISTERED SECURITIES SHOULD BE DISMISSED** ........................................................... 5

    **III.**    **PLAINTIFFS' CONTROL PERSON LIABILITY CLAIM SHOULD BE DISMISSED** ........................................................................................ 6

    **IV.**    **PLAINTIFFS' STATE SECURITIES LAW CLAIMS SHOULD BE DISMISSED**................................................................................... 6

    **V.**    **PLAINTIFFS' SEVENTH, EIGHTH, AND TENTH CAUSES OF ACTION SHOULD BE DISMISSED** ............................................................... 7

    **VI.**    **PLAINTIFFS' CONSPIRACY AND AIDING AND ABETTING CLAIMS SHOULD BE DISMISSED** ............................................................... 9

    **VII.**    **PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED** ........................................................................................ 10

    **VIII.**    **PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED**................................................................................... 10

    **IX.**    **PLAINTIFFS' ELDER ABUSE CLAIM SHOULD BE DISMISSED** ......... 11

    **X.**    **PLAINTIFFS' CIVIL RICO CLAIMS SHOULD BE DISMISSED** ............ 12

**CONCLUSION** ........................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1096 (10th Cir. 2003) ......................................... 3

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) .................................................................... 7

*City of Philadelphia v. Fleming Companies, Inc*., 264 F.3d 1245, 1264 (10th Cir. 2001)............. 4

*Combs v. SafeMoon LLC*, 2024 WL 1347409 (D. Utah Mar. 29, 2024) ...................................... 13

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021)................................................................................. 11

*Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at *9 (D. Utah June 13, 2025)........................................................................................................................ 10

*Lorenzo v. Securities and Exchange Commission*, 587 U.S. 71, 73, 139 S. Ct. 1094, 1096, 203 L. Ed. 2d 484 (2019)................................................................................................... 2

*Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) ......................................................................................................................................... 9

*TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018).................... 3

*TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018)............. 5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007) ................................... 3, 4, 5

*Wilson v. Millcreek Com. Props., LLC,* 2025 WL 2256685 (D. Utah Aug. 7, 2025)................. 7, 8

**Statutes**

Utah Code 76-5-111.4(2)(b) ........................................................................................................... 12

Utah Code Ann. § 61-1-13(1)(ee)(ii) ............................................................................................... 7

Defendant Spencer Taylor ("Taylor"), by and through the undersigned counsel of record and pursuant to DUCivR 7-1, submits this Reply in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint (the "SAC").

## INTRODUCTION

Taylor's Motion to Dismiss (the "Motion") identifies "shotgun pleading" as a primary defect of the SAC because the SAC relies on generalized statements about what Defendants represented to Plaintiffs but does not include specific allegations against Taylor that support the claims asserted against him. This is true even with respect to Plaintiffs' fraud and securities related claims, which require a heightened pleading standard. Plaintiffs' Opposition to the Motion (the "Opposition") only serves to further illustrate this point. Plaintiffs continue to rely on vague, conclusory allegations that impermissibly group all Defendants together. The Court should grant the Motion and dismiss each claim against Taylor.

## ARGUMENT

### I.      PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED

#### A.      Plaintiffs Failed to Plead Their Securities Fraud Claim with Particularity

Plaintiffs' First Cause of Action should be dismissed because it falls far short of the pleading standard. Securities fraud claims under Section 10(b) of the Securities and Exchange Act and Rule 10b-5 are required to be plead with particularity concerning each specific defendant. *See* Motion pp. 4-6. The SAC improperly relies on generalized allegations against the Defendants as a group. Only a handful of statements are specifically attributed to Taylor, and none of them are

alleged to be false, much less knowingly false. *See* Motion pp. 4-6. This "shotgun" style pleading is insufficient to withstand a motion to dismiss. *Id.*

Without citing any valid legal authority, the Opposition attempts to minimize the pleading standard by arguing that "proof" and "atomization" of "every internal act or communication" is not required. *See* Opposition pp. 8, 17. However, the Court should disregard this attempt to mischaracterize a clear and well-established pleading standard that has been repeatedly recognized by this Court and the Tenth Circuit. Plaintiffs cannot sustain securities fraud claims against Taylor based on blanket allegations against Defendants without identifying which, if any, of them are responsible for specific material statements and omissions.

The Opposition cites *Lorenzo v. Securities and Exchange Commission*, 587 U.S. 71, 73, 139 S. Ct. 1094, 1096, 203 L. Ed. 2d 484 (2019) for the proposition that Plaintiffs' securities fraud claims are well plead because they allege Defendants were part of a scheme. Plaintiffs' reliance on *Lorenzo* is misplaced because the Court did not establish, or even consider, the pleading standard for securities fraud claims.

With respect to the handful of statements the SAC specifically attributes to Taylor in paragraph 612, the SAC does not allege that any of them are false. *See* Motion pp. 5-6. For example, Taylor allegedly represented to Carl and Lynn McQueary "that the tenant had signed the lease." *Id.* But nowhere in the SAC do Plaintiffs allege that the Keller Property tenant did not sign a lease.

The Opposition's response is characteristically vague and conclusory, arguing that Taylor's alleged statements in paragraphs 611-612 of the SAC "are alleged to be false" and citing a broad set of paragraphs from the SAC without further explanation. *See* Opposition pp. 13-14. But the cited paragraphs contain only allegations against Defendants generally and nothing

specific regarding Taylor and do not support an inference that any of Taylor statements were false or knowingly false. *See* 724-750, 796-797, 847-856, and 903-910 (referring generally to "Defendants" and the "Collier Long Parties")

### B.     Plaintiffs' Claims Are Not Well Plead Under the PSLRA.

Plaintiffs' securities fraud claims fail to satisfy any of the required elements under the PSLRA, including that Taylor acted with scienter. *See* Motion pp. 4-8. This requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1096 (10th Cir. 2003), *as amended on denial of reh'g* (Aug. 29, 2003) (citing 15 U.S.C. § 78u–4(b)(1)). *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018).

Ignoring this demanding standard, the Opposition cites only to conclusory recitations of the supposed mental state of the collective "Collier/Long Parties," and assertions about what they collectively "knew or should have known" are insufficient to plead scienter with respect to Taylor. *See* Motion pp. 4-8.

Citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007), the Opposition urges the Court to infer scienter with respect to Taylor based on a "holistic" review of all allegations in the SAC. *See* Opposition pp. 11-13. But *Tellabs* is inapposite because the Court did not (as the Opposition suggests) use allegations against one individual defendant to infer scienter against another. *Tellabs* involved just one corporate defendant and one individual defendant. In assessing the adequacy of scienter pleading against the only individual defendant, the Court explained that it considered all allegations in the complaint rather than "scrutinize[ing] each allegation in isolation." *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007).

That is precisely the analysis that Taylor urges the Court to follow in this case. As argued in the Motion, a careful analysis of the SAC reveals the lack of specific allegations against Taylor, and shows the SAC fails to adequately plead scienter against him. The Court should decline the invitation to misconstrue *Tellabs* to infer scienter against Taylor based on *all* the allegations in the SAC against *all* of the Defendants. The only allegations relevant to the Motion are those specifically alleged against Taylor, not allegations against other Defendants, and not general and conclusory allegations against the Defendants as a group.

To infer scienter, the Opposition also relies on the allegation that Taylor (through Smart Cove) was an owner of Millcreek. *See* Opposition pp. 13-14. But this is also insufficient. As the Tenth Circuit found in *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1264 (10th Cir. 2001), "allegations that a securities fraud defendant, because of his position within the company, must have known a statement was false or misleading are precisely the types of inferences which courts, on numerous occasions, have determined to be inadequate to withstand Rule 9(b) scrutiny.") (cleaned up). *See also TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) (finding allegations that defendants "participated in drafting, formulating or approving it or supervised employees who did" insufficient under the PSLRA's heightened pleading standard for scienter.).

Finally, Plaintiffs' allegations of scienter against Taylor also fail because there is a nonfraudulent inference that is far more plausible, which is that Taylor acted based on the information available to him at the time and did not knowingly or recklessly mislead investors. *See Tellabs*, 551 U.S. 308, (2007). Accordingly, the Court should grant the Motion and dismiss Plaintiffs' securities fraud claims against Taylor.

**II.    PLAINTIFFS' CLAIMS FOR THE SALE OF UNREGISTERED SECURITIES SHOULD BE DISMISSED**

Plaintiffs' Second Cause of Action alleges that the TIC interests Plaintiffs purchased were securities and that the alleged securities "were not registered by the filing of a registration statement." *See* SAC pp. 207-208. Plaintiffs' allegations are based on misrepresentations in 2021 and early 2022, but they did not file their original complaint until June 1, 2023. *Id.* Therefore, Plaintiffs' claims are presumably barred by the applicable one-year statute of limitations. *See* Motion pp. 8-10.

The Opposition argues that the statute of limitations did not begin to run until later based on the discovery rule. According to the Opposition, Defendants made a series of misrepresentations that prevented discovery, including with respect to the tenant's financial condition, default, bankruptcy, the general safety of Plaintiffs' TIC investments, and operations of Millcreek's TIC program. *See* Opposition pp. 17-22.

This argument fails because the wrongful conduct alleged has nothing to do with the status of any security being registered with the SEC. Plaintiffs could have determined at the time of purchase whether the TIC interests were registered securities. This could have been readily accomplished by reviewing the SEC's public filings. There is no allegation in the SAC that Taylor prevented Plaintiffs from performing this due diligence based on publicly available information.

Accordingly, Plaintiffs' Second Cause of Action for the sale of unregistered securities should be dismissed.

## III.    PLAINTIFFS' CONTROL PERSON LIABILITY CLAIM SHOULD BE DISMISSED

Plaintiffs' Third Cause of Action alleging control person liability against Taylor should be dismissed because the SAC does not allege facts to plausibly show that Taylor had control over any primary violator of the securities laws. *See* Motion pp. 10-11.

In the Opposition, Plaintiffs make the conclusory argument that the SAC plausibly alleges control by Taylor. *See* Opposition, p. 24. But the Opposition does not, and cannot, show where the SAC identifies a primary violator. The SAC also does not plausibly allege that Taylor had the power to "direct of cause the direction of the management" of any primary violator, as required by Utah law to withstand a motion to dismiss. *See* Motion pp. 10-11.

Accordingly, the Court should grant the Motion and dismiss Plaintiffs' control person liability claim.

## IV.    PLAINTIFFS' STATE SECURITIES LAW CLAIMS SHOULD BE DISMISSED

Plaintiffs' Fourth, Fifth, and Sixth Causes of Action should be dismissed because the TIC interests at issue in this case are not securities under Utah law. Utah Code Ann. § 61-1-13(1)(ee)(ii) specifically exempts undivided, fractionalized, long-term interests in real property from the definition of a "security," which accurately describes the TIC interests at issue in this case. *See* Motion p. 11-12.

The Opposition argues that the state law claims are not subject to dismissal based on the ambiguity of their pleading. According to Plaintiffs, it is not clear whether Section 61-1-13(1)(ee)(ii) is relevant because the SAC does not plead sufficient facts regarding the number of investors and the substance of the management agreement. *See* Opposition pp. 25-31.

But this argument misunderstands Plaintiffs' duty to plausibly plead their own claims. It is

6

Plaintiffs' burden to plausibly allege their securities violations claims, including whether the investments at issue are in fact securities under Utah law. *See* Motion p. 3. Ambiguity and omissions in Plaintiffs' pleading make their claims more susceptible to dismissal, not less.

The Opposition's argument also fails to recognize this Court's previous ruling in *Wilson v. Millcreek Com. Props., LLC,* 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025), in which the Court found that "common sense dictates that most TIC investments in real property are coupled with long-term leases … [and] [i]f the legislature meant to include TIC investments … regulated by the Utah Uniform Securities Act, then the legislature would have done so.". Based on the allegations in the SAC, Plaintiffs claims for state securities fraud are not legally plausible and should be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (explaining that a complaint will only survive a motion to dismiss if it pleads "enough facts to state a claim for relief that is plausible on its face.").

To save their claims from dismissal, Plaintiffs also argue that the TIC interests are investment contracts under federal law, and are therefore "presumptively securities under Utah law, as well." *See* Opposition pp. 33-38. But again, this argument ignores clear distinctions in Utah law that exclude such TIC interests from the definition of a security, including Section 61-1-13(1)(ee)(ii) and this Court's prior ruling in *Wilson*.

### V.    PLAINTIFFS' SEVENTH, EIGHTH, AND TENTH CAUSES OF ACTION SHOULD BE DISMISSED

Plaintiffs' claims for common law fraud, fraudulent concealment, and negligent misrepresentation should each be dismissed because they fail to meet Rule 9(b)'s heightened pleading standard. *See* Motion pp. 12-14. With respect to each claim, the SAC relies on inadequate shotgun pleadings against the Defendants, rather than particularized allegations against Taylor. *Id.*

7

The SAC fails to identify any false statements or omissions specifically made by Taylor upon which any Defendant allegedly relied to their detriment. *Id.* And it fails to plead facts that could establish a strong inference that any alleged act or omission of Taylor's was made with the required scienter. *Id.*

Plaintiffs argue that their claims should be saved from dismissal because the SAC makes particularized allegations of fraud against Taylor. But to support their argument, Plaintiffs again rely on broad swaths of the SAC that do not contain particularized fraud allegations against Taylor, including ¶¶ 245-301 (14-page span of the SAC referring to Taylor only as one of many Defendants including the "Millcreek representatives" and the "Colliers/Long Parties"); ¶¶ 504-509 (referring to Taylor only as one of many Defendants including the "Colliers/Long Parties"); ¶¶ 602-604 (no reference to Taylor); ¶¶ 611-612 (no allegation of any false statement by Taylor as discussed in Section I of the Motion); ¶¶ 620-622 (no reference to Taylor); ¶¶ 724-750 (no specific reference to Taylor and instead referring generally to the "Colliers/Long Parties"); ¶¶ 759-797 (no specific reference to Taylor and instead referring generally to the "Colliers/Long Parties"); ¶¶ 903-910 (no specific reference to Taylor and instead referring generally to the "Colliers/Long Parties") ¶¶ 951-959 (no specific reference to Taylor and instead referring generally to the "Colliers/Long Parties"); ¶¶ 1003-1008 (no specific reference to Taylor and instead referring generally to the "Defendants" and the Millcreek/Colliers Parties"). *See* Opposition, p. 39.

Without any factual or legal support, the Opposition also argues that Taylor had a special relationship of trust with Defendants and therefore owed them a duty. The only paragraphs Plaintiffs cite from the SAC are generalized allegations about the TIC Program that do not support Taylor having any specific relationship with any Plaintiff. Plaintiffs do not cite any legal support for their position whatsoever. *See* Opposition, p. 40-41.

Defendants misunderstand their responsibility to the Court and instead attempt to save their claims from dismissal by generally referencing broad swaths of the SAC that do not directly support their arguments. As articulated by the Tenth Circuit, "judges are not like pigs, hunting for truffles buried in briefs," rather it is Plaintiffs' responsibility to "ferret out and articulate" support for their legal theories. *See Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022).

Plaintiffs' Seventh, Eighth, and Tenth Causes of Action must be dismissed against Taylor because the SAC offers only shotgun, conclusory allegations, rather than specific and particularized allegations against Taylor, as required under the Rule 9(b) pleading standard for fraud-based claims.

## VI.   PLAINTIFFS' CONSPIRACY AND AIDING AND ABETTING CLAIMS SHOULD BE DISMISSED

Plaintiffs' Twelfth Cause of Action for Conspiracy to Engage in Tortious Conduct and Thirteenth Cause of Action for Aiding and Abetting Tortious Conduct should each be dismissed because they are not "viable independent causes of action" and are not supported by any valid underlying tort. *See* Motion pp. 14-15, *citing Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at *9 (D. Utah June 13, 2025).

Plaintiffs' claims for conspiracy and aiding and abetting each rely on Plaintiffs' underlying fraud allegations. *See* SAC ¶¶ 1060, 1066. For the reasons stated above in Section V, each of Plaintiffs' fraud claims should be dismissed. Because Plaintiffs' claims for conspiracy and aiding and abetting are not viable independent causes of action, they must also be dismissed. *See* Motion pp. 14-15.

## VII.   PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED

Plaintiffs' Ninth Cause of action for breach of fiduciary duty should be dismissed against Taylor for failure to state a claim. Plaintiffs have not alleged any facts to show there was a fiduciary relationship between Taylor and Plaintiffs. *See* Motion pp. 15-17.

The Opposition asks the Court to infer a fiduciary relationship between Taylor and Plaintiffs because Taylor exchanged emails and participated in phone calls with two of the Plaintiffs as a representative of Millcreek and Millrock and allegedly participated in marketing and management of the companies. *See* Opposition pp. 40-42. But these alleged facts do not create a fiduciary relationship because they do not give rise to any "peculiar confidence" placed in Taylor. *See* Motion pp. 14-16, *citing Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021).

The SAC falls well short of pleading a fiduciary claim against Taylor and the Court should grant the Motion.

## VIII.   PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiffs' unjust enrichment claim against Taylor again relies on generalized allegations against Defendants and should be dismissed. *See* Motion pp. 17-18. These include allegations that "Plaintiffs" conferred a benefit on "Defendants" by investing in the Colliers/Long TIC Properties, that "Defendants" received a benefit "in the form of commissions or other compensation," and that "Defendants" benefited from "direct use" of investment proceeds and "perpetuation of the overall scheme." *Id.*; SAC, ¶¶ 1151-1152.

The Opposition does not substantively respond to the legal arguments raised in Motion. Instead, Plaintiffs offer another group-based, shotgun-style argument. The only purported benefit

10

conferred on Defendants that Plaintiffs cite are paragraphs 1151-1156. *See* Opposition p. 49. But these paragraphs do not identify any benefit conferred on Taylor. In fact, Taylor is never specifically mentioned in any of the cited paragraphs. Once again, such "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are not sufficient to support Plaintiffs' claims. *Ashcroft v. Iqbal,* 556 U.S. 662, 678. Therefore, the Court should grant the Motion.

### IX.    PLAINTIFFS' ELDER ABUSE CLAIM SHOULD BE DISMISSED

Plaintiffs Eleventh Cause of Action for elder abuse should be dismissed because the SAC fails to plead financial exploitation of a vulnerable adult against Taylor. Relying again on improper group pleading and conclusory allegations, the SAC fails to allege sufficient facts against Taylor to establish their claims.

In the Opposition, Plaintiffs argue that they have adequately pled facts to show that Taylor was a statutory perpetrator of elder abuse because he had a "business relationship" with the McQuearys. *See* Opposition p. 52. He did not. The statute specifically defines a "business relationship" to mean "a relationship between two or more individuals or entities where there exists an oral or written agreement for the exchange of goods or services." In this case, there is no allegation that Taylor personally entered into any agreement with McQuearys, so there is no business relationship between Taylor and the McQuerys.

Plaintiffs also argue that they are not required to plead critical elements of their elder abuse claim, including that the McQuearys lacked capacity to consent to their investments at the time they made them. *See* Opposition, p. 53 ("Taylor's remaining statutory arguments attack theories Plaintiffs need not plead). But this argument ignores the plain language of Utah law, stating that "an actor commits the offense of financial exploitation of a vulnerable adult if the actor knows or

11

should know that **the vulnerable adult lacks the capacity to consent**…" *See* Utah Code 76-5-111.4(2)(b) (emphasis added). In asserting their elder abuse claims, Plaintiffs are not at liberty to simply ignore critical elements of the claim. Because the SAC does not contain any allegation that the McQuearys lacked capacity, Plaintiffs' elder abuse claim against Taylor should be dismissed.

## X.      PLAINTIFFS' CIVIL RICO CLAIMS SHOULD BE DISMISSED

Plaintiffs' civil claims under the federal RICO statute in their Fifteenth, Sixteenth, and Seventeen causes of action fail to state claims against Taylor because Plaintiffs once again rely on general allegations that are insufficient to meet the pleading standard. *See* Motion pp. 22-25.

In addition, Plaintiffs are barred from asserting federal RICO claims against Taylor by the PSLRA, which prevents pleading of offenses as predicate acts under civil RICO "if such offenses are based on conduct that would have been actionable as securities fraud." *See* Motion pp. 22-25, *citing* H.R. Rep. No. 104-369, at 47 (1995); *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *26 (D. Utah Mar. 29, 2024).

The Opposition does not squarely address the legal authority cited in the Motion. Instead, it refers to Federal Rule of Civil Procedure 8 for the general proposition that alternative claims can be asserted at the pleading stage. *See* Opposition p. 54-56. With respect to RICO claims, this is precisely the approach considered and rejected by this Court in *Combs*. *See* Motion pp. 22-25. Applying the PSLRA bar to dismiss RICO claims at the pleading stage, this Court advised that "[i]f at a later stage in this case, the court determines that the Safemoon token is not a security, it will permit Plaintiffs to amend their pleadings to re-allege a RICO Claim." *See Combs*, 2024 WL 1347409, at *26.

The SAC fails to assert RICO claims against Taylor with particularity, and Plaintiffs RICO claims are barred by the PSLRA. Therefore, the Court should grant the Motion.

## CONCLUSION

BASED ON THE FOREGOING, defendant Spencer Taylor respectfully requests that the

Court dismiss all claims against him in Plaintiffs' Amended Complaint.

DATED this 29th day of May 2026.

**RAY QUINNEY & NEBEKER P.C.**

  /s/ Nathan L. Jepson
Justin T. Toth
Maria E. Windham
Nathan L. Jepson

*Attorneys for Defendant Spencer Taylor*

**CERTIFICATE OF SERVICE**

I hereby certify on this 29th day of May 2026, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANT SPENCER TAYLOR'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be filed via the Court's electronic filing system, which automatically provides notice to counsel of record.

*/s/ Ryan J. Lowe*