Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al., <br> *Plaintiffs,* <br><br> vs. <br><br> KEVIN LONG, et al., <br><br> *Defendants.* | **OPPOSITION TO DEFENDANTS MARY STREET AND CAMS REALTY, LLC'S MOTION TO DISMISS** <br><br> Case No. 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiffs, by and through counsel, hereby oppose Defendants Mary Street and

CAMS Realty, LLC's (the "Defendants") Motion to Dismiss. ECF No. 240.

### INTRODUCTION

Defendants' Motion asks the Court to impose the harsh remedy of dismissal

based on a service issue that has already been cured. Mary Street and CAMS Realty,

LLC have now been served, eliminating any practical need for dismissal. Plaintiffs

have demonstrated good cause under Rule 4(m): this is a complex action involving

dozens of defendants, numerous causes of action, and coordinated service efforts across multiple related cases. Plaintiffs diligently pursued both waiver and personal-service efforts, ultimately completing service despite difficulties encountered in serving Mary Street at a gated residence.

Nor can Defendants identify any meaningful prejudice. Mary Street and CAMS Realty, LLC have long had actual notice of the litigation and are actively participating in closely related actions involving the same subject matter. They are not in any materially different procedural posture than the seventeen defendants who have recently waived service, accepted service, or been served. Discovery remains stayed, discovery conducted to date has been minimal, and no merits-based proceedings will be affected by allowing the completed service to stand. By contrast, dismissal would create substantial statute-of-limitations and claim-preclusion risks for Plaintiffs, and would delay proceedings further.

Rule 4(m) is intended to ensure diligent service, not to provide defendants with a procedural windfall where service has been completed, no prejudice exists, and the litigation remains in its early stages. The Court should therefore deny Defendants' Motion and permit the completed service to stand.

## **RELEVANT FACTS**

Plaintiffs filed their First Amended Complaint on March 26, 2025, adding Mary Street and CAMS Realty, LLC as defendants in this action. ECF No. 114. Five days later, on March 31, 2025, Plaintiffs moved for leave to file a Second Amended Complaint. ECF No. 118. Plaintiffs sought leave promptly because the proposed Second Amended

Complaint would further clarify and expand the operative allegations and would become the pleading on which Plaintiffs intended to proceed. Exhibit A, Declaration of Andrew Deiss at ¶¶ 5-6.

Because the motion for leave was filed almost immediately after the First Amended Complaint, Plaintiffs proceeded with the intention that service efforts would be coordinated after the Court granted leave and Plaintiffs filed the Second Amended Complaint. Exhibit A, Declaration of Andrew Deiss at ¶ 7. That approach was intended to avoid unnecessary duplication, expense, and confusion in a complex case involving dozens of defendants, including some international defendants. *Id.* at ¶ 8. The Second Amended Complaint included many substantive amendments, including entire pleadings sections, four new causes of action, and more than a dozen new defendants.

The motion for leave remained pending for nearly a year. The Court granted Plaintiffs' motion on February 20, 2026, and Plaintiffs filed the Second Amended Complaint on February 27, 2026. ECF Nos. 156, 158. Once the Second Amended Complaint was filed, Plaintiffs proceeded with coordinated efforts to obtain waivers of service and effectuate personal service. Exhibit A, Declaration of Andrew Deiss at ¶ 9.

On April 8, 2026, Plaintiffs sent a request for waiver of service for Mary Street and CAMS Realty, LLC to counsel who represented those parties in the closely related action *Weber v. Colliers Int'l Group*, 2:25-cv-00162. Exhibit A, Declaration of Andrew Deiss at ¶ 10. That request was reasonable because counsel had waived service on behalf of Mary Street and CAMS Realty, LLC in Weber. *Id.* Plaintiffs sent two follow-up emails regarding the waiver request. *Id.* Counsel did not respond until May 15, 2026,

when counsel stated that Mary Street and CAMS Realty, LLC would not waive service in this action, citing Defendants' Motion to Dismiss. *Id.* at ¶ 11; ECF No. 240.

In parallel, Plaintiffs retained a process server on April 23, 2026, and on May 4, 2026, authorized the process server to proceed with service efforts in this case and in the closely related action *Khanna v. Colliers Int'l Group*, 2:25-cv-00906. Exhibit A, Declaration of Andrew Deiss at ¶¶ 12-14. Service on additional defendants in the similarly related action, *Weber v. Colliers Int'l Group*, began soon after. *Id.* at ¶ 14. All three cases involve overlapping defendants and coordinated service issues. *Id.* Those efforts have resulted in successful personal service or waivers of service for most parties. *Id.* at ¶ 15; *see, e.g.,* ECF Nos. 187, 189-92, 225-35, 242-43, 247.

Mary Street and CAMS Realty, LLC initially proved difficult to serve. Plaintiffs' process server reported that Mary Street resided in a gated community and that the process server had been unable to access her residence to complete personal service. Exhibit A, Declaration of Andrew Deiss at ¶ 16. Plaintiffs nevertheless continued their service efforts, and Mary Street and CAMS Realty, LLC were successfully served on May 27, 2026.

Accordingly, Plaintiffs have diligently pursued service on Mary Street and CAMS Realty, LLC, and service has now been completed.

### ARGUMENT

Federal Rule of Civil Procedure 4(m) does not support dismissal here. Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court must either dismiss the action without prejudice as to that defendant or order

that service be made within a specified time; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Courts apply a two-step analysis under Rule 4(m): "[t]he preliminary inquiry to be made . . . is whether the plaintiff has shown good cause for the failure to timely effect service"; "[i]f good cause is shown, the plaintiff is entitled to a mandatory extension of time"; and "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Cox v. Picklesimer*, Case No. 2:11-cv-01058-DB-EJF, 2012 BL 461301, at *2 (D. Utah Nov. 8, 2012) (quoting *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000), and *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

At the threshold, Defendants misstate the record. Mary Street and CAMS Realty, LLC were not named as defendants when the original Complaint was filed on June 21, 2023. Rather, they were only added as defendants when Plaintiffs filed the First Amended Complaint on March 26, 2025. Accordingly, Defendants' reliance on the time elapsed since the filing of the original Complaint is misplaced, and their calculation of the period during which Mary Street and CAMS Realty, LLC allegedly remained unserved is incorrect.

Defendants' motion is also practically obsolete. Mary Street and CAMS Realty, LLC have now been served. The issue before the Court is therefore not whether Plaintiffs should receive additional time to complete service, but whether any delay in service warrants dismissal. It does not. Because Plaintiffs have shown good cause for any delay, the Court should excuse that delay, recognize the completed service as

effective, and deny Defendants' Motion to Dismiss. Alternatively, even if the Court finds that good cause has not been shown, it should exercise its discretion under Rule 4(m) to permit the late service that has now been completed and deny dismissal.

I.    **GOOD CAUSE EXISTS, AND THEREFORE THE COURT SHOULD EXCUSE ANY DELAY IN SERVICE ON MARY STREET AND CAMS REALTY, LLC.**

Defendants' argument that Plaintiffs lacked good cause is unavailing. Under Rule 4(m), where "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause is present where plaintiffs have been "meticulous in their efforts to comply with the Rule." *Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 BL 170558, at *5 (D.N.M. Aug. 11, 2009) (citation omitted).

Here, Plaintiffs were meticulous in their efforts to effectuate service on Mary Street and CAMS Realty, LLC, since the filing of the Second Amended Complaint. Plaintiffs sent requests for waiver of service to counsel who represented those Defendants in the closely related *Weber* action and who had waived service for them there. Exhibit A, Declaration of Andrew Deiss at ¶ 10. Plaintiffs followed up twice over the following month regarding the request to the same counsel with no response. *Id.* Plaintiffs know counsel received those requests because counsel later responded in the same email thread, but only after filing Defendants' Motion to Dismiss. *Id.* at ¶ 11; ECF No. 240.

After Plaintiffs realized that Defendants' counsel would likely not respond, Plaintiffs retained a process server and authorized personal service efforts. Exhibit A,

Declaration of Andrew Deiss at ¶¶ 12-13. The process server undertook multiple efforts to locate and serve Defendants. Service proved difficult because Mary Street resides in a gated community that impeded access to her residence. *Id.* at ¶ 16. Plaintiffs nevertheless continued pursuing service and ultimately succeeded in serving both Mary Street and CAMS Realty, LLC on May 27, 2026.

Defendants' suggestion that Plaintiffs ignored their service obligations is therefore incorrect. Plaintiffs did not sit on their rights or engage in inadvertence. Rather, Plaintiffs pursued coordinated waiver and personal-service efforts following the filing of the Second Amended Complaint and ultimately completed service. Because Plaintiffs diligently attempted to serve Mary Street and CAMS Realty, LLC and ultimately accomplished service, good cause exists under Rule 4(m). The Court should therefore excuse any delay in service, recognize the completed service as effective, and deny Defendants' Motion to Dismiss.

II. **ALTERNATIVELY, EVEN ABSENT GOOD CAUSE, THE COURT SHOULD EXERCISE ITS DISCRETION TO PERMIT THE LATE SERVICE THAT HAS NOW BEEN COMPLETED.**

Defendants' request for dismissal also fails even if the Court concludes that Plaintiffs have not shown good cause. Rule 4(m) requires a mandatory extension when good cause exists, but even "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Cox v. Picklesimer*, Case No. 2:11-cv-01058-DB-EJF, 2012 BL 461301, at *2 (D. Utah Nov. 8, 2012) (quoting *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000)). "At that point the district court

may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

In considering whether to excuse a plaintiff's failure to serve the summons within the time period required by FRCP 4(m), courts have considered "(i) whether the applicable statute of limitations would bar the refiled action; (ii) whether the defendant had actual notice of the claims asserted in the complaint; (iii) whether the defendant had attempted to conceal the defect in service; and (iv) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) (citation omitted); *see also Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 BL 170558, at *12 (D.N.M. Aug. 11, 2009). In *Padilla*, the court found those factors supported an extension where the statute of limitations "arguably" barred refiling, the defendant had actual notice of the litigation, the defendant allegedly refrained from taking action on the waiver request until the service period passed, and there was no apparent prejudice "other than that [the defendant] will have to litigate the case as opposed to not litigating it." *Padilla*, 2009 BL 170558, at *12.

Those same factors defeat Defendants' request for dismissal here. First, although Plaintiffs do not concede that dismissal would bar their claims against Mary Street and CAMS Realty, LLC, dismissal would create substantial statute-of-limitations risk. Other defendants in this action have repeatedly raised statute-of-limitations arguments in motions to dismiss. ECF Nos. 179-181. If Plaintiffs were forced to refile against Defendants in 2026, Defendants would almost certainly argue that the new

filing date controls and that Plaintiffs' claims are time-barred. That risk is especially significant because dismissal would not merely require Plaintiffs to repeat service efforts; it would potentially deprive Plaintiffs of the benefit of the existing filing date and force them to litigate limitations issues in a newly filed action.

Second, Defendants had actual notice of this litigation. Counsel for Mary Street has had actual notice of this case since at least August 15, 2024, when he was copied on, and communicated in, an email thread with counsel for several parties bearing the subject line: "RE: Klair, et al. v. Long, et al. - Discovery Requests / Grant - Notice of Rule 30(b)(6) Deposition of Millcreek." Exhibit A, Declaration of Andrew Deiss at ¶ 17. Further, this litigation is the first of several related suits involving similar defendants and similar allegations. Counsel for Mary Street has appeared for Mary Street and/or CAMS Realty, LLC in cases concerning the same subject matter where they are named as defendants, including but not limited to: *Weber v. Colliers*, 2:25-cv-00162; *Grant v. Long et al.*, 2:23-cv-00936; *Wilson v. Long et al.*, 2:23-cv-00599; and *Devlin et al. v. Colliers International Group, Inc. et al.*, 1:24-cv-00457. Defendants are also named as defendants in *Khanna v. Colliers*, 2:25-cv-00906. Under these circumstances, it is extremely unlikely that Defendants were unaware of this litigation.

Third, Plaintiffs "do not assume that [Defendants] acted in bad faith," *Padilla*, 2009 BL 170558, at *12. But this case presents a similar concern to the one identified in *Padilla*: Defendants' counsel did not make any attempt to let Plaintiffs know that Defendants would not accept waiver or informal service until after Defendants filed their Motion to Dismiss. Plaintiffs requested waiver, followed up multiple times, and

received no response until Defendants had already sought dismissal based on service. Exhibit A, Declaration of Andrew Deiss at ¶¶ 10-11; ECF No. 240. At minimum, that sequence weighs against dismissal.

Finally, Defendants identify no cognizable prejudice. It is "difficult to see the prejudice that [Defendants] would suffer because of an extension of time other than that [they] will have to litigate the case as opposed to not litigating it." *Padilla*, 2009 BL 170558, at *12. Although this litigation has been pending for some time, Mary Street and CAMS Realty, LLC were only added as defendants in March 2025, and the case remains in its early procedural stages as to all parties. Motions to dismiss remain pending, discovery is stayed pending the outcome of the motions to dismiss, and these Defendants are not in any materially different procedural posture than the seventeen defendants who have recently appeared, accepted service, waived service, or been served. *See* ECF Nos. 187, 189–190, 225–229, 232, 235, 243, 267–272. Allowing the completed service to stand will not place Mary Street or CAMS Realty, LLC behind the rest of the case or require them to litigate on a different schedule. The only prejudice they face is the same prejudice rejected in *Padilla*: having to litigate the case rather than avoid it on a service technicality.

Accordingly, the Court should exercise its discretion under Rule 4(m) to permit the service that has now been completed on Mary Street and CAMS Realty, LLC and deny Defendants' Motion to Dismiss. This result is consistent with *Golden v. Mentor Capital, Inc.*, where the District of Utah granted a permissive extension despite a 195-day delay in service. Case No. 2:15-cv-00176-JNP-BCW, 2017 BL 272061, at *4 (D. Utah

Aug. 3, 2017). There, the court found "little or no prejudice" from the delay because "neither trial nor discovery cut-off dates" had been set, the parties were "just beginning the fact discovery process," the defendant had notice of the proceedings, and dismissal without prejudice would "only further delay" the case because the plaintiff would need to refile and serve again. *Id.* The same reasoning applies here. Mary Street and CAMS Realty, LLC have had actual notice of this litigation, the case remains in its early procedural stages for all defendants, discovery has been minimal (and is currently stayed without any pending deadlines), and dismissal would not meaningfully advance the litigation. It would merely single out these two defendants for a service-based dismissal even though they now stand in essentially the same procedural posture as the rest of the defendants. The Court should therefore deny Defendants' Motion to Dismiss.

**CONCLUSION**

Defendants' Motion to Dismiss relies on an incomplete procedural picture. Although Mary Street and CAMS Realty, LLC had not yet been served when the Motion was filed, Plaintiffs were actively pursuing service, and service has now been completed. Plaintiffs have demonstrated good cause for any delay in service, requiring relief under Rule 4(m). Alternatively, even absent good cause, the relevant factors strongly favor the Court exercising its discretion to excuse any delay and permit the completed service to stand. Mary Street and CAMS Realty, LLC have had actual notice of this litigation, have suffered no cognizable prejudice, and are not in any materially different procedural posture than the other defendants in this action.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss, excuse any delay in service under Rule 4(m), and recognize the completed service on Mary Street and CAMS Realty, LLC as effective.

RESPECTFULLY SUBMITTED this 3rd day of June 2026

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
Corey D. Riley
*Counsel for Plaintiffs*

# EXHIBIT A

Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
DEISS LAW PC
375 W 200 S, Ste 201
Salt Lake City, Utah 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al., <br> *Plaintiffs,* <br><br> vs. <br><br> KEVIN LONG, et al., <br><br> *Defendants.* | **DECLARATION OF ANDREW DEISS REGARDING SERVICE EFFORTS ON DEFENDANTS MARY STREET AND CAMS REALTY, LLC** <br><br> Case No. 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

*I, Andrew Deiss, declare as follows:*

1.    I am above the age of 18 and a resident of the State of Utah.

2.    I am the lead attorney for the Plaintiffs in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

3.    I have supervised our firm's efforts to serve process on Mary Street and CAMS Realty, LLC. The statements below are based on my supervisory role.

4.      Where this Declaration describes information provided by Statewide Constables and Process Servers or the process server, I am stating what Statewide or the process server told our office. I am not independently declaring that I personally observed those events.

5.      After the First Amended Complaint was filed, Plaintiffs promptly moved for leave to file a Second Amended Complaint.

6.      Plaintiffs sought leave to file the Second Amended Complaint because Plaintiffs intended for the Second Amended Complaint to become the operative pleading on which Plaintiffs would proceed.

7.      Plaintiffs intended to coordinate service efforts after the Court ruled on Plaintiffs' motion for leave to file the Second Amended Complaint and after Plaintiffs filed the Second Amended Complaint.

8.      Plaintiffs intended to proceed in that manner to avoid unnecessary duplication, expense, and confusion in serving pleadings in a complex case involving dozens of defendants, including some international defendants.

9.      After Plaintiffs filed the Second Amended Complaint, Plaintiffs proceeded with coordinated efforts to obtain waivers of service and effectuate personal service.

10.     On April 8, 2026, Plaintiffs sent a request for waiver of service for Mary Street and CAMS Realty, LLC to counsel who represented those parties in the closely related action *Weber v. Colliers Int'l Group*, No. 2:25-cv-00162. Plaintiffs sent two follow-up emails regarding the waiver request. Plaintiffs sent the waiver request to that

counsel because counsel had waived service on behalf of Mary Street and CAMS Realty, LLC in *Weber*.

11.    On May 15, 2026, counsel responded in the same email thread and stated that Mary Street and CAMS Realty, LLC would not waive service in this action, citing Defendants' Motion to Dismiss.

12.    Plaintiffs retained Statewide Constables and Process Servers on April 23, 2026 to assist with service efforts in this action.

13.    On May 4, 2026, Plaintiffs authorized Statewide Constables and Process Servers to proceed with service efforts relating to Mary Street and CAMS Realty, LLC.

14.    Plaintiffs also coordinated service efforts in related actions involving overlapping defendants and related service issues, including *Khanna v. Colliers Int'l Group*, No. 2:25-cv-00906, and *Weber v. Colliers Int'l Group*, No. 2:25-cv-00162.

15.    Service efforts in this action and related actions have resulted in successful personal service on, or waivers of service from, most parties.

16.    Statewide Constables and Process Servers informed our office that Mary Street resides in a gated community, which impeded the process server's ability to access her residence and complete personal service on Mary Street. Despite those difficulties, Statewide Constables and Process Servers has now informed our office that it completed service on Mary Street and CAMS Realty, LLC on May 27, 2026.

17.    On August 15, 2024, counsel for Mary Street was copied on, and communicated in, an email thread with counsel for several parties bearing the subject

line: "RE: Klair, et al. v. Long, et al. - Discovery Requests / Grant - Notice of Rule 30(b)(6) Deposition of Millcreek."

*I, Andrew Deiss, declare under penalty of perjury of the law of the State of Utah that the foregoing declaration is true and correct to the best of my knowledge, information, and belief.*

DATED this 3rd day of June 2026.

DEISS LAW PC

*/s/ Andrew G. Deiss*
Andrew G. Deiss
*Counsel for Plaintiffs*