WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
ANDREW R. WELCH, #14028
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Andrew.Welch@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MERS, ROBERT \BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE, LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> V. <br><br> KEVIN LONG, MILLCREEK COMMERCIAL LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED SUMMIT GROUP, ELEVATED 1031, MILLROCK INVESTMENT FUND 1, LLC, MILLROCK | **REPLY IN SUPPORT OF COLLIERS INTERNATIONAL INTERMOUNTAIN LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Civil No. 2:23-cv-00407 <br><br> Judge Ann Marie McIff Allen <br><br> Magistrate Judge Cecilia M. Romero |

177762513.1   1

| INVESTMENT FUND 1 MANAGEMENT, LLC, KGL REAL ESTATE DEVELOPMENT PLLC, BRENT SMITH, MARY STREET, CAMS REALTY, LLC, MOUNTAIN WEST COMMERCIAL REALTY, LLC, STEVE CATON, SARC US, INC., SCOTT KING, MERIT COMMERCIAL REAL ESTATE, LLC, MARK MACHLIS, LADY MIRA BLUE MACHLIS, HELLO BELLO, LLC, SAMUEL DUKE, KGL ADVISORS, LLC<br><br>Defendants. | |

Defendant Colliers International Intermountain, LLC, ("Colliers International" or "Colliers") by and through its counsel of record, respectfully submits this Reply In Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion to Dismiss" or the "Motion") [Dkt. 173].

## INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss (hereinafter "Plaintiffs' Opposition" or the "Opposition") actually illustrates why partial summary judgment should be granted. Rather than providing legal authority or explaining what facts support their position, Plaintiffs instead resort to asking the Court to shift the burden and suggesting the deficiencies in their Complaint can be cured by discovery.[1]

No amount of discovery will cure Jose Rementeria's lack of standing to bring an elder abuse claim. He was not the purchaser of the TIC interest which gives rise to the suit.[2] Plaintiff's Opposition re-affirms this fact.[3] The TIC interest, and any claim arising there from, belong to

---

[1] Opposition at P. 31, 51-52/

[2] SAC, ¶ 110.a. (emphasis added).

[3] Opposition at P. 51 ("his and Teena Rementeria's **entity, Self-Secure Storage, purchased TIC interests…**").

177762513.1   2

Secure Self-Storage, LLC.[4] No amount of discovery will change this legal principle.  The claim should therefore be dismissed.

Burying a list of statutes that span no less than 11 other jurisdictions in a footnote does not comply with Rule 9.[5] In its Motion to Dismiss, Colliers made clear, the legal authority supporting the requirement that Plaintiffs articulate their other state law claims.[6] In their Opposition, Plaintiffs simply state, without any citation to legal authority that they are not required to plead separate counts.[7] Such a glaring omission should be treated as an admission to Colliers' argument.[8] Neither this Court nor Defendants "forced to play a guessing game as to whether Plaintiffs have asserted particular claims."[9]

Although Plaintiffs have articulated their state law claims under Utah law, these claims must also fail because the TIC investments are not securities under Utah law.[10] Plaintiffs have failed to provide any legal authority "defining 'undivided fractionalized long-term estate in real property' as investment contracts under these circumstances."[11] If the Utah Legislature had wanted to include these types of agreements as securities, they would have done so.[12]  As such, Plaintiffs' state law claims under Utah law must be dismissed.

---

[4] *In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016).

[5] SAC, ¶ 981, Fn. 1.

[6] See Dkt. 173 at P. 3-4.

[7] Opposition at P. 34.

[8] See Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir.1998).

[9] *Carbajal v. Morrissey*, No. 12–cv–03231–REB–KLM, 2014 WL 1301532 at *13 (D. Col. 2014).

[10] Utah Code Ann. § 61-1-13(ee)(ii)(C); *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *11 (D. Utah Aug. 7, 2025).

[11] *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *11 (D. Utah Aug. 7, 2025).

[12] *Id.*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     PLAINTIFF JOSE REMENTERIA CANNOT MAINTAIN HIS ACTIONS FOR ELDER ABUSE**

Plaintiffs' Opposition completely fails to address Jose Rementeria's lack of standing to bring an elder abuse claim.[13] Plaintiffs' Second Amended Complaint explicitly confirms that it was only Secure Self Storage, LLC that "purchased TIC ownership," not Jose Rementeria[14]. Plaintiffs' Opposition only re-affirms this by stating "Jose Rementeria was 69 years old when his and Teena Rementeria's entity, Self Secure Storage, purchased the TIC interests.[15]"

The law is clear. In Utah, "a member [of an LLC] has no interest in specific property of LLC."[16] Claims must be prosecuted by the real party in interest, which is Secure Self Storage here.[17] Plaintiffs' Opposition offers no legal authority to support its notion that Jose Rementeria somehow had a legal interest (and therefore a claim arising from) the property owned by Secure Self Storage, LLC.[18] Plaintiffs' Opposition states that their SAC alleges the Defendants sought to induce "elderly investors to purchase TIC investments at grossly inflated prices[.]"[19]

This statement is irrelevant to the applicable law governing who owns LLC property. Plaintiffs' own pleadings and the applicable, which alleges it was Secure Self Storage, LLC that purchased the TIC investment(s), not Jose Rementeria. Contrary to Plaintiffs' Opposition, no

---

[13] Opposition at P. 50-51.

[14] SAC ¶ 110a.

[15] PLF Opposition at P. 51. (emphasis added).

[16] *In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016); *see also CFD Payson, LLC v. Christensen*, 361 P.3d 145, 148 ¶9 (2015).

[17] UT. R. Civ. P. 17(a); Fed. R. Civ. P. 17(a)

[18] See Opposition at PP. 50-54.

[19] See Opposition at P. 51.

177762513.1   4

amount of discovery will cure this legal deficiency in Jose's claim.[20] Accordingly, Jose Rementeria's claim for elder abuse should be dismissed.

## II.      PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD NON-UTAH STATE STATUTES

In addition to pleading violations of Utah's securities law, Plaintiffs ostensibly attempted to allege violations of securities laws of other state. "Attempt" is used advisedly as Plaintiffs' allegations as to the other states are plead with no particularity at all and are simply buried in a footnote.[21]

The lack of specificity and particularity is disqualifying on its face. Plaintiffs attempt to "plead each of the state law claims as to all Defendants, generally, without articulating the theories under which particular Defendants are liable," as required by Rule 9(b).[22] Instead, Plaintiffs' Opposition simply states, without any legal support, that they were not required to elaborate as to how these statutes applied.[23] Such an omission of legal authority should be treated as a concession on this issue.[24]

Plaintiffs' additional arguments as to why the Court should not dismiss these claims only highlight further reasons to dismiss them. Plaintiffs argue the other state securities laws are "essentially similar instances" and they share "essential similarities."[25] Therefore, according to Plaintiffs, "state securities statutes are properly read as analogues of federal securities law,

---

[20] See Opposition at P. 51 ("Defendants will have an opportunity to discover the extent of Jose Rementeria's financial loss[,]").

[21] Supra Fn. 3

[22] *See Baston v. Rim San Antonio Acquisition, LLC*, 2016 WL 6901312 at *16 (S.D.N.Y. Nov. 22, 2016); see also ; *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991);

[23] Opposition at P. 34.

[24] *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir.1998).

[25] *See* Opposition at pp. 34-35.

interpreted in harmony with each other because of their fundamental likeness."[26] This sweeping language is obviously not true given that Utah, the one state Plaintiffs bothered to explain their claims, contains its own unique carve out.[27]

Plaintiffs wrongly claim the Second Amended Complaint identifies "Plaintiffs and other relevant parties with alleged connections to other pleaded state statutes."[28] This is the wrong analysis to apply when looking at applicability of state blue sky statutes. Plaintiffs need to explain how these statutes apply to their claims.

The U.S. Supreme Court established the foundational principle that state blue sky laws apply to "dispositions of securities within the State" and only affect interstate commerce "incidentally."[29] This territorial approach means that blue sky laws regulate transactions occurring within the state's borders. The *Edgar* Court emphasized that these laws "only regulated transactions occurring within the regulating States."[30] While the Second Amended Complaint may allege *where* certain parties are located, the pleading is woefully deficient in alleging how transactions occurred in the eleven states listed in the footnote.[31]

For example, the subject footnote cites to a Montana statute (Montana Code Ann. § 30-10-201). However, the only other references to Montana in the Second Amended Complaint are to a Max Hansen as a registered agent for a Montana business entity,[32] and three Plaintiffs

---

[26] *Id.* p. 35.

[27] Utah Code Ann. § 61-1-13(ee)(ii)(C).

[28] See Opposition at P. 37.

[29] *Edgar v. MITE Corp.*, 457 U.S. 624, 641 (citation omitted).

[30] *Id.*

[31] Supra at Fn. 3.

[32] SAC at ¶ 83.

allegedly residing in Montana.[33] There are no allegations as to how the alleged transaction occurred in Montana or are otherwise subject to Montana securities law.

The same flaw exists for other states cited by Plaintiffs, such as Missouri. The subject footnote cites to a Missouri statute (V.A.M.S. § 409.4-401).[34] However, the only other reference to Missouri is a single allegation in Paragraph 97, which alleged that SARC US, Inc., has its principal place of business in Missouri.[35]

It is Plaintiffs' burden to Comply with Rule 9.  The purpose of the Rule is to afford Defendants fair notice of the claims and factual grounds for the claims, and prevents accusations of moral turpitude from being made lightly.[36] Contrary to Plaintiffs' Opposition, it is not on Defendants "to play a guessing game as to whether Plaintiffs have asserted particular claims."[37]

Plaintiffs have failed to plead with sufficient particularity how, why, and which other states' securities laws specifically apply to the allegations in the Second Amended Complaint. Therefore, Plaintiffs' state securities law claims – Causes of Action Four through Six – should be dismissed in their entirety.

### III. PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION FAIL BECAUSE UTAH STATE SECURITIES LAW EXEMPTS TIC AGREEMENTS.

The basis for Colliers' Motion to dismiss Causes of Action 4-6 under Utah law is simple: the TIC interests underpinning the entirety of Plaintiffs' lawsuit are not securities under Utah law. As noted in the Motion to Dismiss, the Utah legislature has excluded these types of TIC agreements

---

[33] Id. at (¶¶ 122-123).

[34] Supra at fn. 3.

[35] SAC at ¶ 97.

[36] *Unified Container, LLC v. Mazuma Capital Corp.*, 280 F.R.D. 632, 636 (2012).

[37] Compare Opposition at P. 37 to *Carbajal v. Morrissey*, No. 12–cv–03231–REB–KLM, 2014 WL 1301532 at *13 (D. Col. 2014).

from the definition of "security."[38] Specifically, the Utah Uniform Security Act defines "security" to include notes, bonds, stocks, investment contracts, and other financial instruments, but excludes the sale of certain assets from the definition of a "security," including:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:(Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[39]

Oddly, Plaintiffs argue the SAC is simultaneously specific enough to comply with Rule 9, yet lacks the details for the Court to determine whether this carve out apples.[40] Plaintiff's Opposition further suggests that the Court's decision in *Wilson v. Millcreek Properties, LLC* should have no persuasive weight because the Court did not consider the arguments Plaintiff has raised here.[41]  Not so. In *Wilson*, like here, the Plaintiffs similarly argued that "these real estate investments qualify as 'investment contracts,' a type of security that is covered by the Utah Uniform Securities Act."[42]

---

[38] See Dkt. 173, at P. 3.

[39] Utah Code Ann. § 61-1-13(ee)(ii)(C).

[40] See Opposition P. 30 ("In fact, the allegations in the SAC do not permit this showing.").

[41] See Opposition at P. 31.

[42] *See Wilson v. Millcreek Properties, LLC*, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *22 (D. Utah Aug, 7, 2025).

Here, as in *Wilson*, the Plaintiffs "fail to support their argument with any Utah law defining 'undivided fractionalized long-term estate in real property' as investment contracts under these circumstances. To the contrary, commonsense dictates that most TIC investments in real property are coupled with long-term leases."[43] "If the legislature meant to include TIC investments coupled with lease agreements as a type of 'investment contract' regulated by the Utah Uniform Securities Act, then the legislature would have done so."[44] Accordingly, even at this stage, Plaintiffs' state law securities Causes of Action do not state a claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, Colliers International respectfully requests that the Court grant its Motion to Dismiss.

DATED:  June 5, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  */s/ Douglas C. Smith*
　　　　William B. Helfand
　　　　Douglas C. Smith
　　　　Andrew R. Welch
　　　　*Attorneys for Defendant*
　　　　*Colliers International Intermountain, LLC*

---

[43] *Id.*

[44] *Id.*

177762513.1　9

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2026, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF COLLIERS INTERNATIONAL INTERMOUNTAIN LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

/s/ Belle Wade