Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Kevin Long*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK | REPLY IN SUPPORT OF DEFENDANT KEVIN LONG'S PARTIAL MOTION TO DISMISS SECOND, FOURTH, FIFTH, SIXTH, AND ELEVENTH CAUSES OF ACTION <br><br><br> Case No. 2:23-cv-00407-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Cecilia M. Romero |

INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

Defendants.

## INTRODUCTION

Dismissal of the Second, Fourth, Fifth, Sixth and Eleventh Causes of Action (each a "COA") as to defendant Keving Long ("Long") is proper. Under the 2nd COA – a claim arising under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act") – the claim is untimely. Plaintiffs argue that the cause of action is saved due to equitable estoppel arising from concealment by Defendants. This argument fails because equitable estoppel does not apply to a Section 12(a)(1) claim, and even if it did, none of the facts material to the claim were concealed. The state securities law claims in the 4th, 5th and 6th COAs fail because no security is involved under Utah law, and Plaintiffs fail to sufficiently plead the claims under Rule 9(b). Finally, the 11th COA for elder abuse under Utah law fails as to the Rementerias because any claims arising from the purchase of TIC Interests was done through their company, plaintiff Secure Self

2

Storage, LLC, and the claims thus belong to the company which is not a "vulnerable adult." The Motion should be granted.

ARGUMENT

I.    THE 2ND COA SHOULD BE DISMISSED WHERE IT IS UNTIMELY AND EQUITBLE ESTOPPEL DOES NOT APPLY.

Under the 2nd COA, plaintiffs claim Long is liable under Section 12(a)(1) of the Securities Act. That claim fails as a matter of law because plaintiffs did not file the Complaint within the one-year period from the alleged violation of Section 12(a)(1) as required under Section 13 of the Securities Act. Plaintiffs do not dispute, and thus admit, the authorities cited by Long in his Motion requiring Plaintiffs to plead compliance with Section 13's timeliness requirements as part of their prima facie case under Section 12(a)(1). Further, in their Opposition (or "Opp."), they do not dispute that this action was not filed within one year of the alleged violation by Long. Instead, the basis for opposing dismissal of the 2nd COA rests on their argument that the applicable statute of limitations was equitably tolled until Plaintiffs "discovered" the alleged violations. [Opp. at p. 20 ("Taken as true, these allegations plausibly support equitable tolling of the one-year limitations period until Plaintiffs discovered the alleged violations…."). As explained below, equitable tolling does not apply to Section 12(a)(1) claims.

The federal statute of limitations of 15 U.S.C. § 77*m* "does not admit of equitable tolling." *In re Countrywide Fin. Corp. Sec. Litig.*, No. cv-07-05295, 2009 WL 934271, at *4 (C.D. Cal. April 6, 2009). While the Tenth Circuit does not appear to have addressed the issue, "… the First, Second, Third, Fifth, Sixth, and Eighth Circuits have. The weight of the authority supports finding that equitable tolling does not apply to Section 12(a)(1) claims, regardless of the

3

circumstances." *Fabian v. LeMahieu*, No. 19-cv-00054, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019).

Nearly every court considering the issue of whether a 12(a)(1) claim is subject to equitable tolling has held that it is not. *See e.g., Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 553 (6th Cir. 2012) ("[C]ongress intended to negate equitable tolling in this context [of Section 12(a)(1)]."); *Cook v. Avien, Inc.,* 573 F.2d 685, 691 (1st Cir. 1978) ("We hold that, under the explicit language of [the statute], the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation."); *Gridley v. Cunningham,* 550 F.2d 551, 552–53 (8th Cir. 1977) (stating that a § 12(a)(1) claim must be brought within one year of the violation, finding that the statute of limitations period had passed, and not permitting the claim to proceed under Fed. R. Civ. P. 15(c) as an amendment relating back to an original contract claim); *Pell v. Weinstein*, 759 F. Supp. 1107, 1111 (M.D. Pa. 1991) ("[T]his Court also concludes that neither the discovery rule nor equitable tolling are applicable to the one-year limitation period governing nonregistration claims because the language of the statute militates against such an application.") (*aff'd without opinion*, 961 F.2d 1568 (3d Cir. 1992)); *Bamert v. Pulte Home Corporation,* Case No: 6:08–v–2120–Orl–22GJK, 2013 WL 12152406, at *10-12 (M.D. Fla. Sept. 5, 2013) (dismissing Section 12(a)(1) claim as untimely and rejecting plaintiff's claims of equitable tolling due to alleged concealment by defendant of the fact an "investment contract" condominium unit as a security was not registered as securities).

Specifically, courts have explained that when "Congress expressly mentioned a discovery rule for § 12(a)(2) claims but not for § 12(a)(1) . . . [it intended that] equitable tolling does not apply to § 12(a)(1)." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d at 553. Consequently, while Congress

codified a "discovery rule" for actions under Section 12(a)(2), it intentionally did not provide a "discovery rule" for actions arising under Section 12(a)(1), demonstrating it was not concerned about when claimants "discovered" the violation. This makes sense where registration statements are on file with, and publicly available for inspection at, the SEC. Accordingly, any claimant can readily determine whether a registration statement has been filed for any claimed security.

Notwithstanding the clear abundance of authority to the contrary, Plaintiffs rely on the *Aldrich* and *Herrera* decisions for their argument that equitable tolling "may apply" and "dismissal is improper unless untimeliness is clear from the face of the complaint." [Opp. at p. 18.] Neither of those decisions, however, are applicable here. The *Aldrich* case involved fraudulent misrepresentation and "manipulative devices" securities fraud claims – not claims for the sale of unregistered securities. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 (10th Cir. 1980) (identifying Section 10(b), 15 U.S.C. § 78(b)(b), and Rule 10b-5 as the securities provisions relied on by plaintiffs). The case pre-dated the enactment of 28 U.S.C. § 1658, which is currently the operative statute of limitations for federal securities fraud claims. *Id*. ("There is no federal statute of limitations applicable to the provisions of the securities acts under which plaintiffs seek relief…."). Consequently, the court borrowed Colorado's three-year statute of limitations applicable to fraud claims. *Id*. Here, Congress has enacted a specific statute of limitation [15 U.S.C. § 77*m*] governing Plaintiffs' Section 12(a)(1) claims, which explicitly incorporates a "discovery rule" for misrepresentation claims arising under Section 12(a)(2), but notably does not include such a rule for Section 12(a)(1) sale of unregistered security claims. Consequently, if Congress intended a "tolling" or "discovery rule" to apply to such claims, it

certainly knew how to provide for one but chose not to. *Alddrich* is inapposite and does not save Plaintiffs' claims.

Similarly, *Herrera* was a § 1983 case that did not involve the express statute of limitation governing Plaintiffs' Section 12(a)(1) claims [15 U.S.C. § 77*m*], but like *Aldrich* required the federal court to look to state law to determine the applicable statute of limitations. *See Herrera v. City of Espanola*, 32 4th 980, 989 (10th Cir. 2022) ("Congress did not provide a statute of limitations for actions brought under § 1983…a federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action."). Accordingly, the court adopted New Mexico's three-year statute of limitation governing personal injury claims. *Id.* Importantly, the court relied on federal case law to determine when a § 1983 claim arises, concluding "[a] civil rights action accrues when the plaintiff *knows or has reason to know* of the injury which is the basis of the action." *Id.* at 990 (citations omitted) (emphasis added). Here, unlike § 1983 claims which have a "discovery rule" built into the accrual of the claim, most courts agree that Section 12(a)(1) claims arise when a prospective buyer actually purchases the unregistered securities. *See e.g.*, *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004).[1] *Herrera* is likewise inapposite and does not save Plaintiffs' claims.

Moreover, Plaintiffs' reliance on *Herrera* is curious given their argument, citing *Aldrich*, that where "the complaint alleges affirmative concealment and delayed discovery… dismissal at

---

[1] A few courts have found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. *See e.g., Barnert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Regardless, there is no "discovery rule" built into the accrual date of Section 12(a)(1) claims under federal case law as there is with § 1983 claims.

the pleading stage is improper." [Opp. at p. 23.] As explained above, tolling does not apply to Section 12(a)(1) claims. Additionally, as the Tenth Circuit explained "[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Herrera*, 32 4th at 991 (citation omitted). Similarly, "[i]f from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is …a question of law' suitable for resolution at the motion to dismiss stage." *Id.* Accordingly, the motion's seeking dismissal of the 2nd COA on the basis of untimeliness at the pleading stage is proper.

Finally, even if the doctrine of equitable tolling applied to Section 12(a)(1) claims (which it does not), it would not apply here under the facts of this case. As previously stated, the lack of a registration statement for the tenant-in-common ("TIC") interests was readily determinable by plaintiffs at the time of their purchase through a review of the SEC's public filings. Additionally, none of the "facts of concealment" asserted by Plaintiffs in their Opposition would support applying equitable tolling to save the 2nd COA where these alleged "facts" all go to the claimed concealment *of fraudulent representations and/or omissions – not the lack of a registration statement for the TIC interests.* For example, the factual allegations Plaintiffs cite as grounds for equitable tolling to apply are representations/omissions regarding a tenant default in paying rent [SAC ¶¶ 735-746]; representations/omissions regarding late rent payments and a loan by Millcreek to HSH [SAC ¶¶ 724-728]; representations/omissions regarding late rent and certain financial information allegedly concealed [SAC ¶¶ 904(e), 962(j)]; certain post-sale conduct by the lease administrator, defendant Mary Street [SAC ¶¶ 834-850]; and representations/omissions

in connection with a tenant default, the loan by Millcreek and a release agreement [SAC ¶¶ 903-910].

None of these allegations involve Long (or any defendant) misrepresenting the TICs as being registered with the SEC, and that Plaintiffs did not discover (to their detriment) they were not registered with the SEC until after the one-year period under Section 13. Indeed, Plaintiffs admit and allege in the SAC that Millcreek, in its advertising materials, expressly stated its position that the TICs do not constitute securities (and as such, were not registered with the SEC). [SAC ¶ 552.]

Plaintiffs argue that, because Defendants' marketing materials stated their position that the TIC interests were not securities, this also "concealed" the potential claim for sales of unregistered securities. [Opp. at p. 20.] This argument fails for several reasons. First, as stated above, the great weight of authority of federal courts is that equitable tolling, regardless of the circumstances, does not apply to Section 12(a)(1) claims. *See supra* at p. 5. As noted by the Northern District of Georgia Federal Court:

> The better reasoned authority holds that equitable tolling and fraudulent concealment are not available to toll the one-year statute of limitation for registration claims. Equitable tolling, though read into every federal statute of limitations, cannot be applied in the face of contrary congressional intent. The language of Section 13 allows a discovery rule for Section 12(2) claims, but omits it for Section 12(1) claims. This indicates a congressional intent that the one-year limit is absolute. Moreover, a registration claim is not one for fraud, and whether a security is registered is a matter of public record, and therefore cannot really be concealed.

*Barton v. Peterson*, 733 F.Supp. 1482, 1490 (N.D. Ga. 1990) (collecting cases).

Second, whether the TIC interests are "investment contract" securities involves legal conclusions arising from a mixed question of fact and law. Whether the TIC interests were "investment contracts" is a primary issue in this litigation over which the parties vigorously

disagree. To accept Plaintiffs' argument that Defendants taking the position that the TIC interests were not investment contract securities was an act of "concealment" tolling the statute of limitations would effectively eliminate any statute of limitations over their Section 12(a)(1) claim – Plaintiffs could file their claim at any time and just argue the Defendants "concealed" their status as securities by taking the contrary position pre-sale that they were not securities.

Finally, even if the Court disregarded the weight of authority against applying equitable tolling to the claim, as well as the inherent problem arising from Plaintiffs' argument that a party taking a position that an instrument is not an investment contract security constitutes "concealment" for equitable tolling purposes, the 2nd COA still fails as untimely. Specifically, equitable tolling would not apply here where Plaintiffs do not identify any concealment by Long or any Defendant of the facts giving rise to their claim that the TIC interests were investment contract securities. In paragraph 964 of the SAC, Plaintiffs claim the TIC interests were investment contract securities because they involved "investment in a common enterprise with the success of the venture dependent primarily on the efforts of others, for example, the HSH parties as tenants…." [SAC, ¶ 964.] Plaintiffs point to no allegations in the SAC that any of these "facts" (which Long disputes) were concealed by Long or any Defendant. Equitable tolling does not apply and the 2nd COA should be dismissed as untimely.

II.    THE STATE SECURITIES CLAIMS SHOULD BE DISMISSED.

Plaintiffs' state securities law claims under the 4th, 5th and 6th COAs should be dismissed because the TIC interests at issue are not securities under Utah Code Ann. § 61-1-13(1)(ee)(ii). Plaintiffs, however, argue that the state securities law claims should not be dismissed under Section 61-1-13(1)(ee)(ii) because the SAC does not plead sufficient facts

9

regarding the number of investors and the substance of the management agreement, rendering application of the exemption unclear. This argument fails because it is Plaintiffs' duty to plausibly allege their securities violations claims, including whether the TIC interests at issue are in fact securities under Utah law. *See* Motion, pgs. 7-8. Additionally, Plaintiffs' argument is contrary to this Court's ruling that TIC arrangements falling within this framework are not subject to the state securities statutes. *See Wilson v. Millcreek Properties, LLC*, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025).

Plaintiffs further argue that the TIC interests are investment contract securities under federal law, and thus are "presumptively securities under Utah law, as well." [Opp. at pgs. 33-38.] This argument fails, however, in the face of Utah law expressly excluding the TIC interests from the definition of securities, as well as the Court's ruling in *Wilson*.

Finally, Plaintiffs' state-law securities claims fail for the additional, independent reason that they are not pled with the particularity required by Rule 9(b). Plaintiffs claim the SAC provides "fair notice" of the state securities law claims because the SAC "define[s] Colliers/Long TIC Program" and "identifies the Colliers/Long Parties and their roles in developing, marketing and selling the TIC Interests," as well as a litany of alleged misrepresentations and omissions. [Opp. at p. 32.] But this argument and the cited allegations still fail to satisfy Plaintiffs' pleading burden. Plaintiffs admit they do not identify which state statutes apply to which claims and Defendants, or that they provide only a generalized, non-specific list of statutes from numerous jurisdictions in a footnote. They further admit they do not plead the elements of any particular statute, do not tie specific facts to specific statutory provisions, and do not differentiate among Defendants or transactions.

Moreover, while Plaintiffs claim they sufficiently define the "Colliers/Long Parties," the 4th, 5th and 6th COAs are asserted against anywhere between 25 and 37 separately named Defendants, while citing 12 separate state securities laws. This represents classic "group pleading." While Plaintiffs claim they are excused because they have shown all 37 defendants acted "collectively through an integrated scheme," the SAC does not demonstrate this, and these 37 defendants are comprised of separate and distinct entities and individuals that were not subject to common control. This is not a case of a plaintiff asserting fraud claims against a corporation and several of its officers, and collectively referring to "Defendants" in setting forth the conduct and alleged misrepresentations of said defendants. In this case, such bare, undifferentiated allegations are insufficient under Rule 9(b). *See Chrysler Capital Corp.*, 778 F. Supp. at 1270; *Wilson*, 2025 WL 2256685, at *12. Accordingly, the 4th, 5th and 6th COAs should also be dismissed for failure to plead fraud with the required particularity.

III.    <u>CERTAIN PLAINTIFFS LACK STANDING TO ASSERT CLAIMS FOR ELDER ABUSE</u>.

Plaintiffs do not dispute that Jose and Teena Rementeria did not personally purchase any TIC Interests, and that it was Secure Self Storage, LLC – a limited liability company in which they are members – that purchased the TIC Interests at issue. [SAC ¶ 110.] They further do not dispute that under well-settled law, a member of an LLC has no interest in specific property owned by the entity. *See In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016); OREGON REV. STAT. ANN. § 63.239 ("A member is not a co-owner of and has no interest in specific limited liability company property.").[2] Among other privileges, Secure Self Storage, LLC is a separate

---

[2] Secure Self Storage, LLC is an Oregon entity, but the law is substantively the same as Utah.

entity entitled to own real and personal property and to operate independently in contracts with other business entities, and may sue or be sued in its own name. *See* OREGON REV. STAT. ANN. § 63.077(2); UTAH CODE ANN. § 48a-3a-104, -105.

Plaintiffs encourage the Court to depart from these well-settled rules and give broad interpretation and rights under Utah's elder abuse law, thus allowing them to personally bring claims for an injury suffered (if at all) by Secure Self Storage, LLC. To do so, however, would require the Court to disregard these well-established statutory schemes governing limited liability companies. Moreover, the Rementerias undoubtedly chose to conduct business through Secure Self Storage, LLC for the benefits afforded to limited liability companies and its members, including protections from liability enjoyed by members. Here, they want to have it both ways – have the protections afforded to limited liability companies, while personally bringing claims for injuries suffered (if at all) by Secure Self Storage, LLC in connection with its purchase of the TIC interests. Because any claim based on injury to property owned by the LLC must be brought by the LLC itself, the 11th COA should be dismissed as to the Rementerias.

CONCLUSION

For reasons set forth above, the Motion should be granted.

DATED this 5th day of June, 2026.

PARR BROWN GEE & LOVELESS, P.C.

By:  /s/ Rodger M. Burge
　　　Terry E. Welch
　　　Bentley J. Tolk
　　　Rodger M. Burge
　　　C. Chase Wilde
　　　*Attorneys for Defendant Kevin Long*

12

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2026 a true and correct copy of the foregoing REPLY IN SUPPORT OF DEFENDANT KEVIN LONG'S PARTIAL MOTION TO DISMISS SECOND, FOURTH, FIFTH, SIXTH AND ELEVENTH CAUSES OF ACTION has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

/s/ Rodger M. Burge