Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*Pro Hac Vice forthcoming*)
adurone@berkowitzoliver.com
Timothy D. Wallner (*Pro Hac Vice forthcoming*)
twallner@berkowitzoliver.com
Shamoor Anis (*Pro Hac Vice forthcoming)*
sanis@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816)561-7007
Facsimile:   (816) 561-1888

*Attorneys for Defendants Thomas Smith,*
*Millrock Investment Fund 1, LLC, GTR Holdings, LLC,*
*Brent Smith, Hello Bello, LLC and Samuel Duke*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>KEVIN LONG, et al.,<br><br>        Defendants. | **DEFENDANTS MILLROCK INVESTMENT FUND 1, LLC, GTR HOLDINGS, LLC, BRENT SMITH, THOMAS SMITH, HELLO BELLO, LLC, AND SAMUEL DUKE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 12(b)(6), 8(a) and 9(b) of the Federal Rules of Civil Procedure, Defendants Millrock Investment Fund 1, LLC, GTR Holdings, LLC, Brent Smith, Thomas Smith, Hello Bello, LLC, and Samuel Duke (together, the "Millrock Defendants") hereby move that the Court dismiss the claims contained in Plaintiffs' Second Amended Complaint ("SAC") [Dkt. 158].

Millrock Defendants move to dismiss all claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Spread across eighteen different causes of action, Plaintiffs' claims against the Millrock Defendants fall into six general categories: (1) claims sounding in fraud, including securities fraud (COAs 1, 3, 7, 8); (2) other state securities violations (COAs 4, 5, 6); (3) the sale of unregistered securities (COA 2), (4) state common law claims (COAs 9, 10, 12, 13, 14, 18); (5) elder abuse (COA 11); and (6) federal civil RICO claims (COAs 15, 16, 17).

Millrock Defendants ask the Court to dismiss the SAC on the following grounds: (1) Each of Plaintiffs' fraud claims against Millrock Defendants are not pled with the particularity required by Federal Rule of Civil Procedure 9(b)--and the securities fraud claims do not satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"); (2) Plaintiffs' securities claims under state law should be dismissed for the additional reason that they do not involve a security as a matter of Utah state law; (3) Plaintiffs' claims for sale of unregistered securities should be dismissed because Plaintiffs have failed to meet their pleading burden to show the claims are within the applicable statute of limitations; (4) Plaintiffs' claims for unjust enrichment, breach of fiduciary duty, and negligence fail to plausibly state a claim against Millrock Defendants; (5) Plaintiffs fail, pursuant to both Rules 8(a) and 9(b), to state a claim under the sole private cause of action under Utah's elder abuse statutes for "exploitation" of a "vulnerable adult;"

2

and (6) Plaintiffs' RICO claims are barred by the PSLRA and should be dismissed because Plaintiffs assert claims under federal securities laws.

The Millrock Defendants' arguments are more thoroughly laid out in the following Memorandum of Points and Authorities.

## INTRODUCTION

This case arises from Plaintiffs' purchases of tenant-in-common ("TIC") interests in various commercial real properties. The commercial properties at issue in this case are located in Kennesaw, Georgia; Naperville, Illinois, and Keller, Texas ("the TIC Properties"). In this lawsuit, Plaintiffs insinuate that these real property interests were "securities" covered by federal securities laws. Where, as here, Plaintiffs' claims sound in fraud, and thus are governed by heightened pleading requirements, it is imperative that Plaintiffs plead their claims with particularity to allow Millrock Defendants (and other Defendants) to understand and have notice of what exactly is asserted against them (and each Defendant), so Defendants can respond to the Complaint specifically and efficiently rather than being forced to give general "denials."

Plaintiffs' SAC, however, largely constitutes a "group pleading" that impermissibly groups all Defendants together, or groups the Millrock Defendants together with varying mixes of other Defendants, without distinguishing the basis for each Defendant's individual alleged culpability. Specifically, Plaintiffs group together "Millcreek, Colliers, Long, Rutherford, Bell, Weber, Taylor, McDougal, Brent Smith, Tom Smith, Adam Long, Elevated 1031, Equity Summit Group, Millrock Investment Fund 1 LLC, Millrock Investment Fund 1 Management, KGL Real Estate Development PLLC, Smart Cove LLC, GTR Holdings LLC, and Long Holdings LLC" together as the "Colliers/Long Parties." SAC at ¶72.

Moreover, to the extent any allegations are asserted specifically against any Millrock Defendant, they fail to explain how that defendant's alleged representations are false or explain when they were made or who they were made to. The SAC's counts against Millrock Defendants also constitute threadbare recitals of the elements of each claim, supported by mere conclusory statements.

**ARGUMENT**

"It is neither the [C]ourt's nor the [Defendants'] role to sift through a lengthy, conclusory and poorly written complaint to piece together the cause of action." *Coroles v. Sabey*, 2003 UT App 339, ¶ 27 (2003). "Plaintiffs' much too long and involved complaint falls well short . . . of setting forth the essential facts with simplicity, brevity, clarity and certainty." *Id.* Where fraud is alleged, "essentially dump[ing] upon the trial court . . . the burden of sifting through the hundreds of paragraphs of alleged facts to ascertain whether Plaintiffs have alleged facts necessary to make all their elements of fraud . . . is unacceptable." *Id.*; *see also MacArthur v. San Juan Cnty.*, 416 F. Supp. 2d 1098, 1198 (D. Utah 2005) (quoting and applying *Coroles*). Here, Plaintiffs' Second Amended Complaint, which includes 23 Plaintiffs, 40 Defendants, and extends 253 pages with over 1156 numbered paragraphs impermissibly dumps upon the Court and Defendants the burden of sifting through over one thousand paragraphs, many of which are asserted against various combinations of dozens of separate defendants. These pleadings fail to adequately state a claim.

On a motion to dismiss under Rule 12(b)(6), the court assumes that all well-pleaded factual allegations are true. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). But the Court need not consider allegations that are merely conclusory, nor is the Court bound by legal conclusions or opinions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under *Twombly*, a complaint will only survive a motion to dismiss if it pleads "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs' SAC fails to satisfy this standard.

## I.   PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED (COA 1, 2, 3)

Plaintiffs' COA 1, asserting a claim for securities fraud under Section 10(b) of the Securities and Exchange Act and Rule 10b-5, should be dismissed because (A) Plaintiffs have not pleaded any alleged false statements or omissions by any specific Millrock Defendant with particularity, and (B) Plaintiffs' claim fails to comply with the PSLRA.

### A.   Plaintiffs Failed to Plead Their Securities Fraud Claim with Particularity

Securities fraud claims must be pleaded with particularity under Rule 9(b). *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012). This requires well-pleaded factual allegations that "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). Rule 9(b) requires that "'individual plaintiffs should identify particular defendants with whom they dealt directly . . ..'" *Arena Land & Inv. Co. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994) (quoting *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986)).

Plaintiffs' claim for securities fraud fails these basic requirements because the SAC relies on generalized statements about the "Defendants" and "Colliers/Long Parties" making misrepresentations to "Plaintiffs." *See, e.g.,* SAC ¶¶ 954-962. The SAC only identifies a handful of statements that are specifically attributed to any specific Millrock Defendant, but none of them, individually or collectively, are sufficient to support the claims against any Millrock Defendant.[1]

---

[1] Notably, as seen in the lists below, even these allegations are often improperly attributed to groups of defendants, and do not identify when the alleged statements were made, whom they were made to, or how they were conveyed.

According to the SAC, Millrock Defendants made the following statements or representations:

**Millrock**

- With Kevin Long, represented "Millrock was filing a lawsuit against HSH on Plaintiffs' behalf…" (SAC ¶903e)

**GTR Holdings**

- The SAC is devoid of any specific allegations of representations or omissions made by GTR Holdings;

**Brent Smith**

- "described his own role as playing 'part of the development process with ADP and making sure that the numbers work.'" (SAC ¶180);

- With Millcreek, Kevin Long, and the Mary Street Parties, "represented that Plaintiffs were receiving monthly rent payments from the tenants…" (SAC ¶903(c));

- With Millcreek, Kevin Long, and the Mary Street Parties, "misrepresented to Plaintiffs that the… properties would be occupied and operational imminently." (SAC ¶903(d));

- "made a fraudulent capital call to the Naperville Owners" (SAC 1106)

- With Millcreek, Kevin Long, and the Mary Street Parties and Steve Caton, "misrepresented Neuragenex's viability as a replacement tenant…" (SAC ¶903(f));

- "has misrepresented the cost of those improvements and thereby further distorted the property value" (SAC ¶1132(f));

6

**Tom Smith**

- "provided 'Oversight & Leadership" for the Colliers/Long TIC Program" (SAC ¶181);

- Was responsible for "Accountability oversight" regarding the "Colliers/Long TIC Program" (SAC ¶182);

- Performed "an instrumental role" in connection with the Colliers/Long TIC Program, "on information and belief" (SAC ¶186);

**Hello Bello, LLC**

- No specific allegations are included as to Hello Bello specifically;

**Samuel Duke**

- No specific allegations are included as to Samuel Duke specifically;

These allegations cannot support a claim against the Millrock Defendants. Lacking any specific allegations of misrepresentation against the Millrock Defendants, Plaintiffs instead rely on generalized statements about the "Colliers/Long Parties" making misrepresentations to "Plaintiffs." *See, e.g.,* SAC ¶¶ 954-962. This improper "shotgun pleading" format is a blanket attempt to capture all the Defendants without identifying which, if any, of them are responsible for specific material statements and omissions. For example, paragraph 952 alleges that, "Defendants made untrue statements of material fact and omitted material facts. . . " The SAC then recounts alleged misrepresentations made by "Defendants," but relies on allegations concerning due diligence, 1031-complaince, risk analysis, capitalization rates, Millcreek's involvement, bonds and guarantees, securities law, etc. *See* SAC ¶ 954. But these alleged misrepresentations are not specifically attributed to any Millrock Defendant anywhere in the SAC.

7

Plaintiffs' improper "shotgun pleading" thereby denies the Millrock Defendants "fair notice of the factual and legal bases for each claim *against them*." *See Southwell v. Allstate Prop. & Cas. Co.*, 2020 WL 4287194, at *2 (D. Colo. July 27, 2020). As *Southwell* recognized:

> The law recognizes a significant difference between notice pleading and 'shotgun' pleading. Shotgun pleading is a type of pleading that 'contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors. The shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader.

*Id.* (cleaned up and internal citations omitted).

Put simply, Plaintiffs' securities fraud claims against Millrock Defendants should be dismissed because the only statements specifically attributed to any of them are not alleged to be false and do not concern presently existing material facts. The remaining allegations against the Millrock Defendants, which constitute the vast majority, are merely generalized shotgun pleadings against Defendants that do not satisfy Rule 9(b).

### B.      Plaintiffs Failed to Plead the Elements Required by the PSLRA

In addition to satisfying Rule 9(b), a federal securities law claim under Section 10(b) of the Exchange Act and Rule 10b-5 must also satisfy the heightened pleading requirements of the PSLRA. Plaintiffs' claim in this case fails to do so. A plaintiff suing under Section 10(b) "bears a heavy burden at the pleading stage." *In re Level 3 Comm'ns,* 667 F.3d at 1333. To "properly" state a claim under Rule 10b-5, each Plaintiff must allege facts showing:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*In re Gold Resource Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015).

The PSLRA imposes heightened pleading requirements on the first and third elements. As to the first element, a complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading . . .." 15 U.S.C. § 78u–4(b)(1). As to the third element, which requires that a defendant acted with scienter, a complaint must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2) (emphases added). "A complaint will survive [a Rule 12(b)(6) motion] . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). A court "must dismiss complaints that do not meet these requirements." *Blackmore/Cannon Dev.*, 2010 WL 1816275, *4 (citing 15 U.S.C. § 78u-4(b)(3)).

Here, Plaintiffs' securities fraud claim fails to satisfy *any* of the required elements under the PSLRA. Despite 253 pages and more than 1156 individually numbered paragraphs of allegations, Plaintiffs' SAC fails to identify any fraudulent statements by Millrock Defendants in connection with the purchase or sale of a security on which Plaintiffs relied to their harm. Neither does the SAC allege particular facts showing a strong inference that any Millrock Defendant acted recklessly or with an intent to defraud with respect to any particular act or omission. The SAC contains only conclusory recitations of the supposed mental state of the collective "Colliers/Long Parties" and "Defendants," and assertions about what they collectively "knew or should have known." *See, e.g.*, SAC 322, 324, 326, 328, 332, 334, 336, 338, 341, 514, 519, 524, 529, 534, 560, 565, 570, 575, 629, 634, 652, 657, 662, 667, 675, 740, 741, 748, 750, 795, 814, and 1015.

### C.      Plaintiffs Failed to Adequately Allege Control Person Liability

Additionally, Plaintiffs' claim for control person liability should also be dismissed. "[T]o state a prima facie case for control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024), *citing Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998).

In their claim for control person liability, Plaintiffs allege "Defendants" generally had control over the "Liable Persons." And "Liable Persons" is defined to refer generally to nearly all the Defendants, as they are identified in Plaintiffs' First and Second Causes of Action. *See* SAC ¶ 970. But nowhere do Plaintiffs identify the "primary violator." *Combs,* 2024 WL 1347409, at *23. Plaintiffs' generalized allegations that "Defendants" had control over the "Liable Persons" fails to satisfy *Maher*. *See* SAC ¶ 971. In cases like this, when a "plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Maher,* 144 F.3d at 1306; *see also Combs, LLC*, 2024 WL 1347409, at *25 (same). Accordingly, Plaintiffs' control person liability claim should be dismissed. Moreover, as set forth above, Plaintiffs have failed to adequately plead a primary violation.

### D.      Plaintiffs Have Not Adequately Pleaded their COA under Section 12(a)(1) of the Securities Act.

Section 12(a)(1) provides the exclusive federal cause of action for failure to register public or private securities and imposes liability on those who offer or sell securities without complying with the applicable statutory registration and prospectus requirements in Section 5 of the Securities Act. *See Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 916 (6th Cir. 2007); *see also Holland v. GEXA Corp.*, 161 F.App'x 364, 366 (5th Cir. 2005). To establish a prima facie case under Section 12(a)(1), courts require a plaintiff to plead facts and show compliance with the

timeliness requirements under Section 13 of the Securities Act. *See Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); *see also Mori v. Saito,* 2013 WL 1736527, at *3 (S.D.N.Y. Apr. 9, 2013); *Pullins v. Kimley*, 2008 WL 85871, at *9 (S.D. Ohio Jan. 7, 2008).

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public.

As set forth in Kevin Long's Partial Motion to Dismiss (Dkt. 179),[2] Plaintiffs' respective purchases of TIC interests all occurred during the period of August 11, 2011 (Statement of Fact, ¶ 8) through May 26, 2022 (Statement of Fact, ¶¶ 5 and 9). Plaintiffs commenced this action by filing their original Complaint on June 21, 2023. [Dkt. 1.] Accordingly, Plaintiffs' Section 12(a)(1) claims are time-barred under Section 13, and the Second Cause of Action must be dismissed as a matter of law. *See Toombs v. Leone*, 777 F.2d 465, 478  (9th Cir. 1985) (noting plaintiff must plead facts demonstrating compliance with statute of limitations and dismissing Section 12(a)(1) claim under Section 13's one-year limitations period); *Snyder v. Newhard, Cook & Co., Inc.*, 764 F.Supp. 612, 618-19 (D. Colo. 1991) (dismissing Section 12(a)(1) claim when filed more than one year after the violation occurred) (citations omitted).

Accordingly, Plaintiffs' securities fraud claims should be dismissed.

---

[2] With regard to the timing of the transactions at issue, Millrock Defendant's adopt and incorporate Kevin Long's Motion to Dismiss pp. 4 – 10 as though set forth fully herein.

## II.    PLAINTIFFS' STATE SECURITIES CLAIMS FAIL BECAUSE THE TIC INTERESTS AT ISSUE ARE NOT SECURITIES (COA 4-6)

Under Utah law, TIC agreements are not securities. Under the Utah Uniform Security Act, "security" includes notes, bonds, stocks, investment contracts, and other financial instruments. However, the Utah legislature has specifically excluded the sale of certain assets of the definition of a "security", including:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:(Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[3]

TIC agreements plainly fall under this latter category; therefore, Utah state securities statutes do not apply, and Plaintiffs have no state cause of action. [4]

Moreover, to the extent Plaintiffs seek to rely on other states' securities statutes, Plaintiffs have failed to meet the requirements of Rule 9(b). Regarding non-Utah state securities claims, Plaintiffs only vaguely reference state statutes in general. This does not cure the deficiencies of the SAC. Notably, even if the operative Complaint identified the state statutes upon which its state securities claims are premised, that identification alone would not defeat a motion to dismiss. *Batson v. Rim San Antonio Acquisition, LCC*, No. 15-CV-07576 (ALC), 2016 WL 6901312, at *16 (S.D.N.Y. Nov. 22, 2016).

---

[3] Utah Code Ann. § 61-1-13(ee)(ii)(C).
[4] *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

III.    **PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED (COA 7, 8, 9, 10, 12, 13, 18)**

A.    **Plaintiffs Fraud Claims Fail to Adequately Plead Fraud as to the Millrock Defendants**

Plaintiffs' seventh, eight, and tenth Causes of Action for fraud, negligent misrepresentation, and concealment/fraudulent nondisclosure, (collectively, the "Fraud Claims"), should be dismissed for failure to meet the heightened pleading standards of Rule 9(b). Federal Rule of Civil Procedure 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To adequately state the "circumstances constituting fraud," Plaintiffs must "set forth the who, what, when, where and how of the alleged fraud and describe the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *TDC Lending LLC v. Private Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept. 13, 2018) (internal citations omitted).

Plaintiffs' fraud claim is asserted against ***twenty-four defendants*** and relies on generic assertions against the entire group, such as, "As alleged more fully herein, Defendants made false statements about vital facts regarding Plaintiffs' investments" and "Defendants made the statements knowing that they were false." [SAC ¶¶ 1003-04]. Particularly given the breadth of the complaint, it is impossible for any Millrock Defendant, or any Defendant at all, to deduce which alleged statements Plaintiffs are attributing to him as fraudulent, much less when or how they were made, or what the consequences were. Moreover, there is no alleged basis to infer that any Millrock Defendant knew any particular representation or omission was false or made the statements for the purposes of inducing a party to rely upon it. *See Summit Mountain Holding Grp., LLC v. Summit Vill. Dev. Lender 1, LLC,* No. 1:21-cv-00110, 2024 WL 4905639, at *9 (D. Utah Nov. 27, 2024) ("The elements of a fraud cause of action consist of a misrepresentation or material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the

13

other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."). Conclusory recitations attributable to a large group of defendants cannot suffice to meet the pleading standard for fraud.

Similarly, Plaintiffs' negligent misrepresentation claim fails to provide the requisite level of detail. "[T]he heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am., N.A.*, No. 2:12-cv-00191, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012). The omission of details regarding which defendant allegedly made statements or omissions, when said statements took place, and how the statements were communicated violates the requirements for all fraud-based pleadings.

### B.    Plaintiffs' Conspiracy and Aiding/Abetting Claims should be Dismissed (COA 12, 13)

Plaintiffs' claims for conspiracy and aiding and abetting tortious conduct fail because they are dependent on viable fraud claims, which are absent from the Second Amended Complaint. Without an underlying tort, the claims are not "viable independent causes of action that can survive on their own." *Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-cv-480, 2025 WL 1676532, at *9 n. 32 (D. Utah June 13, 2025). Plaintiffs are required to "adequately plead the existence" of an underlying tort, or face dismissal of the dependent claims. *See Puttuck v. Gendron,* 2008 UT App 362, ¶ 21, 199 P.3d 971.

Here, Plaintiffs' underlying tort appears to be the fraud allegations, to the extent discernable from the generic assertions. [SAC, ¶ 1060 (alleging a conspiracy to "fraudulently induc[e] Plaintiffs' investment"), ¶ 1062 ("participants in the conspiracy committed one or more unlawful acts, including the acts described in the Causes of Action above"); *see also id.* at ¶ 1065 ("certain Defendants have engaged in conduct constituting a tort")]. As discussed *supra*, those fraud allegations have not been adequately pled and should be dismissed. Lacking adequate

14

pleading of an underlying tort, the conspiracy and aiding and abetting claims should also be dismissed.

### C.      Plaintiffs' Breach of Fiduciary Duty Claim Should be Dismissed (COA 9)

Plaintiffs' impermissible, imprecise, group pleadings fail to adequately allege that any Millrock Defendant owed a fiduciary duty to Plaintiffs. The existence of a fiduciary duty is a prerequisite to proceeding with the claim. *See First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-cv- 00229, 2016 WL6902473, at \*25 (D. Utah Nov. 23, 2016) (listing elements of claim). Although Plaintiffs generically assert that "Defendants owed Plaintiffs fiduciary duties," they have not alleged any basis to conclude that Millrock Defendants were in a "position of peculiar confidence," or had a "duty to act primarily for the benefit of" any of the Plaintiffs. [*See* SAC ¶ 1025]; *cf. First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.,* 786 P.2d 1326, 1333 (Utah 1990).

Plaintiffs do not allege that Millrock Defendants had a contractual duty to act as Plaintiffs' fiduciary, nor have they alleged facts that would imply they served in that role as a result of "the factual situation surrounding the involved transactions and the relationship of the parties to each other." *Id.* at 1332.

### D.      Plaintiffs' Unjust Enrichment Claim Should be Dismissed (COA 18)

Plaintiffs' Eighteenth Cause of action for unjust enrichment should be dismissed against the Millrock Defendants for failure to state a claim under Rule 8(a)(2). An unjust enrichment claim must establish the following three elements:

- "First, there must be a benefit conferred on one person by another."
- "Second, the conferee must appreciate or have knowledge of the benefit."
- Third, "there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."

*Groberg v. Housing Opportunities, Inc.*, 68 P.3d 1015, 1019 (Utah Ct. App. 2003).

15

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Under *Iqbal*, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint that merely alleges "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" should be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (internal quotations and alteration omitted). With respect to unjust enrichment claims against corporate representatives, Utah federal district courts have recognized that such claims fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 622–23 (D. Utah 2005).

In this case, Plaintiffs' unjust enrichment claim once again relies on generalized allegations, including that "Plaintiffs" conferred a benefit on "Defendants" by investing in the Colliers/Long TIC Properties. *See* SAC ¶ 1151. And "Defendants" received a benefit "in the form of commissions or other compensation," and "Defendants" benefited from "direct use" of investment proceeds and "perpetuation of the overall scheme." *See* SAC ¶ 1152. These generalized allegations fail to identify any benefit conferred on any specific Defendant. Plaintiffs' unjust enrichment claim does not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Therefore, it fails to meet the requirements of Rule 8 and should be dismissed for failure to state a claim.

IV.     **PLAINTIFFS' COA FOR ELDER ABUSE FAILS BECAUSE CERTAIN PLAINTIFFS LACK STANDING AND PLAINTIFFS FAIL TO PLEAD FACTS TO SUPPORT THEIR CLAIM (COA 11)**

A.     **The Rementeria Plaintiffs Lack Standing to bring this Claim**

First, Plaintiffs' claims as to Jose and Teena Rementeria fail because those Plaintiffs are not proper parties. Utah law limits a private right of action for elder abuse to vulnerable adults who

16

suffer harm or financial loss as a result of the alleged conduct. *See* Utah Code § 26B-6-213. Where the alleged injury is suffered by a separate legal entity, the claim belongs to that entity—not to the individual owners or members.

Plaintiffs Jose and Teena Rementeria are alleged to have acquired TIC interests through Secure Self Storage, LLC. (SAC ¶ 110a). Any injury arising from that investment therefore belongs to the entity that holds title to the interest—not to the individual members.

Under well-settled law, a member of an LLC has no interest in specific property owned by the entity. *See In re McCauley*, 549 B.R. 400, 410 (D. Utah 2016). Accordingly, any claim based on injury to property owned by the LLC must be brought by the LLC itself. *See* Fed. R. Civ. P. 17(a).

### B. Plaintiffs' Allegations Are inadequate to Support their COA 11 as to Millrock Defendants

Plaintiffs fail to assert facts specific to any Millrock Defendant to support any of the elements of this private cause of action for financial exploitation. They again rely on improper group pleading together with the sparse and plainly insufficient allegations about any Millrock Defendant discussed *supra*.

Plaintiffs' claims under Utah's elder abuse statute must be dismissed because they fail to satisfy the requirements of Rule 8(a) and fall far short of the pleading requirements of Rule 9(b).

### V. PLAINTIFFS' CIVIL RICO CLAIMS ARE BARRED BY THE PSLRA AND SHOULD BE DISMISSED (COA 15, 16, 17)

Plaintiffs' civil claims under the federal RICO statute in their Fifteenth, Sixteenth, and Seventeenth COAs fail to state claims against any Millrock Defendant with particularity for the same reasons that Plaintiffs failed to allege with particularly that any Millrock Defendant engaged in fraud: they rely on general allegations, conclusions, and group pleadings.

Moreover, Plaintiffs are barred from asserting federal RICO claims against Millrock Defendants by the PSLRA. Congress specifically amended RICO in the Private Securities Litigation Reform Act of 1995 to provide that "[n]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [RICO]." *Bixler v. Foster*, 596 F.3d 751, 759 (10th Cir. 2010) (quoting Pub.L. No. 104-67, § 1077,109 Stat. 737, 758 (Dec. 22, 1985), amending 18 U.S. C. § 1964(c)).

Courts have therefore applied the PSLRA bar to conduct that would have been actionable as securities fraud, even if the acts that form the basis of liability would independently qualify as mail fraud or wire fraud under the federal criminal law. *See Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 327 (3rd Cir. 1999).

Plaintiffs explicitly attempt to assert claims for federal securities fraud, so on the face of the Complaint the PSLRA bar applies to Plaintiffs RICO claims. Plaintiffs should not be allowed to thereby circumvent the heightened PSLRA requirements for securities disputes. Plaintiffs should only be exempted from the PSLRA bar on pleading RICO causes of action only if (and, if so, when) the Court determines that Plaintiffs claims do not rely on "any conduct that would have been actionable as fraud in the purchase or sale of securities." *See Bixler,* 596 F.3d at 759.

## VI.    CONCLUSION

Based on the foregoing, as well as the reasons articulated in Co-Defendants' Motions to Dismiss (Dkts. 173, 179, 180, 181), the Millrock Defendants request that the Court dismiss all claims against them in Plaintiffs' SAC.

DATED this 8th day of June, 2026.

WORKMAN NYDEGGER


By: */s/ Brian N. Platt*
Brian N. Platt
Chad E. Nydegger
Ryan C. Morris

BERKOWITZ OLIVER LLP

Anthony J. Durone (*pro hac vice forthcoming*)
Timothy D. Wallner (*pro hac vice forthcoming)*
Shamoor Anis *(pro hac vice forthcoming)*

*Attorneys for Defendants Millrock Investment Fund 1, LLC, GTR Holdings, LLC, Brent Smith, Thomas Smith and Hello Bello*