Robert Harrington (12541)
Keith J. Saylin (20365)
**MASSEY BEAN & LEWIS**
50 W Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-6800
Email: *rharrington@mbllaw.com*
Email: *ksaylin@mbllaw.com*

*Attorneys for Defendant Jerald Adam Long and Long Holdings, LLC*

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC., et al., <br><br> Defendants. | **DEFENDANTS JERALD ADAM LONG AND LONG HOLDINGS, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Case No. 2:23-cv-00407-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br> Chief Magistrate Judge Cecila M. Romero |

Defendants Jerald Adam Long and Long Holdings, LLC (together, "Adam Long")

hereby move the Court to dismiss with prejudice Plaintiffs Patti Klair, et al.'s ("Plaintiffs")

Second Amended Complaint (the "SAC") under Rule 12(b)(6) of the Federal Rules of Civil

Procedure and DUCivR7-1. *See* Dkt. 1.

### INTRODUCTION

Plaintiffs' SAC against Adam Long is a house of cards built on a single faulty premise:

that Adam Long can be held personally liable for alleged fraud and other claims even though the

SAC fails to allege even a single direct communication between Adam Long and the Plaintiffs. Plaintiffs sue a host of defendants in scattershot fashion, attempting to manufacture liability against Adam Long merely because he held titles, attended early meetings, was business associates with some of the other named Defendants, and purportedly holds ownership interests in certain entities. But not one of the 1,156 paragraphs of the SAC identifies a single actionable misrepresentation or omission personally made by Adam Long. The SAC instead relies on group pleading to create the specter of impropriety against Adam Long. Such group pleading is impermissible and insufficient. The allegations come nowhere near the exacting particularity and scienter demands of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The SAC must accordingly be dismissed for three distinct reasons.

First, the claims against Adam Long under Section 10(b) Exchange Act and Rule 10b–5 are insufficient group pleading wrapped in conclusory accusations. Plaintiffs are unable to point to a single, specific false statement made by Adam Long, let alone plead the who, what, when, where, and why that the Tenth Circuit and the PSLRA demand. Plaintiffs attempt to allege scienter, for example, only by vague reference from Adam Long's *job title* and purported ownership in an entity. Courts routinely reject such approaches out of hand.

Second, Plaintiffs' derivative Section 20(a) control person claim fares no better. Plaintiffs' claim fails to adequately plead a primary violator as required by Utah law. Even worse, Plaintiffs do not plausibly allege that Adam Long exercised control over the management or policies of any purported primary violator. Bare assertions of ownership, employment, or business association are insufficient.

Third, each of the litany of state law claims against Adam Long are similarly deficient under applicable pleading standards and must be dismissed. And even if they were not, once the federal securities claims are dismissed, each of the remaining state-law claims must also be dismissed under well-settled Tenth Circuit authority for lack of subject matter jurisdiction. This case is only in federal court because of the federal securities claims under federal question jurisdiction. Once those are dismissed, federal subject-matter jurisdiction no longer exists, and this Court is no longer the appropriate venue for this litigation for lack of subject matter jurisdiction.

The Court should dismiss all claims against Adam Long.

### BACKGROUND FACTS[1]

1.      The SAC alleges that Adam Long is Long Holdings, LLC's sole member. *See* SAC ¶ 67.

2.      The SAC alleges that Adam Long worked for Colliers and "received income" from Colliers. *Id.* ¶ 1125.

3.      The SAC alleges that Adam Long "controlled, in whole or in part," Millcreek's other principals at the time of its dissolution. *Id.* ¶ 1092.

4.      The SAC alleges that Adam Long founded Axia Partners, LLC ("Axia") and that he maintained leadership positions at Axia. *Id.* ¶ 1093.

---

[1] Adam Long intends to dispute a litany of facts in the Complaint, but for purposes of this Motion, accepts the allegations as true. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. Ct. App. 1997).

5.    The SAC generally alleges that "Axia has also promoted Adam Long's role and experience at Millcreek and Colliers as evidence of its leadership team's successful track record." *Id.* ¶ 1097.

6.    The SAC fails to allege any specific affirmative misrepresentation by Adam Long related to investment opportunities with Millrock, Millcreek, or Colliers to *any* Plaintiffs. *See generally*, SAC.

7.    In fact, there are only *fourteen numbered paragraphs* in the entire SAC that reference Adam Long specifically, and none of those paragraphs describe any specific misrepresentations made by Adam Long to Plaintiffs. *See id.* ¶¶ 64–67, 69, 71, 177–78, 1092–93, 1097, 1125, 1127, 1131.

8.    The SAC alleges that Defendants generally "coaxed possible investors" through "false representation[s]" including purported statements that the "portfolio is rock solid[,]" and "[w]e rigorously vet every property that we offer." *Id.* ¶¶ 209, 1010.

9.    But neither that paragraph of the SAC (paragraph 209) nor any others identify Adam Long as an individual that made the purported false representation. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S.662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] court must accept as true all of the allegations contained in a complaint," but it should not do so for mere "legal conclusions." *Id*. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

These pleading requirements serve two important purposes. First, they "ensure[] that defendants know the actual grounds of the claim against them," which are necessary for the defendants to prepare a defense. *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008) (quotations omitted); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (emphasizing that Rule 8 requires factual allegations sufficient to give defendant "fair notice of what the claim is and the grounds upon which it rests" (internal quotations omitted)). Second, the pleading requirements "avoid[] ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Bryson*, 534 F.3d at 1287 (quotations omitted). Here, Plaintiffs fail to assert allegations giving rise to *any* claim against Adam Long. The Motion should be granted.

## ARGUMENT

Plaintiffs generally allege *eighteen* causes of action against Adam Long. Each must be dismissed for the following reasons.

**I.    PLAINTIFFS HAVE NOT ALLEGED A COLORABLE CLAIM AGAINST ADAM LONG UNDER THE EXCHANGE ACT BECAUSE THE CLAIMS ARE NOT PLEADED WITH PARTICULARITY AND BECAUSE THERE ARE NO ALLEGATIONS ESTABLISHING SCIENTER AGAINST ADAM LONG.**

Rule 9(b) of the Federal Rules of Civil Procedure requires that securities fraud claims be pleaded with particularity. *See In re Level 3 Communications, Inc. Securities Litigation*, 667 F.3d 1331, 1333 (10th Cir. 2012). This heightened standard requires well-pleaded factual allegations that "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Kock v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). Rule 9(b) requires that "individual plaintiffs should identify particular defendants with whom they dealt directly[.]" *Arena Land & Inv. Co. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994) (citation omitted).

Similarly, the PSLRA requires a heightened pleading standard for federal securities fraud claims in two meaningful ways. First, the PSLRA added additional requirements for pleading the first element of a securities fraud claim. Stated simply, the plaintiff must allege *with specificity* that the defendant made an untrue or misleading statement of material fact or failed to state a material fact necessary to make statements not misleading. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). To prove this, the PSLRA requires that:

> the complaint shall *specify each statement alleged to have been misleading*, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, *the complaint shall state with particularity all facts on which that belief is formed*.

15 U.S.C. § 78u-4(b)(1) (emphasis added).

6

Second, the SAC is also required to plead the existence of "scienter" or intent to defraud. The PSLRA supersedes Rule 9(b) of the Federal Rules of Civil Procedure by imposing a far more stringent pleading rule:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, *with respect to each act or omission alleged to violate this chapter*, state with particularity facts giving rise to a *strong inference that the defendant acted with the required state of mind*.

*Adams*, 340 F.3d at 1096 (citing 15 U.S.C. § 78u-4(b)(1) (emphasis added)).

The PSLRA requires scienter to be alleged expressly with respect to *each* defendant and *each* alleged violation. *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018). The required "strong inference" of scienter is a high bar: "[a] complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007). This means that a court must consider plausible, nonculpable explanations for the defendant's conduct. *Id.* at 323–24. "[A]llegations that a securities fraud defendant, because of his position within the company, 'must have known' a statement was false or misleading are precisely the types of inferences which [courts], on numerous occasions, have determined to be inadequate to withstand Rule 9(b) scrutiny." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1263–64 (10th Cir. 2001). Critically, "[g]eneralized imputations of knowledge do not suffice, regardless of defendants' positions within the company." *Id.* (citation omitted).

Here, Plaintiffs fail to satisfy those heightened standards for the First Cause of Action and have failed to plead that Adam Long acted with scienter. The First Cause of Action must be dismissed. To state a claim under Section 10(b), a plaintiff must allege *with particularity*:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*Smallen v. The Western Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020) (citation omitted). Plaintiffs' claims fail to adequately allege their First Cause of Action against Adam Long for the following two reasons.

First, the SAC fails to allege that Adam Long personally made any specific misrepresentations at all. The SAC expressly references Adam Long only a handful of times, and none of those references relate to any specific misrepresentations made by him to Plaintiffs. Aside from a few non-specific allegations that Adam Long held ownership in various entities, the SAC is devoid of allegations against Adam Long that satisfy the heightened pleading standard required here.

Put simply, the SAC does not contain a single allegation that Adam Long directly communicated with Plaintiffs—let alone made misrepresentations to them. Nor do any of the allegations specific to Adam Long even attempt to assert the time, place, contents, or manner in which any purported misrepresentations by Adam Long were false or misleading. Even more damning, Plaintiffs fail to plead facts giving rise to the strong inference of scienter required by the PSLRA.

Second, the SAC's allegations instead are improper "group pleadings" that generally allege purported misrepresentations and/or omissions by multiple defendants.[2] Not only do most of these allegations not set forth the time or place of misrepresentations, group pleading against defendants is impermissible under Rule 9(b) and the PSLRA. *See TDC Lending*, 340 F. Supp. 3d at 1227 ("[g]roup pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability … [t]his is incompatible with the purpose of the PSLRA"). In a parallel case against Millcreek, this Court held that where the complaint "refers to specific misrepresentations" by specific defendants, the pleadings *as to those defendants* were properly pleaded. *See Wilson v. Millcreek Com. Props., LLC,* No. 2:24-CV-00624-TC-CMR, 2025 WL 2256685, at *7 (D. Utah Aug. 7, 2025). There are no specific allegations regarding Adam Long, and he cannot be generally grouped with other Defendants. Accordingly, any claims of securities fraud for these alleged misrepresentations and/or omissions must be dismissed. The First Cause of Action against Adam Long must be dismissed.

## II.   PLAINTIFFS' SALE OF UNREGISTERED SECURITIES CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH THE STATUTE OF LIMITATIONS.

Plaintiffs' Second Cause of Action for the sale of unregistered securities is barred by the statute of limitations. A claim for the sale of unregistered securities under Section 12 of the Securities Act must be brought within one year. *See* 15 U.S.C. § 77m. Specifically, Section 13 of the Securities Act provides that no "action shall be maintained to … enforce a liability … unless brought within one year after the violation upon which it is based. *Id*. The *date of the violation—*

---

[2] Paragraphs 342 through 685 of the Complaint allege myriad misrepresentations against numerous defendants.

or the sale of the unregistered security—is the event that starts the one-year limitations period. *Id.*

Here, the SAC alleges that "Colliers/Long Parties and the other Defendants" engaged in the sale of unregistered securities. SAC ¶¶ 964–69. These allegations are based on sales that took place in or about 2021 and 2022. SAC ¶¶ 342, 362, 372, 383, 394, 403, 412, 425, 436, 457, 467, 478, 487, 496, 645–47, 720–23. Plaintiffs did not initiate this action until June 21, 2023. Dkt. No. 1. Accordingly, the Second Cause of Action is barred by the statute of limitations to the extent it is based on events alleged to have occurred before June 21, 2022.

## III. THE ALLEGATIONS DO NOT SUPPORT A CLAIM FOR CONTROL PERSON LIABILITY BECAUSE THERE IS NO EVIDENCE OF A PRIMARY VIOLATION OF SECURITIES LAW AND NO CONTROL BY ADAM LONG.

Plaintiffs' Third Cause of Action for "Control Person Liability under the Securities Exchange Act" must be dismissed because it fails to state a cognizable claim against Adam Long. To properly assert a claim for control person liability under the Exchange Act, Plaintiffs must establish (1) a primary violation of securities laws and (2) control over the primary violator by the alleged controlling person. *See e.g.*, *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998). The definition of "control" in Rule 405[3] of the Securities Act of 1933—cited with approval by this circuit—requires evidence of "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise." *Id.* at 1305. In cases where a

---

[3] Rule 405 refers to 17 C.F.R. § 230.405, which defines key terms found in the Securities Act of 1933.

"plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Id.* at 1306.

Plaintiffs' Third Cause of Action is legally deficient because the general allegations that "Defendants" had control over the "Liable Persons" does not establish a Primary Violator as required by Utah law. *See Maher*, 144 F.3d at 1305. And critically, with respect to Adam Long, Plaintiffs "do not plausibly allege that [he] had control over the management or policies" of the primary violator. *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *24 (D. Utah Mar. 29, 2024). Bald allegations that Adam Long was an "owner" of Millrock Investment Fund 1, was "employed" by Colliers, and that he was a "close business associate" of other Defendants are far from sufficient. SAC ¶¶ 69, 177–78. Similarly, allegations that "Defendants" had control over the "Liable Parties" say nothing specific about Adam Long and fail to satisfy *Maher*. *Id.* ¶ 974. In this sort of case, when a "plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Maher*, 144 F.3d at 1306. Plaintiffs' Third Cause of Action should be dismissed.

## IV. EACH OF PLAINTIFFS' STATE SECURITIES CLAIMS FAIL BECAUSE UTAH EXPRESSLY EXEMPTS TENANT IN COMMON AGREEMENTS.

Plaintiffs' Fourth, Fifth, and Sixth Causes of Action each fail because claims for securities fraud under Utah law that involve "TIC interests" are exempt from the reach of Utah Uniform Securities Act.

The Utah Uniform Securities Act explains that the following are *not* considered a "security" under the Act:

> (II)   an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

11

(III)  an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.

Utah Code Ann. § 61-1-13(1)(ee)(ii). Such fractionalized long-term estates cannot be grounds for a claim of violation of the Utah Uniform Securities Act. *Id.*

The purported securities in this case fit that definition squarely and are therefore *not* securities under the Utah Uniform Securities Act. *See Wilson*, 2025 WL 2256685, at *11 ("commonsense dictates that most TIC investments in real property are coupled with long-term leases … [and] [i]f the legislature meant to include TIC investments … regulated by the Utah Uniform Securities Act, then the legislature would have done so"). The SAC alleges that Plaintiffs each purchased a TIC interest in the Millcreek Properties located at Keller, Naperville, and Kennesaw, subject to a management agreement and a long-term lease. This arrangement—an undivided, fractionalized, and long-term interest in real property—is the very sort of security expressly exempted by Utah statute. *See id.* Accordingly, Plaintiffs' Fourth, Fifth, and Sixth Causes of Action should each be dismissed.

## V.  PLAINTIFFS FAIL TO PLEAD THEIR CLAIMS OF COMMON LAW FRAUD AND FRAUDULENT CONCEALMENT WITH PARTICULARITY.

Plaintiffs' Seventh Cause of Action for common law fraud and Tenth Cause of Action for fraudulent concealment should be dismissed because Plaintiffs have not pleaded their claim with the requisite particularity required by the federal rules. Rule 9(b)'s heightened standard for fraud claims requires Plaintiffs to "state with particularity the circumstances constituting fraud or

mistake." Fed. R. Civ. P. 9(b). To meet this heightened pleading standard, Plaintiffs must "set forth the who, what, when, where and how of the alleged fraud" and describe the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009) (citation omitted)*; see also Summit Mountain Holding Grp., LLC v. Summit Vill. Dev. Lender 1, LLC*, 2024 WL 4905639, at *9 (D. Utah Nov. 27, 2024). "The elements of a fraud cause of action consist of a misrepresentation or material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Summit Mountain Holding Grp., LLC*, 2024 WL 4905639, at *9.

In this case, Plaintiffs' common law fraud claim against Adam Long fails to satisfy any of the required fraud elements and fails to plead with the requisite particularity. A close reading of the SAC does not identify *any specific misstatements or omissions* made by Adam Long that Plaintiffs relied on to their detriment. *See generally*, SAC. Instead, the SAC relies on generalized allegations and group pleading that concludes (without identifying the who, what, when, where, and how) that "Defendants made false statements about vital facts regarding Plaintiffs' investments in the Keller, Kennesaw, and Naperville Properties[.]" SAC ¶ 1003. The SAC additionally alleges that there were fraudulent statements "within the Marketing Materials[.]" *Id.*

The SAC also fails to allege particular facts showing a strong inference that Adam Long acted recklessly or with an intent to defraud Plaintiffs. Instead, the SAC contains conclusory recitations of the purported mental state of the "Defendants" collectively, making unsupported assertions about the group generally that they "made the statements knowing that they were

13

false" and that they "made the statements recklessly and without regard for their truth." SAC ¶¶ 1004–05.

Federal law requires more than the conclusory allegations found within the SAC regarding Adam Long's purported conduct and knowledge. The Seventh and Tenth Causes of Action should be dismissed.

**VI.    PLAINTIFFS' CLAIM OF NEGLIGENT MISREPRESENTATION SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE A DIRECT MISREPRESENTATION OF MATERIAL FACT AND RELIES ON GENERALIZED, NON-SPECIFIC PLEADING.**

Plaintiffs' Eighth Cause of Action fails for the simple reason that it does not adequately allege each element of a negligent misrepresentation claim against Adam Long. To state a claim of negligent representation, Plaintiffs must show: (1) Adam Long "made a careless or negligent misrepresentation of material fact[;]" (2) Plaintiffs "reasonably relied" on the misrepresentation; (3) Adam Long had "a pecuniary interest in the transaction[;]" (4) Adam Long was "in a superior position to know the material facts[;]" and, (5) Adam Long "should have reasonably foreseen" that Plaintiffs would rely on the misrepresentation. *See e.g.*, *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-000332-TS, 2011 WL 3626828 (D. Utah 2011). Critically, the misrepresentation of material fact "may be an affirmative statement or a material omission where a duty to disclose exists." *Ludvik Electric Co. v. Vanderlande Industries, Inc.*, No. 2:21-CV-00462-DBB-CMR, 2023 WL 8789379, at *5 (D. Utah Dec. 19, 2023)

Plaintiffs' negligent misrepresentation fails at the outset because they did not plead *any* direct misrepresentation by Adam Long to Defendants. Similarly, there are no allegations that Adam Long specifically withheld information where he had a duty to disclose. The generalized allegations about all Defendants are insufficient.

Plaintiffs' Eighth Cause of Action for negligent misrepresentation is also subject to heightened pleading requirements under Rule 9(b). This Court has recognized that under Utah law, "negligent misrepresentation constitutes a form of fraud, [and] the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am., N.A.*, No. 2:12-CV-00191-DN, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012).

The SAC fails to meet this minimum requirement. Plaintiffs simply rely on the same set of generalized allegations related to their claim of common law fraud. Plaintiffs generally assert, for example, that "Defendants made false representations to Plaintiffs as detailed above." SAC ¶ 1010. The above sections of the SAC *generally* allege that Defendants defrauded Plaintiffs but fail to identify specific fraudulent conduct by Adam Long. *See generally,* SAC. Critically, Plaintiffs' negligent misrepresentation claim fails to identify a singular unique factual allegation that would distinguish it from the common law fraud claim. *Compare* SAC ¶¶ 1003–1008 and 1009–1020. Plaintiffs' Eighth Cause of Action relies wholly on generalized and non-specific pleading and does not satisfy Rule 9(b). It must be dismissed.

## VII.   THE CLAIM FOR BREACH OF FIDUCIARY DUTY MUST BE DISMISSED BECAUSE NO FIDUCIARY RELATIONSHIP EXISTED BETWEEN PLAINTIFFS AND ADAM LONG.

Plaintiffs' Ninth Cause of Action for breach of fiduciary duty must be dismissed because it fails to allege a cognizable fiduciary relationship between Plaintiffs and Adam Long. A claim for breach of fiduciary duty requires allegations establishing "(1) a fiduciary relationship; (2) breach of the fiduciary's duty; (3) causation, both actual and proximate; and (4) damages." *E.g. First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229-DN, 2016 WL

6902473, at *25 (D. Utah Nov. 23, 2016). To establish a fiduciary relationship, a plaintiff must allege specific facts, and under Utah law, a fiduciary relationship only exists under narrow circumstances:

> A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. A fiduciary is a person with a duty to act primarily for the benefit of another. A fiduciary is in a position to have and exercise and does have and exercise influence over another. A fiduciary relationship implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary.

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021) (citation omitted).

Here, the SAC is devoid of allegations that would establish a fiduciary relationship between Plaintiffs and Adam Long. The SAC contains limited allegations against Adam Long, including that he was "an owner of Defendant Millrock[,]" that he "worked, in part, at Colliers' Toronto, Canada executive offices … [and] mentored sales agents[,]" that "acted as a close business associate[]" to some of the other Defendants, that he founded Axia Partners and "has maintained leadership positions at Axia[,]" that he has "received income derived, directly or indirectly, from a pattern of racketeering activity[,]" and that he "used or invested … part of such income." *See* SAC ¶¶ 69, 177–78, 1093, 1125, 1127.

None of these allegations imply a fiduciary duty running from Adam Long (or Long Holdings) to Plaintiffs. Threadbare allegations that Adam Long was employed by Colliers (or other entities) do not create a fiduciary relationship between Adam Long and Plaintiffs. According to the SAC, Adam Long was the "sole member" of Long Holdings and was employed at "Colliers' Toronto, Canada executive offices[.]" SAC ¶¶ 67, 178. Absent from the SAC is *any*

16

connection between Adam Long and Plaintiffs. There are no allegations that create a fiduciary relationship requiring Adam Long to "act primarily for the benefit" of Plaintiffs, and no individual Plaintiff placed their "interest or authority" in his "charge." *Fid. & Deposit Co. of Maryland*, 2021 WL 2418624, at *2. Plaintiffs' breach of fiduciary duty cause of action against Adam Long must accordingly be dismissed.

## VIII.    THE ELDER ABUSE CLAIM FAILS BECAUSE PLAINTIFFS ARE NOT VULNERABLE ADULTS AND DID NOT PERSONALLY SUFFER HARM.

Plaintiffs' Eleventh Cause of Action for elder abuse fails with respect to at least two Plaintiffs because it does not allege that Plaintiffs Vishwa Khanna or Melody Squires are vulnerable adults, nor does it allege that the harm was incurred by the adults personally. Utah law expressly limits the private right of action for elder abuse to "*vulnerable adult[s] who suffe[r] harm or financial loss as a result of exploitation,*" Utah Code § 26B-6-213(1) (emphasis added), not limited liability companies or other entities. In other words, to qualify as an "elder adult" under the statute, the plaintiff must be an "*individual* 65 years old or older," not a legal entity. Utah Code Ann. § 76-5-111(1)(a).

Charles Brauer purchased the TIC interest as trustee of the Quest Realty Trust—not in his individual capacity. SAC ¶ 112. Accordingly, any alleged loss or harm arising from that purchase belongs to the Quest Realty Trust, a separate legal entity, not to Charles Brauer individually. Likewise, Jose Rementeria did not purchase the TIC interest in his individual capacity. Rather, "Secure Self Storage purchased TIC ownership" on his behalf—a limited liability company. Because these entities are not eligible to assert elder-abuse claims, the Eleventh Cause of Action must be dismissed at least as to Plaintiffs Charles Brauer and Jose Rementeria.

17

**IX.    PLAINTIFFS' CONSPIRACY CLAIM FAILS BECAUSE PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED AN UNDERLYING TORT.**

Plaintiffs' Twelfth Cause of Action for conspiracy to engage in tortious conduct suffers a fatal flaw—Plaintiffs do not allege a viable underlying tort against Adam Long.[4] "To establish a claim of civil conspiracy, five elements must be shown: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages[.]" *Estrada v. Mendoza*, 275 P.3d 1024, 1029 (Utah Ct. App. 2012) (internal quotations and citation omitted). Critically, "[t]he claim of civil conspiracy requires, as one of its essential elements, an underlying tort." *Id.* (cleaned up). And, where "plaintiffs have not adequately pleaded any of the basic torts they allege[,] dismissal of their civil conspiracy claim is appropriate." *Id.* (internal quotations omitted). When that underlying tort is fraud, "the fraud must be pleaded with particularity, even though in this context the fraud is simply an element of the claim rather than the claim itself." *Caroles v. Sabey*, 79 P.3d 974, 983 (Utah Ct. App. 2003).

Here, Plaintiffs fail to adequately allege their fraud claims with particularity against Adam Long. Thus, there is no sufficient underlying tort to sustain the civil conspiracy claim against him. *Id.* The Twelfth Cause of Action must be dismissed.

**X.    PLAINTIFFS' AIDING AND ABETTING CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE AN UNDERLYING TORT.**

Plaintiffs' Thirteenth Cause of Action for Aiding and Abetting Tortious Conduct must be similarly dismissed because it fails to adequately allege an underlying tort against Adam Long.[5]

---

[4] *See supra* Sections V–VI.
[5] *See supra* Sections V–VI.

Utah courts do not recognize aiding and abetting as a "viable independent caus[e] of action that can survive on [its] own." *Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at \*9 n.32 (D. Utah June 13, 2025). Because Plaintiffs' Thirteenth Cause of Action relies on the SAC's underlying fraud allegations, and because those fraud allegations fail to adequately allege fraud with particularity against Adam Long, the Thirteenth Cause of Action cannot survive on its own and must be dismissed.

## XI.    PLAINTIFFS' NEGLIGENCE CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE THAT ADAM LONG OWED AND/OR BREACHED A DUTY OF CARE.

Plaintiffs' Fourteenth Cause of Action against Adam Long alleging his negligence also fails to state a claim. "To prevail on a negligence claim, a plaintiff must establish four elements: duty of care, breach of duty, legal causation, and damages." *Tesch for T.T. v. Bonneville Prop. Inv., LLC*, 2025 UT 58, ¶ 19, 582 P.3d 820. Notably, "[t]he existence of a duty of care owed by the defendant to the plaintiff is an essential element of a negligence claim." *Orr v. Brigham Young Univ.*, 960 F. Supp. 1522, 1526 (D. Utah 1994), *aff'd*, 108 F.3d 1388 (10th Cir. 1997). "[A] negligence claim is thus subject to dismissal if the well-pleaded facts do not support a reasonable inference that the defendant owed a duty to the plaintiff." *Springsteen v. Bird Rides, Inc.*, 666 F. Supp. 3d 1170, 1174 (D. Utah 2023) (citing *Williams v. Bench*, 193 P.3d 640, 647 (Utah 2008)). Without alleging facts sufficient to show that reasonable inference, "there can be no recovery." *Orr*, 960 F. Supp. at 1526.

Plaintiffs' negligence claim fails at the outset because the SAC does not plead any facts establishing a reasonable inference that Adam Long owed Plaintiffs a cognizable duty of care. The only allegation directed at Adam Long is a conclusory group allegation that the "Defendants

19

identified in this Cause of Action owed Plaintiffs a duty of care[.]" SAC ¶ 1085. That is not enough. The SAC does not allege that Adam Long communicated with Plaintiffs, undertook any obligation to Plaintiffs, exercised control over any relevant transaction, or otherwise stood in a relationship giving rise to a duty under Utah law. Nor does the SAC identify the source, scope, or basis of any purported duty owed by Adam Long specifically.

Even if a duty existed (it does not), Plaintiffs still fail to plead facts showing that Adam Long breached any such duty. The SAC contains no specific allegations explaining how Adam Long purportedly failed to vet the HSH Parties, failed to secure a bond or misrepresented the existence of a bond, failed to supervise or monitor the disbursement of funds, failed to monitor or disclose key aspects of the investments, or failed to vet others connected to the Colliers/Long TIC Program. *See generally*, SAC. Instead, Plaintiffs attempt to plead breach through a single conclusory paragraph that lumps Adam Long together with the "other Defendants" who allegedly engaged in that conduct. *Id.* ¶ 1086; *see TDC Lending*, 340 F. Supp. 3d at 1227; *Wilson,* 2025 WL 2256685, at *7. That is not enough. Because the SAC does not allege facts showing any specific negligent act or omission by Adam Long, the Fourteenth Cause of Action must be dismissed.

## XII. PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD THEIR CIVIL RICO CLAIMS (18 U.S.C. § 1962).

Each of Plaintiffs' claims asserted under 18 U.S.C. § 1962 (the Fifteenth, Sixteenth, and Seventeenth Causes of Action) fails as a matter of law because they fail to allege fraudulent conduct with particularity.

To adequately plead a RICO cause of action, Plaintiffs must allege that Adam Long "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."

*George v. Urban Settlement Servs.*, 833 F. 3d 1242, 1248 (10th Cir. 2016). 18 U.S.C. 1961(1) defines "racketeering activity" as any number of indictable acts, including fraud. "To establish a pattern of racketeering activity, the plaintiffs must allege at least two predicate acts." *George*, 833 F.3d at 1254. Critically, when the underlying "racketeering activity" is fraud, "[a] RICO claim must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a plaintiff alleging fraud to state with particularity the circumstances constituting fraud or mistake." *Grigsby v. Income Prop. USA, LLC*, No. 2:17-CV-1110, 2018 WL 4621766, at *10 (D. Utah Sept. 26, 2018).

Here, each of the federal RICO claims fails to state a claim with particularity against Adam Long. Instead, Plaintiffs only rely on general allegations that Adam Long, as a "Defendant," "conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity[.]" SAC ¶ 1141. And even where the SAC does identify speaker-specific allegations, Plaintiffs never identify Adam Long as one of them. *Id.* ¶¶ 882–83, 1147. The claims against Adam Long rest on group pleading, affiliation, ownership, and conclusory association—not any particularized statement, omission, or transaction-specific conduct by him. These legal conclusions are insufficient to support a federal RICO claim based on fraud, and Causes of Action Fifteen, Sixteen, and Seventeen must be dismissed.

## XIII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS TO IDENTIFY A DIRECT BENEFIT CONFERRED ON ADAM LONG AND FAILS TO ALLEGE THAT ADAM LONG APPRECIATED A BENEFIT.

To adequately allege a claim for unjust enrichment under Utah law, Plaintiffs must establish the following three elements: (1) "a benefit conferred on one person by another[;]" (2) "the conferee must appreciate or have knowledge of the benefit[;]" and (3) "acceptance or

21

retention by the conferee of the benefit[.]" *See Groberg v. Housing Opportunities, Inc.*, 68 P.3d 1015, 1019 (Utah Ct. App. 2003) (citation omitted). But any such benefit must be *direct*, not attenuated. Indeed, "[a] defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received *a direct benefit from the plaintiff*." *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) (emphasis added). "In other words, unjust enrichment does not result if the defendant has received only an incidental benefit . . ." *Id.* (internal quotation marks and citation omitted).

Plaintiffs fail to state a claim of unjust enrichment against Adam Long because they fail to allege that Adam Long received a *direct benefit* from them. Instead, Plaintiffs' theory is that any relationship between them and Adam Long is attenuated. They fail to allege direct interaction between themselves and Adam Long. Nor do they allege any payment they made directly to Adam Long. They simply assert in conclusory fashion that "Defendants each received a benefit from Plaintiffs in the form of commissions or other compensation paid from the proceeds of the sale transaction[,]" and that Defendants "appreciated, acknowledged, or had knowledge of the benefits incurred upon them[.]" SAC ¶¶ 1152–53. Such attenuated interactions and benefits are insufficient under Utah law. *See generally*, *Jones*, 355 P.3d at 1018–1020 (denying unjust enrichment claim where "uncontroverted facts show that [defendants] were not direct beneficiaries" and there was no evidence of "some misleading act").

Plaintiffs' remaining allegations of unjust enrichment are conclusory and nothing more than "formulaic recitation of the elements" of unjust enrichment. *Iqbal*, 556 U.S. at 678. The SAC fails to identify any benefit or acknowledgement of that benefit by Adam Long and the federal pleading standards demand more. *See id.* (the Rule 8 pleading standard "demands more

22

than an unadorned, the-defendant-unlawfully-harmed-me accusation … [and a] naked assertion[s] devoid of further factual enhancement" must be dismissed). Critically, with respect to unjust enrichment claims against corporate representatives, those claims necessarily fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 622 (D. Utah 2005).

Here, Plaintiffs' unjust enrichment claim relies wholly on generalized allegations that "Plaintiffs" conferred a benefit on "Defendants" by "making their investment in Millcreek TIC Properties." SAC ¶ 1151. Plaintiffs further allege that "Defendants each received a benefit from Plaintiffs in the form of commissions or other compensation paid from the proceeds of the sale transaction[,]" and that Defendants "appreciated, acknowledged, or had knowledge of the benefits incurred upon them[.]" SAC ¶¶ 1152–53. These generalized and conclusory allegations do not differentiate *any* benefit conferred on Adam Long as opposed to the other Defendants or entities. Because Plaintiffs' unjust enrichment claim is nothing more than a "formulaic recitation of the elements" it must be dismissed.

## XIV. FEDERAL QUESTION JURISDICTION DOES NOT EXIST FOR THE REMAINING CLAIMS AND EACH MUST BE DISMISSED.

Plaintiffs' basis for this Court's subject-matter jurisdiction is 28 U.S.C. § 1331 and 15 U.S.C. § 77—federal question jurisdiction. *See* SAC ¶ 128. But the only federal claims asserted in the SAC are the First, Second, and Third Causes of Action. If each of those causes of action is dismissed, dismissal of the remaining claims is appropriate because federal question jurisdiction no longer exists. *See e.g.*, *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The action should be dismissed in its entirety at that point for lack of subject-matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Second Amended Complaint must be dismissed as

to Defendants Adam Long and Long Holdings, LLC with prejudice.

DATED: June 8, 2026.

MASSEY BEAN & LEWIS


/s/ Robert P. Harrington
Robert P. Harrington
Keith J. Saylin

*Attorneys for Defendant Jerald Adam Long and
Long Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I filed a true and correct copy of the foregoing

**DEFENDANTS JERALD ADAM LONG AND LONG HOLDINGS, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** via the Court's electronic case filing system, which effectuated service on all parties of record.

*/s/ Kiersten Slade*
Kiersten Slade