Joshua Constantin, Pro Se
238 Solomon Drive, Building B
Slidell, LA 70458
Phone: (212) 380-1144
Email: lcajosh1@gmail.com

and

Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

FILED
2026 JUN 8 PM 4:51
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, et al.,<br>    Plaintiffs,<br>v.<br>KEVIN LONG, et al.,<br>    Defendants.<br><br>KEVIN LONG,<br>    Third-Party Plaintiff,<br>v.<br>JOSHUA CONSTANTIN and<br>JUSTIN SMITH,<br>    Third-Party Defendants. | **THIRD-PARTY DEFENDANTS JOSHUA CONSTANTIN AND JUSTIN SMITH'S MOTION TO DISMISS THIRD-PARTY COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

### INTRODUCTION

Third-Party Defendants Joshua Constantin and Justin Smith move under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and, alternatively, Rule 14(a)(4), to dismiss, or alternatively strike or sever, the Third-Party Complaint. Constantin separately moves under Rule 12(b)(5) to dismiss the claims against him for insufficient service of process.

Kevin Long's Third-Party Complaint is built on a contradiction it cannot escape. Long pleads that he was the President and CEO of Millcreek, that Millrock was wholly owned by him, and that Long and his related entities were involved in real estate marketing and investment. Yet for

purposes of his third-party claims, Long pleads that any misrepresentations were merely "passed along" by Millcreek, that he had "no independent knowledge" of falsity, and that he was "without fault." (Third-Party Compl. [Doc. 162] ¶¶ 10, 114–129). Long cannot have it both ways.

The pleading fails for eight reasons. First, the claims against Constantin should be dismissed under Rule 12(b)(5) because Constantin has not been served with a summons and the Third-Party Complaint and has not waived service. Second, the Court lacks personal jurisdiction over Constantin and Smith because neither has purposefully directed activities toward Utah. Third, the third-party claims are improper under Rule 14 because Long is asserting independent claims, not true derivative liability. Fourth, Long's implied-indemnity theory fails as a matter of law because his own pleading places his conduct at the center of the transactions. Fifth, the fraud and negligent-misrepresentation counts fail under Rules 8 and 9(b) because the pleading materially relies on group accusations and conclusory allegations. Sixth, the nondisclosure claim fails because Long pleads no legal duty to disclose. Seventh, the declaratory-relief claim is derivative and adds nothing if the substantive claims fail. Eighth, to the extent Long's fraud theories rely on alleged misrepresentations beginning in 2019, Long pleads no facts showing when or how he discovered the alleged fraud so as to invoke Utah's statutory discovery rule or toll limitations for pre-2023 statements.

The Third-Party Complaint should be dismissed, or alternatively stricken or severed as improper impleader.

## **RELEVANT ALLEGATIONS**

Long alleges that Millrock "is wholly owned by Long" and that Long was "President and CEO of Millcreek." (Third-Party Compl. [Doc. 162] ¶ 10). He alleges that Long and his related

entities were involved in real estate marketing and investment. Id. Long's Amended Answer admits that he worked as an associate broker for Colliers, participated in the formation of Millcreek and Millrock Investment Fund 1, and is licensed to sell real estate in Utah. (Long Am. Answer [Doc. 157] ¶¶ 87, 90–95).

Long's declaratory-relief and implied-indemnity counts allege that any misrepresentations were "passed along" by Millcreek, that Long had "no independent knowledge," that Smith and Constantin were the "original source" of the representations, and that Long was "without fault." (Third-Party Compl. [Doc. 162] ¶¶ 114–129).

Long's fraud and negligent-misrepresentation counts include a handful of date-specific allegations, but the theory as a whole still materially depends on collective pleading. For example, Long alleges that "Butera, Smith, and Constantin represented to Long verbally and in writing on numerous occasions beginning in 2019 that Healthcare Solutions was financially stable and had more than $75 million dollars in assets." (Third-Party Compl. [Doc. 162] ¶ 131). He further alleges that those same three individuals "knew that Healthcare Solutions had nowhere near $75 million in assets, because they themselves had forged financial documents," and that "[t]hey then shared those falsified financial documents with Long." (Id. ¶¶ 132–133). Long also alleges collectively that "Smith, Constantin, Butera, and American Development misrepresented to Long that the Equipment Allowance would be used to purchase equipment for the Properties," and that "Before Long, acting on behalf of Millcreek, advertised TIC interests in the properties for sale, Butera and Constantin misrepresented to Long that they would/had securitized the lease agreements by bonds from Lloyds of London." (Id. ¶¶ 144, 148). Long's nondisclosure claim alleges only that, "[b]ecause of the relationships and conduct among the parties," defendants owed Long a duty to disclose. (Third-Party Compl. [Doc. 162] ¶ 186).

In related federal litigation involving Healthcare Solutions-related allegations, Millrock Investment Fund 1, LLC filed a stipulated motion for voluntary dismissal of all claims against Joshua Constantin with prejudice and later filed Justin Smith's declaration in conjunction with dismissal with prejudice and a stipulated motion to dismiss Justin Smith. See Millrock Inv. Fund 1, LLC v. Healthcare Sols. Mgmt. Grp., Inc., et al., No. 2:23-cv-00157-RJS-DAO, ECF No. 198 (stipulated motion for voluntary dismissal of Joshua Constantin with prejudice); ECF No. 214 (Justin Smith declaration in conjunction with dismissal with prejudice); ECF No. 215 (stipulated motion to dismiss Justin Smith). The Court may take judicial notice of filings in related federal proceedings. See Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts do not accept legal conclusions couched as facts. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

Fraud claims must also satisfy Rule 9(b), which requires the plaintiff to plead the time, place, contents, speaker, and consequences of the alleged false representation. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000).

For personal jurisdiction, the plaintiff must demonstrate that the defendant has minimum contacts with the forum state arising from the defendant's own purposeful conduct. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Walden v. Fiore, 571 U.S. 277, 284–86 (2014).

## ARGUMENT

### A. THE THIRD-PARTY CLAIMS AGAINST CONSTANTIN SHOULD BE DISMISSED UNDER RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS.

Rule 12(b)(5) permits dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(5). A plaintiff is responsible for serving a summons and complaint within the time allowed by Rule

4(m), and service on an individual must comply with Rule 4(e). Fed. R. Civ. P. 4(c)(1), 4(e), 4(m).

Constantin has never been served with a summons or a copy of the Third-Party Complaint in this action. No summons and copy of the Third-Party Complaint were personally delivered to him, left at his residence or usual place of abode, mailed to him together with a request to waive service that he signed and returned, or otherwise served on him by any method authorized by Rule 4. Constantin has not signed, executed, returned, or authorized any waiver of service of process in this action. He first learned informally that he had been named as a Third-Party Defendant, and not through service of a summons and the Third-Party Complaint. Declaration of Joshua Constantin [Ex. A] ¶¶ 14–16.

Because Long has not effected service on Constantin by any method authorized by Rule 4, the claims against Constantin should be dismissed without prejudice under Rule 12(b)(5).

## B. THE COURT LACKS PERSONAL JURISDICTION OVER CONSTANTIN AND SMITH.

Once personal jurisdiction is challenged, Long bears the burden of making a prima facie showing that jurisdiction exists. AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1056–57 (10th Cir. 2008).

A court may exercise personal jurisdiction only where the defendant has minimum contacts with the forum arising from the defendant's own purposeful conduct. Walden, 571 U.S. at 284–86. The purposeful-availment requirement ensures that a defendant will not be haled into a forum based on random, fortuitous, or attenuated contacts, or based on the unilateral activity of another party. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The Tenth Circuit has held that phone calls, letters, or contracting with a forum resident are not necessarily sufficient in themselves to establish minimum contacts. Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1077

(10th Cir. 1995) ("[M]erely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction.").

The Third-Party Complaint alleges that Smith and Constantin made representations to Long in connection with a multistate business relationship. But "the plaintiff cannot be the only link between the defendant and the forum." Walden, 571 U.S. at 285. Long's Utah license, Utah-side activities, or Utah professional status are Long's contacts with Utah, not Defendants' contacts, and cannot by themselves supply specific jurisdiction over Smith or Constantin. The jurisdictional question remains whether either Defendant purposefully created Utah contacts through his own individual conduct. Long does not allege facts showing that Smith or Constantin maintained personal property in Utah, conducted ongoing personal business in Utah, or created continuing personal obligations in Utah in their individual capacities. At most, the allegations describe communications in a multistate business relationship involving out-of-state properties, which is insufficient under Walden, Burger King, and Far West.

To the extent Long attempts to premise jurisdiction on acts allegedly taken by Smith or Constantin in a representative capacity for Healthcare Solutions or related entities, those alleged corporate acts do not, without more, establish personal jurisdiction over them individually. See Ten Mile Indus. Park v. W. Plains Serv. Corp., 810 F.2d 1518, 1527 (10th Cir. 1987). Personal jurisdiction over Smith and Constantin must be based on their own purposeful Utah-directed contacts, not merely on alleged corporate acts or communications taken in representative capacities.

Long's jurisdiction theory is further weakened by the fact that the alleged injuries did not arise from Utah-centered transactions. The properties identified in the pleading are Keller, Naperville, and Kennesaw, not Utah properties. The alleged harms involve failed leases, unpaid rent,

guaranties, bonds, and equipment allowances tied to those out-of-state transactions. Long's effort to convert those multistate events into Utah-specific injury does not create minimum contacts where the pleading alleges no purposeful Utah-directed conduct by either Defendant.

As set forth in the accompanying declarations, Constantin is a Louisiana resident and Smith is an Ohio resident. Smith has not resided in Utah, maintained offices in Utah, owned property in Utah, or purposefully directed business activities toward Utah. Constantin has not resided in Utah, maintained offices in Utah, owned property in Utah, or purposefully directed individual business activities toward Utah. See Declaration of Joshua Constantin [Ex. A] ¶¶ 2–13; Declaration of Justin Smith [Ex. B] ¶¶ 2–15. By appearing and filing this Motion, including the alternative Rule 12(b)(6) and Rule 14(a)(4) arguments, neither Constantin nor Smith consents to personal jurisdiction in Utah or waives any jurisdictional defense. Constantin also does not waive any defense based on insufficient service of process.

Accordingly, the claims against Constantin and Smith should be dismissed under Rule 12(b)(2), without prejudice.

## C. THE THIRD-PARTY CLAIMS ARE IMPROPER UNDER RULE 14 AND SHOULD BE DISMISSED OR ALTERNATIVELY, STRICKEN OR SEVERED.

Rule 14 permits impleader only when the third-party defendant "is or may be liable" to the defending party for all or part of the plaintiff's claim. Fed. R. Civ. P. 14(a)(1). The Tenth Circuit holds that impleader is proper only where the third-party claim is "in some way derivative of the outcome of the main claim." Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir. 1983). Rule 14(a)(4) further authorizes the Court to strike, sever, or try separately an improperly impleaded third-party claim.

Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 376 (1978), arose in the ancillary-jurisdiction context, but its reasoning reinforces the same structural point: a claim against a new

party is not sufficiently dependent on the main action where liability on the new claim depends not at all on liability on the original claim. See id. The Rule 14 inquiry likewise turns on whether the third-party claim is legally dependent on the plaintiff's claim, not merely whether it arises from the same general background.

That is not what Long has pleaded. The underlying plaintiffs sue Long for alleged misrepresentations to investors. Long's Third-Party Complaint, by contrast, asserts independent fraud, negligent-misrepresentation, and nondisclosure theories based on alleged statements to Long about Healthcare Solutions, tenant entities, guarantees, bonds, and the Equipment Allowance. Even if Long's allegations were taken as true, they do not establish derivative liability to Long for the plaintiffs' claims. They attempt to recast Long's own alleged conduct as someone else's fault.

Even if Long alleges that, but for Defendants' statements, he would not have made statements to investors, that pleads only a causal relationship, not derivative liability. Rule 14 permits impleader only where the third-party defendant is legally liable over for all or part of the plaintiff's claim, not where the third-party plaintiff asserts a related but independent grievance. This distinction matters. Long's claims against Smith and Constantin could theoretically succeed even if the underlying plaintiffs' claims against Long fail. For example, if plaintiffs fail to prove that Long defrauded them, Long could still try to argue in a separate action that Smith or Constantin misled him. That possible independent claim does not depend on plaintiffs obtaining a judgment against Long. It therefore is not derivative liability under Rule 14.

The posture of related litigation reinforces the point. In the separate Millrock action, Millrock filed a stipulated motion for voluntary dismissal of all claims against Constantin with prejudice and later filed materials seeking dismissal of Smith with prejudice. See Millrock Inv. Fund 1,

LLC v. Healthcare Sols. Mgmt. Grp., Inc., et al., No. 2:23-cv-00157-RJS-DAO, ECF No. 198; ECF Nos. 214, 215. Those filings underscore the mismatch between Rule 14's derivative-liability requirement and Long's theory here. Long is attempting to use impleader to revive or reframe related Healthcare Solutions claims against parties whom Millrock itself moved to dismiss in parallel litigation.

The Third-Party Complaint should therefore be dismissed or, alternatively, stricken or severed under Rule 14(a)(4).

### D. IMPLIED INDEMNITY FAILS BECAUSE LONG CANNOT PLEAD HIMSELF AS BOTH AN ACTIVE PROFESSIONAL AND A PASSIVE, BLAMELESS CONDUIT.

Long's implied-indemnity theory depends on allegations that he merely passed along others' statements, had no independent knowledge, and was without fault. (Third-Party Compl. [Doc. 162] ¶¶ 121–127). But Long's own pleading and admissions defeat that theory.

Long pleads that Millrock was wholly owned by him and that he was President and CEO of Millcreek. (Id. ¶ 10). He also admits he was an associate broker for Colliers, participated in the formation of Millcreek and Millrock Investment Fund 1, and is licensed to sell real estate in Utah. (Long Am. Answer [Doc. 157] ¶¶ 87, 90–95). Those are the allegations and admissions of an active commercial participant, not an innocent messenger.

Long's own allegations thus place him squarely in the role of an active participant, not a passive or merely vicariously liable party. Utah law does not treat implied indemnity as a vehicle for comparative fault allocation or for reallocating responsibility for a party's own alleged active conduct. See Freund v. Utah Power & Light Co., 793 P.2d 362, 368–69 (Utah 1990). In National Service Industries, Inc. v. B.W. Norton Manufacturing Co., the Utah Court of Appeals declined to recognize "comparative implied indemnity" as a means of reallocating fault after the fact. 937 P.2d 551, 556–58 (Utah Ct. App. 1997). To the extent Long's theory is, in substance, a request

for contribution among alleged joint tortfeasors rather than true indemnity, Utah's Liability Reform Act bars contribution. Utah Code Ann. § 78B-5-820.

Long also pleads no express indemnity agreement. He alleges only a "contractual and/or business relationship." (Third-Party Compl. [Doc. 162] ¶ 128). That is not an indemnity contract. The syllogism is straightforward. If Long was truly blameless and merely passed along others' statements, then his own role as principal, broker, and active participant defeats that characterization. But if Long was in fact an active actor in the structuring, marketing, and investor-facing communications at issue, then implied indemnity is unavailable as a matter of Utah law. Either way, Long cannot state a viable implied-indemnity claim.

## E. THE FRAUD AND NEGLIGENT-MISREPRESENTATION CLAIMS FAIL UNDER RULES 8 AND 9(b).

Rule 8 requires a complaint to make clear who is alleged to have done what to whom. Robbins v. Oklahoma, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Rule 9(b) requires the plaintiff to plead the time, place, contents, speaker, and consequences of the alleged fraud. Koch, 203 F.3d at 1236. Long's pleading includes a handful of date-specific allegations. But even those few temporal allegations do not identify what exactly Smith or Constantin said, the content of any written document, or why the statement or document was false when made. The fraud theory as a whole still materially depends on collective pleading. Long repeatedly alleges that "Butera, Smith, and Constantin" represented that Healthcare Solutions was financially stable and had more than $75 million in assets, that "they themselves" forged financial documents, that "they" shared those documents with Long, and that "Smith, Constantin, Butera, and American Development" misrepresented equipment use and never intended to formalize bonds. (Third-Party Compl. [Doc. 162] ¶¶ 131–185).

Even where dates appear, the pleading still attributes the statements collectively without adequate differentiation. Paragraph 131, for example, alleges only that "Butera, Smith, and Constantin" made verbal and written representations on numerous occasions beginning in 2019. That collective attribution does not identify what each defendant said, to whom, in what form, or why each statement was false when made. Paragraphs 132 and 133 then allege, in the same collective manner, that "they themselves" forged financial documents and "[t]hey then shared" those documents with Long.

That defect is especially significant in a multi-defendant fraud pleading, where Rules 8 and 9(b) require Long to differentiate each defendant's alleged role rather than attribute collective conduct, knowledge, and intent to all defendants at once. See Robbins, 519 F.3d at 1249–50; Koch, 203 F.3d at 1236.

To the extent the negligent-misrepresentation count is grounded in the same allegedly false statements, it should satisfy Rule 9(b) as well. It does not. Long's negligent-misrepresentation count merely repackages the same statement-based theory in negligence form and suffers from the same defects.

Both counts should be dismissed.

## F. THE NONDISCLOSURE/CONCEALMENT CLAIM FAILS BECAUSE LONG PLEADS NO LEGAL DUTY TO DISCLOSE.

Long's nondisclosure claim alleges only that, "[b]ecause of the relationships and conduct among the parties," defendants owed a duty to disclose. (Third-Party Compl. [Doc. 162] ¶ 186). That is a legal conclusion, not a well-pleaded fact.

Utah law does not impose a general duty to disclose in an arm's-length commercial transaction absent a fiduciary, statutory, or other special relationship, or a partial disclosure that triggers a duty to speak fully. Yazd v. Woodside Homes Corp., 2006 UT 47, ¶ 35, 143 P.3d 283; Smith v.

Frandsen, 2004 UT 55, ¶ 12, 94 P.3d 919. Utah law also recognizes that no duty to disclose exists where parties deal at arm's length and the underlying facts are reasonably within the knowledge of both parties. Sugarhouse Fin. Co. v. Anderson, 610 P.2d 1369, 1373 (Utah 1980); see also Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp., 850 P.2d 447, 453–54 (Utah 1993). Long pleads an arm's-length commercial relationship among sophisticated parties engaged in leases, guarantees, loans, and investor marketing. He does not plead a fiduciary relationship, statute, or any specific partial disclosure that created a duty to speak further. That point is especially strong here because Long's own admissions portray him as a licensed Utah real estate professional and principal of the entities structuring and marketing the transactions, not as an unsophisticated counterparty dependent on Defendants for protection.

The nondisclosure claim should be dismissed.

## G. THE DECLARATORY-RELIEF CLAIM FAILS AS DERIVATIVE.

Long seeks a declaration that, if he is liable to plaintiffs, Smith and Constantin are liable to him "to the same extent." (Third-Party Compl. [Doc. 162] ¶ 117). That request rises or falls with Long's indemnity theory and adds no independent substantive claim.

The Declaratory Judgment Act is procedural only; it enlarges available remedies but does not create substantive rights. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950); United Food & Com. Workers Union, Local 1564 v. Albertson's, Inc., 207 F.3d 1193, 1197–98 (10th Cir. 2000).

Because Long's substantive claims fail, his declaratory-relief count fails with them. Even if they survived, the declaratory claim would remain duplicative.

## H. TO THE EXTENT LONG'S FRAUD CLAIMS RELY ON PRE-2023 STATEMENTS, LONG HAS NOT PLEADED FACTS SUFFICIENT TO INVOKE UTAH'S DISCOVERY RULE.

Utah law imposes a three-year limitations period for claims seeking relief on the ground of fraud or mistake. Utah Code Ann. § 78B-2-305(1)(a)(iii). The statute further provides that such a claim does not accrue until the discovery of the facts constituting the alleged fraud or mistake. Id. § 78B-2-305(1)(d). Under Utah's statutory discovery rule for fraud, the limitations period begins when the plaintiff first has actual or constructive knowledge of the facts forming the basis of the alleged fraud. Russell Packard Dev., Inc. v. Carson, 2005 UT 14, ¶¶ 20–23, 108 P.3d 741. The Third-Party Complaint was filed in early 2026. Any alleged misrepresentation occurring before early 2023 is therefore presumptively outside the three-year limitations period unless Long pleads facts showing delayed discovery or some other basis to invoke the statute's discovery rule. Long has not done so.

Long alleges that certain alleged misrepresentations were made "on numerous occasions beginning in 2019." (Third-Party Compl. [Doc. 162] ¶ 131). But he pleads no specific facts explaining when he discovered the alleged falsity of those earliest statements, what triggered that discovery, what diligence he exercised, or why those alleged fraud theories remained latent until within three years of filing. A bare narrative of ongoing misconduct does not satisfy the pleading burden to invoke the statutory discovery rule.

Where a plaintiff seeks to rely on delayed discovery to avoid a limitations bar for older fraud allegations, especially in a fraud-based claim subject to Rule 9(b), the complaint should plead facts showing when and how the alleged fraud was discovered and why it could not have been discovered earlier through reasonable diligence.

At minimum, the Court should dismiss as untimely any fraud theory predicated on alleged misrepresentations made more than three years before the filing of the Third-Party Complaint. Alternatively, if the Court concludes the discovery-rule issue cannot be fully resolved on the

pleadings as to all fraud allegations, the Court should still recognize that Long has failed to plead discovery facts sufficient to salvage the earliest alleged statements.

## I. RELIEF REQUESTED AND FUTILITY

For the reasons above, dismissal without prejudice is appropriate under Rule 12(b)(5) as to Constantin if the Court concludes that Constantin has not been served. Dismissal without prejudice is also appropriate under Rule 12(b)(2) if the Court concludes it lacks personal jurisdiction over Constantin and Smith. If the Court reaches the Rule 12(b)(6) issues, dismissal is warranted because Long has failed to state a claim.

If the Court concludes that any Rule 12(b)(6) defect could theoretically be cured, dismissal should be without prejudice as to that claim unless and until Long identifies specific additional facts that would cure the defect. But if the Court concludes amendment would be futile as to any Rule 12(b)(6) claim, that claim should be dismissed with prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006).

## CONCLUSION

Long's Third-Party Complaint rests on an internally inconsistent theory. Long pleads himself as the principal of the entities that marketed and structured the transactions, yet seeks to recover as though he were merely a passive conduit with no independent knowledge and no fault. His own pleading forecloses that theory. The fraud allegations fail Rule 9(b)'s particularity requirements. The nondisclosure claim lacks the foundational element of duty. And the third-party claims are improper under Rule 14.

For these reasons, Third-Party Defendants Joshua Constantin and Justin Smith respectfully request that the Court:

1. dismiss the Third-Party Complaint against Constantin without prejudice under Rule 12(b)(5) for insufficient service of process;

2. dismiss the Third-Party Complaint against Constantin and Smith without prejudice under Rule 12(b)(2) for lack of personal jurisdiction;

3. in the alternative, dismiss the Third-Party Complaint under Rule 12(b)(6), including dismissal with prejudice to the extent the Court concludes amendment would be futile as to the legal defects identified herein;

4. if the Court concludes the third-party claims are improperly impleaded, dismiss them or, alternatively, strike or sever them under Rule 14(a)(4); and

5. grant such other and further relief as the Court deems just and proper.


DATED this 3rd day of June, 2026.

Respectfully submitted,
/s/ Joshua Constantin
Joshua Constantin, Pro Se
238 Solomon Drive, Building B
Slidell, LA 70458
Phone: (212) 380-1144
Email: lcajosh1@gmail.com

AND

/s/ Justin Smith
Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that on the 3rd day of June, 2026, we caused a true and correct copy of the foregoing Third-Party Defendants Joshua Constantin and Justin Smith's Motion to Dismiss Third-Party Complaint and Declarations in Support to be served upon all counsel of record via the Court's CM/ECF system.


<u>/s/ Joshua Constantin</u>
Joshua Constantin
Third-Party Defendant, Pro Se

AND

<u>/s/ Justin Smith</u>
Justin Smith
Third-Party Defendant, Pro Se

EXHIBIT A

Joshua Constantin, Pro Se
238 Solomon Drive, Building B
Slidell, LA 70458
Phone: (212) 380-1144
Email: lcajosh1@gmail.com

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN LONG, et al.,<br><br>Defendants.<br><br><br>KEVIN LONG,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JOSHUA CONSTANTIN and JUSTIN SMITH,<br><br>Third-Party Defendants. | EXHIBIT A<br><br>**DECLARATION OF JOSHUA CONSTANTIN IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen Chief<br><br>Magistrate Judge Cecilia M. Romero |

I, Joshua Constantin, declare as follows:

1. I am a Third-Party Defendant named in this action. I make this Declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated below.

2. I submit this Declaration solely in support of the Rule 12(b)(2) personal-jurisdiction portion of Third-Party Defendants Joshua Constantin and Justin Smith's Motion to Dismiss Third-Party Complaint. By appearing and joining in the Motion to Dismiss, I do not consent to personal jurisdiction in Utah and do not waive any jurisdictional defense.

3. I am a resident of the State of Louisiana. My current residential address is 238 Solomon Drive, Building B, Slidell, Louisiana 70458.

4. I have never resided in the State of Utah.

5. I do not own, lease, possess, or occupy any real property in the State of Utah.

6. I have never maintained an office, place of business, physical presence, telephone listing, or mailing address in the State of Utah.

7. I have never held a Utah driver's license, registered a vehicle in Utah, maintained a bank account in Utah, paid Utah state income taxes, or held a Utah professional license.

8. To the extent I had communications with Kevin Long regarding the transactions or allegations described in the Third-Party Complaint, those communications concerned Healthcare Solutions Management Group, Inc. ("HSMG"), Healthcare Solutions Holdings, Inc. ("HSH"), or related corporate business matters, and were undertaken in connection with my role with those entities, not for the purpose of creating personal obligations in Utah.

9. I have not conducted personal business in my individual capacity in Utah, and I have not purposefully directed individual business activities toward Utah in connection with the transactions or allegations described in the Third-Party Complaint.

10. I have not advertised, marketed, or solicited personal business in Utah in connection with the transactions or allegations described in the Third-Party Complaint.

11. To the extent I engaged in any business communications with Kevin Long, those communications occurred while I was physically located in Louisiana or elsewhere outside the State of Utah. I did not direct those communications specifically into Utah with the intent to create continuing personal obligations in that forum.

12. I have not designated an agent for service of process in Utah, and I am not registered or qualified to do business in Utah.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2026.


/s/ Joshua Constantin

Joshua Constantin

Third-Party Defendant, Pro Se

EXHIBIT B

Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PATTI KLAIR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN LONG, et al., <br><br> Defendants. | **EXHIBIT B** <br><br><br> **DECLARATION OF JUSTIN SMITH IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| KEVIN LONG, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> JOSHUA CONSTANTIN and JUSTIN SMITH, <br><br> Third-Party Defendants. | Case No. 2:23-cv-00407-AMA-CMR <br><br> Judge Ann Marie McIff Allen Chief <br><br> Magistrate Judge Cecilia M. Romero |

I, Justin Smith, declare as follows:

1. I am a Third-Party Defendant named in this action. I make this Declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the facts stated below.

2. I submit this Declaration solely in support of the Rule 12(b)(2) personal-jurisdiction portion of Third-Party Defendants Joshua Constantin and Justin Smith's Motion to Dismiss Third-Party Complaint. By appearing and joining in the Motion to Dismiss, I do not consent to personal jurisdiction in Utah and do not waive any jurisdictional defense.

Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

3. I am a resident of the State of Ohio. My current residential address is 1346 Iroquois Avenue, Mayfield Heights, Ohio 44124.

4. I have never resided in the State of Utah.

5. I do not own, lease, possess, or occupy any real property in the State of Utah.

6. I have never maintained an office, place of business, physical presence, telephone listing, or mailing address in the State of Utah.

7. I have never held a Utah driver's license, registered a vehicle in Utah, maintained a bank account in Utah, paid Utah state income taxes, or held a Utah professional license.

8. I have not traveled to or been physically present in the State of Utah for any purpose, business, personal, or otherwise, during the time period relevant to the transactions or allegations described in the Third-Party Complaint.

9. To the extent I had communications with Kevin Long regarding the transactions or allegations described in the Third-Party Complaint, those communications concerned Healthcare Solutions Management Group, Inc. ("HSMG"), Healthcare Solutions Holdings, Inc. ("HSH"), or related corporate business matters, and were undertaken in connection with my role with those entities, not for the purpose of creating personal obligations in Utah.

Page | 21

Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

10. I have not conducted personal business in my individual capacity in Utah, and I have not purposefully directed individual business activities toward Utah in connection with the transactions or allegations described in the Third-Party Complaint.

11. I have not advertised, marketed, or solicited personal business in Utah in connection with the transactions or allegations described in the Third-Party Complaint.

12. To the extent I engaged in any business communications with Kevin Long, those communications occurred while I was physically located in Ohio or elsewhere outside the State of Utah. I did not direct those communications specifically into Utah with the intent to create continuing personal obligations in that forum.

13. To the extent I executed any agreement with Millrock Investment Fund 1, LLC or any Long-related entity in connection with the transactions described in the Third-Party Complaint, including any loan agreement, I did so in a representative capacity for Healthcare Solutions Management Group, Inc., Healthcare Solutions Holdings, Inc., or related corporate entities, except to the extent any document expressly states otherwise on its face.

14. To the extent I executed any lease agreements in connection with the transactions described in the Third-Party Complaint, including the Keller Lease, Naperville Lease, or Kennesaw Lease, I did so in a representative capacity for Healthcare Solutions Management Group, Inc., Healthcare Solutions Holdings, Inc., or related corporate

Justin Smith, Pro Se
1346 Iroquois Avenue
Mayfield Hts., OH 44124
Phone: (240) 242-7709
Email: justin.landes@gmail.com

entities, except to the extent any document expressly states otherwise on its face. The properties subject to those leases are located in Texas, Illinois, and Georgia, not Utah.

15. I have not designated an agent for service of process in Utah, and I am not registered or qualified to do business in Utah.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2026.


/s/ Justin Smith
Justin Smith
Third-Party Defendant, Pro Se