Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah  84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
sschultz@strongandhanni.com
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE SELF STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, | **MARY STREET AND CAMS REALTY, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT** |
| Plaintiffs, | Civil No.: 2:23-cv-00407 |
| v. | Judge Ann Marie McIff Allen |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; | Magistrate Judge Cecilia M. Romero |

SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

Defendants.

Defendants Mary Street and CAMS Realty, LLC (collectively "Moving Parties") submit this reply memorandum in support of their motion to dismiss all Plaintiffs' Complaints against them.

**1. Plaintiffs are correct that Moving Parties were added on March 26, 2025, but service was still untimely under Rule 4(m).**

The Moving Parties inadvertently incorrectly stated that they were included as Defendants in the original Complaint. Plaintiffs' Memorandum in Opposition (hereinafter "Opposition") correctly pointed this error, and  Moving Parties' counsel apologizes to the Court and counsel.

2

The Moving Parties were added to the case when the First Amended Complaint was filed on March 26, 2025. Therefore, the time under Rule 4(m) for service of the Moving Parties concluded 90 days thereafter on June 24, 2025. Summonses were issued on the Moving Parties on April 21, 2026 – 391 days after the First Amended Complaint was filed. Service was effected on the Moving Parties on May 27, 2026 – 427 days after the First Amended Complaint was filed.[1]  It is interesting, however, that Plaintiffs point to an email copied to the Moving Parties' counsel dated August 15, 2024,[2] as a basis for finding the Moving Parties were aware of this case even though they were not named as parties until late March 2025.

In any event, service was untimely under Rule 4(m), and the  principle that filing a second amended complaint does not re-start the 90-day deadline is applicable.

### 2.  The Failure to Timely Serve is not Cured by Late Service

Plaintiffs' argument that the service issue has been cured because they served the Moving Parties 427 days after the First Amended Complaint was filed is counterintuitive. If late service cures late service there would be no need for Rule 4(m).

### 3.  The Moving Parties Object to Plaintiffs' suggestion that they made it difficult for service to be effected.

Plaintiffs assert that the Moving Parties' "initially proved difficult to serve" based on Plaintiffs' counsel's Declaration that the process server's report that "Mary Street resided in a gated community and that the process server had been unable to access her residence to complete personal service."[3] The Declaration is hearsay under Rule 801(c), Fed. R. Evid.  Further, Mary

---

[1] Doc. 265-266.
[2] Doc. 283, Opposition, at 9.
[3] Doc. 283, Opposition at 4.

Street and/or CAMS Realty, LLC have been served in several related cases involving these same issues in Utah, Idaho and California without apparent difficulty.[4]

### 4. Plaintiffs have not shown good cause.

In addition to the *Pitcher v. C&H Distributing Co.* case cited in the Moving Parties' Motion,[5] other case law from the Utah Federal District Courts quite uniformly shows that there is no good cause for service, for example in this case, more than 300 days after the 90-day deadline for service after filing the First Amended Complaint.[6] In one of the cases cited by Plaintiffs, *Padilla v. Walgreen Hasting Co.,* the court held that there was no good cause where service was made approximately 40 days after the deadline,[7] stating that [t]he good cause provision . . . should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."[8] And even though Ms. Padilla claimed sharp practice against Defendant for waiting until after the deadline for service had passed to refuse to waive service, the court found that service

---

[4] *See e.g., Grant v. Long, et al*, Civil No. 2:23-cv-00936 (D. Utah) at Doc. 12 (summons served on Mary Street on 2-29-2024 at 1351); *Devlin et al v. Colliers International Group, Inc. et al*, Civil No. 1:24-cv-00457-REP (D. Idaho) at Doc. 13-14 (summons served on Mary Street and CAMS Realty, LLC on October 12, 2024 at 6535 North 5750 West, American Fork, UT 84003, which is the same address at which service was effected in the instant case on May 27, 2026); *Thart, et al v. Colliers International Group, Inc., et al*, Civil No. 2:24-cv-10876-JLS-E (C.D. Cal.) at Doc. 13 (service effected on CAMS Realty, LLC by serving Mary Street on December 31, 2024, at 6535 North 5750 West Street, American Fork, Utah 84003).

[5] Moving Parties Motion, Doc. 240 at 6.

[6] *See e.g. SMHG Phase I, LLC v. Eisenberg*, Case No. 1:22-cv-00035-DBB-JCB, 2024 WL 1578193 (D. Utah March 15, 2024) (unpublished), (no good cause for service 31 days after the 90-day deadline); *Seegmiller v. City of St. George*, Civil No. 4:25-cv-000057-AMA-PK, 2026 WL 1296107 (D. Utah May 12, 2026) (unpublished) (no good cause for service "around three weeks beyond the 90-day time period[.]")

[7] *Padilla v. Walgreen Hasting Co.*, No. CIV 08-1110 JB/CEG, 2009 WL 2951025 at *4-5 (D. New Mexico Aug. 11, 2009) (unpublished).

[8] *Id*. at * 5 (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).

40 days later did not constitute meticulous effort. In the instant, case Plaintiffs cannot show they exercised the meticulous effort required by the Tenth Circuit.

**5.  The Court should not excuse Plaintiffs' late service.**

As noted above, while Plaintiffs correctly pointed out that the Moving Parties were not made parties until the March 26, 2025, First Amended Complaint was filed, Plaintiffs also assert that an email to the Moving Parties' counsel in August 2024 regarding a 30(b)(6) deposition of Millcreek that put the Moving Parties on notice of the lawsuit justifies denying the motion to dismiss. But being on notice of a lawsuit in which one is not a named party is hardly a basis for exercising discretion to deny the motion to dismiss where there is no good cause. And the fact that the Moving Parties were named as Defendants in other cases involving different plaintiffs should not excuse the late service by Plaintiffs in this case.

Plaintiffs also apparently argue that the Court should exercise its discretion to deny the motion because the Moving Parties allegedly first informed Plaintiffs that their counsel would not waive/accept service after filing the motion to dismiss. Plaintiffs cite the *Padilla* case in support. But while the *Padilla* court did exercise discretion and grant an extension despite the absence of good cause, there "the defendant allegedly refrained from taking action on the waiver request until the service period passed[.]"[9] That is not our case. And even if it was, the Returns of Service show that Plaintiffs' process server "rang doorbell on gate with no answer" at Mary Street's residence on May 7, 2026 – *six days before* the motion to dismiss was filed on May 13, 2026.[10] So neither

---

[9] Doc. 283, Opposition, at 8.
[10] Docs. 240, 265 and 266.

the filing of the Motion to Dismiss nor counsel's subsequent refusal to accept service triggered Plaintiffs' efforts to serve.

Regarding prejudice, the fact that the Moving Parties are defendants in several other related cases is not evidence of no prejudice. Quite the contrary because this case with its 253-page second amended complaint creates another burden on the Moving Parties. While the vast majority of the claims in this and the other cases have nothing to do with the Moving Parties' conduct,[11] the cost to defend is great. As such, while litigating as opposed to not litigating might not be prejudicial in some situations, here it is prejudicial.

For example, "[b]y delaying service for fifteen months, plaintiff, in essence, has extended the period for damages. [¶] Accordingly, under this scenario, the Court concludes that defendant would be prejudiced and this factor weighs in favor of dismissal."[12] In another case, the court dismissed the case for failure to timely serve, finding actual prejudice because "Damages, if won, will have continued to accrue over the year that it took [plaintiff] to effectuate service. Thus, the Defendant would suffer prejudice should [plaintiff] be granted an extension."[13] In the instant case, Plaintiffs allege damages in largely uncalculated amounts "to be determined at trial," including in some claims, for general damages, treble damages, punitive damages and for pre-judgment interest, all of which increase with the passage of time and the delay in the case.

---

[11] For example, the Moving Parties were not involved in the sale of the tenant-in-common interests at issue under the state and federal securities laws and other fraud-related allegations.

[12] *See Warrior Imports, Inc. v. 2 Cave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016).

[13] *Paluso v. Perdue*, Civil Action No. 5:17-CV-00169-TBR, 2019 WL 2479658, *12 (W.D. Kentucky June 12, 2019) (unpublished).

## CONCLUSION

The Moving Parties respectfully request that their Motion to Dismiss be granted.

DATED this 17th day of June, 2026.

STRONG & HANNI

*/s/ Stuart H. Schultz*
Stuart H. Schultz
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2026, a true and correct copy of the foregoing **MARY STREET AND CAMS REALTY, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE SUMMONS AND COMPLAINT** was furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice by electronic filing to all counsel of record

*/s/ LaNae Holland*