Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Kevin Long*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK | **MOTION FOR ALTERNATIVE SERVICE ON THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN** <br><br><br> Case No. 2:23-cv-00407-AMA-CMR <br><br> Judge Ann Marie McIff Allen <br> Magistrate Judge Cecilia M. Romero |

INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

    Defendants.

KEVIN LONG,

    Third-Party Plaintiff,

v.

JOSHUA CONSTANTIN, an individual, JUSTIN SMITH, an individual, EMANUEL BUTERA, an individual, and JAMESON LLC dba AMERICAN DEVELOPMENT PARTNERS, a Tennessee limited liability company,

Third-Party Defendants.

Defendant and Third-Party Plaintiff Kevin Long ("Long") hereby submits this Motion for Alternative Service on Third-Party Defendant Joshua Constantin (the "Motion").

2

## PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, Long hereby moves the Court to permit alternative service of his Third-Party Complaint [Dkt. No. 162] (the "Third-Party Complaint") on third-party defendant Joshua Constantin ("Constantin") by (1) mailing, without requesting a return receipt, a copy of the Third-Party Complaint, Third-Party Summons, and any order of the Court authorizing alternative service to Constantin's home address at 238 Solomon Drive, Slidell, LA 70458 (the "Slidell Address"); and (2) emailing the foregoing documents to Constantin's email address, which is lcajosh1@gmail.com.

As grounds for the Motion, Long states as follows: (1) Long's counsel diligently attempted to serve Constantin by hiring a process server who made seven attempts to serve Constantin but could not do so because his residence is gated; (2) Long's counsel also attempted to serve Constantin via United States Postal Service ("USPS") Certified Mail; (3) Long moved the Court to extend the deadline to serve Constantin before the time under Rule 4(m) expired, and that motion remains pending before the Court; (4) Constantin has already responded to the Third-Party Complaint; and (5) good cause exists to believe that Constantin is avoiding service of process and/or cannot be served by conventional means.

## FACTS

1.      On June 21, 2023, Plaintiffs filed their initial Complaint. [*See* Dkt. 1.]

2.      On March 26, 2025, pursuant to Court order, Plaintiffs filed their First Amended Complaint. [Dkt. 114.]

3.      On March 31, 2025, before any Defendant had responded to the First Amended Complaint, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. [Dkt. 118.]

4.      Additionally, Defendant Kevin Long filed an unopposed Motion for Leave to File Amended Answer and Third-Party Complaint [Dkt. 117] on March 31, 2025. That motion was granted on February 18, 2026. [Dkt. 155.]

5.      On February 25, 2026, Long filed his Third-Party Complaint [Dkt. 162] against Emanuel Butera ("Butera"), Jameson LLC d/b/a American Development Partners ("ADP"), Joshua Constantin ("Constantin"), and Justin Smith ("Smith"; collectively with Butera, ADP, and Constantin, (the "Third-Party Defendants").

6.      The Motion for Leave to File Second Amended Complaint was granted on February 20, 2026 [Dkt. 156] and the Second Amended Complaint was filed February 27, 2026 [Dkt. 158].

7.      In their Stipulated Motion to Extend Fact Discovery Deadline filed on March 27, 2026 [Dkt. 178], Plaintiffs and Defendants acknowledged that "fact discovery could not be efficiently conducted or completed until after the Court resolved the status of the operative pleadings," and asked the Court to extend the fact discovery deadline to "until nine months after deciding any responsive motions to the Second Amended Complaint or the Third-Party Complaint (i.e., motions to dismiss)."

8.      The Parties' Stipulated Motion to Extend Fact Discovery Deadline was granted on March 30, 2026 [Dkt. 183].

9.      Fact discovery is currently stayed in this lawsuit under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B) (the "PSLRA") as there are multiple pending motions to dismiss. [*See, e.g.*, Dkts. 173, 179, 180, 181, 287, and 288.]

10.     On May 22, 2026, upon application by Long, summonses were issued by the

Clerk of Court for the Third-Party Defendants. [Dkts. 252; 254–56.]

11.     On May 22, 2026, Long, through his counsel, hired ICU Investigations and Process Service, a civil process service company, to serve the Third-Party Defendants with process as required under Rule 4(m) of the Federal Rules of Civil Procedure. *See also* Declaration of Terry E. Welch ("Welch Decl."), attached hereto as Exhibit A at ¶ 2.

12.     Smith was personally served by a process server on May 22, 2026. [Dkt. No. 279.]

13.     May 26, 2026, was Long's deadline to serve his Third-Party Complaint under Rule 4(m).

14.     On May 26, 2026, Long timely filed his Motion for Extension of Time to Serve Third-Party Complaint [Dkt. No. 258], which remains pending before the Court.

15.     On May 28, 2026, the process serving company hired by Long's counsel to serve Constantin emailed Long's counsel an "Affidavit of Non-Service," detailing the attempts made to personally serve Constantin. A true and correct copy of the Affidavit of Non-Service is attached hereto as Exhibit B.  *See also* Welch Decl. at ¶ 3.

16.     The process server attempted to serve Constantin once on May 22, twice on May 23, twice on May 25, once on May 26, and once on May 27. [*See* Ex. B.]

17.     However, Constantin's "property is gated with a code entrance only (no camera or bell)." [*Id.*]

18.     On May 25, 2026, Constantin even "responded to [the process server's] request to enter [the] subdivision gate by remotely opening [the] gate" but then failed to meet the process server, even after the process server left a voicemail and texted Constantin. [*See id.*]

19.     On May 28, 2026, Long's counsel sent Constantin a mailing containing the Third-Party Complaint, Third-Party Summons, and Plaintiffs' Second Amended Complaint, via USPS Certified Mail, to the Slidell Address. A true and correct copy of the USPS tracking information regarding this mailing is attached hereto as Exhibit C. *See also* Welch Decl. at ¶ 4.

20.     On or about June 1, 2026, the USPS entered a tracking entry stating, "No Access to Delivery Location." [Ex. C.]

21.     On or about June 2, 2026, the USPS entered a tracking entry stating, "Notice Left (No Authorized Recipient Available)." [*Id.*]

22.     On June 2, 2026, attorney Christopher M. Von Maack emailed Long's counsel executed Waiver of the Service of Summons forms for third-party defendants Butera and ADP, which Long's counsel filed with the Court. [Dkts. 281–82.]

23.     On June 8, 2026, Constantin and Smith filed their Motion to Dismiss Third-Party Complaint and Memorandum in Support [Dkt. No. 290] (the "Motion to Dismiss"), which is approximately 14 substantive pages long.

24.     In the Motion to Dismiss, Constantin moves to dismiss the Third-Party Complaint based on purported insufficient service of process, among multiple other grounds, including Rules 12(b)(2), 12(b)(6), and 14(a)(4) of the Federal Rules of Civil Procedure. [*See* Motion to Dismiss at 1–2.]

25.     On June 8, 2026, Constantin submitted an "Email Filing and Electronic Notification Form for Unrepresented Parties," which means that he will "receive notice of case activity from the court by email." [Dkt. 289, at p. 1.] That notice lists his address as "238 Solomon Dr, Slidell, LA, 70458" and his email address as lcajosh1@gmail.com. [*Id.*]

## ARGUMENT

**I.      Long Should Be Permitted to Serve Constantin via Alternative Means.**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be accomplished "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Since this Court is located within the State of Utah, service may be accomplished following Rule 4(d)(5) of the Utah Rules of Civil Procedure, which provides in relevant part:

> **(5) Other service.**
>
> (A) If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.
>
> (B) If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5).

Long has undertaken "reasonably diligent efforts" to locate and serve Constantin. *See C504750P LLC v. Baker*, 2017 UT App 36, ¶ 10, 397 P.3d 599. Long's counsel hired a process server to personally serve Constantin, and that process server made seven attempts between May

22 and May 27, 2026, to serve Constantin with process at the Slidell Address. Facts ¶¶ 11, 15–16. However, the gate around the Slidell Address frustrated the process server's attempts to serve Constantin, and the process server was ultimately unable to successfully accomplish service. *Id.* ¶¶ 15, 17. And despite remotely opening the gate to the subdivision for the process server, Constantin failed to meet the process server or respond to his voicemail or text message(s). *Id.* ¶ 18. Long's counsel also attempted to serve Constantin via USPS Certified Mail, but the USPS has been unable to deliver the mailing to Constantin at the Slidell Address. *Id.* ¶¶ 19–21.

Despite raising improper service of process as a defense in the Motion to Dismiss, Constantin was nevertheless able to file his Motion to Dismiss, which is approximately 14 substantive pages long. *Id.* ¶¶ 23–24. It does not seem possible that Constantin would be able to file such a motion without having a copy of the Third-Party Complaint, and notably, it is a joint motion with Smith who was successfully served on May 22, 2026. *Id.* ¶¶ 12, 23. Accordingly, it is highly likely that Constantin already has a copy of the Third-Party Complaint despite not formally being served in accordance with Rule 4(m). As such, there is no conceivable basis upon which Constantin could possibly be prejudiced by alternative service. As set forth above, not only was he able to timely respond to the Third-Party Complaint, but fact discovery in this lawsuit is currently stayed under the PSLRA, and the discovery deadline does not lapse until *nine months* after the Court decides any responsive motions to Plaintiffs' Second Amended Complaint or Long's Third-Party Complaint. *Id.* ¶¶ 7–9.

Constantin is clearly aware of the Third-Party Complaint, but he is evading service and/or cannot be served via conventional means. Therefore, Long should be allowed to serve Constantin via alternative means. Accordingly, Long moves to authorize service by (1) mailing a copy of the

8

Third-Party Complaint, Third-Party Summons, and the Court's order authorizing alternative service to Constantin at 238 Solomon Drive, Slidell, LA 70458, without requesting a return receipt; and (2) emailing a copy of those documents to Constantin at lcajosh1@gmail.com. Because Constantin himself included that information in his recently filed Email Filing and Electronic Notification Form for Unrepresented Parties, service by such alternative means is especially appropriate. *See id.* ¶ 25. Further, Constantin will receive electronic notice of this Motion along with any order entered by the Court, all but ensuring that he will receive fair notice. *See id.*

## CONCLUSION

For the foregoing reasons, the Motion should be granted, and the Court should enter an order allowing Long to serve Constantin by the above-listed alternative methods.

RESPECTFULLY SUBMITTED on June 24, 2026.

PARR BROWN GEE & LOVELESS, P.C.


*/s/ Terry E. Welch*
Terry E. Welch
Bentley J. Tolk
Rodger M. Burge
C. Chase Wilde

*Attorneys for Kevin Long*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2026, I caused a true and correct copy of the foregoing **MOTION FOR ALTERNATIVE SERVICE ON THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN** to be filed via the court's electronic filing system which automatically provides notice to counsel of record and any other individual registered to receive electronic notifications of case activity, which includes Joshua Constantin per Dkt. 289.

*/s/ Terry E. Welch*