WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
ANDREW R. WELCH, #14028
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Andrew.Welch@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATTI KLAIR, ROBERT MERS, ROBERT \BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE, LLC, KURTIS TRENT MANNING LIVING TRUST, | **DEFENDANTS LEW CRAMER, MATTHEW HAWKINS, GIL BOROK, AND DAVID JOSKER'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Civil No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |
|     Plaintiffs, | |
| V. | |
| KEVIN LONG, MILLCREEK COMMERCIAL LLC, COLLIERS INTERNATIONAL, ANDREW BELL, TREVOR WEBER, SPENCER TAYLOR, BLAKE MCDOUGAL, SCOTT RUTHERFORD, EQUITY SUMMIT GROUP, ELEVATED SUMMIT GROUP, ELEVATED 1031, MILLROCK INVESTMENT FUND 1, LLC, MILLROCK | |

178871416.1

| INVESTMENT FUND 1 MANAGEMENT, LLC, KGL REAL ESTATE DEVELOPMENT PLLC, BRENT SMITH, MARY STREET, CAMS REALTY, LLC, MOUNTAIN WEST COMMERCIAL REALTY, LLC, STEVE CATON, SARC US, INC., SCOTT KING, MERIT COMMERCIAL REAL ESTATE, LLC, MARK MACHLIS, LADY MIRA BLUE MACHLIS, HELLO BELLO, LLC, SAMUEL DUKE, KGL ADVISORS, LLC     Defendants. | |

Defendants Lew Cramer, Gil Borok, Matthew Hawkins, and David Josker (collectively, the "Moving Defendants"), by and through undersigned counsel, respectfully request this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims against them in Plaintiffs' Second Amended Complaint ("SAC") with prejudice.

The SAC is a 253-page pleading classic case of a catch-all shotgun pleading. Plaintiffs attempt to impose liability on high-level Colliers executives and regional officers for an alleged fraudulent Tenant-in-Common ("TIC") investment scheme carried out by Defendant Kevin Long and his Millcreek affiliates.[1] With respect to Defendants Josker, Borok, and Hawkins, the SAC only brings a claim for Negligence (Fourteenth Cause of Action).[2] With respect to Defendant Cramer, the SAC brings claims for federal and state securities fraud (First through Fourth and Sixth Causes of Action), Conspiracy to Engage in Tortious Misconduct (Twelfth Cause of Action), Aiding and Abetting Tortious Misconduct (Thirteenth Cause of Action), and Rico Claims (Seventeenth Cause of Action).

---

[1] See Generally SAC.

[2] SAC ¶¶ 1078-1087.

178871416.1

The SAC fails as to each Moving Defendant because it relies on impermissible group pleading.[3] The SAC lumps the Moving Defendants into the amorphous "Colliers/Long Parties" or generic defendants categories.[4] As a whole, the SAC fails to allege with the particularity required by Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA") any false statement or any specific deceptive or manipulative act committed by Moving Defendants.[5] Nor does the SAC allege facts giving rise to a strong inference of scienter.[6]

Tenth Circuit precedent governing Rule 9(b) and the PSLRA requires dismissal of claims based on this type of generalized and collective pleading.[7] The few specific acts attributed to the Moving Defendants include, inter alia, approving a partnership agreement and routine draw payments for sales agents.[8] These amount to mere ordinary business activities, not fraudulent statements or deceptive acts. No Plaintiff is alleged to have even communicated with any of the Moving Defendants, let alone receive a specific misrepresentation from any of them.[9] Plaintiffs have failed to plead in accordance with Rule 9 or the PLRSA as to the Moving Defendants.[10] Accordingly, all claims against them should be dismissed.

---

[3] See *TDC Lending v. Private Capital Group, LLC*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018)(PLSRA requires scienter be alleged "expressly with respect to each defendant and each violation).

[4] SAC ¶ 71.

[5] *Supra,* at fn. 1.

[6] Id.

[7] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016)).

[8] SAC ¶¶ 14–16, 20, 174, 1147.

[9] *Supra,* at fn. 1.

[10] *Supra,* at fn. 6.

The remaining claims against Cramer must fail because they are rooted in the same fraud. In addition, Utah courts do not recognize a claim for aiding and abetting tortious conduct.[11] The Moving Defendants' Motion is supported by the following Memorandum of Points and Authorities.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES.</u></strong>

## I.      FACTUAL BACKGROUND

The SAC alleges that beginning around 2020, Kevin Long, through Millcreek Commercial Properties, LLC and related entities, in concert with certain Colliers personnel, marketed TIC interests in three commercial properties in Kennesaw, GA; Naperville, IL; and Keller, TX.[12] The SAC further alleges that various defendants made misrepresentations in connection with the sale or marketing of these TIC investments.[13] However, most of the core misrepresentations and omissions are not attributed to any one Defendant.[14] By and large, the allegations are attributed to "the Colliers/Long Parties" as a group or to Long/Millcreek sales agents specifically.[15] The SAC's allegations against Moving Defendants are very limited and do not allege any misrepresentations by any Moving Defendant.

For example, David Josker is named a Defendant.[16] The allegations against him are that he is a California resident, President of Western Region Brokerage for Colliers; "approved draw

---

[11] *Rabo Agrifance, Inc. v. Bliss*, 227 F. Supp. 1249, 1253 (D. Utah 2017).

[12] SAC PP. 1–5 (Introduction).

[13] Id. (including that the properties were safe, had secure 1031-exchange investments with "dream tenants," long-term triple-net leases, corporate guarantees, and were backed by corporate bonds).

[14] SAC ¶¶ 293-332

[15] *See, e.g.*, SAC ¶¶ 954 (listing misrepresentations), 955 ("Defendants all made the material misrepresentations..."), 962 (participation in the "scheme").

[16] SAC ¶ 14.

178871416.1

payments for sales agents selling TIC offerings"; and is an officer in a Colliers North Texas subsidiary.[17] There are no allegations that he had any participation in scheme or made any representations to Plaintiffs.[18]

Gil Borok has also been named a Defendant in this case. Yet, the only allegations against him are that he is an individual residing in California and is listed on Colliers' website as President and CEO of Colliers USA division.[19] The SAC also alleges that Borok is a manager of CII and Colliers International North Texas.[20] The SAC does not allege any facts demonstrating control or management authority of Kevin Long or his Millcreek team.[21]

Similarly, Mat Hawkins is named as a defendant. The only allegations Plaintiff can muster against Hawkins are that he is a Toronto resident, Vice President and Legal Counsel for Colliers International Group, Inc. ("CIGI"), manager of CII and other entities and provides responsibilities include oversight of legal matters for North American subsidiaries.[22] Again, the SAC does not allege any facts demonstrating Hawkins was aware of any facts giving rise to the claims, nor that he participated in any of the misrepresentations.[23]

Lew Cramer is also named as a Defendant, and the SAC's allegations against him are similarly scarce. According to the SAC, Cramer is a Utah resident and was an agent/representative of Colliers.[24] Cramer also worked with Long at CBC Advisors before it was acquired by Colliers

---

[17] SAC ¶¶ 14–16, 20.

[18] See Generally SAC.

[19] SAC ¶¶ 10, 12.

[20] SAC ¶¶ 11, 18. SAC ¶¶ 10, 12, 18, 21.

[21] See Generally SAC.

[22] SAC ¶¶ 9, 13, 19, 21.

[23] Supra, fn. 18.

[24] SAC ¶ 63.

in 2017.[25] Cramer later became CEO of Colliers' Utah division.[26] The SAC also states that Cramer "approved the terms of an agreement whereby Colliers partnered with Kevin Long and his affiliates" and mentored sales agents in the TIC Program.[27] Like the others, the SAC does not allege any facts demonstrating Cramer was aware of any facts giving rise to the claims, nor that he participated in any of the misrepresentations.

The Fourteenth Cause of Action (Negligence) specifically names Borok, Hawkins, Josker, and Cramer and makes conclusory allegations against them. According to the SAC, Moving Defendants "had the authority to direct and exercised substantial control," and "failed to regulate, control, observe, train, monitor, supervise, or maintain appropriate and necessary safeguards."[28] The SAC also states that Moving Defendants knew or should have known about, and negligently allowed, the scheme.[29] Plaintiffs plead no facts supporting these conclusory allegations.[30] No Plaintiff is alleged to have spoken with, received a document from, or relied on any specific statement by any Moving Defendant.[31]

## II.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate if the complaint, viewed in the light most favorable to plaintiffs, "lacks enough facts to state a claim to relief that is plausible on its face."[32]

---

[25] SAC ¶ 159-163.

[26] Id.

[27] SAC ¶ 174.

[28] SAC ¶¶ 1078–1082 (pp. 234–236).

[29] Id.

[30] Id.

[31] Id.

[32] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).

A claim has facial plausibility only when plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33]

Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud," including "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[34] This particularity requirement applies to all claims "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct."[35]

The PSLRA imposes additional heightened pleading requirements on private securities fraud actions. The complaint must specify each statement alleged to have been misleading, [and] the reasons why the statement is misleading.[36] In addition, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[37]

To satisfy Rule 9(b), a complaint must include facts showing "'the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences' of the false representations."[38] The purpose of the rule is "to afford [a] defendant fair notice of a plaintiff's claims and the factual grounds supporting those claims."[39]

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[34] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[35] *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004).

[36] 15 U.S.C. § 78u-4(b)(1).

[37] 15 U.S.C. § 78u-4(b)(1)–(2).

[38] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016)).

[39] *George*, 833 F.3d at 1255.

The elements of a private securities fraud claim under Rule 10b-5(b) are: (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages because of that reliance.[40]

Under Rule 10b-5(b), liability is limited to defendants who actually "make" an untrue statement. The Supreme Court has defined the "maker of a statement" as "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."[41]

The elements of scheme liability under Rule 10b-5(a) and (c) require a plaintiff to allege: "(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance."[42] Such allegations are also subject to the heightened pleading standards of Rule 9(b).[43]

## III.   ARGUMENT

### A. The SAC Fails to State a Federal Securities Fraud Claim (First Cause of Action) Against Defendant Cramer.

The First Cause of Action asserts violations of § 10(b) and Rule 10b-5 against a long list of defendants that includes Lew Cramer (and, by group pleading, implicates the other Moving

---

[40] *In re Overstock Sec. Litig.*, 119 F.4th 787, 799 (10th Cir. 2024) (quoting *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012)).

[41] *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

[42] *In re Overstock Sec. Litig.*, 119 F.4th at 801 (quoting *Plumber & Steamfitters Loc. Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021)).

[43] *Id.* (citing *Combs v. SafeMoon LLC*, No. 2:22-CV-00642-DBB-JCB, 2024 WL 1347409, at *15 (D. Utah Mar. 29, 2024)).

Defendants).[44] It alleges both misrepresentation liability under Rule 10b-5(b) and scheme liability under (a) and (c).

### 1. The SAC Relies on Impermissible Shotgun and Group Pleading.

The SAC's structure is classic shotgun pleading. Each cause of action incorporates by reference all preceding paragraphs and then attributes the alleged misconduct to "Defendants" or the "Colliers/Long Parties" collectively, without identifying what any individual Moving Defendant is alleged to have done, said, known, or failed to do. This fails to give each defendant fair notice of the factual and legal bases for the claims against him, in violation of Rule 8(a).[45]

The SAC also violates Rule 9(b) and the PSLRA by relying on group pleading. It fails to identify any specific false statement or omission made by any Moving Defendant. Generalized allegations that the "Colliers/Long Parties" made misrepresentations do not satisfy the requirement that a plaintiff "identify particular defendants with whom they dealt directly."[46] The SAC attributes the allegedly false statements "Defendants," "the Colliers/Long Parties," or the marketing materials generally.[47]

### 2. There Are No Allegations of Direct Communication or Personal Involvement by Borok, Hawkins, or Josker, and the Allegations Against Cramer Are Insufficient.

The SAC does not allege the "who, what, when, where, and how" required by Rule 9(b).[48] The SAC does not allege that Gil Borok, Matthew Hawkins, David Josker, or Cramer had any

---

[44] SAC at 202–206.

[45] *See Southwell v. Allstate Property and Cas. Co.*, 2020 WL 4287194, at *2 (D. Colo.); *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015).

[46] *Arena Land & Inv. Co. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994).

[47] *See, e.g.*, SAC ¶¶ 954–955, 962.

[48] *Kock v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000); *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

direct communication with any Plaintiff, made any statement to any Plaintiff, or were personally involved in any sales transaction or marketing effort.[49]

The few instances of specific allegations against any Moving Defendant merely allege them being employed at a Colliers entity in some capacity and performing corporate functions. For example, Cramer is alleged only to have approved high-level partnership terms and mentored various sales agents, which are ordinary corporate functions that do not constitute fraudulent conduct or give rise to scienter.[50] Josker merely approved draw payments for sales agents.[51] And Borok and Hawkins simply held high-level managerial and legal roles at Colliers parent and subsidiary levels.[52]

These allegations fail to provide fair notice or satisfy the identity-of-the-speaker requirement.[53] Instead, the SAC creates an ad hoc group of seventeen unrelated individuals and entities, and treats statements by any member as statements of the group as a whole. This approach is facially inconsistent with the requirement that a complaint identify the party making the false statement and fails to give each defendant fair notice of the claims against them.[54] Under *Janus*, only the person or entity with "ultimate authority over the statement" is its "maker" for Rule 10b-5(b) purposes.[55] The SAC fails to allege that any Moving Defendant had such authority over the marketing materials or sales pitches.

---

[49] SAC ¶¶ 9–21 (pp. 8–9).

[50] SAC ¶¶ 174, 178 (p. 30), 250(a). ; ¶ 1147.a (p. 250).

[51] SAC ¶ 16

[52] SAC ¶¶ 11–13.

[53] *See George*, 833 F.3d at 1255; *Clinton*, 63 F.4th at 1277.

[54] *See Clinton*, 63 F.4th at 1277; *George*, 833 F.3d at 1254–55.

[55] 564 U.S. at 142.

**4. The SAC Fails to Plead a Strong Inference of Scienter as to Any Moving Defendant.**

The PLSRA requires scienter to be alleged expressly with respect to each defendant and each violation.[56] A complaint will survive only if a "reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged."[57] General statements that high-level Colliers officers "should have known" about problems in a subsidiary's program based solely on their position fall short of pleadings facts showing scienter.[58] The SAC contains no particularized facts giving rise to a strong inference that any Moving Defendant acted with intent to defraud or recklessness.

**5. There is no basis for Scheme Liability Claims Against Moving Defendants.**

To the extent Plaintiffs attempt to plead scheme liability under Rule 10b-5(a) or (c), the SAC fails to allege any specific deceptive or manipulative act committed by any Moving Defendant.[59] The Supreme Court has held that dissemination of false statements with intent to defraud can fall under Rule 10b-5(a) and (c) even if the disseminator did not "make" the statements under 10b-5(b).[60] However, it is not enough to merely allege that a scheme exists. the complaint must also state facts showing that the defendant "committed a deceptive or manipulative act" in furtherance of that scheme, pled with particularity under Rule 9(b).[61]  Scheme liability requires particularized allegations that **each defendant** committed a "deceptive or manipulative act" in

---

[56] *TDC Lending v. Private Capital Group, LLC*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018); 15 U.S.C. § 78u-4(b)(2)(A).

[57] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

[58] *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1263–64 (10th Cir. 2001); 15 U.S.C. § 78u-4(b)(2); *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1096 (10th Cir. 2003)..

[59] *Lorenzo v. SEC*, 587 U.S. 71 (2019); *In re Overstock Sec. Litig.*, 2023 WL 6318197, at *8 (D. Utah Sept. 28, 2023).

[60] *Lorenzo*, 587 U.S. at 78.

[61] *In re Overstock Sec. Litig.*, 119 F.4th at 801; *Combs*, 2024 WL 1347409, at *15.

furtherance of the scheme.[62]   The SAC's allegations that these defendants provided oversight, mentored agents, approved terms, or held managerial positions are not deceptive acts.[63] Accordingly, Plaintiffs have not and cannot state a claim for fraud against Moving Defendants.

**B.      Plaintiffs' Second Cause of Action must fail because the SAC does not plead that Lew Cramer participated in the sale of any securities.**

Section 12(a)(1) provides a cause of action against any person who offers or sells a security in violation of Section 5's registration requirements.[64]   Yet, the SAC pleads absolutely zero facts showing that Lew Cramer ever sold a security or otherwise participated in the sale the of the TIC investments.

**C.      The SAC Fails to State a Control Person Claim (Third Cause of Action) Against the Defendant Cramer.**

The Third Cause of Action asserts control person liability under § 20(a) against, *inter alia*, Lew Cramer and the other Moving Defendants by group pleading.[65] Section 20(a) requires (1) a primary violation of the securities laws by a controlled person, and (2) control by the defendant over that person plus culpable participation.[66] Because the SAC fails to plead a primary § 10(b) violation with particularity, and because the control allegations are wholly conclusory ("had authority," "exercised actual control," "participated in business operations generally") the claim fails.[67]

---

[62] *In re Overstock Sec. Litig.*, 119 F.4th at 801.

[63] *Supra*, at fn. 17-24.

[64] 15 U.S.C. § 77(m).

[65] SAC at 208–210.

[66] *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998).

[67] SAC ¶¶ 972–977; *Maher*, 144 F.3d at 1305.

        **D.**       **The Remaining Claims Fail for the Same Particularity Deficiencies (or Related Pleading Failures).**

        1. **State Law Securities Fraud and Sale of Unregistered Securities (Second and Fourth Causes of Action)**.

These claims rest on the identical group-pleaded misrepresentations and omissions already shown to be insufficient under Rule 9(b) and the PSLRA for the federal securities claim. State securities claims sounding in fraud or misrepresentation are subject to the same particularity requirements.[68] The SAC does not identify any specific untrue statement or omission made by any Moving Defendant in connection with the offer or sale of the TIC interests.[69]

        2. **Civil Conspiracy (Twelfth Cause of Action)**.

The tort of civil conspiracy requires proof of five elements by clear and convincing evidence: "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.".[70] Parallel conduct or generalized allegations of association and close business associates are insufficient to plead an agreement.[71] When the underlying tort sounds in fraud, Rule 9(b) particularity applies to the conspiracy allegations as well. The SAC contains no particularized facts showing that any Moving Defendant entered into an agreement with knowledge of the alleged fraud.

---

[68] *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997); *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023).

[69] *Supra*, at fn. 18.

[70] *Pyper v. Reil*, 2018 UT App. 200, ¶ 16.

[71] *Twombly*, 550 U.S. at 556–57 (parallel conduct and conclusory allegations of conspiracy do not suffice).

3. **Aiding and Abetting Tortious Conduct (Thirteenth Cause of Action)**.

Aiding and abetting of tortious is conduct is not a cause of action recognized by Utah courts.[72]  Accordingly, this cause of action against Lew Cramer must be dismissed.

4.  **RICO Claims (Seventeenth Causes of Action)**

RICO claims predicated on fraud are subject to the heightened pleading requirements of Rule 9(b).[73] The SAC fails to allege with particularity any predicate act committed by any Defendant Cramer. The only specific act attributed to a Defendant Cramer is approving the terms of a partnership agreement is not a predicate act. Generalized allegations of participation in the "Colliers/Long TIC Program" or conspiracy to commit RICO violations are insufficient to plead the required pattern, enterprise, or predicate acts with particularity.[74]

E.        **Negligence and Negligent Supervision (Fourteenth Cause of Action)**.

Although negligence claims are generally governed by Rule 8, they must still contain sufficient factual matter to state a plausible claim under *Iqbal* and *Twombly*.[75] Conclusory allegations that high-level officers "failed to regulate, control, observe, train, monitor, [or] supervise" (SAC at 234–236) are precisely the type of "formulaic recitation of the elements" and "naked assertion[s]" that *Iqbal* and *Twombly* deem insufficient. Moreover, corporate officers and directors generally owe fiduciary duties to the corporation and its shareholders, not directly to remote third-party investors in transactions conducted by subsidiaries or affiliates, absent direct

---

[72] *Rabo Agrifance, Inc. v. Bliss*, 227 F. Supp. 1249, 1253 (D. Utah 2017).

[73] *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).

[74] *Id.*

[75] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

participation in the specific wrongdoing or a special relationship not alleged here.[76] The allegations in the Fourteenth Cause of Action against Borok, Hawkins, Josker, and Cramer are purely conclusory group pleading.[77] High-level corporate officers generally owe no direct duty of care to remote third-party investors absent direct participation in the wrongdoing or a special relationship not alleged here.[78] Conclusory allegations of failure to "regulate, control, observe, train, monitor, supervise, or maintain appropriate and necessary safeguards" are insufficient under *Iqbal* and *Twombly*.

### F.      Unjust Enrichment (Eighteenth Cause of Action).

Unjust enrichment requires (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation or knowledge by the defendant of the benefit, and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.[79] All Plaintiffs offer are conclusory allegations that the Moving Defendants "received a benefit" in the form of commissions or compensation.[80] Without particularized facts showing that any benefit was obtained through wrongful conduct attributable to them individually, the allegations fail to state a plausible claim under *Iqbal*.[81] Routine compensation for legitimate brokerage or oversight activities does not constitute unjust enrichment.

---

[76] *See, e.g., Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958) (officers not personally liable for corporate acts absent direct participation).

[77] SAC ¶¶ 1078–1082 (pp. 234–236).

[78] *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958).

[79] *Howard v. Manes*, 2013 UT App. 208, ¶30.

[80] SAC ¶¶ 1151–1156.

[81] 556 U.S. at 678.

## V. CONCLUSION

For the foregoing reasons, the SAC fails to state any plausible claim against Lew Cramer, Gil Borok, Matthew Hawkins, or David Josker. The Motion to Dismiss should be granted in its entirety, with prejudice.

DATED:  June 26, 2026                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By:  */s/ Douglas C. Smith*
      William B. Helfand
      Douglas C. Smith
      Andrew R. Welch
      *Attorneys for Defendant*
      *Colliers International Group*


## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS LEW CRAMER, MATTHEW HAWKINS, GIL BOROK, AND DAVID JOSKER'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.


/s/ Belle Wade

178871416.1