Joshua Constantin, Pro Se
238 Solomon Drive, Building B
Slidell, LA 70458
Phone: (212) 380-1144
Email: lcajosh1@gmail.com

FILED
2026 JUL 6 PM 5:12
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, et al.,<br>　　　Plaintiffs,<br>v.<br>KEVIN LONG, et al.,<br>　　　Defendants.<br><br>KEVIN LONG,<br>　　　Third-Party Plaintiff,<br>v.<br>JOSHUA CONSTANTIN, et al.<br>　　　Third-Party Defendants. | **THIRD-PARTY DEFENDANTS JOSHUA CONSTANTIN'S OPPOSITION TO KEVIN LONG'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

Third-Party Defendant Joshua Constantin respectfully submits this Opposition to Kevin Long's Motion for Alternative Service on Third-Party Defendant Joshua Constantin.

## **INTRODUCTION**

Long's Motion for Alternative Service should be denied. Long asks the Court to authorize alternative service after the Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") service deadline expired, while his separate motion for an extension of time remains pending, and while Constantin's Rule 12(b)(5), Rule 12(b)(2), Rule 12(b)(6), and Rule 14(a)(4) motion to dismiss remains pending.

Long's motion also overreaches. It attempts to convert unsuccessful service attempts at a gated residence into an inference that Constantin is "evading" service. That inference is unsupported. A gated residence is not evasion. Nor is a defendant's decision to preserve threshold defenses through a timely Rule 12 motion evidence of evasion or waiver.

Constantin does not concede that service has been properly made, does not waive his Rule 12(b)(5) defense, does not consent to personal jurisdiction in Utah, and does not waive any argument raised in the pending Motion to Dismiss Third-Party Complaint.

## <u>RELEVANT BACKGROUND</u>

1. Long filed his Third-Party Complaint on February 25, 2026.

2. On May 22, 2026, summonses were issued for the Third-Party Defendants.

3. Long states that his deadline to serve the Third-Party Complaint under Rule 4(m) was May 26, 2026.

4. Long states that he filed a Motion for Extension of Time to Serve Third-Party Complaint on May 26, 2026, and that the motion remains pending.

5. Long states that a process server attempted to serve Constantin several times between May 22 and May 27, 2026, but was unable to complete service because the property is gated.

6. Long further states that Constantin allegedly opened the subdivision gate remotely on May 25, 2026, but that the process server did not complete service.

7. Long also attempted service by USPS Certified Mail, but the tracking reflected "No Access to Delivery Location" and "Notice Left."

8. On June 8, 2026, Constantin and Justin Smith filed their Motion to Dismiss Third-Party Complaint and Memorandum in Support. That motion expressly preserved Constantin's defenses under Rule 12(b)(5), Rule 12(b)(2), Rule 12(b)(6), and Rule 14(a)(4).

9. Long filed the present Motion for Alternative Service on June 24, 2026.

## <u>ARGUMENT</u>

**A. LONG HAS NOT SHOWN GOOD CAUSE TO FIND THAT CONSTANTIN IS AVOIDING SERVICE.**

Federal Rule of Civil Procedure 4(e)(1) permits service by following state law for serving a summons in the state where the district court is located or where service is made. Long relies on Utah Rule of Civil Procedure 4(d)(5), which allows alternative service only where the moving party shows that the person's identity or whereabouts are unknown and cannot be ascertained through reasonable diligence, that service is impracticable under the circumstances, or that there is good cause to believe the person is avoiding service.

Utah courts require a showing of reasonably diligent efforts before alternative service is warranted. See *C504750P LLC v. Baker*, 2017 UT App 36, ¶ 10, 397 P.3d 599. Reasonable diligence requires a party to take advantage of readily available sources of relevant information to locate and serve the defendant. *Id.*

Long does not contend that Constantin's identity is unknown. Long does not contend that Constantin's whereabouts are unknown. To the contrary, Long's motion identifies Constantin's residential address and email address. Long's motion therefore depends on the claim that ordinary service was impracticable or that Constantin is avoiding service.

The record does not support a finding of intentional evasion. Long's motion shows, at most, unsuccessful attempts at a gated residence and unsuccessful certified mail delivery. A gated residence does not establish evasion. Nor does a failed certified-mail attempt establish evasion. Long's own evidence defeats his evasion theory. Long admits that Constantin remotely opened the subdivision gate for the process server on May 25, 2026. A person attempting to evade service does not grant a process server access to their secure community. Long provides no explanation for why his process server failed to complete service once the gate was open. This act demonstrates awareness and a willingness to permit access, not concealment.

Long's process server made no attempts after May 27, 2026. Long did not file this Motion until

June 24, 2026, 28 days later. During that interval, Long's motion does not identify any further

steps to serve Constantin, any attempt to coordinate service by telephone or email using the

contact information identified in Long's own motion, including the email address Long now asks

the Court to approve. Those facts do not support a finding of reasonable diligence or intentional

evasion.

Long's assertion that Constantin is "clearly aware" of the lawsuit because he filed a Rule 12

motion does not establish evasion. Rule 12 expressly allows a defendant to raise insufficient

service of process, lack of personal jurisdiction, failure to state a claim, and other defenses before

answering. A defendant does not waive service or jurisdiction defenses merely by appearing to

assert them.

## B. ACTUAL NOTICE DOES NOT CURE DEFECTIVE SERVICE OR WAIVE CONSTANTIN'S RULE 12(b)(5) DEFENSE

Long relies heavily on the fact that Constantin filed a motion to dismiss. But actual notice and

formal service are not the same thing. Service of process is the procedural mechanism by which

a court obtains authority over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

526 U.S. 344, 350–51 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104

(1987).

Constantin's Rule 12 motion did not waive his service defense. Constantin expressly raised

insufficient service of process under Rule 12(b)(5). He also challenged personal jurisdiction

under Rule 12(b)(2), failure to state a claim under Rule 12(b)(6), and the propriety of impleader

under Rule 14(a)(4). Those defenses remain pending.

Long cannot use Constantin's preservation of defenses as a basis to retroactively validate

defective service. If that were allowed, a defendant would face an unfair choice: either preserve

threshold defenses and risk having that preservation treated as proof that alternative service is unnecessary or improper, or remain silent and risk default. Rule 12 does not require that choice.

**C. LONG'S MOTION SHOULD NOT BE USED TO BYPASS RULE 4(m).**

Long states that his Rule 4(m) deadline expired on May 26, 2026, and that his motion for extension of time remains pending. The Court should not allow the Motion for Alternative Service to bypass or predetermine the Rule 4(m) issue.

Rule 4(m) provides that if a defendant is not served within the service period, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time; if the plaintiff shows good cause, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Constantin acknowledges that the Court retains discretion to extend the Rule 4(m) deadline even absent a showing of good cause. Espinoza v. United States, 52 F.3d 838, 840-41 (10th Cir. 1995). That discretion, however, should be exercised on the record actually presented. Long possessed Constantin's residential address and contact information throughout the service period, made no service attempt after May 27, 2026, identified no further service efforts during the 28 days before filing this Motion, and never attempted to coordinate acceptance of service. If the Court is nonetheless inclined to extend the deadline, any extension should be conditioned on the prospective, defense-preserving limitations described in Section E below.

If service was not completed within Rule 4(m)'s deadline, Long must obtain appropriate relief under Rule 4(m). Alternative service cannot retroactively cure a missed service deadline unless the Court first grants an extension of time or otherwise determines that service may proceed. The

pending Rule 4(m) issue should be resolved directly, not folded into an alternative-service order in a way that prejudices Constantin's pending Rule 12(b)(5) motion.

At minimum, any alternative-service order should be prospective only. It should not state or imply that prior service was effective. It should not moot Constantin's pending Rule 12(b)(5) argument except to the extent future service is properly completed under a valid court order. And it should not affect Constantin's personal-jurisdiction, Rule 12(b)(6), or Rule 14 defenses.

## D. ALTERNATIVE SERVICE WOULD NOT CURE THE INDEPENDENT DEFECTS RAISED IN THE MOTION TO DISMISS.

Even if the Court permits alternative service, it would not cure the independent, fatal defects already briefed in Constantin's pending Motion to Dismiss. Alternative service is merely a procedural mechanism; it does not establish personal jurisdiction over Constantin in Utah, it does not cure Long's improper impleader under Rule 14, and it does not salvage Long's deficient fraud and indemnity claims. Constantin respectfully requests that the Court ensure any order regarding alternative service does not moot, waive, or prejudge the substantive arguments in the pending Motion to Dismiss.

## E. IF THE COURT AUTHORIZES ALTERNATIVE SERVICE, THE ORDER SHOULD BE NARROW AND EXPRESSLY PRESERVE ALL DEFENSES

If the Court is inclined to authorize alternative service, Constantin respectfully requests that the order include limiting language to avoid prejudice. Specifically, the order should provide that:

Alternative service is authorized prospectively only;

Service is complete only upon strict compliance with the Court's order;

The order does not retroactively validate any prior defective service;

The order does not waive, moot, or prejudice Constantin's pending Rule 12(b)(5), Rule 12(b)(2), Rule 12(b)(6), or Rule 14(a)(4) arguments;

The order does not constitute a finding that Constantin intentionally evaded service; and

The order does not establish personal jurisdiction over Constantin.

Such limitations are necessary because Long's motion seeks more than a neutral service mechanism. It asks the Court to infer evasion and relies on Constantin's defensive filing as though it were a waiver. The Court should reject those inferences.

## **CONCLUSION**

For the foregoing reasons, Constantin respectfully requests that the Court deny Long's Motion for Alternative Service. In the alternative, if the Court authorizes alternative service, Constantin requests that the Court enter only a narrow prospective order preserving all pending defenses, making no finding of intentional evasion, and clarifying that any alternative service does not establish personal jurisdiction or cure the defects raised in Constantin's pending Motion to Dismiss.

DATED this 6th day of July, 2026.

Respectfully submitted,
/s/ Joshua Constantin
Joshua Constantin, Pro Se
238 Solomon Drive, Building B
Slidell, LA 70458
Phone: (212) 380-1144
Email: lcajosh1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2026, I caused a true and correct copy of the foregoing THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN'S OPPOSITION TO KEVIN LONG'S MOTION FOR ALTERNATIVE SERVICE to be served on all counsel of record through the Court's CM/ECF system.

/s/ Joshua Constantin
Joshua Constantin
Third-Party Defendant, Pro Se