Keith M. Woodwell (7353)
Katherine E. Pepin (16925)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tel./Fax: (801) 322-2516
kmw@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendants Mark Machlis
and Lady Mira Blue Machlis*

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

---

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE SELF STORAGE LLC, KURT TRENT MANNING LIVING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL; SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED | **DEFENDANTS MARK MACHLIS AND LADY MIRA BLUE MACHLIS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00407<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| 1031; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC, <br><br>      Defendants. | |

Pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and DUCivR 7-1, Defendants Mark Machlis and Lady Mira Blue Machlis (together, the "**Machlis Defendants**") hereby move the Court to dismiss with prejudice the Second Amended Complaint (the "**SAC**") filed by Plaintiffs in this matter.

## INTRODUCTION

The Machlis Defendants move to dismiss all claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' claims against the Machlis Defendants[1] fall into five general categories: (1) claims sounding in fraud, including securities fraud (COAs 1 and 3); (2) other state securities violations (COAs 4, 5, and 6); (3) the sale of

---

[1] COAs 7, 8, 9, 10, 11, 14, and 15 were not asserted against the Machlis Defendants and, thus, are not addressed in this Motion.

2

unregistered securities (COA 2); (4) state common law claims (COAs 12, 13, and 18); and (5) federal civil RICO claims (COAs 16 and 17).

The Machlis Defendants ask the Court to dismiss the SAC on the following grounds: (1) the fraud claims against the Machlis Defendants are not pled with the particularity required by Fed. R. Civ. P. 9(b), and the securities fraud claims do not satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("**PSLRA**"); (2) the securities claims brought under state law do not involve a security under Utah law and otherwise do not meet the required pleading standard; (3) the claim for the unregistered securities has not been brought within the applicable statute of limitations; (4) the claims for conspiracy to engage in tortious conduct, aiding and abetting tortious conduct, and unjust enrichment fail to plausibly state a claim against the Machlis Defendants; and (5) the RICO claims are barred by the PSLRA.

**STATEMENT OF RELEVANT FACTS[2]**

1.      Plaintiffs allege that the Machlis Defendants were "close business associates" of the Colliers/Long Parties because the Machlis Defendants were prior owners of TIC interests in the Keller Property and had invested in the Colliers/Long TIC Program as development and investment partners. *See* SAC ¶ 95.

2.      Plaintiffs allege generally that the Machlis Defendants, together with other "previous owners," some of whom are not identified, are "affiliates" of Millcreek Commercial that "intentionally aided the development and execution of the Colliers/Long TIC Program,

---

[2] The Machlis Defendants dispute the factual allegations pled against them in the SAC by Plaintiffs. However, solely for the purposes of this Motion, the Machlis Defendants accept the allegations as true. *See Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

3

including through the development, marketing, and/or sale of Colliers/Long TIC offerings, including those in this case." *Id*. ¶ 311.

3. However, the SAC fails to allege any specific actions taken by the Machlis Defendants in connection with the Colliers/Long TIC Program, beyond selling their TIC interest in one of three properties identified in the SAC: a commercial property in Keller, Texas (the "**Keller Property**"). The other two properties identified in the SAC are in Kennesaw, Georgia (the "**Kennesaw Property**") and Naperville, Illinois (the "**Naperville Property**"). *See generally*, SAC.

4. Instead, Plaintiffs allege that the Machlis Defendants, together with other "previous owners," sold their TIC interests at "a drastically inflated rate," thereby receiving a direct financial benefit from the Colliers/Long TIC Program. *Id*. ¶ 312, 809.

5. Kevin Long purportedly described the Machlis Defendants and others as his "development partners" or "investment partners." *Id*. ¶ 813.

6. Plaintiffs allege that, simply by virtue of "their close association and partnership with the other Colliers/Long Parties," the Machlis Defendants "knew or should have known" about the misrepresentations made by the Colliers/Long Parties, and failed to disclose unidentified "material defects" to Plaintiffs.   *Id*. ¶¶ 814–15.

7. However, the SAC fails to allege any specific representations made by the Machlis Defendants to any Plaintiff. *See generally*, SAC.

8. In fact, the SAC fails to allege that the Machlis Defendants met or spoke with any Plaintiff, or that the Machlis Defendants were present for or witnessed any misrepresentation or omissions made by any other party. *Id*.

9.      Only twelve (12) out of the 1,156 numbered paragraphs in the SAC specifically reference either of the two Machlis Defendants. *See* SAC, ¶¶ 93–95, 311–12, 807–09, 813–15, 943.

10.      The Machlis Defendants sold their TIC Interest in the Keller Property to Plaintiff Tony Schaker in January 2022. *See* SAC ¶¶ 126, 478–486; *see also* Defendant Kevin Long's Motion to Dismiss Second Amended Complaint, ECF No. 179, at ¶ 16, Ex. P.

11.      However, the SAC fails to allege that the Machlis Defendants ever met with or spoke to Plaintiff Tony Schaker. *See id*. Instead, the SAC alleges that Connie Greenawalt made material misrepresentations and omissions to Plaintiff Tony Schaker. *See id*.

## ARGUMENT

For purposes of a 12(b)(6) motion, "all well-pleaded factual allegations in [the complaint] are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994); *see also Intermountain Stroke Center, Inc. v. Intermountain Health Care, Inc.*, 2014 WL 1320281, at *2 (D. Utah March 31, 2014). Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires "more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).

4922-1989-0101, v. 3

Additionally, the court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## I.  PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED. (COA 1 and 3)

When alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This Court has recognized that "[t]his particularity requirement is especially important in cases involving multiple defendants … since each defendant is entitled to know precisely what it is the plaintiff claims he did wrong." *Cook v. Zions First Nat. Bank*, 645 F. Supp. 423, 424 (D. Utah 1986).

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud[.]" *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (abrogated on other grounds). The complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). "[I]ndividual plaintiffs should identify particular defendants with whom they dealt directly[,]" and "designate the occasions on which affirmative statements were allegedly made to them—and by whom …" *Arena Land & Inv. Co., Inc. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994).

Similarly, this Court has previously articulated the heightened pleading standard required of plaintiffs claiming securities fraud in violation of Section 10(b):

> When alleging fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." This requires a plaintiff to "set forth the who, what, when, where and how of the alleged fraud" and describe "the time, place, and contents of the

4922-1989-0101, v. 3

> false representation, the identity of the party making the false statements and the consequences thereof."
>
> A plaintiff claiming a violation of Section 10(b) must further allege the defendant acted with scienter, which the Tenth Circuit defines as "intent to defraud or recklessness." Recklessness is "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."
>
> A plaintiff alleging securities fraud must also meet the rigorous pleading requirements of the [PSLRA]. The complaint must "specify each statement alleged to have been misleading" as well as "the reason or reasons why the statement is misleading." The plaintiff must also meet a "more stringent rule for pleading scienter" by stating "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." An inference of scienter is "strong" under the PSLRA if it is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."

*TDC Lending LLC v. Private Capital Group, Inc.*, 340 F. Supp. 3d 1218, 1224 (D. Utah Sept.13, 2018) (internal citations omitted). A claim for securities fraud under Section 10(b) has five elements:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*Id*. at 1225 (quoting *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003)).

First, the SAC fails to allege that either of the Machlis Defendants made any specific untrue or misleading statements of material fact, or that the Machlis Defendants ever directly communicated with any Plaintiff. Instead, the SAC makes only general conclusory allegations and improper group pleadings regarding the Machlis Defendants' involvement in the

4922-1989-0101, v. 3

Colliers/Long TIC Program. The SAC directly references the Machlis Defendants only twelve times, and none of those references relate to any specific statements made by the Machlis Defendants, let alone allege the time, place, contents, or manner in which any purported representations were false or misleading.

Second, the SAC fails to allege facts giving rise to a strong inference of scienter required by the PSLRA. There are no facts from which a finder of fact could conclude that either of the Machlis Defendants acted with the intent to defraud or with recklessness. Accordingly, any claims sounding in fraud and securities fraud must be dismissed against the Machlis Defendants, and the first and third causes of action must be dismissed.

## II. PLAINTIFFS' SALE OF UNREGISTERED SECURITIES CLAIM MUST BE DISMISSED BECAUSE IT WAS NOT FILED PRIOR TO THE EXPIRATION OF THE APPLICABLE STATUTE OF LIMITATIONS. (COA 2)

A claim for the sale of unregistered securities under Section 12 of the Securities Act must be brought within one year: "No action shall be maintained … if the action is to enforce a liability created under 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based." *See* 15 U.S.C. § 77m.  The sale of the alleged unregistered security is the event that starts this one-year limitations period. The Machlis Defendants sold their TIC interest in the Keller Property to Plaintiff Tony Schaker in January 2022. Therefore, any action for the sale of the alleged unregistered security must have been filed by January 2023. Plaintiffs commenced this action by filing their original Complaint on June 21, 2023. See ECF No. 1. Accordingly, Plaintiffs' Section 12(a)(1) claim is time barred, and the second cause of action must be dismissed as a matter of law.

**III.    PLAINTIFFS' COMMON LAW CLAIMS BROUGHT UNDER STATE LAW SHOULD BE DISMISSED. (COA 12, 13, and 18)**

    **a.    Plaintiffs' Conspiracy and Aiding/Abetting Claims Should Be Dismissed Because Plaintiffs Failed to Adequately Allege an Underlying Tort. (COA 12 and 13)**

Plaintiffs' claims for conspiracy and aiding and abetting tortious conduct fail because they are dependent on viable fraud claims, which Plaintiffs have failed to allege against the Machlis Defendants. *See* Section I, *supra*.  "To establish a claim of civil conspiracy, five elements must be shown: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages[.]" *Estrada v. Mendoza*, 275 P.3d 1024, 1029 (Utah Ct. App. 2012) (internal quotations and citation omitted). Fatal to Plaintiffs' claims, "[t]he claim of civil conspiracy requires, as one of its essential elements, an underlying tort." *Id.* (cleaned up). And, where "plaintiffs have not adequately pleaded any of the basic torts they allege[,] dismissal of their civil conspiracy claim is appropriate." *Id.* (internal quotations omitted). When that underlying tort is fraud, "the fraud must be pleaded with particularity, even though in this context the fraud is simply an element of the claim rather than the claim itself." *Caroles v. Sabey*, 79 P.3d 974, 983 (Utah Ct. App. 2003). Similarly, aiding and abetting is not a "viable independent caus[e] of action that can survive on [its] own." *Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at *9 n.32 (D. Utah June 13, 2025).

Because Plaintiffs' Twelfth and Thirteenth Causes of Action rely on the SAC's underlying fraud allegations and because the SAC failed to adequately allege fraud with particularity against the Machlis Defendants, these claims cannot survive on their own and must be dismissed.

4922-1989-0101, v. 3

### b. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed. (COA 18)

Plaintiffs' Eighteenth Cause of Action for unjust enrichment should be dismissed for failure to state a claim upon which relief can be granted against the Machlis Defendants. Under Utah law, "[t]o state a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'" *Hess v. Johnson*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)). Under *Iqbal*, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint that merely alleges "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" should be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (cleaned up).

In the SAC, Plaintiffs allege that the Machlis Defendants, together with other "previous owners," sold their TIC interests at "a drastically inflated rate," thereby receiving a direct financial benefit from the Colliers/Long TIC Program and at the expense of Plaintiffs. *See SAC*, ¶ 312, 809. However, Plaintiffs have failed to allege which—if any—Plaintiff conferred a direct benefit upon the Machlis Defendants. Instead, they allege the Machlis Defendants sold their TIC interest to unidentified Plaintiffs. Critically, the SAC does not allege that the Machlis Defendants knew that the TIC interest was being sold at a drastically inflated rate. Therefore, it would not be unjust for the Machlis Defendants to retain the money they received for selling their TIC interest. Thus, Plaintiffs' Eighteenth Cause of Action for unjust enrichment must be dismissed.

4922-1989-0101, v. 3

## IV.   PLAINTIFFS' RICO CLAIMS ARE BARRED BY THE PSLRA AND SHOULD BE DISMISSED. (COA 16 and 17)

The federal RICO claims asserted by Plaintiffs in their Sixteenth and Seventeenth Causes of Action fail to state claims against the Machlis Defendants with particularity for the same reasons that Plaintiffs failed to allege with particularity that the Machlis Defendants engaged in fraud: they rely on general allegations, conclusions, and group pleadings.

Additionally, Plaintiffs are barred from asserting federal RICO claims for conduct that is actionable under the PSLRA as securities fraud. "The PSLRA amended RICO to provide that 'no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [RICO]." *Bixler v. Foster*, 596 F.3d 751, 759 (10th Cir. 2010) (quoting Pub. L. No. 104-67, § 107, 109 Stat. 737, 758 (Dec. 22, 1995), *amending* 18 U.S.C. § 1964(c). Courts have therefore applied the PSLRA bar to conduct that would have been actionable as securities fraud, even if the acts that form the basis of liability would independently qualify as mail fraud or wire fraud under the federal criminal law. *See Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 327 (3rd Cir. 1999).

Plaintiffs explicitly assert claims for federal securities fraud, so on the face of the Complaint the PSLRA bar applies to the RICO claims. Plaintiffs should not be allowed to circumvent the heightened PSLRA requirements for securities disputes. Plaintiffs should only be exempted from the PSLRA bar on pleading RICO causes of action only if (and, if so, when) the Court determines that Plaintiffs' claims do not rely on "any conduct that would have been actionable as fraud in the purchase or sale of securities." *See Bixler*, 596 F.3d at 759.

11

4922-1989-0101, v. 3

V.    **PLAINTIFFS' STATE SECURITIES CLAIMS FAIL BECAUSE THE TIC INTERESTS AT ISSUE ARE NOT SECURITIES. (COA 4, 5 and 6)**

Plaintiffs' claims for state law securities fraud and for state law securities violations fail because TIC interests are expressly exempted from the definition of a "security" under the Utah Uniform Securities Act. In the 2005 General Session, the Utah Legislature passed Senate Bill 64, which specifically exempted TIC interests from the definition of "security" in the Utah Uniform Securities Act.[3] The current definition of "security" in the Act includes the following exclusion:

> "Security" does not include …
>
> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or
>
> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.

Utah Code Ann. § 61-1-13(1)(ee)(ii). Here, the SAC alleges that Plaintiffs were fraudulently induced to purchase TIC interests in the various properties, which were combined with a long-term lease and management agreement. These TIC interests are undivided, fractionalized long-term estate in real property. Based on the statutory exclusion from the definition of a "security," Plaintiffs TIC interests are not a security under Utah law and, therefore, cannot support a claim for state law securities fraud or a violation of the Utah Uniform Securities Act.

---

[3] https://le.utah.gov/~2005/bills/static/SB0064.html

Alternatively, even if the TIC interest sold by the Machlis Defendants could be considered a "security" under Utah law, COA 4, 5, and 6 should be dismissed for failure to adequately plead these causes of action. COA 4 for securities fraud fails for the same pleading deficiencies described in Section I, *supra.* COA 5 for sale of a security by an unlicensed broker or investment adviser fails because the SAC fails to allege that the Machlis Defendants received any commission, fee, or other transaction-based compensation necessary for a finding that the Machlis Defendants meet the definition of a "broker-dealer" or "investment adviser" under Utah Code Ann. § 61-1-13. COA 6 for materially aiding state-law securities fraud fails as to the Machlis Defendants because it relies on the underlying securities fraud cause of action.

## **CONCLUSION**

Based on the foregoing, the Machlis Defendants ask the Court to dismiss the SAC on the following grounds: (1) the fraud claims against the Machlis Defendants are not pled with the particularity required by Fed. R. Civ. P. 9(b), and the securities fraud claims do not satisfy the heightened pleading requirements of the PSLRA; (2) the securities claims brought under state law do not involve a security under Utah law and otherwise do not meet the required pleading standard; (3) the claim for the unregistered securities has not been brought within the applicable statute of limitations; (4) the claims for conspiracy to engage in tortious conduct, aiding and abetting tortious conduct, and unjust enrichment fail to plausibly state a claim against the Machlis Defendants; and (5) the RICO claims are barred by the PSLRA.

4922-1989-0101, v. 3

DATED:        July 20, 2026.

CLYDE SNOW & SESSIONS

_/s/ Keith M. Woodwell_
Keith M. Woodwell
Katherine E. Pepin

_Attorneys for Defendants Mark Machlis
and Lady Mira Blue Machlis_

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2026, a true and correct copy of the foregoing

**DEFENDANTS MARK MACHLIS AND LADY MIRA BLUE MACHLIS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** was filed and therefore served electronically via the Court's electronic filing system on all counsel of record.

/s/ *Doug J. Layne*
DOUG J. LAYNE
Legal Assistant

15

4922-1989-0101, v. 3