Terry E. Welch (5819) twelch@parrbrown.com
Bentley J. Tolk (6665) btolk@parrbrown.com
Rodger M. Burge (8582) rburge@parrbrown.com
C. Chase Wilde (17546) cwilde@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Kevin Long*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATTI KLAIR, ROBERT MYERS, ROBERT BARNES, ERIC CARNRITE, ELIZABETH HILL-D'ALLESSANDRO, ROBERT TANNEHILL, DITAS TANNEHILL, JOSE REMENTERIA, TEENA REMENTERIA, CHARLES BRAUER, LAURA BRAUER, KAREN MARION, KATHERINE MADERA, CARL MCQUEARY, LYNN MCQUEARY, DONALD PATTERSON, KURTIS TRENT MANNING, TONY SCHAKER, PATRICK WHITE, HILDEGARD WHITE, QUEST REALTY TRUST, SECURE STORAGE LLC, KURTIS TRENT MANNING LIVING TRUST, | **REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE ON THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN** |
| Plaintiffs, | Case No. 2:23-cv-00407-AMA-CMR |
| v. | Judge Ann Marie McIff Allen |
| | Magistrate Judge Cecilia M. Romero |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; ANDREW BELL; TREVOR WEBER; SPENCER TAYLOR; BLAKE MCDOUGAL, SCOTT RUTHERFORD; EQUITY SUMMIT GROUP; ELEVATED 1031; MILLROCK | |

INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; KGL REAL ESTATE DEVELOPMENT PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; BRENT SMITH; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC US, INC.; EMANUEL BUTERA; JAMIE BUTERA; JAMESON, LLC DBA AMERICAN DEVELOPMENT PARTNERS; SCOTT KING; MERIT COMMERCIAL REAL ESTATE, LLC; MARK MACHLIS; LADY MIRA BLUE MACHLIS; HELLO BELLO, LLC; SAMUEL DUKE; KGL ADVISORS, LLC,

        Defendants.

---

KEVIN LONG,

      Third-Party Plaintiff,

v.

JOSHUA CONSTANTIN, an individual, JUSTIN SMITH, an individual, EMANUEL BUTERA, an individual, and JAMESON LLC dba AMERICAN DEVELOPMENT PARTNERS, a Tennessee limited liability company,

Third-Party Defendants.

---

Defendant and Third-Party Plaintiff Kevin Long ("Long") hereby submits this reply memorandum in support of his Motion for Alternative Service on Third-Party Defendant Joshua Constantin [Dkt. 295] (the "Motion").

2

**INTRODUCTION**

In his opposition to the Motion [Dkt. 308] ("Opposition"), Third-Party Defendant Joshua Constantin ("Constantin") does not dispute the facts that matter. Long's process server attempted service seven times at Constantin's residence but was unable to get past the gate surrounding the property. [Motion, Facts ("Mot. Facts") ¶¶ 15–17.] Long also attempted service by certified mail, which likewise proved unsuccessful. [*Id.* ¶¶ 19–21.] Meanwhile, Constantin has appeared in this action, filed a substantive motion to dismiss, and confirmed both the residential and email addresses through which Long proposes to serve him through his subsequent filings with the Court. [*Id.* ¶¶ 23–25.] The record manifestly shows both that conventional service has proven impracticable and that the proposed alternative methods are highly likely to (indeed, will actually) reach Constantin.

Those circumstances readily satisfy Utah Rule of Civil Procedure 4(d)(5)(A), and in turn Federal Rule of Civil Procedure 4(e)(1). Under those rules, alternative service is permitted not only when a defendant is intentionally evading service, but also when personal service is "impracticable under the circumstances." Utah R. Civ. P. 4(d)(5)(A); *see also* Fed. R. Civ. P. 4(e)(1) (allowing service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"). Constantin's narrow focus on whether he intended to evade service therefore misses the point.

As requested in the Motion, mailing and emailing a copy the Summons, Third-Party Complaint, and any alternative service order to the very mailing address and email address Constantin has supplied to the Court are reasonably calculated to provide notice and will in no way prejudice Constantin, who will have nine full months to conduct fact discovery after his

motion to dismiss is decided. [Mot. Facts ¶¶ 7–9.] Further, Long is entitled to a mandatory extension of time to serve Constantin because he made diligent efforts to serve Constantin and alternatively should be granted a permissive extension because Constantin would not be prejudiced, the length of delay is minimal, and Constantin has actual notice of Long's claims. Accordingly, the Motion should be granted and Long should be allowed to serve Constantin via alternative means.

## ARGUMENT

The Opposition rests on a mistaken understanding of the law and does not meaningfully grapple with the governing standard set forth by courts for determining whether alternative service is appropriate or the framework set forth by the Tenth Circuit in *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995) for evaluating whether extensions of time for service should be granted under Rule 4(m) of the Federal Rules of Civil Procedure. Instead, Constantin conflates distinct legal issues, treating Long's request for alternative service as though it were an attempt to retroactively validate prior service or obtain a ruling on the other alleged defects raised in Constantin and Justin Smith's pending motion to dismiss. It is neither of those things. The questions before the Court are simply (1) whether, after Long exercised reasonable diligence but was unable to complete conventional service, the Court should authorize an alternative method of service reasonably calculated to provide notice, and (2) whether Long is entitled to either a mandatory or permissive extension of time to serve his Third-Party Complaint. For all the reasons set forth below, both questions should be answered unequivocally in the affirmative.

I.   **ALTERNATIVE SERVICE SHOULD BE AUTHORIZED BECAUSE CONVENTIONAL SERVICE HAS PROVEN IMPRACTICABLE AND/OR CONSTANTIN IS LIKELY EVADING SERVICE, AND THE PROPOSED METHODS ARE REASONABLY CALCULATED TO PROVIDE NOTICE.**

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by following the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Utah Rule of Civil Procedure 4(d)(5)(A), in turn, permits alternative service if any one of three independent circumstances exists:

> [1] If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, [2] if service upon all of the individual parties is impracticable under the circumstances, or [3] if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means.

Utah R. Civ. P. 4(d)(5)(A). Utah Rule of Civil Procedure 4(d)(5)(A) is expressly disjunctive. Long therefore need not prove that Constantin subjectively intended to evade service if the record independently establishes that conventional service is impracticable.

Furthermore, "[i]f the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B).

As a threshold matter, however, the facts do establish that there is good reason to believe that Constantin was avoiding service. After Long retained a process server, the process server attempted to serve Constantin personally on seven separate occasions over a six-day period. [Mot. Facts ¶¶ 11, 15–18.] Most notably, on May 25, 2026, Constantin remotely opened the gate to his subdivision for the process server, yet failed to meet the process server despite the process server leaving a voicemail and sending a text message. [*Id.* ¶ 18.] In the Opposition, Constantin merely asserts that "[a] person attempting to evade service does not grant a process server access

5

to their secure community," [Opposition at 3], while providing no explanation at all of why he failed to meet the process server at the gate to his residence. Long also attempted service by certified mail, which likewise proved unsuccessful. [Mot. Facts ¶¶ 19–21.] Those undisputed facts support a reasonable inference that Constantin was avoiding personal service.

But the Court need not find that there is good cause to believe that Constantin was avoiding service to grant the Motion. Instead, under Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure, it is sufficient for the Court to find merely that personal service upon Constantin is "impracticable under the circumstances" to allow alternative service. Utah R. Civ. P. 4(d)(5)(A). It is difficult to imagine what more Long could have done to effect service. Long retained a professional process server, who made seven separate attempts to serve Constantin personally, and Long separately attempted service by certified mail. [Mot. Facts ¶¶ 11, 15–21.] Those efforts proved unsuccessful not because of any lack of diligence by Long. Simply put, there is a gate around Constantin's residence, reasonably diligent efforts were made to effect conventional service, and those conventional means of service were ineffective under the circumstances—and that finding alone is enough.

Constantin's argument that Long should have reached out to him to coordinate service is unavailing. The Rules do not impose such a requirement. To the contrary, requiring a plaintiff to provide advance notice of service attempts would increase the likelihood of evasion in certain cases and make personal service more difficult to accomplish.

Further, Constantin does not dispute that service to his residence or email address will not be "reasonably calculated, under all the circumstances, to apprise . . . [him] of the action." Utah R. Civ. P. 4(d)(5)(B). Nor could he. Long seeks to serve Constantin at the same residential

address and email address that Constantin himself provided to the Court in his Email Filing and

Electronic Notification Form. [Mot. Facts ¶ 25.] Under these circumstances, there can be no

serious dispute that the proposed methods of service are reasonably calculated to provide notice.

In sum, Constantin's argument for why alternative service should not be permitted makes

little sense in a case where as here, the defendant has already appeared in the action, has full

access to the publicly available complaint (and thus has actual notice in fact) and has provided

the very same email address through which Long now proposes to formally effect service. The

purpose of the Rules is not to erect technical barriers to service, but to ensure that there "is notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action and afford them an opportunity to present their objections." *Mullane v. Cent.

Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (noting the due process requirements of

notice). That standard is satisfied here.

## II.    LONG IS ENTITLED TO AN EXTENSION OF TIME UNDER RULE 4(m) TO EFFECT SERVICE, WHETHER MANDATORY FOR GOOD CAUSE OR AS A MATTER OF THE COURT'S DISCRETION.

Constantin's timing argument is governed by the two-step framework adopted by the

Tenth Circuit in *Espinoza*. First, "if the plaintiff shows good cause for the failure, the court *shall*

extend the time for service." *Espinoza*, 52 F.3d at 841 (citation omitted). Second, "a plaintiff

who has failed to show 'good cause' for a mandatory extension of time may still be granted a

permissible extension of time within the district court's discretion." *Id.*

Indeed, "the 1993 amendments to the Federal Rules of Civil Procedure *substantially*

expanded the scope of the district court's discretion under" Rule 4(m)." *Id.* at 839. And when

considering extensions of time in the Rule 6(b)(1) context, the Tenth Circuit commanded that the

rule "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (interpreting the policy behind Rule 6(b)(1)); *cf. Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities."). The goal of trying cases on the merits should not be any less potent in the Rule (4)(m) context.

A. **Long Is Entitled to a Mandatory Extension of Time Because He Has Demonstrated Good Cause for Not Being Able to Serve Constantin Before Expiration of the Rule 4(m) Deadline.**

Long has demonstrated good cause because the failure to complete service within the Rule 4(m) period occurred despite diligent efforts to serve Constantin. Before the May 26 deadline expired, the process server attempted service six times—once on May 22, twice on May 23, twice on May 25, and once on May 26. [Mot. Facts ¶¶ 13, 15–16.] Long also timely moved for an extension on May 26 rather than allowing the deadline to pass without seeking relief. [*Id.* ¶ 14.]

Long's efforts to serve Constantin failed due to circumstances outside of his control. Constantin's residence was inaccessible due to the presence of a gate with no bell. [*Id.* ¶ 17.] And although Constantin remotely opened the subdivision gate for the process server on May 25, he did not meet the process server or respond to the process server's voicemail or text message. [*Id.* ¶ 18.] After personal service proved unsuccessful, Long promptly attempted service by certified mail, but USPS likewise reported that it could not access the delivery location and later left a notice because no authorized recipient was available. [*Id.* ¶¶ 19–21.] This is not a case of

inadvertence, neglect, or a failure to pursue service; Long employed conventional service methods, and each was frustrated despite repeated efforts.

Constantin's criticism that Long did not make additional personal service attempts after May 27 or contact him to coordinate service does not defeat good cause. [Opposition at 4.] Rule 4(m) requires diligence, not advance negotiation with a defendant. In any event, the certified mail attempts occurred after May 27. [Mot. Facts ¶¶ 19–21.]

Because Long has shown good cause, Rule 4(m) requires an extension of the service deadline for an appropriate period. The Court should therefore extend the deadline sufficiently to permit Long to complete service by mailing and emailing Constantin a copy of the Summons, Third-Party Complaint, and any order of the Court authorizing alternative service.

## B.    Even If Long Is Not Entitled to a Mandatory Extension of Time, a Permissive Extension is Warranted.

Dismissal of an action is a disfavored remedy when service is curable. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."); *EMCORE Corp. v. Technocom Sys. Sdn Bhd*, No. 12-CV-0985 SMV/RHS, 2013 WL 12330071, at *7 (D.N.M. June 11, 2013) (unpublished) ("However, because it appears that proper service is achievable, the Court will not dismiss the action. Instead, Plaintiff will have 30 days to accomplish proper service.").

Courts have found service to be curable so long as the "Plaintiff, if given the opportunity, would be able to effect proper service." *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1314 (D. Utah 2004). The fact that service would be accomplished outside of the window allowed by Rule 4(m) does not mean that service cannot be cured. *See id.*

Still, district courts have broad discretion in determining whether to grant permissive extensions of time under Rule 4(m). *Espinoza*, 52 F.3d at 841–42. Courts consider factors such as "(1) potential barring of claims under a statute of limitation, (2) prejudice to the defendant, (3) whether the defendant had notice, (4) the likelihood of eventual service, (5) whether the plaintiff is represented by counsel, and (6) the length of the delay," in determining whether to grant such extensions. *SMHG Phase I, LLC v. Eisenberg*, No. 1:22-CV-00035, 2024 WL 1406498, at *1 (D. Utah Apr. 2, 2024) (unpublished) (citing *Espinoza*, 52 F.3d at 841). Here, a proper weighing of those factors tilts resoundingly in favor of granting Long a permissive extension of time to serve the Third-Party Complaint should the Court find that Long is not entitled to a mandatory extension.

Even if the Court concludes that good cause has not been established, the relevant discretionary factors overwhelmingly favor an extension. Most importantly, Constantin will suffer no prejudice from being served outside of the 90-day Rule 4(m) period. Constantin has already appeared in this action and, along with Justin Smith, filed a motion seeking dismissal on multiple grounds. [Mot. Facts ¶¶ 23–24.] Constantin has also confirmed to the Court the residential and email addresses through which Long proposes to serve him. [*Id.* ¶ 25.] An extension would therefore do nothing more than permit Long to formalize service by methods virtually certain to reach a party who indisputably already has notice of the claims against him.

The procedural posture of the case further eliminates any plausible claim of prejudice. Fact discovery remains stayed under the PSLRA, and the parties stipulated that the fact-discovery deadline would not expire until nine months after the Court resolves the pending motions directed to the operative pleadings, including the Third-Party Complaint. [*Id.* ¶¶ 7–9.]

10

Constantin consequently would not suffer any disadvantage because service was not completed by May 26.

Other factors likewise favor an extension. Eventual service is not merely likely, it is effectively assured if the Court authorizes mailing and email service to the addresses Constantin himself supplied. [*Id.* ¶ 25.] The delay is also modest. Long timely sought an extension on the Rule 4(m) deadline itself, and he filed the Motion for Alternative Service less than one month later, after personal service and certified mail had failed. [*Id.* ¶¶ 14–21.] Although Long is represented by counsel, that consideration cannot outweigh his documented service efforts, Constantin's actual notice of the claims against him, the absence of prejudice, and the near certainty that service can promptly be completed.

Finally, granting an extension would not retroactively validate prior service or adjudicate Constantin's remaining defenses. [*See* Opposition at 4–6.] It would simply permit prospective service in accordance with the Court's order. Constantin would remain free to pursue any arguments that are independent of the service of process issues. Therefore, if the Court finds that Long is not entitled to a mandatory extension under Rule 4(m), the Court should still exercise its discretion under Rule 4(m) to extend the service deadline and allow Long to serve Constantin via alternative means.

**CONCLUSION**

For the foregoing reasons, the Motion should be granted, and the Court should authorize Long to serve Constantin by alternative means and extend the service deadline.

RESPECTFULLY SUBMITTED on July 20, 2026.

PARR BROWN GEE & LOVELESS, P.C.

/s/ Terry E. Welch
Terry E. Welch
Bentley J. Tolk
Rodger M. Burge
C. Chase Wilde

*Attorneys for Kevin Long*

## WORD LIMIT CERTIFICATION

The undersigned hereby certifies that this reply memorandum contains 2,719 words, exclusive of the caption, table of contents, table of authorities, signature block, and certificate of service and complies with DUCivR 7-1(a)(4).

*/s/ Terry E. Welch*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2026, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE ON THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN** to be filed via the court's electronic filing system which automatically provides notice to counsel of record and any other individual registered to receive electronic notifications of case activity, which includes Joshua Constantin per Dkt. 289.

*/s/ Terry E. Welch*