Christopher M. Von Maack (10468)
 vonmaack@mvmlegal.com
Eric K. Schnibbe (8463)
 schnibbe@mvmlegal.com
Craig M. Hansen (18202)
 hansen@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

*Attorneys for Defendants Emanuel Butera, Jamie Butera, and Jameson LLC dba American
Development Partners and Third-Party Defendants Emanuel Butera and Jameson LLC dba
American Development Partners*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PATTI KLAIR**, *et al.*, <br><br>     **Plaintiffs,** <br><br> **v.** <br><br> **COLLIERS INTERNATIONAL, INC.,** *et al.*, <br><br>     **Defendants.** | **ADP PARTIES' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| **KEVIN LONG,** <br><br>     **Third-Party Plaintiff,** <br><br> **v.** <br><br> **JOSHUA CONSTANTIN,** *et al.*, <br><br>     **Third-Party Defendants.** | **Case No. 2:23-cv-00407-AMA-CMR** <br><br> **District Judge Ann Marie McIff Allen** <br><br> **Magistrate Judge Cecilia M. Romero** |

Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and

DUCivR 7-1, Defendants Emanuel Butera ("Mr. Butera"), Jamie Butera ("Mrs. Butera"), and

Jameson LLC dba American Development Partners ("ADP") (collectively, "ADP Parties"),

through their counsel of record, MCNEILL VON MAACK, submit ADP Parties' Motion to Dismiss

Second Amended Complaint.  *See* Fed. R. Civ. P. 12(b)(5), 12(b)(6); DUCivR 7-1.

**TABLE OF CONTENTS**

RELIEF SOUGHT AND GROUNDS THEREFOR ................................................................... 6

INTRODUCTION ...................................................................................................................... 6

RELEVANT FACTS .................................................................................................................. 7

BACKGROUND ........................................................................................................................ 9

STANDARD.............................................................................................................................. 10

ARGUMENT............................................................................................................................. 11

I.      PLAINTIFFS' FIRST CAUSE OF ACTION—FEDERAL SECURITIES FRAUD— FAILS TO SATISFY RULE 9(b) AND PSLRA PLEADING STANDARDS........................................................................................................... 11

      A.      Allegations ................................................................................................. 12

            1.      ADP..................................................................................................... 12

            2.      Mr. Butera and ADP .................................................................... 12

            3.      ADP Parties...................................................................................... 13

      B.      Material Misrepresentations....................................................................... 13

      C.      Scheme to Defraud...................................................................................... 15

      D.      Scienter ...................................................................................................... 15

II.     PLAINTIFFS' SECOND CAUSE OF ACTION—SALE OF UNREGISTERED SECURITIES—IS TIME BARRED. .............................................................. 17

      A.      Statute of Limitations.................................................................................. 17

      B.      Equitable Tolling ........................................................................................ 17

III.   PLAINTIFFS' THIRD CAUSE OF ACTION—CONTROL PERSON LIABILITY—FAILS.............................................................................................. 19

      A.      Allegations ................................................................................................. 19

      B.      Primary Violations ..................................................................................... 20

      C.      Control ....................................................................................................... 20

IV.  PLAINTIFFS' FOURTH AND SIXTH CAUSES OF ACTION—STATE SECURITIES FRAUD—FAIL. .................................................................................. 21

    A.  TIC Investments Are Not Securities Under Utah law. ......................................... 22

    B.  Plaintiffs' Fourth and Sixth Causes of Action Fail to Comply with Rule 9(b). .................................................................................................................... 22

V.  PLAINTIFFS' TWELFTH  CAUSE OF ACTION—CONSPIRACY—AND THIRTEENTH CAUSE OF ACTION—AIDING AND ABETTING—FAIL ................ 23

    A.  Plaintiffs Fail to Adequately Plead an Underling Tort. ....................................... 23

    B.  Utah Does Not Recognize a Claim for Aiding and Abetting Fraud. .................... 24

    C.  The Economic Loss Rule Bars Plaintiffs' Tort Claims Against ADP Parties ................................................................................................................ 24

VI.  PLAINTIFFS' FOURTEENTH CAUSE OF ACTION—NEGLIGENCE— FAILS. .......................................................................................................................... 25

    A.  Plaintiffs Do Not Plausibly Allege that ADP Parties Owed Them a Duty of Care. .................................................................................................................... 25

    B.  Plaintiffs Do Not Adequately Allege that ADP Parties Breached a Duty of Care. .................................................................................................................... 26

    C.  The Economic Loss Rule Bars Plaintiffs' Negligence Claim Against ADP Parties ................................................................................................................ 26

VII.  PLAINTIFFS' SIXTEENTH AND SEVENTEENTH CAUSES OF ACTION— CIVIL RICO—FAIL. ..................................................................................................... 27

    A.  Securities Fraud Cannot Be a Basis for RICO Claims. ....................................... 27

    B.  Plaintiffs' RICO Claims Lack the Required Particularity. .................................. 27

VIII.  PLAINTIFFS' EIGHTEENTH CAUSE OF ACTION—UNJUST ENRICHMENT—FAILS. ............................................................................................. 28

    A.  Plaintiffs Have Not Alleged that ADP Parties Received Direct Benefits from Plaintiffs. .................................................................................................... 28

    B.  Plaintiffs' May Not Assert Equitable Claims Here. ............................................ 29

IX.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST ADP PARTIES FOR FAILURE TO TIMELY SERVE ADP PARTIES. ................................. 30

CONCLUSION.................................................................................................................. 31

WORD COUNT CERTIFICATION ............................................................................. 32

CERTIFICATE OF SERVICE ...................................................................................... 33

**TABLE OF AUTHORITIES**

**CASES**

*Aclys Int'l v. Equifax*, 438 F. App'x 689 (10th Cir. 2011) (unpublished) .............................. 24, 26

*Andra v. MobileOne LLC*, No. 2:23-CV-00188-AMA-DAO, 2025 WL 2772306 (D. Utah Sept. 29, 2025) (unpublished) ................................................................. 29

*Bixler v. Foster*, 596 F.3d 751 (10th Cir. 2010) ........................................................... 27

*Bolden v. City of Topeka, Kan.*, 441 F.3d 1129 (10th Cir. 2006) .................................................. 30

*Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-00069-DAK, 2009 WL 3582294 (Oct. 27, 2009 D. Utah) (unpublished) .................................................. 7

*Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264 (10th Cir. 2023) ............................................ 14

*Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, 221 P.3d 234 .................................................. 24

*Fabian v. LeMahieu*, No. 19-CV-00054-YGR, 2019 WL 4918431 (N.D. Cal. Oct. 4, 2019) (unpublished) .................................................. 17

*Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004) .................................. 7

*Healthcare Co. v. MPI Grp. LLC*, No. 1:25-CV-00031-DBB-CMR, 2025 WL 2733548 (D. Utah Sept. 25, 2025) (unpublished) .................................................. 24

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) ........................................................ 7

*Manzanares v. Reyes*, No. 2:14-CV-00040-DN-EJF, 2016 WL 6871486 (D. Utah Feb. 2, 2016) (unpublished) .................................................. 30

*Preserve v. Kamas City*, No. 2:25-CV-00735-TS-DBP, 2026 WL 1245448 (D. Utah May 6, 2026) (unpublished) .................................................. 27

*Springsteen v. Bird Rides, Inc.*, 666 F. Supp. 3d 1170 (D. Utah 2023) ....................................... 25

*Sunridge Dev. Corp. v. RB & G Eng'g Inc.*, 2010 UT 6, 230 P.3d 1000 .................................... 26

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ............................................... 7

*Weber v. Colliers Int'l Grp., Inc.*, No. 2:25-CV-00162-DBB-DBP, 2026 WL 1650734 (D. Utah June 8, 2026) (unpublished) ................................................*passim*

*Williams v. Bench*, 2008 UT App 306, 193 P.3d 640 ................................................................. 25

**RULES**

DUCivR 7-1 .............................................................................................................. 30, 15, 16

Fed. R. Civ. P. 4 ....................................................................................................................... 30

Fed. R. Civ. P. 9 ...............................................................................................................*passim*

Fed. R. Civ. P. 12 .................................................................................................. 1, 8, 11, 20, 31

**STATUTES**

15 U.S.C. § 77 ........................................................................................................................ 17

18 U.S.C. § 1962 .................................................................................................................. 9, 28

UTAH CODE ANN. § 61-1-13(C) .................................................................................................. 22

**RELIEF SOUGHT AND GROUNDS THEREFOR**

ADP Parties respectfully request that the Court grant this motion and dismiss the claims asserted against them in the Second Amended Complaint (ECF 158) (the "SAC").  The grounds for the requested relief are as follows: (1) the SAC fails to plead with the required particularity any misrepresentation, manipulative act, or scienter as to the ADP Parties; (2) the Section 12(a)(1) claim is time-barred; (3) the Section 20 control-person claim fails to plausibly pled a primary violation and control; (4) the state securities claims fail because the SAC does not satisfy Rule 9(b) and because the TIC interests at issue are not securities under Utah law; (5) the conspiracy and aiding-and-abetting claims fail for lack of an adequately pled underlying tort, because Utah does not recognize aiding and abetting fraud, and by operation of the economic loss rule; (6) the negligence claim fails for lack of a duty and is barred by the economic loss rule; (7) the RICO claims are impermissibly predicated on alleged securities fraud and lack particularity; (8) the unjust enrichment claim fails for lack of any direct benefit conferred by Plaintiffs and because contracts govern the subject matter; and (9) Plaintiffs failed to effect timely service within 90 days of filing the SAC.

**INTRODUCTION**

ADP is a fee-based development company in Tennessee.  While Mr. Butera and Mrs. Butera are members of ADP, Mrs. Butera is merely a passive member of ADP with no day-to-day management authority, operational role, decision-making authority, or project-level participation.  ADP developed the three projects at issue (*i.e.*, the "Keller, Kennesaw, and Naperville Properties") and received compensation for development-related services pursuant to written development contracts that contain Tennessee choice-of-law and venue provisions.  ADP

Parties did not communicate or contract with Plaintiffs.  Nor did ADP Parties solicit investors, market securities, provide investment advice, participate in the offering or sale of securities, or control investor funds.  The well-plead allegations in the SAC are in accord with those facts.

However, through non-particularized, conclusory, and inadequate group pleading, Plaintiffs attempt to lump ADP Parties in with dozens of other defendants and assert some of the most serious civil claims possible, including securities fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Plaintiffs' claims against ADP Parties fail as a matter of law and should be dismissed.

## RELEVANT FACTS[1]

### Plaintiffs Purchase Their Respective TIC Interests

1.        Between August 11, 2021 and May 26, 2022, Plaintiffs purchased their respective TIC interests, which are the subject of this dispute.  [*See* Deeds, ECF 179-1 through -17[2]; SAC ¶¶ 109–12, 114–16, 119–26, 686–88, ECF 158.]

---

[1] Given the procedural posture of this motion to dismiss, ADP Parties' "Relevant Facts" are as alleged in the SAC.  By reciting alleged "facts," ADP Parties do not concede the accuracy of Plaintiffs' allegations.

[2] Although the Deeds were not attached to the SAC, they may still be considered for the purposes of this motion to dismiss.  On a motion to dismiss under Rule 12(b)(6), the Court may consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and other documents "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  Here, Plaintiffs' claims arise from their purchase of real estate and the deeds are therefore the primary evidence of Plaintiffs' claimed ownership of the TICs, which in turn is the basis for Plaintiffs' standing to bring the claims in this lawsuit.  Moreover, the Court can take judicial notice of the contents of instruments, like deeds, recorded in a county recorder's office without converting the motion into a motion for summary judgment.  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citation omitted); *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-00069-DAK, 2009 WL 3582294, *6 (Oct. 27, 2009 D. Utah) (unpublished) (taking

**The Initial Complaint**

2.      On June 21, 2023—at least 391 days after Plaintiffs purchased their respective TIC interests—Plaintiffs initiated this action.  [*See* Complaint, ECF 1.]

**The SAC**

3.      On February 27, 2026, Plaintiffs filed the SAC, which added ADP Parties[3] and asserted the following 11 causes of action against them:

(a)      violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder (First Cause of Action), [*see* SAC ¶¶ 951–63, ECF 158];

(b)      sale of unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933 (Second Cause of Action), [*see id.* ¶¶ 964–69, ECF 158];

(c)      control person liability under Section 20 of the Securities Exchange Act (Third Cause of Action), [*see id.* ¶¶ 981–90, ECF 158];

(d)      state securities fraud (Fourth Cause of Action), [*see id.* ¶¶ 964–69, ECF 158];

(e)      aiding and abetting state securities fraud (Sixth Cause of Action), [*see id.* ¶¶ 998–1002, ECF 158];

---

judicial notice of deed of trust, substitution of trustee form, notice of default, and trustee's deed recorded in county recorder's office in connection with motion to dismiss).

[3] The SAC references ADP Parties in the following iterations: (1) ADP as "ADP"; (2) Mr. Butera as "Manny," Manny Butera," or "Emanual Butera"; (3) Mrs. Butera as "Jamie Butera"; (4) ADP, Mr. Butera, and Mrs. Butera, collectively, as the "ADP Parties"; (5) ADP Parties, SARC US, Inc., and Steve Caton, collectively, as the "Developer Parties"; and (6) with the other Defendants, collectively, as "Defendants."  [SAC ¶¶ 99–104, 284, ECF 158.]  ADP Parties are *not* among the "Colliers/Long Parties."  [*Id.* ¶ 71, ECF 158.]

(f)     conspiracy to commit fraud (Twelfth Cause of Action), [*see id.* ¶¶ 1060–64, ECF 158];

(g)     aiding and abetting fraud (Thirteenth Cause of Action), [*see id.* ¶¶ 1065–77, ECF 158];

(h)     negligence (Fourteenth Cause of Action), [*see id.* ¶¶ 1078–87, ECF 158];

(i)     violations of RICO Section 1962(c) (Sixteenth Cause of Action), [*see id.* ¶¶ 1136–44, ECF 158];

(j)     violations of RICO Section 1962(d) (Seventeenth Cause of Action), [*see id.* ¶¶ 1145–50, ECF 158]; and

(k)     unjust enrichment (Eighteenth Cause of Action).[4]  [*See id.* ¶¶ 1151–56, ECF 158].

4.      The SAC has not been served on ADP Parties and more than 90 days have passed since the SAC was filed.

## BACKGROUND

In *Weber v. Colliers International Group, Inc.*—a substantially similar TIC-interest case pending in this district—Judge David Barlow articulated background largely applicable to this

---

[4] ADP Parties are *not* named in Plaintiffs' Fifth (state law securities violation by unlicensed broker or investment adviser), Seventh (common law fraud), Eighth (negligent misrepresentation), Ninth (breach of fiduciary duty), Tenth (concealment/fraudulent nondisclosure), Eleventh (elder abuse/abuse of vulnerable adults), or Fifteenth (violations of 18 U.S.C. § 1962(a)) Causes of Action.  [*See id.* ¶¶ 991–97, 1003–1136, ECF 158.]  Accordingly, this motion does not address those causes of action.

dispute. *See Weber v. Colliers Int'l Grp., Inc.*, No. 2:25-CV-00162-DBB-DBP, 2026 WL 1650734, at *1–2 (D. Utah June 8, 2026) (unpublished) (footnotes omitted).[5]

## STANDARD

In examining similar motions to dismiss, the *Weber* court articulated the applicable standard as follows:

> Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings. Conclusory statements and legal conclusions are not entitled to the assumption of truth.

> In addition, under Rule 9(b), when alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Rule 9(b) applies to all claims that are based on the same core allegations of deception, false misrepresentations, and fraudulent conduct. To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.

> The Private Securities Litigation Reform Act of 1995 ("PSLRA") also imposes heightened pleading requirements on private actions alleging false or misleading statements in connection with the sale of securities. In such cases, the complaint shall specify each statement alleged to have been misleading, and the reasons why the statement is misleading. In addition, where recovery is conditioned on proof of a particular state of mind, the complaint

---

[5] For ease of reference, the June 8, 2026 memorandum decision and order from *Weber* is attached as Exhibit "1."

shall, with respect to each act or omission alleged to violate the securities laws, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

*Id.* at \*2–3 (emphasis added) (quotations, citations, and alterations omitted).

## ARGUMENT

### I.      PLAINTIFFS' FIRST CAUSE OF ACTION—FEDERAL SECURITIES FRAUD— FAILS TO SATISFY RULE 9(b) AND PSLRA PLEADING STANDARDS.

Plaintiffs' First Cause of Action alleges violations of Rule 10b-5(b) by making untrue statements of material fact and Rule 10b-5(a) and (c) by engaging in acts and employing a scheme to deceive and defraud Plaintiffs.  [*See* SAC ¶¶ 952, 961, ECF 158.]

As stated by the *Weber* court,

> The Tenth Circuit has explained that the elements of a private securities fraud claim based on Rule 10b-5(b) are:
>
> > (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages because of its reliance.
>
> Because Rule 10b-5(b) creates a cause of action for securities fraud based on misrepresentations, some of its elements are subject to the higher pleading standards of Rule 9(b) and the PSLRA.  Specifically, the first and second elements, a material misrepresentation or omission and scienter, must be pled with particularity as required by Rule 9(b) and the PSLRA.  Additionally, the language of Rule 10b-5(b) restricts liability to defendants who actually "make" an untrue statement.  The Supreme Court has defined the "maker of a statement" under Rule 10b-5(b) as "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it."

11

> The elements of scheme liability under Rule 10b-5(a) and (c) are similar. While 10b-5(b) prohibits material misstatements, provisions 10b-5(a) and (c) "prohibit manipulative acts." To state a claim under these provisions, "a plaintiff must allege: '(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance.'" Such allegations are also subject to the heightened pleading standards of Rule 9(b).

*Weber*, 2026 WL 1650734, at *3–4 (emphasis added) (citations and alteration omitted).

Plaintiffs' First Cause of Action fails to plead ADP Parties' alleged misrepresentations and scienter with sufficient particularity. The SAC attributes most of the allegedly fraudulent misrepresentations to large groups of defendants without specifying where or when the statements were made or which defendant made them. None of the alleged misrepresentations in the SAC are specifically attributed to ADP Parties.

### A.    Allegations

#### 1.    ADP

The SAC alleges that "ADP played an instrumental role in the development and execution of the Colliers/Long TIC Program, including through helping to locate and acquire potential tenants including HSH and arranging lease terms and other essential aspects of property deals marketed and sold through the Colliers/Long TIC Program." [SAC ¶ 290, ECF 158.]

#### 2.    Mr. Butera and ADP

The SAC includes Mr. Butera and ADP (but *not* Mrs. Butera) in a group of two other defendants referred to throughout the SAC as the Developer Parties, which are alleged to have been "aware of and approved, either expressly or tacitly, all of the content of the Marketing Materials" that were provided to Plaintiffs by the Colliers/Long Parties (*not* by ADP Parties). [*Id.* ¶¶ 507, ECF 158; *see also e.g., id.* ¶¶ 551–52, ECF 158.]

12

3.      ADP Parties

The SAC alleges that Mr. Butera and Mrs. Butera were agents, members, and/or managers of ADP.  [*See id.* ¶¶ 101, 103–04, ECF 158.]  It also alleges that, "the Colliers/Long Parties worked closely with developers, including ADP, Manny Butera, Jamie Butera" to help "the Colliers/Long Parties identify and acquire potential tenants and properties, plan important aspects of the Colliers/Long TIC Program such as lease terms and sale prices to investors such as Plaintiffs, and otherwise help coordinate and develop the TIC offerings in the Colliers/Long TIC Program."  [*Id.* ¶¶ 280–81, ECF 158; *see also id.* ¶ 291, ECF 158.]  It further alleges that "ADP, Manny Butera, and Jamie Butera knew or should have known that there was no realistic possibility of" the tenants "successfully entering into and servicing" the leases at issue.  [*Id.* ¶¶ 298, 301, ECF 158.]

**B.      Material Misrepresentations**

Though the SAC pleads facts that show ADP Parties' general involvement in the TIC venture, it does not allege that ADP Parties made any untrue or misleading statements to Plaintiffs that could qualify as Rule 10b-5(b) misrepresentations.  It does not attribute any representations or statements to ADP Parties at all, much less with sufficient particularity to satisfy Rule 9(b) and the PSLRA.

Allegations that ADP Parties helped to identify and acquire potential tenants and properties, planned important aspects of the TIC Program, and otherwise helped coordinate and develop the TIC offerings do not reference specific misrepresentations or interactions with any Plaintiffs that could be the basis for omissions.  [*See id.* ¶¶ 280–81, 291, ECF 158.]  Likewise, allegations that ADP Parties worked closely with other defendants do not reference any

13

misstatements attributable to ADP Parties, much less the required "'who, what, where, when, and how'" of any alleged misrepresentations. *See Weber*, 2026 WL 1650734 at \*5 (quoting *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023)). "[M]ere involvement with companies alleged to be part of a scheme is not enough to state a Rule 10b-5(b) claim in the absence of any alleged misrepresentations." *Id.* at \*10.

The SAC's inclusion of both Mr. Butera and ADP in the Developer Parties group and inclusion of all ADP Parties in the larger Defendants group does not salvage Plaintiffs' claim. The purpose of Rule 9(b)'s particularity requirement is "to afford a defendant fair notice of a plaintiff's claims and the factual grounds supporting those claims." *Id.* (cleaned up). To this end, a complaint must include facts showing "the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences of the false representations." *Id.* (additional quotations and citations omitted). By attributing various alleged misrepresentations to Developer Parties or Defendants as a group, the SAC fails to give notice to ADP Parties about which, if any, of those misrepresentations they might be responsible for individually. And referencing collectively a group of dozens of different parties and Defendants does not adequately identify the party making the statements as required by Rule 9(b). Stated another way, inclusion among the Developer Parties or Defendants is not enough to state a claim against ADP Parties. *See id.* at \*10.

Thus, the SAC does not adequately plead a Rule 10b-5(b) claim against ADP Parties in the First Cause of Action.[6]

---

[6] Pursuant to DUCivR 7-1(a)(8), in further support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section III.A.1 of Defendants Lew Cramer, Matthew Hawkins, Gil Borok, and David Josker's Motion to Dismiss Plaintiffs' Second

## C. Scheme to Defraud

"[I]t is not enough for a plaintiff to merely allege that a scheme exists. The complaint must also state facts showing that the defendant committed a deceptive or manipulative act in furtherance of that scheme. Such allegations must be pled with particularity under Rule 9(b)." *Id.* at *6 (additional quotations and citations omitted). The SAC fails to do so with respect to ADP Parties. It only describes their general roles as organizers and developers within the larger group of Defendants without specifically alleging that they did anything manipulative or deceptive, much less with the particularity required by Rule 9(b). [*See* SAC ¶¶ 280–81, 291, ECF 158.]

## D. Scienter

As stated by the *Weber* court:

> To allege scienter, a complaint must state facts showing that a defendant acted with a mental state embracing intent to deceive, manipulate, or defraud, or recklessness. <u>Under the PSLRA's heightened pleading requirements, a complaint can survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged</u>. Because the PSLRA requires facts giving rise to a strong inference that the defendant acted with the required state of mind, <u>a complaint must state facts showing scienter for each defendant. Group pleadings are not sufficient to show scienter</u>. When analyzing scienter, the court's job is to assess all the allegations holistically rather than scrutinizing each in isolation. Finally, the scienter of the senior controlling officers of a corporation may be attributed to the corporation itself to establish liability as a primary violator of § 10(b) and Rule 10b–5 when those

---

Amended Complaint (ECF 296) ("Cramer MTD") and Section I of Defendants Mark Machlis and Lady Mira Blue Machlis' Motion to Dismiss Second Amended Complaint (ECF 310) (the "Machlis MTD"). [*See* Cramer MTD at 10, ECF 296; Machlis MTD at 6–8, ECF 310.] *See* DUCivR 7-1(a)(8) ("A party may incorporate by reference another party's arguments in the party's own motion ….").

senior officials were acting within the scope of their apparent authority.

*Weber*, 2026 WL 1650734 at *8 (emphasis added) (quotations, citations, and alteration omitted).

Here, the SAC alleges that ADP Parties were involved with various parties in the TIC venture, [*see* SAC ¶¶ 280–81, 291, ECF 158], and that Mr. Butera and ADP were aware of and approved, either expressly or tacitly, the content of the Marketing Materials. [*See id.* ¶¶ 507, ECF 158.] Those alleged facts do not support a strong inference that ADP Parties acted with intent to deceive, manipulate, or defraud Plaintiffs. An inference of fraudulent intent is not as likely on those alleged facts as the more innocent conclusion that Mr. Butera and ADP accepted the Marketing Information they were given. *See Weber*, 2026 WL 1650734 at *10 (finding insufficient to plead scienter allegations that a defendant was involved with various parties in the TIC venture, marketed and sold TIC interests, and reviewed the marketing materials).

Thus, the SAC fails to state a claim against ADP Parties under the first cause of action.[7]

---

[7] In further support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Sections I.A and I.B of Defendant Spencer Taylor's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 180) ("Taylor MTD"); Section III of Defendant Trevor Weber's Motion to Dismiss (ECF 181) ("Weber MTD"); Sections I.A and I.B of Defendants Millrock Investment Fund 1, LLC, GTR Holdings, LLC, Brent Smith, Thomas Smith, Hello Bello, LLC, and Samuel Duke's Motion to Dismiss Second Amended Complaint and Supporting Memorandum (ECF 287) ("Millrock MTD"); Section I of Defendants Jerald Adam Long and Long Holdings, LLC's Motion to Dismiss Second Amended Complaint (ECF 288) ("Long Holdings MTD"); and Section II of the Machlis MTD. [*See* Taylor MTD at 4–8, ECF 180; Weber MDT at 6–7, ECF 181; Millrock MTD at 5–9, ECF 287; Long Holdings MTD at 6–9, ECF 288; Machlis MTD at 8, ECF 310.]

## II.   PLAINTIFFS' SECOND CAUSE OF ACTION—SALE OF UNREGISTERED SECURITIES—IS TIME BARRED.

Plaintiffs' Second Cause of Action alleges that ADP Parties violated Section 12(a)(1) of the Securities Act.  [*See* SAC ¶¶ 964–69, ECF 179.]  That claim is time barred.

### A.   Statute of Limitations

Section 12(a)(1) is subject to a one-year statute of limitations that "begins to run when the plaintiff purchases his or her interest." *Weber*, 2026 WL 1650734 at *13 (citation omitted); *see also* 15 U.S.C. § 77m ("Section 13") ("No action shall be maintained … to enforce a liability created under [Section 12(a)(1)], unless brought within one year after the violation upon which it is based.").

Plaintiffs' Section 12(a)(1) claims were not filed within the one-year limitations period. Plaintiffs purchased their interests between August 11, 2021 and May 26, 2022.  [*See* Deeds, ECF 179-1 through -17; *see* SAC ¶¶ 342, 362, 372, 383, 394, 403, 412, 425, 436, 457, 467, 478, 487, 496, 645–47, 720–23, ECF 179.]  Plaintiffs did not bring this action until June 21, 2023—at least 391 days (*i.e.*, more than one year) after their respective purchases.  [*See* Complaint, ECF 1.]

### B.   Equitable Tolling

Insofar as it relates to Plaintiffs' potential invocation of equitable tolling, although "[t]he Tenth Circuit has not spoken directly on the issue," equitable tolling likely does not apply to Section 12(a)(1) claims.  *Weber*, 2026 WL 1650734 at *14 (citing *Fabian v. LeMahieu*, No. 19-CV-00054-YGR, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019) (unpublished) ("[T]he weight of the authority supports finding that equitable tolling does not apply to Section 12(a)(1) claims, *regardless of the circumstances*." (emphasis in original) (collecting cases))).

17

Even if the Court were to decline to decide that equitable tolling is categorically barred for Section 12(a)(1) claims, such tolling is not warranted on the facts of this case. Plaintiffs allege that certain defendants (but not ADP Parties specifically) concealed important facts and continued to make guarantees about the stability of the TIC interests, the tenants' financial situations, and the state of the properties even after problems arose. [*See* SAC ¶¶ 306, 824, 828, 834, 839, 850, 855–56, 904, 917, 921, 944, ECF 158.] Such deception, even if true, "would not have kept Plaintiffs from learning facts sufficient to assert a § 12(a)(1) claim." *Weber*, 2026 WL 1650734 at *15. Section "12(a)(1) does not require any misrepresentation or fraudulent intent; a § 12(a)(1) claim simply requires facts showing that an unregistered security was offered or sold in interstate commerce." *Id.* (citation omitted). The allegations in the SAC make it clear that such facts were available to Plaintiffs.

The SAC does not allege that Defendants held the TIC interests out as registered securities. To the contrary, it includes an offering memorandum that expressly states that the TIC interests sold by Millcreek "do not constitute securities" and that state and federal securities laws and protections did not apply. [SAC ¶¶ 276, 278, 552, 648, ECF 158.] Defendants did not conceal the fact that the TIC interests were not registered as securities. And Plaintiffs make no argument that Defendants concealed the facts necessary for Plaintiffs to conclude that the TIC interests "involved investment in a common enterprise with the success of the venture dependent primarily upon the efforts of others." [*Id.* ¶ 964, ECF 158.] Plaintiffs' Section 12(a)(1) claims are untimely under Section 13 on the face of the SAC. Because Plaintiffs do not allege facts showing that some extraordinary circumstance prevented them from discovering that the TIC interests were unregistered securities, equitable tolling is not appropriate. *See Weber*, 2026 WL

18

1650734 at *15 (rejecting plaintiffs' equitable tolling argument and dismissing Section 12(a)(1) claim as time barred).

Thus, Plaintiffs' Second Cause of Action should be dismissed.[8]

## III.   PLAINTIFFS' THIRD CAUSE OF ACTION—CONTROL PERSON LIABILITY—FAILS.

Plaintiffs' Third Cause of Action alleges that ADP Parties violated Section 20 of the Securities Exchange Act.  [See SAC ¶¶ 970–80, ECF 158.]  To state a Section 20 claim, "a plaintiff must show (1) a primary violation of the securities laws and (2) control over the primary violator by the alleged controlling person."  Weber, 2026 WL 1650734 at *15 (additional quotations and citations omitted).  The SAC does not plausibly allege a primary violation, fails to plausibly allege that ADP Parties had sufficient control over the primary violator, and lacks the required particularity.

### A.   Allegations

The SAC asserts that each defendant named in the First and Second Causes of Action is a liable person or primary violator.  [See SAC ¶¶ 970–74, ECF 158.]  It alleges that each defendant named in the Third Cause of Action is a control person by virtue of their positions as officers,

---

[8] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section I of Defendant Kevin Long's Partial Motion to Dismiss Second, Fourth, Fifth, Sixth and Eleventh Causes of Action (ECF 179) ("Long MTD"), Section II of the Taylor MTD, Section III of the Weber MTD, Section I of the Reply in Support of Defendant Kevin Long's Partial Motion to Dismiss Second, Fourth, Fifth Sixth and Eleventh Causes of Action (ECF 286) ("Long Reply"), Section I.D. of the Millrock MTD, and Section II of the Long Holdings MTD.  [See Long MTD at 8–10, ECF 179; Taylor MTD at 8–10, ECF 180; Weber MTD at 7, ECF 181; Long Reply at 3–9, ECF 286; Millrock MTD at 10–11, ECF 287; Long Holdings MTD at 9–10, ECF 288.]

directors, or agents of primary violator entities and as employers and supervisors of primary violator individuals.  [*See id.*, ECF 158.]

### B.    Primary Violations

As discussed in Section I above, Plaintiffs' First Cause of Action fails as to ADP Parties. [*See supra* § I.]  Accordingly, any control person liability premised on violations of Section 10(b) likewise fails.

As discussed in Section II above, Plaintiffs' Second Cause of Action is barred by the statute of limitations.  [*See supra* § II.]  As such, any control person liability premised on violations of Section 12(b)(1) likewise fails.

Further, the SAC is deficient on its face.  Plaintiffs allege that "Defendants" generally had control over the "Liable Persons," who Plaintiffs define as nearly all the Defendants.  [SAC ¶ 970, ECF 158.]  But nowhere do Plaintiffs identify the "primary violator."  That is insufficient.

### C.    Control

"[D]ismissal is appropriate when a plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person."  *Weber*, 2026 WL 1650734 at *16 (omission and additional quotations and citation omitted).  "Control is defined as 'the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'"  *Id.* (citation omitted).

With respect to ADP Parties specifically, the SAC alleges that Mr. Butera and Mrs. Butera were agents, members, and/or managers of ADP, [*see* SAC ¶¶ 101, 103–04, ECF 158]; "the Colliers/Long Parties worked closely with" ADP Parties to "help coordinate and develop the

TIC offerings in the Colliers/Long TIC Program," [*id.* ¶¶ 280–81, ECF 158]; "ADP played an instrumental role in the development and execution of the Colliers/Long TIC Program," [*id.* ¶ 290, ECF 158]; and Mr. Butera and ADP were "aware of and approved, either expressly or tacitly, all of the content of the Marketing Materials." [*Id.* ¶¶ 507, ECF 158.]

Those allegations are insufficient to state a Section 20 claim. They do not even indicate which of the alleged primary violators ADP Parties controlled or how that control occurred. Presuming the primary violators are the Colliers/Long Parties, the SAC fails to plausibly suggest that ADP Parties had control over the Colliers/Long Parties' (or any other primary violator's) management and policies. Unlike with respect to other defendants, the SAC does not allege that ADP Parties owned, employed, or supervised any other defendant.

Thus, the SAC does not adequately plead a Section 20 claim against ADP Parties.[9]

## IV.   PLAINTIFFS' FOURTH AND SIXTH CAUSES OF ACTION—STATE SECURITIES FRAUD—FAIL.

Plaintiffs' Fourth and Sixth Causes of Action allege that ADP Parties committed state securities fraud and aided and abetted securities fraud, respectively. [*See* SAC ¶¶ 981–90, 998–1002, ECF 158.] As discussed below, those claims fail as a matter of law and should be dismissed.

---

[9] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section III of the Taylor MTD, Section I.C of the Millrock MTD, and Section III of the Long Holdings MTD. [*See* Taylor MTD at 10–11, ECF 180; Millrock MTD at 10, ECF 287; Long Holdings MTD at 10–11, ECF 288.]

A.    **TIC Investments Are Not Securities Under Utah law.**

TIC investments are undivided fractionalized long-term estates in real property and, as such, are not securities under Utah law.  *See* UTAH CODE ANN. § 61-1-13(1)(ee)(ii)(C) ("'Security' does not include … an undivided fractionalized long-term estate in real property ….").[10]

B.    **Plaintiffs' Fourth and Sixth Causes of Action Fail to Comply with Rule 9(b).**

"The UUSA securities fraud provision mirrors Rule 10b-5 almost exactly."  *Weber*, 2026 WL 1650734 at *17.  As discussed in Section I above, Plaintiffs failed to plead their 10b-5 claim with the requisite particularity and, thus, their state securities fraud claims against ADP Parties should be dismissed also.[11]  [*See supra* § I.]

Thus, Plaintiffs' state securities claims (including their Fourth and Sixth Causes of Action) should be dismissed.

---

[10] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section I.A of Colliers International Intermountain LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 173) ("Colliers MTD"), Section II of the Long MTD, Section IV of the Taylor MTD, Section III of the Weber MTD, Section III of the Reply in Support of Colliers International Intermountain LLC's Motion to Dismiss Second Amended Complaint (ECF 285) ("Colliers Reply"), Section II of the Long Reply, Section II of the Millrock MTD, and Section V of the Machlis MTD.  [*See* Colliers MTD at 2–3, ECF 173; Long MTD at 10–11, ECF 179; Taylor MTD at 11–12, ECF 180; Weber MTD at 7–8, ECF 181; Colliers Reply at 7–9, ECF 285; Long Reply at 9–10, ECF 286; Millrock MTD at 12, ECF 287; Machlis MTD at 12, ECF 310.]

[11] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section I.B of the Colliers MTD, Section III of the Long MTD, Section II of the Colliers Reply, Section II of the Long Reply, and Section II of the Millrock MTD.  [*See* Colliers MTD at 3–4, ECF 173; Long MTD at 11–12, ECF 179; Colliers Reply at 5–7, ECF 285; Long Reply at 10–11, ECF 286; Millrock MTD at 12, ECF 287.]

## V.   PLAINTIFFS' TWELFTH CAUSE OF ACTION—CONSPIRACY—AND THIRTEENTH CAUSE OF ACTION—AIDING AND ABETTING—FAIL.

In their Twelfth and Thirteenth Causes of Action, Plaintiffs assert claims against ADP Parties for conspiracy and aiding and abetting fraud, respectively.  [*See* SAC ¶¶ 1060–77, ECF 158.]  As discussed below, those claims fail as a matter of law and should be dismissed.

### A.   Plaintiffs Fail to Adequately Plead an Underling Tort.

In Utah, the five elements of civil conspiracy are "(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof." *Weber*, 2026 WL 1650734 at *26 (additional quotations and citations omitted).  "Because a claim for civil conspiracy requires, as one of its essential elements, an underlying tort, dismissal of a civil conspiracy claim is appropriate where plaintiffs have not adequately pleaded any of the basic torts they allege."  *Id.* (alterations, quotations, and citations omitted).

As discussed in Sections I–IV above, Plaintiffs' fraud claims fail as to ADP Parties.  [*See supra* §§ I–IV.]  Accordingly, Plaintiffs' conspiracy and aiding and abetting claims against ADP Parties fail for want of a cognizable underlying tort.[12]

---

[12] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section VII of the Taylor MTD, Section II of the Weber MDT, Section III.B of the Millrock MTD, Sections IX and X of the Long Holdings MTD; and Section III.a of the Machlis MTD.  [*See* Taylor MTD at 14–15, ECF 180; Weber MTD at 5–6, ECF 181; Millrock MTD at 14–15, ECF 287; Long Holdings MTD at 18–19, ECF 288; Machlis MTD at 9, ECF 310.]

**B.      Utah Does Not Recognize a Claim for Aiding and Abetting Fraud.**

Further, Utah does not recognize the claim of aiding and abetting fraud.  *See Weber*, 2026 WL 1650734 at *27 (collecting cases and dismissing aiding and abetting fraud claim).  Thus, Plaintiffs' aiding and abetting claim fails.

**C.      The Economic Loss Rule Bars Plaintiffs' Tort Claims Against ADP Parties.**

"The economic loss rule applies when the alleged [tort] is also a breach of a warranty in the contract and bars those duplicative claims." *Healthcare Co. v. MPI Grp. LLC*, No. 1:25-CV-00031-DBB-CMR, 2025 WL 2733548, at *4 (D. Utah Sept. 25, 2025) (unpublished) (alteration, additional quotations, and citations omitted).  "Application of the rule is not limited to cases where there is a direct contract between the parties." *Aclys Int'l v. Equifax*, 438 F. App'x 689, 691 (10th Cir. 2011) (unpublished); *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 2009 UT 65, ¶ 23, 221 P.3d 234 ("Exempting strangers to a contract from the economic loss rule would convert a contract cause of action into one for tort.").

Here, there are contracts that cover the subject matter of Plaintiffs' tort claims. Specifically, ADP entered into development contracts under which ADP received money to pay for construction or renovations at the subject properties.  [*See* SAC ¶¶ 292, 297, 300, 891, ECF 158.]  Plaintiffs allege that ADP breached those development contracts by failing to perform the construction or renovations and diverting the money paid under the contracts, [*see id.* ¶¶ 769–71, ECF 158], and that ADP Parties "knew or should have known" that there was no realistic

24

possibility that the tenants would perform as contemplated under the development agreements.[13]

[*See id.* ¶¶ 298, 301, ECF 158.]  Because Plaintiffs' tort allegations against ADP Parties

constitute breaches of the development contracts, their tort claims overlap with the obligations in

those contracts and are barred by operation of the economic loss rule.

## VI.    PLAINTIFFS' FOURTEENTH CAUSE OF ACTION—NEGLIGENCE—FAILS.

In their Fourteenth Cause of Action, Plaintiffs assert a negligence claim against ADP

Parties.  [*See id.* ¶¶ 1078–87, ECF 158.]  As set forth below, that claim fails as a matter of law.

### A.    Plaintiffs Do Not Plausibly Allege that ADP Parties Owed Them a Duty of Care.

"Under Utah law, the 'threshold question' for any negligence claim is whether the

defendant owed the plaintiff a duty of care."    *Springsteen v. Bird Rides, Inc.*, 666 F. Supp. 3d

1170, 1174 (D. Utah 2023) (citation omitted).  "[A] negligence claim is thus subject to dismissal

if the well-pleaded facts do not support a reasonable inference that the defendant owed a duty to

the plaintiff."  *Id.*  "Utah adheres to a fault-based negligence system and ordinarily, a party does

not have an affirmative duty to care for another.  An affirmative duty of care is only imposed

where a 'special relationship' exists between the plaintiff and the defendant."    *Williams v.*

*Bench*, 2008 UT App 306, ¶ 24, 193 P.3d 640 (alteration, additional quotations, and citations

omitted).

Here, Plaintiffs do not plausibly allege that ADP Parties owed Plaintiffs a duty of care or

that any such duty was breached by ADP Parties.  Plaintiffs merely allege that "Defendants …

---

[13] Because Plaintiffs do not identify a single misrepresentation by ADP Parties, it is difficult to understand how ADP Parties are alleged to have engaged in fraud.

owed Plaintiffs a duty of care." [SAC ¶ 1085, ECF 158.] Such an allegation is an impermissible, conclusory group pleading that is insufficient to survive a motion to dismiss.[14]

### B. Plaintiffs Do Not Adequately Allege that ADP Parties Breached a Duty of Care.

Plaintiffs' allegations of breach of duty are likewise impermissible, conclusory group pleading that are insufficient to survive a motion to dismiss.[15] [*See id.* ¶ 1086, ECF 158.]

### C. The Economic Loss Rule Bars Plaintiffs' Negligence Claim Against ADP Parties.

Plaintiffs' negligence claim (which sounds in tort) fails by operation of the economic loss rule for the same reasons set forth in Section V.C above. [*See supra* § V.C.]

Additionally, the economic loss rule also "'bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury.'" *Aclys Int'l*, 438 F. App'x at 691 (quoting *Sunridge Dev. Corp. v. RB & G Eng'g Inc.*, 2010 UT 6, ¶ 28, 230 P.3d 1000). Here, Plaintiffs' negligence claim seeks economic losses but does not allege physical damage to other property or bodily injury. Accordingly, Plaintiffs' negligence claim is barred by the economic loss rule.

---

[14] In further support of this argument, ADP Parties hereby incorporate by reference the negligence arguments set forth in Section VIII of the Taylor MTD and the arguments set forth in Section XI of the Long Holdings MTD. [*See* Taylor MTD at 16–17, ECF 180; Long Holdings MTD at 19–20, ECF 288.]

[15] In further support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section XI of the Long Holdings MTD. [*See* Long Holdings MTD at 20, ECF 288.]

## VII.    PLAINTIFFS' SIXTEENTH AND SEVENTEENTH CAUSES OF ACTION— CIVIL RICO—FAIL.

Plaintiffs' Sixteenth and Seventeenth Causes of Action allege civil RICO claims under 18 U.S.C. §§ 1962(c) and (d) against ADP Parties.  [*See* SAC ¶¶ 1136–50, ECF 158.]  As discussed below, those claims fail.

### A.    Securities Fraud Cannot Be a Basis for RICO Claims.

The alleged conduct that forms the basis of Plaintiffs' RICO claims is securities fraud. [*See id.* ¶¶ 650, 652, 803.g, 951, 964, 981, 985, 991, ECF 158.]  However, alleged securities fraud cannot establish a violation of RICO.  *See Bixler v. Foster*, 596 F.3d 751, 759 (10th Cir. 2010).  Thus, Plaintiffs' RICO claims should be dismissed.[16]

### B.    Plaintiffs' RICO Claims Lack the Required Particularity.

"Rule 9 requires particularity in pleading RICO predicate acts."  *Preserve v. Kamas City*, No. 2:25-CV-00735-TS-DBP, 2026 WL 1245448, at *4 (D. Utah May 6, 2026) (unpublished) (citation omitted).

As noted in Section I above, the SAC does not allege any fraud claim against ADP Parties with sufficient particularity, much less a pattern of fraudulent acts.  [*See supra* § I.] Accordingly, Plaintiffs' RICO claims against ADP Parties fail.[17]

---

[16] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section XI of the Taylor MTD, Section V of the Millrock MTD, and Section IV of the Machlis MTD.  [*See* Taylor MTD at 22–25, ECF 180; Millrock MTD at 17–18, ECF 287; Machlis MTD at 11, ECF 310.]

[17] In support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section XI of the Taylor MTD, Section V of the Millrock MTD, and Section XII of the Long Holdings MTD.  [*See* Taylor MTD at 22–25, ECF 180; Millrock MTD at 17–18, ECF 287; Long Holdings MTD at 20–21, ECF 288.]

## VIII.   PLAINTIFFS' EIGHTEENTH CAUSE OF ACTION—UNJUST ENRICHMENT— FAILS.

Plaintiffs' Eighteenth (and final) Cause of Action alleges unjust enrichment against all Defendants.  [*See* SAC ¶¶ 1151–56, ECF 158.]  As set forth below, that claim fails as a matter of law as to ADP Parties.

### A.   Plaintiffs Have Not Alleged that ADP Parties Received Direct Benefits from Plaintiffs.

"A defendant is only liable for unjust enrichment if he or she received a direct benefit from the plaintiff.  In other words, unjust enrichment does not result if the defendant has received only an incidental benefit from the plaintiff's services."  *Weber*, 2026 WL 1650734 at *30 (alteration, additional quotations, and citations omitted).  "Similarly, allegations that a benefit was conferred on a corporation are insufficient to show that individual corporate officer defendants also received a benefit absent some basis for piercing the corporate veil."  *Id.* (citation omitted).

The SAC fails to state facts showing that ADP Parties personally received some benefit directly from Plaintiffs.  Plaintiffs' allegations in their Eighteenth Cause of Action broadly assert that "Defendants each received a benefit from Plaintiffs in the form of commissions or other compensation paid from the proceeds of the sale transaction."  [SAC ¶ 1152, ECF 158.]  As stated by the *Weber* court in examining *identical* allegations:

> These conclusory allegations that each defendant received a benefit cannot support an unjust enrichment claim without some supporting factual allegations.  Furthermore, such broad assertions against a group of over thirty different defendants, comprising officers, employees, other individuals, corporations, and LLCs, fails to give each individual defendant notice of the actual grounds of the unjust enrichment claim against them.

28

2026 WL 1650734 at *31.

Turning to the body of the SAC, Plaintiffs allege only that ADP Parties received funds from the Colliers/Long Parties (not Plaintiffs) for ADP's construction or renovation of the subject properties.[18]  [*See* SAC ¶¶ 769, 771, 891, 947, ECF 158.]  The SAC fails to state facts from which it could be plausibly inferred that any of ADP Parties received a direct benefit from Plaintiffs.  Thus, the SAC does not state a claim for unjust enrichment against ADP Parties.[19]

### B.      Plaintiffs' May Not Assert Equitable Claims Here.

"[B]ecause unjust enrichment is an equitable remedy, a party may not recover under unjust enrichment if there is a legal remedy available."  *Andra v. MobileOne LLC*, No. 2:23-CV-00188-AMA-DAO, 2025 WL 2772306, at *15 (D. Utah Sept. 29, 2025) (unpublished) (alteration in original) (additional quotations and citation omitted).  "Thus, a prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue."  *Id.* (additional quotations and citation omitted).

Here, Plaintiffs' investments were pursuant to Purchase and Sale Agreements.  [*See* SAC ¶ 807, ECF 158.]  Additionally, any benefit received by ADP Parties was set forth in the

---

[18] ADP Parties assume Plaintiffs' allegation about Mrs. Butera receiving money personally is a typo but accept it as true (as they must) for the purposes of the instant motion. [*See* SAC ¶ 769, ECF 158.]

[19] In further support of this argument, ADP Parties hereby incorporate by reference the arguments set forth in Section IX of the Taylor MTD, Section V of the Weber MTD, Section III.D of the Millrock MTD, and Section XIII of the Long Holdings MTD.  [*See* Taylor MTD at 17–18, ECF 180; Weber MTD at 9–11, ECF 181; Millrock MTD at 15–16, ECF 287; Long Holdings MTD at 21–23, ECF 288.]

development contracts.  [*See id.* ¶¶ 134, 286, 292, 294, 297, ECF 158.]  Because the parties' respective rights and obligations are established by contract, Plaintiffs may not recover under the equitable remedy of unjust enrichment.  That claim should thus be dismissed.

## IX.     THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST ADP PARTIES FOR FAILURE TO TIMELY SERVE ADP PARTIES.

Rule 4(m) of the Federal Rules of Civil Procedure establishes a time limit for service and states, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Here, Plaintiffs have not served ADP Parties and cannot now serve ADP Parties within the 90-day period after the SAC was filed because that period has expired.

Plaintiffs have the burden to show good cause for their failure to timely serve ADP Parties but have not done so.  *See id.*  Thus, under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, Plaintiffs' claims against ADP Parties should be dismissed.[20]  *See* Fed. R. Civ. P. 4(m), 12(b)(5) ("insufficient service of process"); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."); *Manzanares v. Reyes*, No. 2:14-CV-00040-DN-EJF, 2016 WL 6871486, at *1 (D.

---

[20] In further support of this argument, ADP Parties hereby incorporate by reference the arguments made in Section 3 of Mary Street and CAMS Realty, LLC's Motion to Dismiss for Failure to Timely Serve Summons and Complaint (ECF 240) ("Mary Street MTD").  [*See* Mary Street MTD at 4–8, ECF 240.]

Utah Feb. 2, 2016) (unpublished) (dismissing party added by amended complaint but not served within Rule 4(m)'s time limit), *report and recommendation adopted*, No. 2:14-CV-00040-DN-EJF, 2016 WL 6871488 (D. Utah Mar. 7, 2016) (unpublished).

## CONCLUSION

For the reasons stated above (including the arguments incorporated by reference from other motions to dismiss), the Court should grant this motion and dismiss Plaintiffs' claims asserted against ADP Parties.

DATED this 21st day of July, 2026.

MCNEILL | VON MAACK

Christopher M. Von Maack
Eric K. Schnibbe
Craig M. Hansen
*Attorneys for Defendants Emanuel Butera, Jamie Butera, and Jameson LLC dba American Development Partners and Third-Party Defendants Emanuel Butera and Jameson LLC dba American Development Partners*

## WORD COUNT CERTIFICATION

I, Christopher M. Von Maack, certify that this motion to dismiss contains 7,598 words and complies with DUCivR 7-1(a)(4).

DATED this 21st day of July, 2026.

_____

Christopher M. Von Maack

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MCNEILL VON MAACK, 236 South 300 East, Salt Lake City, Utah 84111, and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **ADP PARTIES' MOTION TO DISMISS SECOND AMENDED COMPLAINT** was delivered this 21st day of July, 2026, via CM/ECF to all parties and counsel registered to receive email notices of filings.

/s/ Camille Coley