IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLAIR, et al., Plaintiffs, v. LONG, et al., Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PRO HAC VICE ADMISSION OF:** **TIMOTHY D. WALLNER** Case No. 2:23-cv-00407-AMA-CMR District Judge Ann Marie McIff Allen Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13, 299). Before the court is a Motion for Pro Hac Vice Admission (Motion) (ECF 298) filed by Local Counsel. Local Counsel seeks Pro Hac Vice Admission for Timothy D. Wallner (Mr. Wallner) (ECF 298). For the reasons stated below, the court DENIES the Motion because it fails to demonstrate good cause to warrant an exception to this court's local rule regarding *pro hac vice* admission.

## I.      DISCUSSION

"28 U.S.C. § 2071 and Fed. R. Civ. P. 83 authorize federal courts to promulgate local rules of practice." *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)). In addition, 28 U.S.C. § 1654, which empowers each federal district to regulate the admission of attorneys, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In the District of Utah, attorneys who are not admitted to practice law in Utah may move for admission *pro hac vice* under

the requirements of local rule DUCivR 83-1.1(c).  Local rule DUCivR 83-1.1(c)(1) provides that

*pro hac vice* admission "is not available to any attorney who . . . has already been admitted pro hac

vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause

for the attorney not seeking admission to the Utah State Bar." DUCivR 83-1.1(c)(1)(A)(iii).

Mr. Wallner's Application for Pro Hac Vice Admission (ECF 298-1) indicates that he has

been admitted *pro hac vice* in this district in four unrelated cases over the past five years (*id*. at 2).

Mr. Wallner acknowledges that his *pro hac vice* admissions surpass the Rule's limit and provides

the following explanation for why he has not sought admission to the Utah State Bar:

> Undersigned counsel in this matter represents the same or similar parties in this matter as those represented in the matters listed above. Moreover, the transactions at issue in this matter are similar to those at issue in the above listed matters, including some overlap as to the properties at issue. The pro hac vice admissions listed above are not related to an intent to practice regularly in Utah moving forward, but are instead related to the continued representation of discrete clients in factually similar matters proceeding in this court as well as other courts throughout the country.

(*Id*). Mr. Wallner's explanation does not establish good cause for not seeking admission.

Mr. Wallner states that he does not expect to appear in any additional cases, but that

assertion does not constitute good cause. He has provided no facts or explanation showing that his

frequent practice in this district will end after the present matter, or that the concerns underlying

the limitation on frequent *pro hac vice* admission will not persist. A speculative representation

about future litigation activity is insufficient to satisfy the good cause requirement.

Moreover, the United States Supreme Court has described pro hac vice attorneys as "[o]ne-

time or occasional practitioners." *Frazier v. Heebe*, 482 U.S. 641, 647 (1987). Stated otherwise,

"admission pro hac vice is temporary and limited in character and is not intended to be requested

by a practitioner on a frequent basis." *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576

(D.P.R. 2012) (quoting *In re Reza*, 138 B.R. 190, 191 (Bkrtcy. S.D. Ohio 1992)). Mr. Wallner's

representation of the same or similar parties has already resulted in four pro hac vice admissions in addition to two recent pro hac vice applications, one in the present matter (ECF 298) and another in *Wilson v. Long, et al.*, No. 2:23-cv-00599-AMA-CMR, ECF 201. Mr. Wallner's ongoing representation of these parties thus evinces an intent to appear in this court on a frequent basis rather than on a temporary and limited basis.

## II.    CONCLUSION AND ORDER

Because Mr. Wallner has failed to establish good cause under DUCivR 83-1.1(d)(3), the Motion is DENIED.

DATED this 13 August 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah