**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN G. LONG, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [259] MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME TO SERVE DEFENDANT SAMUEL DUKE**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13). Before the court is Plaintiffs' ex parte Motion for Alternative Service and Extension of Time to Serve Defendant Samuel Duke (Motion) (ECF 259). Plaintiffs seek to serve Defendant Samuel Duke (Mr. Duke) via alternative means, namely, email to counsel of record in this action for Defendant Hello Bello, LLC (Hello Bello) and by way of personal service or first-class mail to Hello Bello's registered agent, Paramount Tax & Accounting CPAs (Paramount) pursuant to Federal Rule of Civil Procedure 4(e)(1) (*id.* at 1–2). Plaintiffs request an additional two weeks to serve Mr. Duke if alternative service is authorized, or, if alternative service is not authorized, an additional month to serve Mr. Duke pursuant to Rule 4(m) (*id.*). As set forth below, the court GRANTS the Motion.

## I. BACKGROUND

Plaintiffs filed their Second Amended Complaint, the current operative complaint, on February 27, 2026, alleging Defendants knowingly misrepresented real estate investment opportunities to Plaintiffs (ECF 158). On May 27, 2026, Plaintiffs filed the present Motion

asserting they have attempted to serve their Second Amended Complaint and Summons (ECF 204) upon Mr. Duke on multiple occasions without success (ECF 259 at 2–4). Plaintiffs further assert their process server spoke with Mr. Duke via telephone, but Mr. Duke refused to provide information to facilitate service (*id.* at 3–4). Plaintiffs argue Mr. Duke "already . . . [has] notice of [this] litigation," (*id.* at 11) his "whereabouts cannot reasonably be ascertained," (*id.* at 13) and "he appears to be avoiding service" (*id.* at 13). Pursuant to Rule 4(e)(1), Plaintiffs now seek to serve Mr. Duke by email to Hello Bello's counsel of record (*id.* at 1–2), of which entity Mr. Duke is manager and president (ECF 158 at 15), and by personal service or first-class mail to Paramount (ECF 259 at 1–2).

## II. LEGAL STANDARDS

The Supreme Court has held that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Rule 4 dictates ways in which a defendant may be served. Fed. R. Civ. P. 4. Of the enumerated methods, Rule 4(e)(1) states that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

"Because [Plaintiffs] filed this action in the District of Utah, Utah law applies." *B&B Prospector Props., LLC v. Daniel*, No. 2:23-CV-00416, 2023 WL 7701066, at *1 (D. Utah Nov. 15, 2023). When service using traditional means cannot be effectuated, Utah law provides alternative means of service is available when:

> . . . the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, [] service upon all of the individual parties is impracticable under the circumstances, or [] there is good cause to believe that the person

> to be served is avoiding service . . . [T]he party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(5)(A).

## III. DISCUSSION

### 1. The Court Finds Alternative Service of Process is Warranted.

Plaintiffs ask the court to permit alternative service because they have "made diligent efforts" to serve Mr. Duke (ECF 259 at 2) but have "good cause to believe that Mr. Duke is avoiding service or that service is impracticable under the circumstances" (*id.* at 4). A determination of reasonable diligence "properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ." *Ocasio v. Spenchian*, No. 2:19-CV-170-CW-DBP, 2019 WL 13220118, at *1 (D. Utah June 19, 2019) (quoting *Commonwealth Prop. Advocates, LLC. v. Nat'l City Mortg.*, No. 2:09-CV-1147 TS, 2010 WL 465843, *1 (D. Utah Feb. 8, 2010)). This standard "does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.* (quoting *Commonwealth Prop. Advocates, LLC*, 2010 WL 465843, at *1).

Here, Plaintiffs' first attempt to effectuate service failed because Mr. Duke was unknown at that address and may have been a previous owner (ECF 259 at 2–3). Plaintiffs then attempted to serve Mr. Duke at Paramount's address but were informed Mr. Duke "did not work there" (*id.* at 3). Plaintiffs next conducted a skip trace and attempted service at a new address, where they "left a notice of attempted delivery of legal documents" but were informed Mr. Duke was a "previous tenant." (*id.*) In a telephone conversation with Mr. Duke, Plaintiffs' process server

"identified th[is] case by the parties"; Mr. Duke replied that he had already been served "through his registered agent service"; the process server clarified the documents were for Mr. Duke personally; and Mr. Duke stated he was "handling it" but refused to provide information to facilitate service (*id.* at 3–4). Under these circumstances, the court finds Plaintiffs have met their burden of exercising reasonably diligent efforts to serve Mr. Duke based on evidence showing efforts to effect service at his residential and business addresses. There is also good cause to believe Mr. Duke is avoiding service based on evidence he spoke with the process server about this action but refused to provide information to facilitate service. For these reasons, the court finds alternative service of process is warranted.

**2. The Court Finds Notice to Hello Bello's Counsel of Record and to Paramount is Reasonably Calculated to Apprise Mr. Duke of this Action.**

Plaintiffs argue that serving Mr. Duke via counsel of record for his co-defendant, Hello Bello, and its registered agent, Paramount, is "reasonably calculated to apprise Mr. Duke of this action" (ECF 259 at 8). This court has historically permitted alternative service upon counsel of record for co-defendants where the unserved defendant is an employee of its co-defendant entity. *See e.g.*, *Weber v. Colliers Int'l Grp., Inc.*, No. 2:25-CV-00162-DB-DBP, 2026 WL 1329697, at *4 (D. Utah May 13, 2026). In analyzing whether service upon a co-defendant's counsel of record is "reasonably calculated . . . to apprise" a defendant of an action, this court has considered factors such as the parties' litigation history, the "working relationship" between the defendants, and whether the defendant possesses "actual notice" of the action. *See Dish Tech. L.L.C. v. Aylo Freesites Ltd.*, No. 2:24-CV-00066-DAK-JCB, 2024 WL 2701601, at *2 (D. Utah May 24, 2024). Counsel need not be "authorized to accept service" on a defendant's behalf. *See Cricut, Inc. v. Shanghai Sishun E-Commerce Co., Ltd.*, No. 2:24-CV-00747, 2025 WL 1333004, at *3 (D. Utah, May 7, 2025) (allowing alternative service upon defendant via their counsel of record, regardless

of whether such service was authorized, in part because counsel had communicated with one another).

Here, Mr. Duke is the manager and president of Hello Bello (ECF 158 at 15). Hello Bello is represented by pro hac counsel Shamoor Anis (Mr. Anis) (ECF 300) and local counsel Brian N. Platt (Mr. Platt) (ECF 287) and Chad E. Nydegger (Mr. Nydegger) (ECF 329). Plaintiffs state they contacted Mr. Anis' firm colleague, Timothy Wallner (Mr. Wallner), to request service be waived on Mr. Duke's behalf (ECF 259 at 17). Although Mr. Wallner "stated that he would look into the request," service has not been waived (*id.*). Plaintiffs also attempted service at Paramount but were told that Mr. Duke did not work there (*id.* at 3). However, when Plaintiffs' process server "identified [this] case by the parties" in conversation with Mr. Duke, Mr. Duke "stated that he had already been served 'through his registered agent service'" (*id.*).

Given Mr. Duke's close relationship to Hello Bello and Paramount, actual notice of this action, and his own assumption that he had already been served via his registered agent service, this court finds alternative service by Plaintiffs' proposed methods to Hello Bello's current counsel of record and Paramount (*see* ECF 259 at 2) is reasonably calculated to apprise Mr. Duke of this action. Although Mr. Wallner does not appear to have been counsel of record in this case (*see* ECF 332), due to Mr. Wallner's and Mr. Anis' relationship as firm colleagues, the court finds sufficient communication between Plaintiff and Hello Bello's counsel of record. Such factors outweigh the limited litigation history between the parties, and the communication between counsel suggests that Hello Bello's counsel can accept service for Mr. Duke regardless of whether he is authorized to do so.

**3. The Court Finds Good Cause Exists for Granting Plaintiffs' Motion for Extension of Time to Serve Mr. Duke.**

Plaintiffs request an additional two weeks to serve Mr. Duke if alternative service is authorized, or, if alternative service is not authorized, an additional month to serve Mr. Duke (ECF 259 at 2). To find good cause, a plaintiff must demonstrate "meticulous attempts to comply with the rules . . . Ignorance of the rules, not making any efforts to [effect] service, disregarding court orders to make service, and failing to timely seek an[] extension can each defeat a finding of good cause." *Fitzhenry v. Vivint, Inc.*, No. 2:21-CV-00501-DAK-CMR, 2022 WL 1211440, at *2 (D. Utah Apr. 25, 2022). Here, as set forth above, Plaintiffs have made reasonably diligent efforts to serve Mr. Duke (*see* ECF 259 at 2–4). Plaintiffs' Motion (ECF 259) is timely, having been filed within 90 days of their Second Amended Complaint (ECF 158), and their 14-day extension request is reasonable. Thus, the court finds Plaintiffs have demonstrated good cause for an extension of time to serve Mr. Duke.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

(A) Plaintiffs' Motion (ECF 259) is GRANTED.

(B) Plaintiffs shall have fourteen days from the date of this order to serve Mr. Duke.

(C) Plaintiffs may effect service of their Second Amended Complaint (ECF 158) and Summons (ECF 204) on Mr. Duke via (1) email to counsel of record in this action for Defendant Hello Bello, namely, Mr. Anis at sanis@berkowitzoliver.com; Brian N. Platt at bplatt@wnlaw.com; and Chad E. Nydegger at cnydegger@wnlaw.com; and (2) personal service or first-class mail to Paramount at 3387 W. Mayflower Ave., Ste. 210, Lehi, Utah 84048, USA.

(D) Service of the Second Amended Complaint (ECF 158) and Summons (ECF 204) will be complete once Plaintiffs receive confirmation that the documents have been emailed to counsel of record in this action for Defendant Hello Bello and personally served upon or sent via first-class mail to Paramount.

(E) Plaintiffs shall file proof of service once service is complete.

IT IS SO ORDERED.

DATED this 23 November 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah