**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br><br>KEVIN G. LONG, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING THIRD-PARTY PLAINTIFF KEVIN LONG'S [295] MOTION FOR ALTERNATIVE SERVICE ON THIRD-PARTY DEFENDANT JOSHUA CONSTANTIN AND GRANTING IN PART [258] MOTION FOR EXTENSION OF TIME TO SERVE THIRD-PARTY COMPLAINT**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13). Before the court is Defendant and Third Party Plaintiff, Kevin G. Long's (Mr. Long), ex parte Motion for Alternative Service on Third Party Defendant Joshua Constantin (Motion for Alternative Service) (ECF 295) and Motion for Extension of Time to Serve Third Party Complaint (Motion for Extension) (ECF 258). Mr. Long seeks to serve Third Party Defendant Joshua Constantin (Mr. Constantin) via alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1) (ECF 295 at 3). Mr. Long further requests a 45-day extension of time to effect service on Mr. Constantin pursuant to Rules 6(b)(1)(A) and 4(m) and DUCivR 7-1(a)(2)(A) (ECF 258 at 3). As set forth below, the court GRANTS the Motion for Alternative service and GRANTS IN PART the Motion for Extension.

## I. BACKGROUND

Mr. Long filed his Third Party Complaint on February 25, 2026, alleging fraud and misrepresentation (ECF 162). Mr. Long asserts he attempted to serve his Third Party Complaint (*id.*), Third Party Summons (ECF 255), and Plaintiffs' Second Amended Complaint (ECF 158) on Mr. Constantin on seven occasions "but could not do so because [Mr. Constantin's] residence is gated" (ECF 295 at 3). Mr. Long argues that Mr. Constantin "is evading service and/or cannot be served via conventional means" (*id.* at 8) and seeks to serve Mr. Constantin by email and by way of mail, without requesting a return receipt, to Mr. Constantin's home address (*id.* at 3). Mr. Long also requests an additional forty-five days to effect service on Mr. Constantin (ECF 258 at 3). Since Mr. Long filed his Third Party Complaint (ECF 162), Mr. Constantin, in conjunction with Third Party Defendant Justin Smith, filed a Motion to Dismiss Third Party Complaint and Memorandum in Support on June 8, 2026, seeking, in part, to dismiss the Complaint based on failed service (ECF 290 at 4–5).

## II. LEGAL STANDARDS

The Supreme Court has held that due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Rule 4 dictates ways in which a defendant may be served. Fed. R. Civ. P. 4. Of the enumerated methods, Rule 4(e)(1) states that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

"Because [Plaintiffs] filed this action in the District of Utah, Utah law applies." *B&B Prospector Props., LLC v. Daniel*, No. 2:23-CV-00416, 2023 WL 7701066, at *1 (D. Utah Nov.

15, 2023). When service using traditional means cannot be effectuated, Utah law provides alternative means of service is available when:

> . . . the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, [] service upon all of the individual parties is impracticable under the circumstances, or [] there is good cause to believe that the person to be served is avoiding service . . . [T]he party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(5)(A).

## III. DISCUSSION

### 1. The Court Finds Alternative Service of Process is Warranted.

Mr. Long asks the court to permit alternative service because he has "diligently attempted" to serve Mr. Constantin but has "good cause . . . to believe that [Mr.] Constantin is avoiding service of process and/or cannot be served by conventional means" (ECF 295 at 3). A determination of reasonable diligence "properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ." *Ocasio v. Spenchian*, No. 2:19-CV-170-CW-DBP, 2019 WL 13220118, at *1 (D. Utah June 19, 2019) (quoting *Commonwealth Prop. Advocates, LLC. v. Nat'l City Mortg.*, No. 2:09-CV-1147 TS, 2010 WL 465843, *1 (D. Utah Feb. 8, 2010)). This standard "does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance." *Id.* (quoting *Commonwealth Prop. Advocates, LLC*, 2010 WL 465843, at *1).

Here, Mr. Long's process server attempted to serve Mr. Constantin on seven occasions (ECF 295 at 3) but was unsuccessful because Mr. Constantin's "property is gated with a code entrance only (no camera or bell)" (*id.* at 5, 16). On May 22, 2026, the process server called Mr.

Constantin but received no response, so they followed another vehicle through the gate but were unable to serve Mr. Constantin (*id.* at 16). On May 23, 2026, the process server again followed a vehicle through the gate, "blew [their] horn[,] and hit several keys on [the] entrance pad, [but received] no response" (*id.*), even though there were vehicles parked on the property (*see id.*). The process server attempted service again later that day but received no response and could not enter the gate (*id.*). On May 25, 2026, the process server again attempted service twice; their first attempt was unsuccessful, as there was "[n]o answer at [the] gate and no ability to follow other entrants" onto the property (*id.*). A passerby informed the process server that Mr. Constantin "is popular and likely out of town if nobody is on the property because it is usually busy" (*id.*). The second attempt was likewise unsuccessful; although Mr. Constantin "responded to [a] request to enter [the] subdivision by remotely opening [the] gate," the process server was unable to effectuate service despite calling, leaving a voicemail for, and texting Mr. Constantin (*id.*). On May 26, 2026, the process server "[a]rrived at [the] gate and requested access[] but [received] no response" (*id.*). The process server's final attempt on May 27, 2026 was also unsuccessful (*id.*). Mr. Long then attempted to serve Mr. Constantin via certified mail at his home address, but he received tracking entries indicating "[n]o [a]ccess to [d]elivery [l]ocation" and "[n]otice [l]eft ([n]o [a]uthorized [r]ecipient [a]vailable)" (*id.* at 6, 18).

The court finds Mr. Long has met his burden of exercising reasonably diligent efforts to serve Mr. Constantin based on evidence showing numerous efforts to effect service. There is also good cause to believe Mr. Constantin is avoiding service based on evidence he responded to the process server's request to enter the subdivision by remotely opening the gate, then ignoring the process server's attempts to communicate with him via telephone call and text. For these reasons, the court finds alternative service of process is warranted.

**2. The Court Finds Notice via Email is Reasonably Calculated to Apprise Mr. Constantin of this Action.**

Mr. Long seeks to serve Mr. Constantin by alternative means, namely, email to Mr. Constantin and mail without return receipt to Mr. Constantin's home address (ECF 295 at 3). In determining whether service by email is reasonably calculated to apprise a defendant of an action, the court has examined factors such as whether the plaintiff has "show[n] an actual connection between the email and defendant," and whether the plaintiff has "shown that email address [is] active and current." *Apnea Scis. Corp. d/b/a Snorerx v. Shenzhen Sleepon Tech. Co., Ltd.*, No. 2:26-CV-00112-TC-CMR, 2026 WL 2531508, at *2 (D. Utah Aug. 27, 2026) (citing *Ammerman v. Fisher*, No. 2:24-CV-790, 2025 WL 934710, at *2 (D. Utah March 27, 2025)).

Here, Mr. Constantin filed a Notice of Email Filing and Electronic Notification Form for Unrepresented Parties (Notice), featuring his email and home addresses, with the court on June 8, 2026 (ECF 289). By signing the Notice, Mr. Constantin indicated he "understand[s] that [he] . . . will receive notice of case activity from the court by email in all cases in which [he] is a party" at the email address listed in the Notice (*id.* at 1). He also "certif[ied] that . . . notification of any name, mailing address, or email address changes will be immediately emailed to the Clerk's Office for filing" (*id.* at 1–2). Thus, there is a demonstrated actual connection between the email address listed in Mr. Long's Motion for Alternative Service and Mr. Constantin, as Mr. Constantin himself provided that email to the court and indicated he will receive notice of case activity at such email. Additionally, the email is active and current, as the docket does not reflect that Mr. Constantin has notified the court of any email changes since filing the Notice. For these reasons, the court finds service by email is reasonably calculated to apprise Mr. Constantin of this action.[1]

[1] Although Mr. Long also requested service by mail, the court finds Mr. Constantin waived service by mail when he signed the Notice: "By signing this form, I certify that . . . service by email constitutes service under the . . . rules, and

**3. The Court Finds Good Cause Exists for Extending Mr. Long's Time to Serve Mr. Constantin but Limits the Length of the Requested Extension.**

Mr. Long requests an additional forty-five days to serve Mr. Constantin (ECF 258 at 3). To find good cause, a plaintiff must demonstrate "meticulous attempts to comply with the rules . . . Ignorance of the rules, not making any efforts to [effect] service, disregarding court orders to make service, and failing to timely seek an[] extension can each defeat a finding of good cause." *Fitzhenry v. Vivint, Inc.*, No. 2:21-CV-00501-DAK-CMR, 2022 WL 1211440, at *2 (D. Utah Apr. 25, 2022). Here, as set forth above, Mr. Long has made reasonably diligent efforts to serve Mr. Constantin (*see* ECF 295 at 5–6). Mr. Long's Motion for Extension (ECF 258) is timely, having been filed ninety days after the Third Party Complaint (ECF 162). While the court finds an extension of time reasonable, the court disagrees with Mr. Long's argument that forty-five days are necessary to effect service on Mr. Constantin, particularly in light of the court's finding that service by email to Mr. Constantin is reasonably calculated to apprise Mr. Constantin of this action. Thus, the court finds Mr. Long has demonstrated good cause for an extension of time to serve Mr. Constantin but limits the extension to fourteen days to effect service.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

(A) Mr. Long's Motion for Alternative Service (ECF 295) is GRANTED, and his Motion for Extension (ECF 258) is GRANTED IN PART.

(B) Mr. Long shall have fourteen days from the date of this order to serve Mr. Constantin.

(C) Mr. Long may effect service of his Third Party Complaint (ECF 162), his Third Party Summons (ECF 255), and Plaintiffs' Second Amended Complaint (ECF 158) on Mr.

---

the right to service by mail is waived . . . ." (ECF 289 at 1). In light of this certification, and because the court finds service by email to be reasonably calculated to apprise Mr. Constantin of this action, the court finds service by mail unnecessary.

Constantin via email to Mr. Constantin at lcajosh1@gmail.com.

(D) Service of Mr. Long's Third Party Complaint (ECF 162), his Third Party Summons (ECF 255), and Plaintiffs' Second Amended Complaint (ECF 158) will be complete once Mr. Long receives confirmation that the documents have been emailed to Mr. Constantin.

(E) Mr. Long shall file proof of service once service is complete.

IT IS SO ORDERED.

DATED this 23 November 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah