**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PATTI KLAIR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN G. LONG, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [258] MOTION FOR EXTENSION OF TIME TO SERVE THIRD PARTY COMPLAINT**<br><br>Case No. 2:23-cv-00407-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 13). Before the court is Defendant and Third-Party Plaintiff Kevin Long's (Mr. Long) ex parte Motion for Extension of Time to Serve Third Party Complaint (Motion) (ECF 258). Plaintiffs request an additional forty-five days to serve Third Party Defendants Emanuel Butera (Mr. Butera), Jameson LLC d/b/a American Development Partners (ADP), and Justin Smith (Mr. Smith) (collectively, Third Party Defendants) pursuant to Federal Rule of Civil Procedure 4(m) (*id.*).[1]

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* To find good cause for an extension of

[1] Plaintiffs filed a separate motion for alternative service for Third Party Defendant Joshua Constantin (Mr. Constantin) (ECF 295), which the court granted in an Order dated November 23, 2026 (Order) (ECF 368). In the Order, the court also granted in part the present Motion as to Mr. Constantin and extended the deadline for service by fourteen days from the date of the Order (*id.*).

time to effect service, a plaintiff must demonstrate "meticulous attempts to comply with the rules . . . Ignorance of the rules, not making any efforts to [effect] service, disregarding court orders to make service, and failing to timely seek an[] extension can each defeat a finding of good cause." *Fitzhenry v. Vivint, Inc.*, No. 2:21-CV-00501-DAK-CMR, 2022 WL 1211440, at *2 (D. Utah Apr. 25, 2022).

Here, Mr. Long requested summons as to each Third Party Defendant on May 22, 2026 (ECF 249, 250, 251, 253). The initial 90-day deadline to serve the Third Party Complaint under Rule 4(m) was on May 26, 2026. *See* Fed. R. Civ. P. 4(m). The Motion was timely filed on that date (ECF 258). On June 1, 2026, the summons as to Mr. Smith was returned executed (ECF 279), and Mr. Smith entered a pro se appearance on June 4, 2026 (ECF 284). On June 3, 2026, waivers of service were filed by Mr. Butera (ECF 281) and ADP (ECF 282), and counsel has appeared on their behalf since July 21, 2026 (ECF 315). The court finds that Mr. Long made reasonably diligent efforts to serve Third Party Defendants prior to the initial 90-day service deadline and that the requested 45-day extension of time is reasonable. The court also notes that Mr. Long was able to effect service on Third Party Defendants prior to the requested deadline of July 10, 2026. Thus, the court finds Mr. Long has demonstrated good cause for a 45-day extension of time to serve the Third Party Complaint. For the foregoing reasons, the court GRANTS the Motion (ECF 258) and finds that service of the Third Party Complaint on Third Party Defendants was timely.

IT IS SO ORDERED.

DATED this 24 November 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah